1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | CASE NO.: 2:20-cv-05581 DSF (GJSx)<br><br>**[PROPOSED] ORDER GRANTING BEYOND BLOND'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Honorable Dale S. Fischer<br><br>Date: August 10, 2020<br>Time: 1:30 p.m.<br>Courtroom: 7D |

The Court has reviewed Plaintiff Beyond Blond, Inc.'s motion for a preliminary injunction ordering Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC ("Defendants') to withdraw the following takedown notices they issued to Amazon.com's Prime Video Direct ("Amazon Video"):

| Cartoon Classics #1 | 6890999701 |
| Cartoon Classics #2 | 6891043541 |
| Cartoon Classics #3 | 6891006641 |
| Cartoon Classics #4 | 6890994521 |
| Cartoon Classics #5 | 6891030291 |
| Cartoon Classics #6 | 6891048961 |

(collectively "Takedown Notices").

Having considered the Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the Declarations of Michelle Justice and Milord A. Keshishian, arguments of the parties, and all of the files, records and proceedings herein, and finding good cause therefore, the Court hereby **GRANTS** Beyond Blond's Motion.

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id*. at 20. Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011). Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135 (internal quotation marks omitted). However, if a party seeks a mandatory injunction, he "must establish that the law and

facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). "[M]andatory injunctions should not issue in 'doubtful cases.'" *Id.* (quoting *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)).

Beyond Blond has shown that this is not a doubtful case and the law and facts clearly favor its position that Defendants do not possess any protectible copyrights or trademarks, which if they existed, would not have been infringed by Beyond Blond's use of the generic term "cartoon classics" to sell, stream, or rent its cartoon classics videos. Thus, had Defendants attempted to enjoin Plaintiff's use of the "cartoon classics" term and design for infringing Defendants' purported trademark and copyrights, Defendants would not have met their burden of establishing (1) likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of equities is in Defendants' favor; and (4) the public interest would not be disserved by the issuance of a preliminary injunction. *Alliance for the Wild Rockies*, 632 F.3d at 1131.

## **PRELIMINARY INJUNCTION**

IT IS HEREBY ORDERED that Defendants shall issue notice to Amazon withdrawing any and all of their intellectual rights notices or takedown notices, informing Amazon to restore the videos with the same rankings, client reviews, and customer comments for the following videos and Amazon Case Numbers:

| | |
|---|---|
| Cartoon Classics #1 | 6890999701 |
| Cartoon Classics #2 | 6891043541 |
| Cartoon Classics #3 | 6891006641 |
| Cartoon Classics #4 | 6890994521 |
| Cartoon Classics #5 | 6891030291 |
| Cartoon Classics #6 | 6891048961 |

IT IS FURTHER ORDERED that Defendants shall include a copy of this Order along with its communications to Amazon withdrawing the subject Takedown Notices.

IT IS FURTHER ORDERED that Defendants, and their respective officers, directors, employees, agents, subsidiaries, attorneys, and all persons in active concert or

participation with Defendants, are preliminarily enjoined from issuing takedown notices or causing to be taken down any of Beyond Blond's Cartoon Classics Vols. 1 through 6, or any use of the term "cartoon classics" with respect to promotion, sales, streaming, and rentals of cartoon classics videos.

    IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated by the parties.

    IT IS FURTHER ORDERED that Beyond Blond shall not be required to post any bond.

IT IS SO ORDERED.

Dated: _____        _____
                                                                                Honorable Dale S. Fischer
                                                                                U.S. District Court Judge