1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878

Attorneys for Plaintiff
Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>    Plaintiff,<br><br>    vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>    Defendants. | CASE NO.:  2:20-cv-05581 DSF (GJSx)<br><br>**DECLARATION OF MILORD A. KESHISHIAN IN SUPPORT OF BEYOND BLOND'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Honorable Dale S. Fischer<br><br>Date: August 10, 2020<br>Time: 1:30 p.m.<br>Courtroom: 7D |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## <u>DECLARATION OF MILORD A. KESHISHIAN</u>

I, Milord A. Keshishian, hereby swear and affirm pursuant to 28 U.S.C. §1746 upon direct personal knowledge that the following is true and correct:

1.      I am an attorney duly licensed to practice before this Court and am a principal of Milord & Associates, P.C., counsel of record for Plaintiff Beyond Blond, Inc. ("Beyond Blond").  Unless otherwise stated, I have first-hand personal knowledge of the facts stated herein and if called as a witness could competently testify thereto.

2.      I have represented Beyond Blond since before inception of this dispute and am readily familiar with the facts in this matter.

3.      As set forth in the Declaration of Michelle Justice, on March 20, 2020 Defendants issued six Amazon takedown notices targeted at Beyond Blond's cartoon classics compilations.

4.      On March 26, 2020, I responded to Defendants' counsel and requested the copyright registrations and deposit materials forming the basis of the takedown notices, along with Defendants' "pre-notification investigation report identifying (1) the protectible elements in [Defendants'] work, and (2) the substantial similarity in the protectible elements of the copyrighted works and [Beyond Blond's] accused works. Exhibit A is a true and correct copy of the March 26th email.

5.      Defendants' counsel responded the same day, claiming that Defendants own a cartoon classics logo design in pending trademark Application Serial No. 88/789,484 ("the '484 Application") filed six weeks earlier, and its logo design was also registered as a copyright under U.S. Copyright Reg. No. PAu003798644 ("the '644 Registration"). Counsel also threatened copyright and trademark infringement litigation if Beyond Blond did not cease use of the term cartoon classics.  Exhibit B is a true and correct copy of the March 26 email.

6.      On March 27, 2020, I responded to Defendants' counsel and pointed out the meritless nature of Defendants' copyright infringement allegations because (1) as a Performing Arts registration, the '644 could not and does not cover a logo watermark on

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

a video, (2) provided evidence that the alleged logo was copied from preexisting public domain clipart and font, and (3) the parties' designs were so dissimilar that a claim of infringement would fail – assuming Defendants could prove ownership of proper registration.  I also provided evidence that the trademark infringement claim was baseless because the term "cartoon classics" is generic for a genre of older cartoons and it could not function as a trademark.  Beyond Blond requested Defendants withdraw the takedown notices, and even offered to cease use of the eyes.  Exhibit C is a true and correct copy of the March 27 email.

7.     Since Amazon refused to restore the videos without Defendants' withdrawal of the infringement notifications, Beyond Blond appealed and spent two months in Amazon Legal purgatory until receiving a final refusal on May 19, 2020 to its appeals.

8.     Defendants' stylization of "Cartoon Classics!" is insufficient to convert a generic term into a protectible source indicator, especially in view of numerous third-party uses of similar elements to identify cartoon classics generically long before Defendants' adoption thereof.

9.     Defendants concealed from the Examining Attorney their blatant copying of off-the-shelf Freestyle Script font and clipart eyes, whereby the stylization could not convey a separate commercial impression in the industry.

10.    Numerous third parties used "cartoon classics" generically long before Defendants to identify their display and distribution of cartoon classics.  The following exhibits are webpage printouts of third-party generic use of "cartoon classics" prior to Defendants' alleged May 18, 2015 first date of use:

- Exhibit D comprises true and correct copies of webpage printouts from at least 1986 to 1999.

- Exhibit E comprises true and correct copies of webpage printouts from 2000 to 2009.

- Exhibit F comprises true and correct copies of webpage printouts from at least 2010 to 2011.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**DECLARATION OF MILORD A. KESHISHIAN**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Exhibit G comprises true and correct copies of webpage printouts from at least 2012 to 2013.
- Exhibit H comprises true and correct copies of webpage printouts from at least 2014 to before May 18, 2015.

11. I reviewed Defendants' 8thManDVD.com Cartoon Channel on YouTube and note that Defendants use "cartoon classics" term generically to say "what" videos they show on YouTube, *e.g.* "Looney Tunes cartoon classics" and "8thManDVD cartoon classics 2016 intro." Exhibit I contains true and correct webpage printouts of the following 8thManDVD.com videos:

a. Looney Tunes Cartoon Classics: Bars and Stripes Forever (1939)

b. Looney Tunes Cartoon Classics: The Lion's Busy (Leo the Lion) (1948)

c. Looney Tunes Cartoon Classics: Plane Dippy (Porky Pig) (1936)

d. Looney Tunes Cartoon Classics: The Lion's Busy (Leo the Lion) (1948)

e. 8thManDVD Cartoon Classics 2016 Intro

f. Looney Tunes Cartoon Classics: Coy Decoy (Porky Pig & Daffy Duck) (1941)

g. Looney Tunes Cartoon Classics: Porky's Midnight Matinee (1941)

h. Looney Tunes Cartoon Classics: Boom Boom (Porky Pig) (1935)

12. I reviewed Defendants 8thManDVD.com Cartoon Channel on YouTube and note that Defendants always use their 8thManDVD.com trademark directly above the generic cartoon classics term. *Id.*

13. Exhibit J is a true and correct copy of Amazon's Conditions of Use that states, "We respond quickly to the concerns of rights owners about any alleged infringement, and we terminate repeat infringers in appropriate circumstances." *See* Conditions of Use, page 5, Intellectual Property.

14. Exhibit K comprises true and correct copy of some of the results of an internet search for stock cartoon eyes predating 2015.

I declare under penalty of perjury under the laws of the United States of America

-4-

**DECLARATION OF MILORD A. KESHISHIAN**

that the foregoing is true and correct.

Executed on this 13th day of July, 2020 in Los Angeles, California.

/s/ Milord A. Keshishian
Milord A. Keshishian

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**DECLARATION OF MILORD A. KESHISHIAN**