MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for defendants,
EDWARD HELDMAN III, COMEDYMX, INC., and
COMEDYMX, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | **Case No. 20-cv-05581-DSF-GJS**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Judge: Dale S. Fischer<br><br>**Hearing:**<br>Date: August 17, 2020<br>Time: 1:30 pm<br>Courtroom: 7D |

**TO THE PLAINTIFF AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 17, 2020 at 1:30 pm or as soon thereafter as this matter may be heard, in Courtroom 7D of the United States District Court, Central District of California, First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California, defendants EDWARD HELDMAN III, COMEDYMX, INC., and COMEDYMX, LLC will and hereby do move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  This Motion is made upon the ground that plaintiff's complaint fails to state various claims upon which relief can be granted.

This Motion is made and based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and records on file in this matter, all evidence, and argument to be presented at the hearing and of such other matters of which this Court may take judicial notice prior to or at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 13, 2020.  On July 13, 2020, Defendants' counsel teleconferenced with plaintiff's counsel regarding defendants' intention of filing this Motion.  Plaintiff's counsel declined to stipulate to any part of defendants' motion, amend the complaint in any way or provide any statement substantively contending the basis of defendants' Motion.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: July 17, 2020

_____/s/ Ben T. Lila_____
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for defendants,
EDWARD HELDMAN III, COMEDYMX, INC.,
and COMEDYMX, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

EDWARD HELDMAN III, COMEDYMX, INC., and COMEDYMX, LLC hereby submit the following memorandum in support of their motion to dismiss the complaint of plaintiff BEYOND BLOND PRODUCTIONS, LLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

## I.    INTRODUCTION

The complaint of plaintiff BEYOND BLOND PRODUCTIONS, LLC ("Plaintiff" or "Beyond Blond") improperly alleges state law claims of tortious interference, unfair competition and trade libel that are preempted by the Digital Millennium Copyright Act ("DMCA").  Plaintiff's state law claims are based entirely on the allegation that third-party Amazon Inc. removed plaintiff's content based on a "takedown" complaint submitted pursuant to 17 U.S.C. §512(f).  A claim of misrepresentation per §512(f), however, is an exclusive remedy under copyright law that applies specifically to the present circumstances.  As such, state law claims of tortious interference, trade libel and unfair competition should be dismissed accordingly.

Furthermore, the complaint incorrectly identifies EDWARD HELDMAN III and COMEDYMX, INC. as additional defendants to §512(f) and copyright declaratory relief claims.  However, the complaint clearly establishes that COMEDYMX LLC is the sole owner of the subject copyright, namely Reg. No. Pau003798644 ("the '644 registration").  ECF No. 1, pp. 33-34.  Because EDWARD HELDMAN III and COMEDYMX, INC. are not owners of the subject copyright, they would not and could not assert a claim of copyright infringement under the facts of the complaint.  As such, plaintiff's claims regarding §512(f) and declaratory relief of copyright non-infringement and invalidity are moot with respect to these defendants.   Thus, the Court should dismiss the first and second

causes of action with respect to EDWARD HELDMAN III and COMEDYMX, INC. pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   ARGUMENT

### A. The Standard of Review for Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory." *Oracle Am., Inc. v. Service Key*, LLC, 2012 U.S. Dist. LEXIS 171406 (N.D. Cal. 2012), *citing Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Courts "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). While the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007), a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must allege "enough facts to state a claim to relief that is plausible on its face" and enough to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). That is, Plaintiff's complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft* at 678.

## B. Plaintiff's State Law Causes of Action are Preempted by the DMCA.

Under 17 U.S.C. § 301, state law is preempted by copyright law if the content of the protected right falls within the subject matter of copyright and the right asserted under state law is equivalent to the exclusive rights contained in the Copyright Act. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). A "takedown" claim pursuant to section 512(f) of the DMCA has been recognized as an exclusive remedy that preempts state law claims for, *inter alia,* tortious interference. *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 U.S. Dist. LEXIS 73853, *17 (N.D. of Cal. July 8, 2011) (tortious interference, trade libel and other state law claims related to takedown preempted by DMCA).

