MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for defendants,
EDWARD HELDMAN III, COMEDYMX, INC., and
COMEDYMX, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; <br><br> Plaintiff, <br><br> v. <br><br> EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; <br><br> Defendants. | **Case No. 2:20-cv-05581 DSF (GJSx)** <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Judge: Hon. Dale S. Fischer <br><br> **Hearing:** <br> Date: August 10, 2020 <br> Time: 1:30 pm <br> Courtroom: 7D |

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................4

II.  DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS. ................5

   A.   COMEDYMX LLC'S COPYRIGHTS ARE VALID AND INFRINGED..5

III. THERE IS NO LIKELIHOOD OF IRREPARABLE HARM. .......................9

IV.  THE BALANCE OF EQUITIES IS IN DEFENDANTS' FAVOR AND PUBLIC INTEREST WOULD BE DISSERVED BY THE ISSUANCE OF A PRELIMINARY INJUNCTION. .................................................................9

V.   IF AN INJUNCTION IS GRANTED, PLAINTIFF MUST POST A BOND AS SECURITY PURSUANT TO FED. R. CIV. P. 65. .................................10

VI.  CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*AMF, Inc. v. Sleekcraft Boats*,
   599 F.2d 341 (9th Cir. 1979)......................................................................8
*Association of Medical Colleges v. Mikaelian*,
   571 F. Supp. 144  (E.D. Pa.  1983)............................................................6
*Aveda Corp. v. Evita Marketing, Inc.*,
   706 F.Supp. 1419 (D. Minn. 1989) ...........................................................8
*Carolina Enters. v. Coleco Indus.*,
   211 U.S.P.Q. 479 (D.N.J. 1981)................................................................6
*Cf. Textile Unlimited, Inc. v. A. BMH & Co.*,
   240 F.3d 781 (9th Cir. 2001) ....................................................................9
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991)..................................................................................6
*Florence Mfg. Co. v. J.C. Dowd & Co.*,
   178 F. 73 (2d Cir. 1910)............................................................................8
*Gaste v. Kaiserman*,
   863 F.2d 1061 (2d Cir. 1988) ....................................................................6
*Jamaica 2188 of the Brotherhood of R and S Clerks v. Railing Express Agency, Inc.*,
   200 F.Supp. 253 (E.D.N.Y. 1961)...........................................................10
*Latino Officers Ass'n, New York, Inc. v. City of New York*,
   196 F.3d 458 (2d Cir. 1999) .....................................................................9
*New.Net, Inc. v. Lavasoft*,
   356 F. Supp. 2d 1071 (C.D. Cal. 2003) ....................................................9
*Patent and Trademark Office v. Booking.com B. V.*,
   No. 19-46 (U.S. Jun. 30, 2020).................................................................7
*Winter v. Natural Res. Def. Council*,
   555 U.S. 7 (2008) .....................................................................................5

**Statutes**

15 U.S.C. §1056..............................................................................................7
17 U.S.C. § 410 ..........................................................................................5, 6
17 U.S.C. § 504 ............................................................................................10

**Rules**

Fed. R. Civ. P. 65(c) ....................................................................................10
TMEP §1209.01(c).........................................................................................7
TMEP §1213 ..................................................................................................7

Defendants EDWARD HELDMAN III, COMEDYMX, INC., and COMEDYMX, LLC hereby oppose plaintiff BEYOND BLOND PRODUCTIONS, LLC's Motion for Preliminary Injunction as follows:

## I. INTRODUCTION

Plaintiff Beyond Blond Productions, LLC ("BB Productions") seeks extraordinary relief from this Court in the form of a preliminary injunction without bond. Plaintiff has provided no evidence of non-infringement and failed to provide evidence of irreparable harm. On the contrary, BB Productions has clearly infringed the copyrighted material of, *inter alia,* defendant ComedyMX, LLC and seeks to continue its infringement after a lawful DMCA takedown notice was sent to Amazon. *See* Decl. of Edward Heldman and Decl. of Keith Wood, Exhibits 1-8.

