UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, <br>          Plaintiff, <br> <br>                    v. <br> <br> EDWARD HELDMAN III, et al., <br>          Defendants. | CV 20-5581 DSF (GSJx) <br> <br> Order GRANTING in part and DENYING in part Defendants' Motion to Dismiss (Dkt. 16) |

Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC move to dismiss the Fourth through Six Causes of Action asserted in Plaintiff Beyond Blond Productions, LLC's Complaint and to dismiss the First and Second Causes of Action against Heldman and ComedyMX, Inc.  Dkt. 16 (Mot.).  Plaintiff opposes.  Dkt. 20 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff is a small business that "helps content owners leverage their music and video catalogs into new and different product offerings for digital distribution."  Dkt. 1 (Compl.) ¶ 10.  Plaintiff also "acquires and purchases public domain videos and cartoon classics, makes compilations of same, and lists the works on video streaming platforms."  Id. ¶ 12.  In late 2016 or early 2017, Plaintiff acquired, digitized, and edited cartoon classics from BetaSP tapes and the public domain, including Bugs Bunny, Popeye, and Mighty Mouse.  Id. ¶ 13.

Heldman controls ComedyMX, LLC and is the president, secretary, treasurer, and director of ComedyMX, Inc. See id. ¶¶ 2, 4. Defendants "create compilations of cartoon classics and stream the same on video hosting platforms." Id. ¶ 15.

Between February 2017 and May 2019, Plaintiff uploaded six cartoon classic compilations to Amazon's Prime Video Direct (Amazon Video). Id. ¶ 13. In March 2020, Defendants submitted six Digital Millennium Copyright Act (DMCA) takedown notices to Amazon. Id. ¶ 16. Plaintiff filed counternotifications with Amazon, but Amazon responded that it would not restore Plaintiff's videos unless Defendants withdrew their takedown notices. Id. ¶ 23. After Amazon rejected Plaintiff's appeal, id. ¶ 24, Plaintiff brought this action asserting claims against Defendants for Misrepresentation of Copyright Claims, 17 U.S.C. § 512(f), Declaration of Copyright and Trademark Invalidity, Unenforceability, and Non-Infringement, Tortious Interference with Existing and Prospective Economic Advantage, Trade Libel/Product Disparagement, and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200.

## II. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to

enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

**A.    Preemption**

Defendants contend Plaintiff's state law claims for tortious interference, unfair competition, and trade libel are preempted by the DMCA because "[a] claim of misrepresentation per §512(f) . . . is an exclusive remedy under copyright law." Mot. at 3. The Ninth Circuit applies a two-part test to determine whether a state law claim is preempted by the Copyright Act: 1) "whether the 'subject matter' of the state law claim falls within the subject matter of copyright" and 2) "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106." Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137–38 (9th Cir. 2006) (quoting Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001)).

### 1. Copyright Subject Matter

Plaintiff contends that it "has properly pleaded that the takedown notice was for trademark infringement," not copyright infringement. Opp'n at 4 (citing Compl. ¶ 27 & Ex. B at 26); see also id. at 5 (state law claims "are not preempted by the DMCA misrepresentation claim because the causes of action depend from the trademark claims, and exclude any allegations from the Section 512(f) misrepresentation claim"). However, Plaintiff's Complaint is not so clear. In fact, just two pages earlier, Plaintiff contends that its state law claims "depend from the allegations of trademark *and copyright infringement*." Opp'n at 2 (emphasis added).

On the one hand, Plaintiff alleges that Defendants "issued six baseless copyright takedown notices to Amazon," Compl. ¶ 16, and that its counsel requested "the copyright registrations and deposit materials forming the basis of the takedown notices," id. ¶ 19. Additionally, Plaintiff alleges that the "DMCA notices, submitted by Defendant Heldman, are false and were false at the time they were filed because Defendants falsely represented that they owned copyrights in the unprotectable logo for the generic cartoon classics term and knew that Beyond Blond could not be infringing the '644 Registration" and "Defendant Heldman, on behalf of all Defendants, represented in the DMCA notices, under penalty of perjury, that Beyond Blond's six videos infringed upon the work covered by Defendants' '644 Registration." Id. ¶ 32.

