MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Third-party Plaintiffs and Defendants
EDWARD HELDMAN III, COMEDYMX INC., and, Third-party Plaintiff,
Defendant and Counterclaimant, COMEDYMX LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | **Case No. 2:20-cv-05581-DSF-GJSx** |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, COUNTERCLAIM AND THIRD-PARTY COMPLAINT** |
| v. | |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMEDYMX, LLC, a Delaware limited
liability company;

            Counter-Plaintiff,

    v.

BEYOND BLOND PRODUCTIONS, LLC,
a California limited liability company;

            Counter-Defendant.

EDWARD HELDMAN III, an individual;
COMEDYMX, INC., a Nevada corporation;
COMEDYMX, LLC, a Delaware limited
liability company;

            Third-party Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware
corporation; MICHELLE JUSTICE, an
individual;

            Third-party Defendants.

      Pursuant to Rule 12, 13, 14 and 38 of the Federal Rules of Civil Procedure,
defendant and counterclaimant Defendants EDWARD HELDMAN III,
COMEDYMX INC., and COMEDYMX LLC (collectively, "Defendants") hereby
Answer the First Amended Complaint, demand a jury trial, and state counterclaims
and third-party claims as follows:

## INTRODUCTION

Defendants deny the allegations of Plaintiff's introductory paragraph.

## THE PARTIES

1.      Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 1 of the First Amended Complaint and on that basis denies said allegations.

2.      Defendants admit Edward Heldman III is an Arizona resident and is a party in Civil Case 2:19-cv-08185-GW-PJW (C.D. Cal. 2019).  Defendants deny the remaining allegations of Paragraph 2 of the First Amended Complaint.

3.      Defendants admit ComedyMX LLC is a Delaware limited liability company.  Defendants deny the remaining allegations of Paragraph 3 of the First Amended Complaint.

4.      Defendants admit ComedyMX Inc. is a Nevada Corporation. Defendants deny the remaining allegations of Paragraph 3 of the First Amended Complaint. Defendants deny the remaining allegations of Paragraph 3 of the First Amended Complaint.

5.      Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 5 of the First Amended Complaint and on that basis denies said allegations.

6.      Denied.

7.      Denied.

8.      Denied.

## JURISDICTION AND VENUE

9.      Defendants admit the Court has subject matter jurisdiction over this action.

10.     Denied.

11.     Defendants admit venue is proper.

## GENERAL ALLEGATIONS

12.     Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 12 of the First Amended Complaint and on that basis denies said allegations.

13.     Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 13 of the First Amended Complaint and on that basis denies said allegations.

14.     Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 14 of the First Amended Complaint and on that basis denies said allegations.

15.     Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 15 of the First Amended Complaint and on that basis denies said allegations.

16.     Defendants lack sufficient knowledge and information to respond to the truth or the falsity of the allegation in paragraph 16 of the First Amended Complaint and on that basis denies said allegations.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Defendants admit plaintiff's March 20, 2020 email is attached to the First Amended Complaint.

21.     Defendants admit plaintiff's March 26, 2020 email is attached to the First Amended Complaint.  Defendants admit Exhibit A is attached to the First Amended Complaint.

22.     Defendants admit defendants' March 26, 2020 email is attached to the First Amended Complaint.  Defendants admit Exhibit B is attached to the First Amended Complaint.

23.     Defendants admit defendants' March 26, 2020 email is attached to the First Amended Complaint.  Defendants admit Exhibit B is attached to the First Amended Complaint.

24.     Defendants admit plaintiff's March 27, 2020 email is attached to the First Amended Complaint.  Defendants admit Exhibit C is attached to the First Amended Complaint.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendants admit U.S. Trademark Serial No. Application Serial No 88/789,484 speaks for itself.

31.     Defendants admit U.S. Trademark Serial No. Application Serial No 88/789,484 speaks for itself.

32.     Defendants admit the webpage located at the URL: https://www.amazon.com/report/infringement, speaks for itself.

33.     Denied.

34.     Denied.

35.     Denied.

## FIRST CLAIM FOR RELIEF

36.     Defendants hereby reallege and incorporate the allegations in paragraphs 1 through 21, 23-24, 27-29, 32-33, and 35 of this Answer as if fully set forth herein

37.     Defendants admit Section 512(f) of the Copyright Act speaks for itself.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## SECOND CLAIM FOR RELIEF

43.     Defendants hereby reallege and incorporate the allegations in paragraphs 1 through 21, 23-24, 27-29, 32-33, and 35-42 of this Answer as if fully set forth herein.

