MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for Third-party Plaintiffs and Defendants
EDWARD HELDMAN III, COMEDYMX INC., and, Third-party Plaintiff, Defendant and Counterclaimant, COMEDYMX LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | Case No. 2:20-cv-05581-DSF-GJSx<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION; OR, IN THE ALTERATIVE, AMENDMENT OF PRELIMINARY INJUNCTION**<br><br>**Hearing:**<br>Date: November 2, 2020<br>Time: 1:30 pm<br>Courtroom: 7D<br>Judge: Hon. Dale S. Fischer |

| | |
|---|---|
| COMEDYMX, LLC, a Delaware limited liability company; | ) ) ) |
| Counter-Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | ) ) ) ) |
| Counter-Defendant. | ) ) ) ) ) ) |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; | ) ) ) ) ) ) |
| Third-party Plaintiffs, | ) ) |
| v. | ) ) |
| AMAZON.COM, INC., a Delaware corporation; MICHELLE JUSTICE, an individual; | ) ) ) ) |
| Third-party Defendants. | ) ) ) |

**TO THE PLAINTIFF AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 2, 2020 at 1:30 pm or as soon thereafter as this matter may be heard, in Courtroom 7D of the United States District Court, Central District of California 90012, First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California, Third-party Plaintiffs and Defendants EDWARD HELDMAN III, COMEDYMX INC., and, Third-party

Plaintiff, Defendant and Counterclaimant, COMEDYMX LLC will and hereby do move for an Order clarifying, or in the alterative amending, the Preliminary Injunction (ECF No. 25) pursuant to Fed. R. Civ. P. 60(b).  This Motion is made upon the ground that the Court's preliminary injunction is ambiguous as to its territorial scope.

This Motion is made and based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and records on file in this matter, all evidence, and argument to be presented at the hearing and of such other matters of which this Court may take judicial notice prior to or at the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 23, 2020.  On September 23, 2020, Defendants' counsel teleconferenced with plaintiff's counsel regarding defendants' intention of filing this Motion.  Plaintiff's counsel declined to stipulate to any part of defendants' motion.

Respectfully submitted,

MANDOUR & ASSOCIATES, APC

Dated: October 5, 2020

    /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Third-party Plaintiffs and Defendants EDWARD HELDMAN III, COMEDYMX INC., and, Third-party Plaintiff, Defendant and Counterclaimant, COMEDYMX LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Third-party Plaintiffs and Defendants EDWARD HELDMAN III, COMEDYMX INC., and Third-party Plaintiff, Defendant and Counterclaimant, COMEDYMX LLC (collectively herein "Defendants") hereby submit the following memorandum in support of their motion to clarify, or in the alterative amend, the Preliminary Injunction (ECF No. 25) pursuant to Fed. R. Civ. P. 60(b):

## I.   INTRODUCTION

The preliminary injunction issued in the present case (ECF No. 25) was ambiguous as it does not properly address Defendants' rights with respect to international copyright complaints against plaintiff BEYOND BLOND PRODUCTIONS, LLC ("Plaintiff" or "Beyond Blond").  As generally alleged in the First Amended Complaint, Beyond Blond's claims against Defendants arise from Defendant ComedyMX LLC's notice to Third-Party Defendant Amazon.com, Inc. ("Amazon") pursuant to the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(c)(3) (a "takedown notice").

The Preliminary Injunction entered on August 14, 2020 includes the following language:

> IT IS FURTHER ORDERED that Defendants, and their respective officers, directors, employees, agents, subsidiaries, attorneys, and all persons in active concert or participation with Defendants, are preliminarily enjoined from issuing takedown notices concerning the seven videos described above or otherwise notifying Amazon that Defendants have copyrights or trademarks in the videos offered for sale by Plaintiff and that Plaintiff's sales violate those copyrights or trademarks.

(ECF No. 25, p. 20).  Of note, the preliminary injunction is silent regarding the geographic scope of the order, namely whether defendants are able to issue takedown notices regarding Beyond Blond's videos on, *inter alia,* Amazon (CA) or Amazon UK or other nations.  It is well settled that United States copyright law

does not have extraterritorial effect. *Subafilms v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1097 (9th Cir. 1994) and *see* 3 Nimmer §12:04. Accordingly, Defendants seek clarification of the preliminary injunction.

## II. THE PRELIMINARY INJUNCTION SHOULD BE CLARIFIED AND/OR LIMITED TERRITORIALLY TO THE UNITED STATES ONLY.

The Court has inherent authority to modify or clarify its own injunction. *See* Fed. R. Civ. P. 60(b)(6) (court may modify its orders for any reason "that justifies relief"); *see also Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945); *Paramount Pictures Corp. v. Carol Pub. Group, Inc.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (court may 'issue an order clarifying the scope of an injunction in order to facilitate compliance with the order and to prevent 'unwitting contempt.'"). In the present case, the Preliminary Injunction contains a geographically vague or overbroad enjoinment regarding takedown notices against the subject videos in other countries. The language of the injunction, in particular, is geographically ambiguous when it should be limited to U.S. jurisdiction. Beyond Blond's videos are being streamed in other countries, such as Canada or the United Kingdom, beyond the jurisdiction of this Court and the territorial limitations of U.S. copyright law.

It is well settled that U.S. copyright law does not have extraterritorial effect. *See Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, 1091 (9th Cir. 1994). The Ninth Circuit in *Subafilms, supra*, admonished: "we are unwilling to overturn over eighty years of consistent jurisprudence on the extraterritorial reach of the copyright laws without further guidance from Congress." *Id.* at 1095. The U.S. Supreme Court in *EEOC v. Arabian American Oil Co. (Aramco)*, 499 U.S. 244, 248 (1991) held, "It is a long standing principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only

within the territorial jurisdiction of the United States."  Citing *Aramco, supra*, the Ninth Circuit continued: "In light of the *Aramco* Court's concern with preventing international discord, we think it is inappropriate for the courts to act in a manner that might disrupt Congress's efforts to secure a more stable international intellectual property regime unless Congress otherwise clearly has expressed its intent." *Subafilms, supra*, at 1097.  Accordingly, the preliminary injunction should be clarified and/or amended to limit its territorial scope to the United States.

### III.   CONCLUSION

Based on the foregoing, the Defendants respectfully request that the Court enter an Order clarifying the Preliminary Injunction (ECF No. 25) as not enjoining takedown notices outside the U.S.

                              Respectfully submitted,

                              MANDOUR & ASSOCIATES, APC

Dated: October 5, 2020

                              /s/ Ben T. Lila
                              Ben T. Lila (SBN 246808)
                              Email: blila@mandourlaw.com
                              Attorneys for Third-party Plaintiffs and
                              Defendants EDWARD HELDMAN III,
                              COMEDYMX INC., and, Third-party Plaintiff,
                              Defendant and Counterclaimant,
                              COMEDYMX LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF filing system, which will provide notice of the same on the following:

Milord A. Keshishian, SBN 197835
Email: milord@milordlaw.com
Stephanie V. Trice, SBN 324944
Email: stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Attorneys for Plaintiff
Beyond Blond Productions, LLC

Date: October 5, 2020

       /s/ Ben T. Lila
Ben T. Lila