# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, <br>    Plaintiff, <br><br> v. <br><br> EDWARD HELDMAN III, et al., <br>    Defendants. | CV 20-5581 DSF (GSJx) <br><br> Order DENYING Defendants' Motion for Clarification; or, in the Alternative, Amendment of Preliminary Injunction (Dkt. 49) |

Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC move to clarify that the permanent injunction in this case applies only to the United States. Dkt. 49 (Mot.). Plaintiff Beyond Blond Productions, LLC opposes. Dkt. 52 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

Beyond Blond is a small business that "helps content owners leverage their music and video catalogs into new and different product offerings for digital distribution." Dkt. 32 (FAC) ¶ 12. Beyond Blond also "acquires and purchases public domain videos and cartoon classics, makes compilations of same, and lists the works on video streaming platforms." Id. ¶ 14. In late 2016 or early 2017, Beyond Blond acquired, digitized, and edited cartoon classics, including Bugs Bunny, Popeye, and Mighty Mouse, from tapes and the public domain. Id. ¶ 15. Defendants, similarly, "create compilations of cartoon classics and stream the same on video hosting platforms." Id. ¶ 17. Heldman

controls ComedyMX, LLC and is the president, secretary, treasurer, and director of ComedyMX, Inc. See id. ¶¶ 2-4.

Between February 2017 and May 2019, Beyond Blond uploaded six cartoon classic compilations to Amazon's Prime Video Direct. See id. ¶ 15. In March 2020, Defendants submitted six Digital Millennium Copyright Act takedown notices to Amazon. Id. ¶ 18. Beyond Blond filed counternotifications with Amazon, but Amazon responded that it would not restore Beyond Blond's videos unless Defendants withdrew their takedown notices. Id. ¶ 27.

After Amazon rejected Beyond Blond's appeal, see id. ¶ 28, Beyond Blond brought this action asserting claims against Defendants for Misrepresentation of Copyright Claims, 17 U.S.C. § 512(f); Declaration of Copyright and Trademark Invalidity, Unenforceability, and Non-Infringement; Trademark Invalidity, Unenforceability, and Non-Infringement; Tortious Interference with Existing and Prospective Economic Advantage; Trade Libel/Product Disparagement; and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. FAC at 1.

On August 14, 2020, the Court granted Beyond Blond's request for a preliminary injunction. Dkt. 25 (PI). The preliminary injunction instructed Defendants to withdraw their takedown notices for seven of Beyond Blond's videos. PI at 19-20. It further stated that Defendants were enjoined from "issuing takedown notices concerning the seven videos described above or otherwise notifying Amazon that Defendants have copyrights or trademarks in the videos offered for sale by Plaintiff and that Plaintiff's sales violate those copyrights or trademarks." Id. at 20.

## II. LEGAL STANDARD

"A district court has discretion to clarify the scope of an injunction." Smagin v. Yegiazaryan, No. CV-14-09764 RGK-PLA, 2020 WL 1652347, at *3 (C.D. Cal. Apr. 1, 2020); see N.A. Sales Co., Inc. v. Chapman Indus. Corp., 736 F.2d 854, 858 (2d Cir. 1984). While such relief is in the sound discretion of the court, courts should not "withhold

a clarification in the light of a concrete situation that left parties . . . in the dark as to their duty toward the court." Regal Knitwear Co. v. N.L.R.B., 324 U.S. 9, 15 (1945).

Neither the Federal Rules of Civil Procedure nor the Local Rules generally provide for a motion for clarification. See United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011) ("there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'"). A number of courts have interpreted a "motion for clarification" as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). See, e.g., In re Int'l Fibercom, Inc., 503 F.3d 933, 938 (9th Cir. 2007); Fed. R. Civ. P. 60(b).

### III.   DISCUSSION

Defendants seek to clarify that the preliminary injunction is limited to the United States because "[i]t is well settled that U.S. copyright law does not have extraterritorial effect." Mot. at 5. Defendants file this Motion pursuant to Rule 60(b), which states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for specific reasons. Fed. R. Civ. P. 60(b). But "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000). Therefore, the Court addresses Defendants' motion under its inherent discretion to clarify an injunction.

