1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | ) **Case No. 2:20-cv-05581-DSF-** ) **GJSx** |
| Plaintiff, | ) **[PROPOSED] STIPULATED** ) **PROTECTIVE ORDER** |
| v. | ) |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; | ) ) ) ) |
| Defendants. | ) ) |
| AND RELATED CLAIMS. | ) |

12

13

14

15

16

17

18

19

20

21

22

23   *///*

24   *///*

25   *///*

26

27

28

## 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information

1   will not be designated as confidential or attorneys' eyes only for tactical reasons and

2   that nothing be so designated without a good faith belief that it has been maintained

3   in a confidential, non-public manner, and there is good cause why it should not be

4   part of the public record of this case, or, in the case of the most competitively

5   sensitive material, why it should be produced solely on an attorneys' eyes only

6   basis.

7           **C.**     **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**

8               **SEAL**

9         The parties further acknowledge, as set forth in Section 12.3, below, that this

10  Stipulated Protective Order does not entitle them to file confidential information

11  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

12  and the standards that will be applied when a party seeks permission from the court

13  to file material under seal.

14        There is a strong presumption that the public has a right of access to judicial

15  proceedings and records in civil cases.  In connection with non-dispositive motions,

16  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

17  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

18  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

19  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

20  require good cause showing), and a specific showing of good cause or compelling

21  reasons with proper evidentiary support and legal justification, must be made with

22  respect to Protected Material that a party seeks to file under seal.  The parties' mere

23  designation of Disclosure or Discovery Material as "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not—without

25  the submission of competent evidence by declaration, establishing that the material

26  sought to be filed under seal qualifies as confidential, privileged, or otherwise

27  protectable—constitute good cause.

28

1    Further, if a party requests sealing related to a dispositive motion or trial, then
2    compelling reasons, not only good cause, for the sealing must be shown, and the
3    relief sought shall be narrowly tailored to serve the specific interest to be protected.
4    *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).   For
5    each item or type of information, document, or thing sought to be filed or introduced
6    under seal in connection with a dispositive motion or trial, the party seeking
7    protection must articulate compelling reasons, supported by specific facts and legal
8    justification, for the requested sealing order.   Again, competent evidence supporting
9    the application to file documents under seal must be provided by declaration.

10    Any document that is not confidential, privileged, or otherwise protectable in
11    its entirety will not be filed under seal if the confidential portions can be redacted.
12    If documents can be redacted, then a redacted version for public viewing, omitting
13    only the confidential, privileged, or otherwise protectable portions of the document,
14    shall be filed.   Any application that seeks to file documents under seal in their
15    entirety should include an explanation of why redaction is not feasible.

16    2.    **DEFINITIONS**

17    **2.1    Action**: This pending federal lawsuit, *Beyond Blonde Productions, LLC*
18    *v. Edward Heldman III, et al.*, No. 2:20-cv-05581-DSF-GJSx.

19    **2.2    Challenging Party:**    A Party or Non-Party that challenges the
20    designation of information or items under this Order.

21    **2.3    "CONFIDENTIAL" Information or Items:**   Information (regardless
22    of how it is generated, stored or maintained) or tangible things that qualify for
23    protection under Federal Rule of Civil Procedure 26(c), and as specified above in
24    the Good Cause Statement.

25    **2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**
26    **Information or Items:** Extremely sensitive "Confidential Information or Items,"
27    disclosure of which to another Party or Non-Party would create a substantial risk of
28    serious harm that could not be avoided by less restrictive means.

4

**2.5    Counsel:**  Outside Counsel of Record (as well as their support staff).

**2.6    Designating Party:**  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.7    Disclosure or Discovery Material:**   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.8    Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9    House Counsel:**  Attorneys who are employees of a disclosing entity, e.g. Amazon.com, but no "Attorneys' Eyes Only" documents shall be disclosed to House Counsel, if any, of the parties to this Action.  House Counsel does not include Outside Counsel of Record.

**2.10   Non-Party:**  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**2.11   Outside Counsel of Record:**  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**2.12   Party:**  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13   Producing Party:**  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14   Professional Vendors:**  Persons  or  entities  that  provide  litigation

5

1    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

2    demonstrations, and organizing, storing, or retrieving data in any form or medium)

3    and their employees and subcontractors.

4         **2.15   Protected Material:**  Any Disclosure or Discovery Material that is

5    designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY."