Plaintiff's attempt to plead around §512(f) and preemption is ineffective. Plaintiff's 4th, 5th and 6th causes of action omit reference/inclusion of paragraphs 30-36 where the Section 512(f) claim is alleged. However, numerous allegations remain that show the causes of action are directed to the DMCA takedown notice submitted by ComedyMX LLC to Amazon. *See, e.g.,* ECF No. 1, ¶¶16, 17, 23, 27, 57 and 63. In fact, the first sentence of the complaint's introduction alleges, "ComedyMX has a history of issuing bad-faith Digital Millennium Copyright Act takedown notices over cartoon classics, works that are in the public domain, and sham intellectual property rights it does not possess." *See* ECF No. 1, p. 2. Paragraphs 16, 17, 23 and 27 each appear in a section of the complaint titled, "Facts Common to *All* Counts" (emphasis added) and each cited paragraph makes reference to the copyright infringement notices at issue. More specifically, paragraph 57 in the fourth cause of action for tortious interference and paragraph 63 in the fifth cause of action for trade libel specifically refer to ComedyMX LLC's copyright takedown notice. ECF No. 1, ¶¶57 and 63, pp. 15-17. The sixth

cause of action incorporates each of these allegations as well. *Id.* at p. 18. Clearly, the takedown notices form the basis of each of the state law causes of action alleged and should be preempted.

Plaintiff's reference to correspondence between counsel is inapposite. The correspondence between counsel was not sent to third parties, such as Amazon, and therefore cannot form the basis of a trade libel, tortious interference or unfair competition claim. *See, e.g.,* CACI 1704 and CACI 2201. Statements made to plaintiff's counsel by defense counsel are irrelevant to plaintiff's state law causes of action.

In the present case, plaintiff's state law claims are coextensive with its allegations of misrepresentation via Section 512(f) of the DMCA. Namely, plaintiff alleges that Amazon removed the infringing material pursuant to ComedyMX LLC's DMCA takedown notice. The Court should dismiss the Fourth, Fifth and Sixth Causes of Action for tortious interference, trade libel and California state law unfair competition because plaintiff's state law claims are preempted by the DMCA.

## C. Plaintiff's "Shotgun Pleading" is Improper and Should be Dismissed as to Defendants ComedyMX, INC. and Edward Heldman III

The complaint's "shotgun pleading" fails to give defendants ComedyMX, INC. and Edward Heldman III fair notice of the facts supporting any claims alleged against them. Rule 8 of the Federal Rules of Civil Procedure requires that plaintiff give each defendant a clear statement about what each defendant allegedly did wrong and does not allow for "shotgun pleading." Fed. R. Civ. P. 8(a); *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766, 2010 U.S. Dist. LEXIS 66233 at *11 (C.D. Cal. June 30, 2010). Shotgun pleading occurs when "one party pleads that multiple parties did an act, without identifying which party did what specifically" or when "one party pleads multiple claims and does not identify

which specific facts are allocated to which claim." *Hughey v. Camacho*, No. 2:13-cv-2665, 2014 U.S. Dist. LEXIS 150756, at *9 (E.D. Cal. Oct. 23, 2014).

Plaintiff's pleading is filled with unspecified allegations seeking a declaration of non-infringement against all defendants.  Defendant ComedyMX Inc. and Mr. Heldman, however, are not owners of the '644 copyright registration alleged in the complaint. *See* ECF No. 1, pp. 33-34.  Moreover, no specific allegations of wrongdoing by ComedyMX, Inc. or Mr. Heldman, let alone allegations that justify piercing of the corporate veil, are made.  Instead, plaintiff makes conclusory allegations that §512(f) misrepresentation and the declaration of non-infringement and invalidity must apply to all defendants, despite ComedyMX, Inc. and Mr. Heldman being unable to assert an infringement of the '644 registration.  As such, the first and second causes of action should be dismissed as to Defendants ComedyMX, Inc. and Edward Heldman III.

## III.   **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that the Court grant the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: July 17, 2020

_____/s/ Ben T. Lila_____
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for defendants,
EDWARD HELDMAN III, COMEDYMX, INC.,
and COMEDYMX, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF filing system, which will provide notice of the same on the following:

Milord A. Keshishian, SBN 197835
Email: milord@milordlaw.com
Stephanie V. Trice, SBN 324944
Email: stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Attorneys for Plaintiff
Beyond Blond Productions, LLC


Date:  <u>July 17, 2020</u>

<u>          /s/ Ben T. Lila          </u>
Ben T. Lila