Furthermore, ComedyMX, LLC's trademark "CARTOON CLASSICS!" + design is valid and already has been approved by the U.S. Patent & Trademark Office ("USPTO"). Plaintiff has provided no evidence that the subject mark is generic, particularly that the consuming public believes the subject mark in its entirety refers to a genus of goods or services. *See* TMEP §1209.01(c). Again, on the contrary, the USPTO has already acknowledged the registrable nature of the design mark and published the mark for opposition. *See* Decl. of Heldman, Exhibit 5. The USPTO ruled, "Your mark appears entitled to register on the Principal Register, subject to any claims of concurrent use." *Id.* Plaintiff uses the identical term "CARTOON CLASSICS" with a near identical design "googly" eyes on identical goods, animated cartoons, in an identical channel of trade, Internet sales and streaming. Plaintiff has created a likelihood of confusion between these marks and should not be allowed to resume selling and streaming the infringing cartoons on Amazon.

The plaintiff also seeks entry of a preliminary injunction without bond. Defendants have substantial evidence that plaintiff has directly copied multiple copyrighted works and uses a near identical trademark to sell identical goods on the Internet. At a minimum, plaintiff should be required to post a bond with the Court pending trial of this matter representing a statutory damages award for the copyrighted works it is infringing, *e.g.* $300,000. While the Court is allowed to intervene in the DMCA process, such intervention prior to a trial on the merits clearly has a cost that should be accounted for by requiring posting of a bond by plaintiff. Plaintiff's motion should be denied, or in the alternative, plaintiff should be ordered to post a bond pending a trial on the merits.

## II. DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS.

Plaintiff is unlikely to succeed on the merits because it directly copied ComedyMX LLC's copyrighted works and used an identical trademark to sell those goods on Amazon. "A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id*. at 20.

### A. COMEDYMX LLC'S COPYRIGHTS ARE VALID AND INFRINGED.

ComedyMX LLC is the owner of, *inter alia*, Copyright Registration Nos. PAu0039798644, PAu003801793, PAu003921426 and PAu003986151. Decl. of Heldman, Exhibit 4. Copyright registrations are *prima facie* evidence of copyright validity and ownership pursuant to 17 U.S.C. § 410. Plaintiff improperly focuses solely on ComedyMX LLC's CARTOON CLASSICS! logo as not being entitled

to copyright protection. See Memo, pp. 7-11. Instead, the entirety of the registered works should be considered. For example, in the '644 registration, ComedyMX LLC has added color correction, added watermarks and title cards in addition to the creation and application of the Cartoon Classics! Copyrighted Design Logo. *See* Decl. of Heldman, ¶¶2-7 and Exhibits 1-6. These are clearly derivative works of the public domain originals. An analysis of a single piece of the work is incomplete and does not merit a finding of invalidity. Originality of even the slightest degree, even if it amounts to no more than a rearrangement of age-old ideas, is sufficient objective originality to merit protection. *Carolina Enters. v. Coleco Indus.*, 211 U.S.P.Q. 479, 488 (D.N.J. 1981).

Plaintiff correctly cites *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) for the elements of a case of direct copyright infringement, namely "(1) ownership of a valid copyright, and (2) copying [by Defendants] of constituent elements of the work that are original." As shown above, the registered copyrights are presumed valid and owned by ComedyMX LLC. 17 U.S.C. § 410. Moreover, there is clear evidence of direct copying of the works, including original elements of the work, by plaintiff. *See* Decl. of Wood, ¶¶6-10, Exhibits 1-3 and Decl. of Heldman, ¶¶3-7, Exhibits 4 and 6-7.

Keith Wood and Edward Heldman both testify that BB Productions has directly accessed and copied copyrighted works of defendants. Moreover, where the accused work is strikingly similar to the copyrighted work, access may be presumed. *Association of Medical Colleges v. Mikaelian*, 571 F. Supp. 144, 150-51 (E.D. Pa. 1983), *aff'd*, 743 F.2d 3 (3d Cir. 1984); *Gaste v. Kaiserman*, 863 F.2d 1061 (2d Cir. 1988).