On the other hand, the Complaint also alleges that, in response to an information request about the takedown notice, Defendants' counsel referenced both a trademark application and a copyright registration. Id. ¶ 20. Plaintiff then alleges that Amazon's "Report Infringement" page "allows the rights owner to select only one type of intellectual property as the basis of infringement," and, on information and belief, that "Defendant may have selected 'trademark concerns,'" even though "Defendants are accusing [Plaintiff] of infringing both its copyright and trademark." Id. ¶ 27. Finally, Plaintiff contends that Paragraphs 57 and 63 of the Complaint "explicitly reference

4

Defendants' bad faith claims of trademark infringement." Mot. at 4. Defendants argue the Court should not consider the correspondence between counsel because that correspondence "was not sent to third parties, such as Amazon, and therefore cannot form the basis of a trade libel, tortious interference or unfair competition claim." Mot. at 6 (citing CACI 1704 and CACI 2201). However, the correspondence between counsel is not the basis for Plaintiff's state law claims; rather it provides additional factual support, and renders plausible, Plaintiff's allegation that Defendants' takedown notice to Amazon was based on trademarks and not (only) copyrights.

Plaintiff is entitled to plead her claims in the alternative. See PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir. 2007) ("we allow pleadings in the alternative – even if the alternatives are mutually exclusive"). That is particularly true here because Plaintiff does not have access to the takedown notice and therefore cannot know for sure what the notice said or which "box" was selected. In ISE Entm't Corp. v. Longarzo, No. CV 17-9132-MWF(JCx), 2018 WL 1569803 (C.D. Cal. Feb. 2, 2018), the district court rejected the defendants' attempt to dismiss a DMCA misrepresentation claim on the grounds that the plaintiff had not plausibly alleged that the defendants had sent Amazon Video a "DMCA takedown notice, rather than some other reason entirely unrelated to copyright or the DMCA" because "the email [plaintiff] received from Amazon Video does not specifically reference anything about 'copyright,' and because Amazon Video permits requests to remove content based upon 'copyright concerns,' 'trademark concerns,' 'patent concerns,' and '*other concerns*.'" Id. at *6. The court concluded that because the plaintiff was not in possession of the communications between the defendants and Amazon Video, and the defendants made "no attempt to explain what 'rights' Amazon Video may have been referring to [in its removal email to plaintiff] if not copyrights," the plaintiff had plausibly alleged that the defendants had sent a DMCA takedown notice. Id. at *6-*7. At this stage, Plaintiff is entitled to assert her state law claims in the alternative, to the extent the takedown notice relied on purported

trademark infringement and therefore would not be covered by the Copyright Act generally or the DMCA in particular.

### 2. Equivalent Rights

District courts in this circuit "have found that the DMCA preempts state law claims arising out of the submission of infringement notices." Stardock Sys., Inc. v. Reiche, No. C 17-07025 SBA, 2019 WL 8333514, at *4 (N.D. Cal. May 14, 2019) (collecting cases). It cannot be reasonably disputed that Plaintiff's state law claims, as currently alleged, depend solely on the takedown notices. Plaintiff contends that the state causes of action specifically do not incorporate by reference the DMCA misrepresentation claim. Mot. at 4. But other allegations in those causes of action specifically refer to the takedown notice. See, e.g., Compl. ¶ 58 ("By sending baseless takedown notices to Amazon, Defendants intentionally disrupted Beyond Blond's established, economic business relationship and prospective business relationships and advantage"); id. ¶ 68 ("Defendant's publications are ongoing, in that they continue to be published to Beyond Blond's e-commerce partners, customers and prospective customers because Defendants will not withdraw their baseless takedown notices that were issued in bad faith"). And although Plaintiff at times refers to unspecified "communications," see, e.g., id. ¶ 72, the Complaint does not allege any communications other than the takedown notices. Plaintiff cites Smith v. Summit Entm't LLC, No. 3:11CV348, 2011 WL 2200599 (N.D. Ohio June 6, 2011) as "a case that is on all fours," Opp'n at 2, but that case did not address preemption. The Court concludes that, to the extent the takedown notices are based on copyright infringement rather than trademark infringement, Plaintiff's claims are preempted.