44.     Denied.

45.     Denied.

46.     Denied.

## THIRD CLAIM FOR RELIEF

47.     Defendants hereby realleges and incorporates the allegations in paragraphs 1 through 20, 22, 24(b), 25-28 and 30-34 of this Answer as if fully set forth herein.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

## FOURTH CLAIM FOR RELIEF

59.     Defendants restate and incorporate by reference the allegations in paragraphs 1 through 20, 22, 24(b), 25-28, 30-34 and 47-58 above.

60.  Denied.

61.  Denied.

62.  Denied.

63.  Denied.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Denied.

## FIFTH CLAIM FOR RELIEF

68.  Defendants states and incorporate by reference the allegations in paragraphs 1 through 20, 22, 24(b), 25-28, 30-34 and 47-67 above.

69.  Denied.

70.  Denied.

71.  Denied.

72.  Denied.

73.  Denied.

74.  Denied.

75.  Denied.

76.  Denied.

## SIXTH CLAIM FOR RELIEF

77.  Defendants states and incorporate by reference the allegations in paragraphs 1 through 20, 22, 24(b), 25-28, 30-34 and 47-76 above.

78.  Denied.

79.  Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Estoppel and Laches

The purported claims alleged in the First Amended Complaint are barred, in

whole or in part, because plaintiff, by its acts, omissions and delay, failed to take action within a reasonable time.

### Second Affirmative Defense: Waiver and Acquiescence

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, because plaintiff, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against defendant.

### Third Affirmative Defense: Failure to Mitigate Damages

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, because plaintiff failed to mitigate its damages.

### Fourth Affirmative Defense: Lack of Damages

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, due to plaintiff's lack of damages.

### Fifth Affirmative Defense: Lack of Proximate Cause

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, because defendant was not a proximate cause to plaintiff's damages, if any.

### Sixth Affirmative Defense: Contribution

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, because Third-Party Defendant Amazon.com, Inc. contributed to the alleged damages of plaintiff by failing to comply with the terms of the Digital Millennium Copyright Act ("DMCA"), *e.g.* 17 U.S.C. § 512(g).

### Seventh Affirmative Defense: Equitable Indemnification

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, because defendants are entitled to equitable indemnification by Amazon.com, Inc. for failure to comply with the terms of the DMCA, *e.g.* 17 U.S.C. § 512(g).

### Eighth Affirmative Defense: Unclean Hands

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands, including without limitation, plaintiff's improper use of material in its videos that infringe the copyrights of third parties.

### Ninth Affirmative Defense:
### Jurisdictional Limitation on damages and injunction

The purported claims alleged in the First Amended Complaint are barred, in whole or in part, as to the scope of the alleged damages and proposed injunction and should be limited to, if any, streaming/use in the United States only and not any other countries outside the jurisdiction of the United States such as, e.g. Canada and the United Kingdom.

### Reservation of Additional Defenses

Defendants reserve all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## **PRAYER FOR RELIEF**

WHEREFORE, defendants request entry of judgment in their favor and against plaintiff as follows:

    a. Denying all relief sought by plaintiff;

    b. Declaring the action to be exceptional and awarding defendants their attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505 or any other related law; and,

    c. Such other and relief as the Court deems just and appropriate.

Respectfully submitted,

Date: September 9, 2020

**MANDOUR & ASSOCIATES, APC**


      /s Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Third-party Plaintiffs and Defendants
EDWARD HELDMAN III, COMEDYMX INC.,
and, Third-party Plaintiff, Defendant and
Counterclaimant, COMEDYMX LLC

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Pursuant to Rule 13, 14 and 38 of the Federal Rules of Civil Procedure, defendant and counterclaimant ComedyMX LLC hereby counterclaims against plaintiff and counterclaim defendant Beyond Blond Productions, LLC (hereinafter "BBP") and alleges a third-party complaint against third-party defendants Amazon.com, Inc. (hereinafter "Amazon") and third-party defendant Michelle Justice (hereinafter "Ms. Justice) and demands a jury trial as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and common law, state and common law unfair competition and common claims for implied equitable indemnity, equitable indemnity, contribution, apportionment of fault, and declaratory relief.