Defendants request clarification, arguing that the preliminary injunction contains a "geographically vague or overbroad enjoinment" that should be limited to "the territorial limitations of U.S. copyright law," meaning the United States. Mot. at 5. In its opposition, Beyond Blond argues that Defendants' motion is "frivolous" because the Defendants have not asserted copyright infringement causes of action in this case. Opp'n at 4. Defendants respond that "ComedyMX LLC and ComedyMX Inc. seek to obtain copyright registrations/protection in foreign jurisdictions and possibly pursue claims for copyright infringement in those foreign jurisdictions." Dkt. 54 (Reply) at 3.

Defendants' reply establishes that they do not request clarification based on the current facts of the case; they construct a theoretical scenario to "preempt potential future litigation." See Philip Morris, 793 F. Supp. 2d at 169. The motion "does not ask the Court to construe the scope of its Order by applying it in a concrete context." Id. at 168-69 (citing Int'l Rectifier Corp. v. Samsung Elecs. Co., 361 F.3d 1355, 1359-62 (Fed. Cir. 2004) (holding that the district court abused its discretion by refusing to grant a "motion to clarify, vacate, or modify" its injunction when that court had impermissibly expanded its scope to cover certain extraterritorial activity)). Instead, Defendants base their request on claims they may "possibly pursue" concerning copyrights they "seek to" register or obtain. Reply at 3.

This is an impermissible request for an advisory opinion, and the Court "decline[s] the invitation to [in effect] opine on whether [the Defendants] could be held in contempt . . . because that issue is not before [it] at this time." F.T.C. v. Enforma Nat. Prod., Inc., 31 F. App'x 349, 350 (9th Cir. 2002); see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., 914 F.3d 623, 647 (9th Cir.), cert. denied sub nom. Nagel Rice, LLP v. Volkswagen Grp. of Am., Inc., 140 S. Ct. 305 (2019) ("Both [the] opening brief and [the] reply brief demonstrate that he is, in effect, asking us for an advisory opinion . . . . [The party] has no interest in violating a Federal Court injunction and merely seeks to assert his claim . . . free from jeopardy.").

Even if the Court were to decide this motion under Rule 60(b), as Defendants request, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("a motion for reconsideration should not be granted, absent highly unusual circumstances"). A motion for reconsideration may not be used to relitigate old matters or to raise arguments for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see also Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "Unhappiness with the outcome is not

4

included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Roe v. LexisNexis Risk Sols. Inc., No. CV 12-6284 GAF (EX), 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

Defendants have not presented new facts, a change in the law, or "extraordinary circumstances beyond [their] control [that] prevented timely action to protect [their] interests." Alpine Land & Reservoir Co., 984 F.2d at 1049; see also Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam) ("In order to bring himself within the limited area of Rule 60(b)(6), a petitioner is required to establish extraordinary circumstances which prevented or rendered him unable to prosecute [the case].").

Instead, Defendants now seek to address the issue of territoriality, which they had an opportunity to raise in their briefing on the preliminary injunction. Defendants protest that the order contains a "geographically vague or overbroad enjoinment," Mot. at 5, but do not point to any "extraordinary circumstances" that prevented them from raising this earlier. See Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007). "Unhappiness with the outcome" does not justify relief. Roe, 2013 WL 12134002, at *2. Defendants do not meet the standards of Rule 60 by discussing issues they could have addressed months ago. See Exxon Shipping Co., 554 U.S. at 486 n.5.

## IV. CONCLUSION

Because Defendants' motion seeks an advisory opinion instead of clarification, and because Defendants have not presented new facts, a change in the law, or extraordinary circumstances warranting relief, Defendants' motion for clarification or amendment of the preliminary injunction is DENIED.

IT IS SO ORDERED.

Date: October 29, 2020

Dale S. Fischer
United States District Judge