7         **2.16   Receiving Party:**  A Party that receives Disclosure or Discovery

8    Material from a Producing Party.

9    **3.    SCOPE**

10        The protections conferred by this Stipulation and Order cover not only

11   Protected Material (as defined above), but also (1) any information copied or

12   extracted from Protected Material; (2) all copies, excerpts, summaries, or

13   compilations of Protected Material; and (3) any testimony, conversations, or

14   presentations by Parties, Non-Parties, or their Counsel that might reveal Protected

15   Material.

16        Any use of Protected Material at trial shall be governed by the orders of the

17   trial judge.  This Order does not govern the use of Protected Material at trial.

18   **4.    DURATION**

19        FINAL DISPOSITION of the action is defined as the conclusion of any

20   appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

21   has run.  Except as set forth below, the terms of this protective order apply through

22   FINAL DISPOSITION of the action.  The parties may stipulate that they will be

23   contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

24   but will have to file a separate action for enforcement of the agreement once all

25   proceedings in this case are complete.

26        Once a case proceeds to trial, information that was designated as

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28   ONLY," or maintained pursuant to this protective order used or introduced as an

1    exhibit at trial becomes public and will be presumptively available to all members of

2    the public, including the press, unless compelling reasons supported by specific

3    factual findings to proceed otherwise are made to the trial judge in advance of the

4    trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for

5    sealing documents produced in discovery from "compelling reasons" standard when

6    merits-related documents are part of court record).  Accordingly, for such materials,

7    the terms of this protective order do not extend beyond the commencement of the

8    trial.

9    **5.    DESIGNATING PROTECTED MATERIAL**

10    **5.1    Exercise of Restraint and Care in Designating Material for**

11    **Protection.**   Each Party or Non-Party that designates information or items for

12    protection under this Order must take care to limit any such designation to specific

13    material that qualifies under the appropriate standards.  The Designating Party must

14    designate for protection only those parts of material, documents, items or oral or

15    written communications that qualify so that other portions of the material,

16    documents, items or communications for which protection is not warranted are not

17    swept unjustifiably within the ambit of this Order.

18    Mass, indiscriminate or routinized designations are prohibited.  Designations

19    that are shown to be clearly unjustified or that have been made for an improper

20    purpose (e.g., to unnecessarily encumber the case development process or to impose

21    unnecessary expenses and burdens on other parties) may expose the Designating

22    Party to sanctions.

23    If it comes to a Designating Party's attention that information or items that it

24    designated for protection do not qualify for protection, that Designating Party must

25    promptly notify all other Parties that it is withdrawing the inapplicable designation.

26    **5.2    Manner and Timing of Designations.**  Except as otherwise provided

27    in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

28    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

1   under this Order must be clearly so designated before the material is disclosed or
2   produced.

3           Designation in conformity with this Order requires:

4           (a)    for information in documentary form (e.g., paper or electronic
5   documents, but excluding transcripts of depositions or other pretrial or trial
6   proceedings), that the Producing Party affix at a minimum, the legend
7   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY
8   CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL–
9   ATTORNEYS' EYES ONLY legend") to each page that contains protected
10  material.  If only a portion of the material on a page qualifies for protection, the
11  Producing Party also must clearly identify the protected portion(s) (e.g., by making
12  appropriate markings in the margins).

13         A Party or Non-Party that makes original documents available for in-person
14  inspection may, but need not, designate them for protection until after the Inspecting
15  Party has indicated which documents it would like copied and produced.  Any such
16  inspection may only be conducted by Outside Counsel of Record for the Inspecting
17  Party outside the presence of that Party or its House Counsel.  During the inspection
18  and before the designation, the Inspecting Party's Outside Counsel of Record may
19  not record or photograph any document without the Producing Party's permission,
20  and all of the material made available for inspection shall be deemed "HIGHLY
21  CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the Inspecting Party has
22  identified the documents it wants copied and produced, the Producing Party must
23  determine which documents, or portions thereof, qualify for protection under this
24  Order.  Then, before producing the specified documents, the Producing Party must
25  affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL –
26  ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.
27  If only a portion of the material on a page qualifies for protection, the Producing
28  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

1    markings in the margins).