As shown in detail, both the "Ancient Fistory" and "Pigs in a Polka" cartoons have been copied by BB Productions with efforts to crop out the "8thManDVD.com" watermark. *Id.* Moreover, particularly as shown in Exhibits 2-3 of the Wood declaration, the color correction of the copyrighted works was

1  copied *exactly*. Decl. of Wood, Ex. 2-3. Thus, not only did BB Productions use
2  ComedyMX's source directly, it copied original elements – color corrections
3  original to the derivative works. *Id.*
4      Plaintiff's evidence, the testimony of Michele Justice, regarding the source
5  of its works is demonstrably false. For example, the duplicate frames in the videos
6  and the third party infringements clearly show that these videos were not copied
7  from BetaSP tapes of public domain works. *See* Decl. of Wood, ¶¶5 and 9 and
8  Decl. of Heldman, ¶8 and Exhibit 8. Thus, plaintiff's copyright infringement is
9  clear and its motion for preliminary injunction should be denied.

### B. **COMEDYMX LLC'S TRADEMARK IS VALID AND INFRINGED.**

The USPTO has already determined that the CARTOON CLASSICS! (+design) mark is valid and ordered it published. Decl. of Heldman, Ex. 5. The USPTO ruled, "Your mark appears entitled to register on the Principal Register, subject to any claims of concurrent use." *Id.* Contrary to plaintiff's assertion, the mark is not generic nor has it been admitted to be generic. Instead, the disclaimer of the term "CARTOON CLASSICS!" is not an admission that the mark is generic. *See* TMEP §1213 and 15 U.S.C. §1056. Plaintiff has provided no evidence that the mark is generic, particularly that the consuming public believes the subject mark in its entirety refers to a genus of goods or services. *See* TMEP §1209.01(c). In particular, plaintiff has provided no dictionary type evidence or public perception evidence regarding the mark as a whole. *See Patent and Trademark Office v. Booking.com B. V.*, No. 19-46 (U.S. Jun. 30, 2020). Instead, plaintiff has submitted irrelevant examples of uses of the term "CARTOON CLASSICS" that do not comprise the distinctive eye components of the mark, particularly eye components that plaintiff, out of the myriad of available options, has copied intentionally.

Plaintiff correctly states that a likelihood of confusion analysis focuses on the eight *Sleekcraft* factors. However, it is readily apparent that the marks are confusingly similar. Namely, the marks look and sound confusingly similar if not identical. Decl. of Heldman, ¶10. The mark has been in use for over five years and such term of use is considered evidence of distinctiveness by the USPTO. TMEP §1212.05. Plaintiff admits that the marks are used on identical goods/services. Memo, p. 19. The absence of actual confusion evidence is irrelevant. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).

Plaintiff's claim that it had no intent to infringe and did not know of ComedyMX LLC's mark is demonstrably false. Clearly, plaintiff has viewed and copied ComedyMX LLC's videos using the trademark at issue. *See* Decl. of Wood and Decl. of Heldman. An inference of intent to trade upon the trademark owner's goodwill arises if the infringing party, with knowledge of the owner's mark, chose a mark similar to that mark from the infinite number of possible marks. *Aveda Corp. v. Evita Marketing, Inc.*, 706 F.Supp. 1419, 1430 (D. Minn. 1989) (*citing Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 136 U.S.P.Q. 508 (9th Cir.), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 (1963).) The Court is *Aveda, supra,* admonished:

> It is so easy for the honest businessman, who wishes to sell his goods upon their merits, to select from the entire material universe, which is before him, symbols, marks and coverings which by no possibility can cause confusion between his goods and those of competitors, that the courts look with suspicion upon one who, in dressing his goods for the market, approaches so near to his successful rival that the public may fail to distinguish between them.

*Id. (quoting Florence Mfg. Co. v. J.C. Dowd & Co.,* 178 F. 73, 75 (2d Cir. 1910).)

Plaintiff has provided no evidence regarding the "consumer degree of care" factor. Accordingly, the *Sleekcraft* factors weigh in favor of defendants and a finding of trademark infringement. Thus, the Court should deny plaintiff's request for a preliminary injunction in its entirety.