Because preemption is a legal issue that cannot be cured by amendment, the Fourth, Fifth, and Sixth Causes of Action are DISMISSED with prejudice only to the extent they rely on alleged misrepresentations made in copyright takedown notices, as opposed to trademark takedown notices.

## B.     Defendants Heldman and ComedyMX, Inc.

Defendants contend that because ComedyMX, LLC is "the sole owner of the subject copyright, namely Reg. No. Pau003798644 ('the '644 registration')," Heldman and ComedyMX, Inc. "would not and could not assert a claim of copyright infringement under the facts of the complaint," and therefore the First and Second Causes of Action should be dismissed as to Heldman and the Second Cause of Action should be dismissed as to ComedyMX, Inc.  Mot. at 3-4; Dkt. 22 (Reply) at 2 n.1 (withdrawing "motion to dismiss the 1st cause of action with regard to ComedyMX, Inc.").

### 1.     Rule 8

Defendants contend Plaintiff is guilty of "shotgun pleading" because it failed to give "fair notice of the facts supporting any claims alleged against" Heldman and ComedyMX, Inc.  Mot. at 6.  "[U]nder the federal rules a complaint is required only to give [] notice of the claim such that the opposing party may defend himself or herself effectively." Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011). Accordingly, "a complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)."  Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).  As to Heldman, Rule 8 has been satisfied. The Complaint alleges that "Heldman was the active driving force behind the improper conduct of the ComedyMX entities, including filing the false takedown notices" and "was the key decision maker in filing the false takedown notices in bad faith as they were objectively and subjectively baseless."  Compl. ¶ 2.  Moreover, Plaintiff alleges that Amazon provided Heldman's email address to Plaintiff "as the intellectual property claimant" who submitted the takedown notice, id. ¶ 18, and "Defendants' DMCA notices" were "submitted by Defendant Heldman" and that "Defendant Heldman, on behalf of all Defendants, represented in the DMCA notices, under penalty of perjury, that [Plaintiff's] six videos infringed upon the work covered by Defendants' '644 Registration," id. ¶ 32.  The Complaint puts Heldman on notice of the claims against him.

However, as to ComedyMX, Inc., the Court agrees that the Complaint does not contain any specific allegations of wrongdoing. Plaintiff cites Heldman's declaration in opposition to the motion for preliminary injunction in which he attached two copyright registrations where ComedyMX, Inc. is the owner. Opp'n at 2 (citing Dkt. 19-[2] Exs. 4-5). But the complaint addresses only the '644 Registration, not these other registrations, and Plaintiff provides no argument that Heldman's declaration is properly considered on a motion to dismiss. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint"). Therefore, ComedyMX, Inc. is entitled to dismissal of the Second Cause of Action against it. However, the Court will permit Plaintiff to amend its complaint to add specific allegations against ComedyMX, Inc., including based on the additional copyright registrations.

### 2. Alter Ego or Personal Liability

Defendant next alleges that ComedyMX, LLC is the only owner of the '644 Registration and the Complaint contains "no specific allegations of wrongdoing by ComedyMX, Inc. or Mr. Heldman, let alone allegations that justify piercing of the corporate veil." Mot. at 7 (citing Compl. Ex. C at 33-34). Plaintiff contends that "there is a unity of interest between Heldman and the two entities, where he is the only member and shareholder and decision maker, and he is personally liable for their tortious conduct." Opp'n at 2. That Heldman is alleged to be "the only member and shareholder and decision maker" is not sufficient, by itself, to make plausible conclusory allegations that Heldman in the alter ego of Comedy MX, LLC or ComedyMX, Inc. And beyond citing the test for finding that a corporate entity and its owner are alter egos, see id. at 5 (citing Playboy Enterprises, Inc. v. Terri Welles, Inc., 78 F. Supp. 2d 1066, 1098 (S.D. Cal. 1999)), Plaintiff makes no legal argument that Heldman is the alter ego of ComedyMX, Inc. or ComedyMX, LLC.[1] Courts need not "manufacture arguments