## THE PARTIES

2.      Counterclaimant and Third-party Plaintiff ComedyMX LLC is a Delaware limited liability company with offices in Pinewood, New Jersey.

3.      Third-party Plaintiff Edward Heldman III is an individual residing in Arizona.

4.      Third-party Plaintiff ComedyMX Inc. is a Nevada corporation

5.      On information and belief, Beyond Blond Productions, LLC ("BBP") is a California limited liability company with its principle place of business in Los Angeles, California.

6.      On information and belief, Ms. Justice is a California resident that does business in the Central District of California and is the sole owner and member of BBP.  At all times, Ms. Justice was the active driving force behind the improper conduct of BBP, including willfully and intentionally infringing the

CARTOON CLASSICS (+Eyes Design) trademark of ComedyMX, LLC.  On information and belief, she was the key decision maker in creating and adopting the infringing trademark and using it on, *inter alia,* BBP videos.  Ms. Justice and BBP are collectively referred to herein as "Counter-Defendants".

7.    Counterclaimant is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Counter-Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Counter-Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of ComedyMX LLC's rights and the damages to ComedyMX LLC proximately caused thereby.

8.    Counterclaimant is informed and believes that, at all times relevant to this action, there existed a unity of interest and ownership between Ms. Justice and BBP and that any individuality and separateness of the Counter-Defendants ceased or never existed, and BBP is the alter ego of Ms. Justice.

9.    On information and belief, Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principle place of business in Seattle, Washington.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction over any and all state causes of action under 28 U.S.C. § 1367.

11.    Counterclaimant and counterclaim defendant BBP has submitted to personal jurisdiction by filing the Complaint and First Amended Complaint in the present jurisdiction.  Moreover, on information and belief, Third-party Defendant

Justice resides in, and does business in, the Central District of California.

12.     This Court has personal jurisdiction over Third-party Defendant Amazon because it maintains offices and retail locations in the state and district and thus resides in California.

13.     Counterclaimant and counterclaim defendant BBP has submitted to venue in this District by filing the Complaint and First Amended Complaint in the present venue. Moreover, on information and belief, third-party defendant Justice resides in, and does business in, the Central District of California, and therefore venue is proper.

14.     Venue is proper and reasonable in this district with regards to Third-party Defendant Amazon because Amazon resides and maintains offices and retail locations in the Central District of California.  Also, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the third-party claims for indemnification and contribution for violation of the DMCA occurred in this district and Amazon has significant contacts with the district.

## **FACTS**

15.     Counterclaimant ComedyMX LLC is engaged in the business of providing entertainment goods and services including, without limitation, providing online streaming videos featuring, *inter alia,* cartoons (hereinafter "Counterclaimant's Goods and Services.").

16.     Counterclaimant is the owner of the trademark and designation CARTOON CLASSICS! (+Eyes Design) used in conjunction with its entertainment goods and services.  Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark is the subject of U.S. Trademark Application Serial No. 88/789,484.  A true and correct copy of Counterclaimant's trademark application summary is attached hereto as Exhibit A.

17.    Counterclaimant's U.S. Trademark Application Serial No. 88/789,484 was approved for registration on the Principal Register by the United States Patent & Trademark Office.  Registration on the principal registration is *prima facie* evidence that a trademark is distinctive and not generic.

18.    Counterclaimant has promoted and sold Counterclaimant's Goods and Services with the trademark, trade name and designation CARTOON CLASSICS! (+Eyes Design).  Counterclaimant first used its CARTOON CLASSICS! (+Eyes Design) trademark on and in connection with Counterclaimant's goods and services at least as early as May 18, 2015 and has used Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark on and in connection with Counterclaimant's Goods and Services continuously since its first use.

19.    Counterclaimant has promoted Counterclaimant's Goods and Services featuring Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark online and in videos.  True and correct copies of photos showing Counterclaimant's use of the CARTOON CLASSICS! (+Eyes Design) mark are attached hereto as Exhibit B.

20.    Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark is unique and inherently distinctive and, as such, designates a single source of origin.  As a result of Counterclaimant's continuous use of its CARTOON CLASSICS! (+Eyes Design) mark, Counterclaimant has acquired substantial goodwill in and to its CARTOON CLASSICS! (+Eyes Design) trademark.