2          (b)  for testimony given in depositions that the Designating Party identifies

3 the Disclosure or Discovery Material on the record, before the close of the

4 deposition all protected testimony. When it is impractical to identify separately each

5 portion of testimony that is entitled to protection, and when it appears that

6 substantial portions of the testimony may qualify for protection, the Party or

7 nonparty that sponsors, offers, or gives the testimony or that claims confidentiality

8 may invoke, on the record before the deposition is concluded or by written

9 communication within 48 hours after the deposition's conclusion, a right to have up

10 to 30 days to identify the specific portions of the testimony as to which protection is

11 sought and to specify the level of protection being asserted ("CONFIDENTIAL" or

12 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), during which thirty-

13 day designation period the entirety of the transcript shall be treated as HIGHLY

14 CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Only those portions that are

15 appropriately designated for protection within the 30 days shall be covered by the

16 provisions of this Stipulated Protective Order after the 30-day designation period.

17          (c)  for information produced in some form other than documentary and

18 for any other tangible items, that the Producing Party affix in a prominent place on

19 the exterior of the container or containers in which the information is stored, or for

20 electronic files in the file name or accompanying correspondence, the legend

21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22 ONLY."  If only a portion or portions of the information warrants protection, the

23 Producing Party, to the extent practicable, shall identify the protected portion(s).

24      **5.3**     **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent

25 failure to designate qualified information or items does not, standing alone, waive

26 the Designating Party's right to secure protection under this Order for such material.

27 Upon timely correction of a designation, the Receiving Party must make reasonable

28 efforts to assure that the material is treated in accordance with the provisions of this

1   Order.

2   **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3      **6.1      Timing of Challenges.**  Any Party or Non-Party may challenge a

4   designation of confidentiality at any time that is consistent with the Court's

5   Scheduling Order.

6      **6.2      Meet and Confer.**  The Challenging Party shall initiate the dispute

7   resolution process under Local Rule 37.1 et seq.

8      6.3      The burden of persuasion in any such challenge proceeding shall be on

9   the Designating Party.   Frivolous challenges, and those made for an improper

10   purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other

11   parties) may expose the Challenging Party to sanctions.   Unless the Designating

12   Party has waived or withdrawn the confidentiality designation, all parties shall

13   continue to afford the material in question the level of protection to which it is

14   entitled under the Producing Party's designation until the Court rules on the

15   challenge.

16   **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

17      **7.1      Basic Principles.**  A Receiving Party may use Protected Material that

18   is disclosed or produced by another Party or by a Non-Party in connection with this

19   Action only for prosecuting, defending or attempting to settle this Action.   Such

20   Protected Material may be disclosed only to the categories of persons and under the

21   conditions described in this Order.   When the Action has been terminated, a

22   Receiving Party must comply with the provisions of section 13 below (FINAL

23   DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a

25   location and in a secure manner that ensures that access is limited to the persons

26   authorized under this Order.

27      **7.2      Disclosure of "CONFIDENTIAL" Information or Items.**  Unless

28   otherwise ordered by the court or permitted in writing by the Designating Party, a

10

1    Receiving    Party    may    disclose    any    information    or    item    designated

2    "CONFIDENTIAL" only to:

3             (a)   the Receiving Party's Outside Counsel of Record in this Action, as

4    well as employees of said Outside Counsel of Record to whom it is reasonably

5    necessary to disclose the information for this Action;

6             (b)   the officers, directors, and employees (including House Counsel) of

7    the Receiving Party to whom disclosure is reasonably necessary for this Action;

8             (c)   experts (as defined in this Order) of the Receiving Party to whom

9    disclosure is reasonably necessary for this Action and who have signed the

10   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11            (d)   the court and its personnel;

12            (e)   court reporters and their staff;

13            (f)   professional jury or trial consultants, mock jurors, and Professional

14   Vendors to whom disclosure is reasonably necessary for this Action and who have

15   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16            (g)   the author or recipient of a document containing the information or a

17   custodian or other person who is shown, in  written or oral evidence, or foundation

18   laid in deposition testimony, otherwise possesses or knows the information;

19            (h)   during their depositions, witnesses, and attorneys for witnesses, in the

20   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

21   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

22   not be permitted to keep any confidential information unless they sign the

23   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

24   agreed by the Designating Party or ordered by the court.   Pages of transcribed

25   deposition testimony or exhibits to depositions that reveal Protected Material may

26   be separately bound by the court reporter and may not be disclosed to anyone except

27   as permitted under this Stipulated Protective Order; and

28            (i)   any mediator or settlement officer, and their supporting personnel,

11

1    mutually agreed upon by any of the parties engaged in settlement discussions.