### III.   THERE IS NO LIKELIHOOD OF IRREPARABLE HARM.

The purpose of an injunction is to preserve the *status quo*, not to deprive defendants of their rights prior to adjudication on the merits. *Cf. Textile Unlimited, Inc. v. A. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001) ("A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment."); *accord New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1084 (C.D. Cal. 2003) ("'[T]he danger of a prior restraint, as opposed to [an] ex post . . . action, is precisely that making predictions ex ante as to what restrictions on speech will ultimately be found permissible is hazardous and may chill protected speech.'") (*quoting Latino Officers Ass'n, New York, Inc. v. City of New York*, 196 F.3d 458, 465 (2d Cir. 1999)).

Plaintiff's proposed preliminary injunction does not seek to prevent irreparable harm, but instead to improperly allow plaintiff to resume copyright and trademark infringement. In particular, plaintiff's motion fails to explain why monetary damages would be inadequate. Thus, the Court should deny plaintiff's request for a preliminary injunction in its entirety.

### IV.   THE BALANCE OF EQUITIES IS IN DEFENDANTS' FAVOR AND PUBLIC INTEREST WOULD BE DISSERVED BY THE ISSUANCE OF A PRELIMINARY INJUNCTION.

The balance of the equities and public interest weighs in defendants' favor and denial of the motion for preliminary injunction. In particular, as demonstrated above, allowing plaintiff to resume infringement of ComedyMX LLC's trademark

would likely cause consumer confusion.  Moreover, plaintiff's false representations that its videos are in the public domain could mislead the public to copy and reproduce the infringing videos *ad nauseum.*  It is not in the public interest or in the interest of equity to allow plaintiff to resume infringing the copyrighted works and trademark of ComedyMX LLC.  The motion for preliminary injunction should be denied.

### V. IF AN INJUNCTION IS GRANTED, PLAINTIFF MUST POST A BOND AS SECURITY PURSUANT TO FED. R. CIV. P. 65.

The Federal Rules of Civil Procedure require that, "[t]he court may issue a preliminary injunction or temporary restraining order ***only*** if the movant gives security in an amount that the court considers proper to pay costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c) (emphasis added.)  The injunction bond deserves scrutiny, as it is often the sole remedy for a wrongfully enjoined party. *Jamaica 2188 of the Brotherhood of R and S Clerks v. Railing Express Agency, Inc.*, 200 F.Supp. 253, 254 (E.D.N.Y. 1961).

Plaintiff's proposed preliminary injunction seeks to improperly allow plaintiff to resume infringement of, *inter alia,* ComedyMX LLC's copyrighted works. Statutory damages of up to $150,000 are available for willful infringement of one registered copyright. *See* 17 U.S.C. § 504.  Clearly, plaintiff is on notice of ComedyMX's copyright ownership and infringement claims.  If the Court orders retraction of the DMCA takedowns, plaintiff should post a bond of $300,000 ($150,000 each for, at least, its uses of the copyrighted derivative works of "Ancient Fistory" and "Pigs in a Polka") to secure the costs and damages that could be sustained by defendants as required by Fed. R. Civ. P. 65(c).

\\
\\

## VI. CONCLUSION

Based on the foregoing, defendants respectfully request that plaintiff's motion for preliminary injunction be denied in its entirety. In the event plaintiff is granted any relief that defendants oppose, prior to entry of any injunction, defendants request that the Court order that plaintiff post a bond as security as expressly required by Fed. R. Civ. P. 65(c).

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: July 20, 2020

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for defendants,
EDWARD HELDMAN III, COMEDYMX, INC., and COMEDYMX, LLC

**CERTIFICATE OF SERVICE**

     I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF filing system, which will provide notice of the same on the following:

Milord A. Keshishian, SBN 197835
Email: milord@milordlaw.com
Stephanie V. Trice, SBN 324944
Email: stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Telephone: (310) 226-7878
Attorneys for Plaintiff
Beyond Blond Productions, LLC

Date: July 20, 2020

                                        /s/ Ben T. Lila
                                        Ben T. Lila