---

[1] Nor does Plaintiff make any argument that ComedyMX, Inc. and ComedyMX, LLC are alter egos.

for a[] [party], and a bare assertion does not preserve a claim." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009); see also Indep. Towers of Washington v. Washington, 350 F.3d 925, 929-30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. . . . We require contentions to be accompanied by reasons."); Mahaffey v. Ramos, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived"). Plaintiff's allegations show only that Heldman controlled ComedyMX, Inc. or ComedyMX, LLC, but that would be true of any closely held entity.

Plaintiff cites to Judge Wu's opinion in Heldman v. Zerner, No. 2:19-cv-08185-GW-PJW (C.D. Cal. 2019), in which all three Defendants were plaintiffs. Dkt. 20-1 (Zerner Order).[2] Judge Wu summarized the complaint as alleging that "[the plaintiffs] own hundreds of registered copyrights" and "the underl[y]ing action alleged that the St. Clair parties stole three of Plaintiffs' copyrighted videos, put them into a massive compilation, and competed directly with Plaintiffs, stealing their revenue and making money on their property." Id. at 5. But Plaintiff has not explained why it is entitled to judicial notice of the truth of the facts as purportedly alleged in a complaint in another action and summarized by Judge Wu. Moreover, that Defendants are lumped together in this way in a different complaint is insufficient to show that all three Defendants are alter egos based on the conduct alleged here.

However, "[e]ven where alter ego liability does not exist, a corporate officer or director remains 'personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.'" Adobe Sys. Inc. v. Software Speedy, No. C-14-2152

---

[2] Plaintiff cites to a "Request for Judicial Notice, Exhibit A," but the document referred to is just a copy of the Zerner Order; there is no corresponding request for judicial notice.

9

EMC, 2014 WL 7186682, at *4 (N.D. Cal. Dec. 16, 2014) (quoting Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985)); see also Comm. for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 823 (9th Cir. 1996) (general rule that "[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf" applies "to trademark infringement generally" (quoting Transgo, 768 F.2d at 1021). In Adobe, the district court denied a motion to dismiss on the grounds that plaintiff had adequately alleged a basis for individual liability where the "sale of an electronic download copy of [plaintiff's] software with an OEM key constitutes infringement" and the individual defendant "is alleged to be owner and lead marketing and lead sales representative of the company" making it plausible that he "participated, authorized or directed the challenged activity." 2014 WL 7186682 at *5. Plaintiff's allegations are even stronger here. The First Cause of Action under Section 512(f) is based on purported misrepresentations Heldman made to Amazon, clearly showing that he "directed the challenged activity." As to the Second Cause of Action, Plaintiff has adequately alleged that, in addition to filing, and refusing to withdraw, the takedown notices, Heldman "authorized or directed" Defendants' attorneys to "threaten[] copyright and trademark infringement litigation if Beyond Blond did not cease use of the term cartoon classics," Compl. ¶¶ 18, 20, thereby necessitating declaratory relief. Therefore, Plaintiff has sufficiently alleged a basis for holding Heldman personally liable.

The Second Cause of Action is DISMISSED as to ComedyMX, Inc. with leave to amend.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part. The Second Cause of Action is DISMISSED with leave to amend as to ComedyMX, Inc. The Fourth through Sixth Causes of Action are DISMISSED with prejudice to the extent they are based on alleged misrepresentations in a DMCA copyright takedown notice.

Defendants' motion is DENIED to the extent the Fourth through Sixth Causes of Action are based on a trademark takedown notice and pled in the alternative to a DMCA misrepresentation claim. An amended complaint must be filed no later than September 14, 2020. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a properly noticed motion.

   IT IS SO ORDERED.

Date: August 17, 2020

                                                   Dale S. Fischer
                                                   United States District Judge