21.    Counterclaimant has invested significantly to extensively advertise and promote Counterclaimant's Goods and Services featuring Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark throughout the United States, including, without limitation, online advertising through the website YouTube.com and social media websites.  As a result of Counterclaimant's

extensive and exclusive use, Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark has developed significant goodwill in the market and represents a valuable asset of Counterclaimant.

22.     On or about August 26, 2020, a first amended complaint was filed in Case Number 2:20-cv-05581 filed in the United States District Court for the Central District of California alleging that Third-party Plaintiffs were liable to Plaintiff BBP for damages arising from the allegations set forth in Plaintiff's First Amended Complaint.  Third-party Plaintiffs incorporate herein by reference, the contents of the First Amended Complaint, without admitting the allegations contained thereof, the truth of which is expressly denied.  The First Amended Complaint alleges that Plaintiff has been damaged by, *inter alia,* Third-party Plaintiffs' alleged use of Amazon's DMCA takedown system to remove certain videos uploaded to Amazon by BBP.  In particular, on information and belief, Amazon failed to restore any of plaintiff BBP's videos to its Amazon streaming service within ten (10) days after receipt of DMCA counternotice(s) from BBP and failure to receive notice of a lawsuit for copyright infringement filed by any of the Third-party Plaintiffs per 17 U.S.C. § 512(g).

### Counter-Defendants' Wrongful Conduct

23.     Counter-Defendants are also in the business of producing online stream-able videos comprising, *e.g.* cartoons.

24.     On information and belief, BBP and Ms. Justice first offered its video content goods and services under the CARTOON CLASSICS! (+Eyes Design) trademark (the "Infringing Trademark") subsequent to ComedyMX LLC.

25.     Despite ComedyMX LLC's explicit notice, BBP and Ms. Justice willfully used and continues to use the Infringing trademark and profited from the infringement by misdirecting viewers, consumers and ad revenue to its business and away from ComedyMX LLC's services.

26.     True and correct copies of photos showing Counter-Defendants' uses of the Infringing Trademark are attached hereto as Exhibit C.

27.     Counter-Defendants' use of the Infringing Trademark is likely to cause confusion among consumers who expect to conduct business with Counterclaimant and instead reach Counter-Defendants' business.

28.     Counterclaimant has been irreparably harmed and has suffered economic loss as well as the loss of goodwill from Counter-Defendants' unlawful and willful acts.  Because damages will constitute an insufficient remedy, Counterclaimant requires equitable relief in the form of a permanent injunction restraining Counter-Defendants' continued infringement of Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark and source designation.

## CLAIMS OF RELIEF
### FIRST COUNTERCLAIM / THIRD-PARTY CLAIM OF RELIEF
### (False Designation of Origin – 15 U.S.C. § 1125(a))
### (Against All Counter-Defendants)

29.     Counterclaimant repeats and incorporates by reference the statements and allegations in paragraphs 1 to 28 of the counterclaim as though fully set forth herein.

30.     On information and belief, Counter-Defendants willfully and intentionally adopted and used marks confusingly similar to Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark and designation to steal Counterclaimant's goodwill.

31.     Additionally, on information and belief, Counter-Defendants have caused or are likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Counterclaimant's products/services.

32.     By reason of the foregoing and upon information and belief, Counter-Defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by

using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Counterclaimant with Counter-Defendants and as to the origin, sponsorship, or approval of Counter-Defendants' goods, services and commercial activities.

33.    By reason of the foregoing unlawful acts recited in the above paragraphs, Counterclaimant has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## SECOND COUNTERCLAIM / THIRD-PARTY CLAIM FOR RELIEF
### (Unfair Competition – 15 U.S.C. § 1125(a))
### (Against All Counter-Defendants)

34.    Counterclaimant repeats and incorporates by reference the statements and allegations in paragraphs 1 to 33 of the counterclaim as though fully set forth herein.

35.    On information and belief, Counter-Defendants willfully and intentionally adopted and used marks confusingly similar to Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark and designation to steal Counterclaimant's goodwill.

36.    Additionally, Counter-Defendants have caused or are likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Counterclaimant's products.