2         **7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'**

3    **EYES ONLY" Information or Items.**   Unless otherwise ordered by the court or

4    permitted in writing by the Designating Party, a Receiving Party may disclose any

5    information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

6    EYES ONLY" only to:

7         (a)  the Receiving Party's Outside Counsel of Record, and employees of

8    the Outside Counsel of Record to whom it is reasonably necessary to disclose the

9    information for this Action;

10        (b)  experts (as defined in this Order) of the Receiving Party to whom

11   disclosure is reasonably necessary for this Action and who have signed the

12   "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving

13   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials;  provided,

14   however, that before a Receiving Party may disclose, directly or indirectly, any

15   information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY," the Receiving Party must email written notice to the Designating Party's

17   outside counsel of record the following information regarding such expert or

18   consultant:  (i) an Executed Exhibit A; (ii) confirmation that the expert or consultant

19   has been advised in writing that his or her disclosure of information designated

20   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Receiving

21   Party is prohibited; and (iii) the outside consultant's current curriculum vitae or

22   other description setting forth the person's name and office address, his or her

23   present employer with job title and job description, any business or personal

24   relationship to any of the Parties (aside from being retained to consult and/or

25   provide testimony in the Action), and a brief job history for the past five years;

26        (c)   court and its personnel;

27        (d)   court reporters and their staff;

28

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who is shown, in written or oral evidence, or foundation laid in deposition testimony, otherwise possesses or knows the information;

(g) the Designating party's own employees, officers and directors, solely as to the Designating party's own "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material;

(h) during their depositions, third-party witnesses and attorneys for third-party witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) no party or nonparty objects to the proposed disclosure to the third-party witness or attorney for the third-party witness; (2) the deposing party requests that the third-party witness sign the form attached as Exhibit 1; (3) prior to any disclosure, the deposing party consults with the Designating Party and counsel participating in the deposition in order to determine whether a party or nonparty objects to the disclosure; and (4) the third-party witness and his or her attorney may not keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation

13

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

1  Agreement to Be Bound" that is attached hereto as Exhibit A.

2
3  **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

4  When a Producing Party gives notice to Receiving Parties that certain

5  inadvertently produced material is subject to a claim of privilege or other protection,

6  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7  Procedure 26(b)(5)(B).   This provision is not intended to modify whatever

8  procedure may be established in an e-discovery order that provides for production

9  without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and

10  (e), insofar as the parties reach an agreement on the effect of disclosure of a

11  communication or information covered by the attorney-client privilege or work

12  product protection, the parties may incorporate their agreement in the stipulated

13  protective order submitted to the court.

14  **12.   MISCELLANEOUS**

15  **12.1   Right to Further Relief.**   Nothing in this Order abridges the right of

16  any person to seek its modification by the Court in the future.

17  **12.2   Right to Assert Other Objections.**   By stipulating to the entry of this

18  Protective Order, no Party waives any right it otherwise would have to object to

19  disclosing or producing any information or item on any ground not addressed in this

20  Stipulated Protective Order.   Similarly, no Party waives any right to object on any

21  ground to use in evidence of any of the material covered by this Protective Order.

22  **12.3   Filing Protected Material.**   A Party that seeks to file under seal any

23  Protected Material must comply with Local Civil Rule 79-5.   Protected Material

24  may only be filed under seal pursuant to a court order authorizing the sealing of the

25  specific Protected Material at issue.   If a Party's request to file Protected Material

26  under seal is denied by the court, then the Receiving Party may file the information

27  in the public record unless otherwise instructed by the court.

28

16

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

17

**SUBMITED BY:**

Under Local Rule 5-4.3.4, Meir J. Westreich attests that the following signatory concurs in the filing's content and has authorized the filing.

Dated: November 24, 2020

/s/ Meir J. Westreich

_____
 Meir J. Westreich
Attorney for Plaintiff and Counterclaim
Defendant Beyond Blond Productions,
LLC and Third-party Defendant Michelle
Justice

Under Local Rule 5-4.3.4, Milord A. Keshishian attests that the following signatory concurs in the filing's content and has authorized the filing.

Dated: December 15, 2020

MILORD & ASSOCIATES, PC

/s/ Milord A. Keshishian

_____
By: Milord A. Keshishian
Attorney for Plaintiff and Counterclaim
Defendant Beyond Blond Productions,
LLC and Third-party Defendant Michelle
Justice

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  December 15, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

18

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2020, in the case of *Beyond Blonde Productions, LLC v. Edward Heldman III, et al.*, No. 2:20-cv-05581-DSF-GJSx.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____