37.    By reason of the foregoing and upon information and belief, Counter-Defendants have violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by unfairly competing with Counterclaimant by using in connection with its goods and advertisements, false designations of origin which are likely to cause

confusion or cause mistake or to deceive as to the affiliation, connection, or association of Counterclaimant with Counter-Defendants and as to the origin, sponsorship, or approval of Counter-Defendants' goods, services and commercial activities.

38.     By reason of the foregoing unlawful acts recited in the above paragraphs, Counterclaimant has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

## SECOND COUNTERCLAIM / THIRD-PARTY CLAIM FOR RELIEF
### (State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200)
### (Against All Counter-Defendants)

39.     Counterclaimant repeats and incorporates by reference the statements and allegations in paragraphs 1 to 38 of the counterclaim as though fully set forth herein.

40.     Counter-Defendants' acts, as set forth above constitute unfair competition as defined in California Business and Professions Code § 17200, et seq., all to the damage of Counterclaimant as previously alleged.

## FOURTH COUNTERCLAIM / THIRD-PARTY CLAIM FOR RELIEF
### (Common Law Trademark Infringement)
### (Against All Counter-Defendants)

41.     Counterclaimant repeats and incorporates by reference the statements and allegations in paragraphs 1 to 40 of the counterclaim as though fully set forth herein.

42.     Counter-Defendants' acts, as set forth above, constitute trademark infringement as defined under California common law, all to the damage of

Counterclaimant as previously alleged.

## FIFTH COUNTERCLAIM / THIRD-PARTY CLAIM FOR RELIEF

### (Common Law Unfair Competition)

### (Against All Counter-Defendants)

43.     Counterclaimant repeats and incorporates by reference the statements and allegations in paragraphs 1 to 42 of the counterclaim as though fully set forth herein.

44.     Counter-Defendants' acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of Counterclaimant as previously alleged.

## FIRST THIRD-PARTY CLAIM FOR RELIEF

### (Implied Equitable Indemnity)

### (Against Third-party Defendant Amazon)

45.     Third-party Plaintiffs refer to, and incorporate by reference, the allegations of Paragraphs 1 through 44 of this Counterclaim/Third-party Complaint, as though fully set forth herein.

46.      Third-party Plaintiffs are informed and believe, and based thereon allege, that they are in no way responsible for the damages alleged in Plaintiff's First Amended Complaint.  However, if any of Third-party Plaintiffs are found responsible under the law for any of the allegations contained in Plaintiff's First Amended Complaint then Third-party Plaintiffs are informed and believe, and based thereon allege, that the conduct, in whole or in part, of the Third-party Defendant Amazon contributed to the happening of the acts alleged in Plaintiff's First Amended Complaint.

47.     By reason of the foregoing allegations, if Plaintiff recovers judgment against any or all of Third-party Plaintiffs, then Third-party Plaintiffs are entitled to a judgment, over and against the Third-party Defendant Amazon herein for its

fair share of Plaintiff's Judgment.

## SECOND THIRD-PARTY CLAIM FOR RELIEF

### (Equitable Indemnity)

### (Against Third-party Defendant Amazon)

48.     Third-party Plaintiffs refer to, and incorporate by reference, the allegations of Paragraphs 1 through 47 of this Counterclaim/Third-party Complaint, as though fully set forth herein.

49.     Third-party Plaintiffs are informed and believe, and based thereon allege, that they are in no way responsible for the damages alleged in Plaintiff's First Amended Complaint.  However, if any of Third-party Plaintiffs are found responsible under the law for any of the allegations contained in Plaintiff's First Amended Complaint then Third-party Plaintiffs are informed and believe, and based thereon allege, that the conduct, in whole or in part, of the Third-party Defendant Amazon contributed to the happening of the acts alleged in Plaintiff's First Amended Complaint.

50.     By reason of the foregoing allegations, if Plaintiff recovers judgment against any or all of Third-party Plaintiffs, then Third-party Plaintiffs are entitled to a judgment, over and against the Third-party Defendant Amazon herein for its fair share of Plaintiff's Judgment.

## THIRD THIRD-PARTY CLAIM FOR RELIEF

### (Contribution)

### (Against Third-party Defendant Amazon)

51.   Third-party Plaintiffs refer to, and incorporate by reference, the allegations of Paragraphs 1 through 50 of this Counterclaim/Third-party Complaint, as though fully set forth herein.

52.   By reason of the foregoing allegations, Third-party Plaintiffs will be damaged to the extent that they must pay any sum, or any sum in excess of a

proportionate amount of their liability, if any, assessed by the trier of fact.

53.   Accordingly, if any of Third-party Plaintiffs are held liable for any part of the claims asserted against them in Plaintiff's First Amended Complaint, then Third-party Plaintiffs are entitled to equitable contribution by Third-party Defendant Amazon, proportionate to Amazon's share of liability because it is jointly and severally liable for failure to comply with the DMCA, e.g. 17 U.S.C. § 512(g)(2)(C), in addition to costs and reasonable attorneys' fees according to proof.

## FOURTH THIRD-PARTY CLAIM FOR RELIEF

### (Apportionment of Fault)

### (Against Third-party Defendant Amazon)

54.   Third-party Plaintiffs refer to, and incorporate by reference, the allegations of Paragraphs 1 through 53 of this Counterclaim/Third-party Complaint, as though fully set forth herein.

55.   Each Third-party Defendant is liable, in whole or in part, for any injuries suffered by Plaintiff BBP.

56.   If any of the Third-party Plaintiffs are adjudged liable to Plaintiff BBP, Third-party Defendant Amazon should be required (1) to pay a share of any judgment entered in favor of Plaintiff BBP which is in proportion to the comparative negligence of Third-party Defendant Amazon in causing Plaintiff BBP's injuries, (2) to reimburse to Third-party Plaintiffs for any payment made to Plaintiff BBP in excess of Third-party Plaintiffs' proportional share of all liability.

## FIFTH THIRD-PARTY CLAIM FOR RELIEF

### (Declaratory Relief)

### (Against Third-party Defendant Amazon)

57.   Third-party Plaintiffs refer to, and incorporate by reference, the allegations of Paragraphs 1 through 56 of this Counterclaim/Third-party

Complaint, as though fully set forth herein.

58.   A dispute has arisen and an actual controversy now exists between Third-party Plaintiffs and Third-party Defendant Amazon, and each of them, concerning their respective rights and duties, in that Third-party Plaintiffs contend that they are entitled to indemnity from Third-party Defendant Amazon, and each of them, by virtue of the theory of implied equitable indemnity, and the theory of equitable indemnity.  Third-party Plaintiffs are informed and believe, and based thereon, allege that Third-party Defendant Amazon oppose and deny the above contentions and contend that Third-party Plaintiff(s) are not entitled to indemnity or contribution from Third-party Defendant Amazon herein.

59.   A declaration of rights is necessary and appropriate at this time so that Third-party Plaintiffs may ascertain their rights and duties, because no adequate remedy, other than as prayed for, exists by which the rights of the parties may be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant and Third-party Plaintiffs ask that this Court grant judgment against Counter-Defendants BBP and Ms. Justice and Third-party Defendant Amazon for the following:

For the Counterclaim / Third-party Complaint against Counterclaim Defendant BBP and Third-party Defendant Ms. Justice:

A.   Counter-Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from:

i.   infringing Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark;

ii.   using, advertising, marketing or selling goods and/or services marked with the Infringing Trademark;

iii.   competing unfairly with Counterclaimant in any manner, including infringing any of Counterclaimant's trademark rights; and

iv.   conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B.   Counter-Defendants shall file with the Court and serve on Counterclaimant, within 30 days after the entry and service on Counter-Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Counter-Defendants have complied with the provisions of subparagraph (A) above.

C.   Counterclaimant recovers all damages it has sustained as a result of Counter-Defendants' trademark infringement, false designation of origin and unfair competition.

D.   Counterclaimant be awarded Counter-Defendants' profits, corrective advertising damages and enhanced damages.

E.   An accounting be directed to determine Counter-Defendants' profits resulting from their infringement, false designation of origin and unfair competition and that the profits be paid over to Counterclaimant, increased as the Court determines is appropriate to the circumstances of this case.

F.   Counterclaimant be awarded its reasonable attorneys' fees for prosecuting this action.

G.   Counterclaimant recover its costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

H.   Counterclaimant be awarded treble damages against Counter-Defendants pursuant to 15 U.S.C. § 1117 or any other relevant statute.

I.   Counterclaimant be awarded enhanced damages against Counter-

Defendants pursuant to, *inter alia*, California common law, Bus. and Prof. Code § 14250, and any other relevant statute.

For the Third-party Complaint against Third-party Defendant Amazon:

J.     For a declaration of this Court that Third-party Defendant Amazon is obligated to indemnify and hold Third-party Plaintiffs harmless against any judgment which Plaintiff may recover against any of the Third-party Plaintiffs in this action;

K.     For a declaration of this Court that Third-party Defendant Amazon, and each of them, is obligated to indemnify and hold Third-party Plaintiffs harmless against any judgment which Plaintiff BBP may recover against any or all of the Third-party Plaintiffs in this action;

L.     For a judgment against Third-party Defendant Amazon in such amount as Plaintiff BBP may recover against any of the Third-party Plaintiffs in this action;

M.     For a judgment that Third-party Defendant Amazon is liable to Plaintiff BBP for such a percentage of damages proximately caused by Third-party Defendant Amazon;

N.     For a judgment in a proportionate share against Third-party Defendant Amazon which is in proportion to its comparative negligence and/or failure to comply with the DMCA, *e.g* 17 U.S.C. § 512(g), in causing Plaintiff BBP's alleged injuries;

O.     For a judgment against Third-party Defendant Amazon declaring that Third-party Plaintiffs have no liability as to Plaintiff's First Amended Complaint filed in this action, that such liability is instead upon such Third-party Defendant Amazon, and that any liability of Third-party Plaintiffs arising out of this action must be borne proportionately by such the parties based on their respective percentage liability under the First Amended Complaint in this action;

ALL CAUSES OF ACTION:

      P.     For attorneys' fees according to proof;

      Q.     For costs of suit related herein; and,

      R.     For all other relief the Court deems appropriate.


                           Respectfully submitted,

                           MANDOUR & ASSOCIATES, APC

Dated: <u>September 9, 2020</u>


                                 <u>/s/ Ben T. Lila</u>
                         Ben T. Lila (SBN 246808)
                         Email: blila@mandourlaw.com
                         Attorneys for Third-party Plaintiffs and Defendants
                         EDWARD HELDMAN III, COMEDYMX INC.,
                         and, Third-party Plaintiff, Defendant and
                         Counterclaimant, COMEDYMX LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Defendants, Counterclaimant and Third-party Plaintiffs hereby demand a trial by the jury on their claims herein and all issues and claims so triable in this action.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: <u>September 9, 2020</u>

<u>        /s/ Ben T. Lila        </u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Third-party Plaintiffs and Defendants
EDWARD HELDMAN III, COMEDYMX INC.,
and, Third-party Plaintiff, Defendant and
Counterclaimant, COMEDYMX LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF filing system, which will provide notice of the same on the following:

Milord A. Keshishian, SBN 197835
Email: milord@milordlaw.com
Stephanie V. Trice, SBN 324944
Email: stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Attorneys for Counterclaimant
Beyond Blond Productions, LLC


Date:  <u>September 9, 2020</u>

<u>       /s/ Ben T. Lila       </u>
Ben T. Lila

**EXHIBIT A**

EXHIBIT A



| Word Mark | CARTOON CLASSICS! |
|---|---|
| Goods and Services | IC 041. US 100 101 107. G & S: Providing on-line videos featuring cartoons, not downloadable. FIRST USE: 20150518. FIRST USE IN COMMERCE: 20150518 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 02.11.02 - Eyes, human ; Human eyes ; Iris (eye)<br>27.03.02 - Humans forming letters or numerals ; Humans forming punctuation |
| Serial Number | 88789484 |
| Filing Date | February 7, 2020 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | June 16, 2020 |
| Owner | (APPLICANT) ComedyMX LLC LIMITED LIABILITY COMPANY DELAWARE 18 Hook Mountain Road, Suite 202 Pine Brook NEW JERSEY 07058 |
| Attorney of Record | Joseph A. Mandour |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CARTOON CLASSICS" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of the words "CARTOON CLASSICS!" Appearing in a stylized font where the "O"s in "CARTOON" appear as two stylized eyes. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT A

**EXHIBIT B**



EXHIBIT B

**EXHIBIT C**



EXHIBIT B