# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC,<br>   Plaintiff,<br><br>    v.<br><br>EDWARD HELDMAN III, et al.,<br>   Defendants. | CV 20-5581 DSF (GSJx)<br><br>Order GRANTING in Part and Denying in Part Defendants' Motion for an Award of Attorney's Fees (Dkt. 81) |

  Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC move for attorney's fees and costs based on their successful motion to strike under California Code of Civil Procedure section 425.16. Dkt. 81 (Mot.). Plaintiff Beyond Blond Productions, LLC opposes. Dkt. 83. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The Motion is GRANTED in part and DENIED in part.

## I. Background

  Beyond Blond is a small business that "helps content owners leverage their music and video catalogs into new and different product offerings for digital distribution." Dkt. 32 (FAC) ¶ 12. Beyond Blond also "acquires and purchases public domain videos and cartoon classics, makes compilations of same, and lists the works on video streaming platforms." Id. ¶ 14. Defendants, similarly, "create compilations of cartoon classics and stream the same on video hosting platforms." Id. ¶ 17.

Beyond Blond brought this action on June 23, 2020, asserting claims against Defendants for misrepresentation of copyright claims, 17 U.S.C. § 512(f); declaration of copyright and trademark invalidity, unenforceability, and non-infringement; trademark invalidity, unenforceability, and non-infringement; tortious interference with existing and prospective economic advantage; trade libel/product disparagement; and violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200. Dkt. 1 at 1.

On February 8, 2021, the Court granted Defendants' motion to strike under California's anti-SLAPP statute. Dkt. 80. Defendants now seek to recover $66,535 in attorneys' fees incurred in filing the anti-SLAPP motion under California Code of Civil Procedure section 425.16. See generally Mot. Beyond Blond does not dispute Defendants are entitled to recover attorneys' fees but contest the numbers of hours billed and the hourly rate.

## II. Legal Standard

The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16. The Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 (9th Cir. 2007). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." Id. at 945-46 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

In determining a reasonable hourly rate, "the district court should consider: '[the] experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" Hiken v. Dep't of Def., 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting Chalmers

2

v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987)). Additionally, district courts may "rely[] on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011). A "district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" Welch, 480 F. 3d at 946 (quoting Hensley, 461 U.S. at 434). "Cases may be overstaffed, and the skill and experience of lawyers vary widely." Hensley, 461 U.S. at 434. "Ultimately, a 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013).

District courts have broad "discretion in determining the amount of a fee award . . . in view of [their] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." See Hensley, 461 U.S. at 437. If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods. Gonzales, 729 F.3d at 1203. The court may either conduct an "hour-by-hour analysis" of the fee request or make an "across-the-board percentage cut." Id.

### III. Discussion

In their Motion, Defendants seek $61,785 for attorneys' fees incurred through the Motion, $3,250 "in estimated fees relating to the opposition and reply to this Motion for Fees," and $1,500 for expenses in obtaining expert evidence in support of the reasonableness of the rates charged by the attorneys. Mot. at 4. In their reply, Defendants substitute the estimated amount with $14,157.40 for drafting the reply. Dkts. 85 (Reply) at 12, 85-1.

### A. Reasonable Hourly Rates

Defendants seek "discounted rates" for three attorneys: Andrew Kent (33 years in practice), who charged $550 hourly in 2020 and $565 hourly in 2021; Greg Albright (30 years in practice), who charged $400 hourly in 2020 and $405 hourly (2021); and Stephen Rafferty (22 years in practice), who charged $230 hourly in 2020 and $235 hourly in 2021. Dkt. 81-1 (Kent Decl.) ¶ 7. Defendants also seek fees for partner Meir Westreich (44 years in practice), who charged $575 hourly, discounted from $650 hourly. Dkt. 81-2 (Westreich Decl.) ¶¶ 3, 7.

When determining a reasonable hourly rate, the Court considers "the hourly prevailing rate for private attorneys in the community conducting *noncontingent* litigation of the same type." Ketchum v. Moses, 24 Cal. 4th 1122, 1133 (2001); see also PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000), as modified (June 2, 2000) ("The reasonable hourly rate is that prevailing in the community for similar work."). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

To support their rates, Defendants attach a declaration from Kent, principal of the law firm Rincon Venture Law Group, which "served as intellectual property consultants to the defendants in this matter and their counsel of record, Meir Westreich," Kent Decl. ¶ 1, describing his experience as well as Albright's and Rafferty's. Defendants also attach a declaration from Westreich with a "list of significant appeals on which [he] ha[s] been principle author and lead counsel, or involving amicus curiae filings in cutting edge civil rights litigations." Westreich Decl. ¶ 5.

Defendants also attach a declaration from Keith J. Wesley, providing "expert evidence in support of the reasonableness of the rates

4

charged by the attorneys." Mot. at 4. Wesley is the managing partner of the law firm of Browne George Ross O'Brien Annaguey & Ellis LLP (BGR). Dkt. 81-3 (Wesley Decl.) ¶ 1. Wesley's credentials are practicing litigation for over 15 years, "spend[ing] significant time involved in managing BGR," and "mak[ing] efforts to stay apprised of the rates of other firms in the area." Id. ¶¶ 2, 3. Wesley opines the "rates charged by Rincon Venture Law Group are significantly lower than those charged by other local practitioners with similar qualifications and experience" and Westreich's "rate also is well within the range commonly charged for federal court litigators with 40 years' experience in the Los Angeles area." Id. ¶ 6.

Self-serving declarations and conclusions that fees are reasonable from the very attorneys who seek those fees and one expert who was paid $1,500 for a two-page declaration are not very helpful in determining the prevailing rate in Los Angeles. Such declarations "are both self-serving and self-perpetuating" and may lead to fee inflation and unjustifiably high fee awards. See Kochenderfer v. Reliance Standard Life Ins. Co., No. 06-CV-620 JLS(NLS), 2010 WL 1912867, at *4 (S.D. Cal. Apr. 21, 2010) (observing that "the value of these declarations is questionable because . . . [a] high award in this case would support the declarants' own high hourly rate requests in the future.").

The Court finds only the 2020 hourly rates to be reasonable.

### B. Hours Reasonably Expended

Defendants seek reimbursement of 142.96 hours spent on the anti-SLAPP motion and preparing this Motion, and 30.56 hours preparing the Reply. Westreich Decl. ¶ 6; Reply at 12. The Court agrees with Beyond Blond, Opp'n at 3-7, that there are several issues with Defendants' Fee Record, dkt. 81-2, Ex. C (Fee Record). First, some of the entries are phrased with a level of generality that make it difficult to determine what legal work was performed. The Court's Order re Format of Time and Expense Records specifies:

> The services rendered must be described in sufficient detail for the Court to determine the nature and reasonableness of the services. Generic or general activity descriptions are inappropriate. Entries such as "research and preparation of motion to dismiss," "conference with client," and other non-specific descriptions will generally not be considered adequate, especially if the amount of time billed is significant."

Order re Format of Time and Expense Records ¶ 3. A significant number of the Defendants' time entries have this level of generality. For example, at least 12 time entries, for a total of more than $10,000, consist entirely or almost entirely of such vague and repetitive descriptions as "continue evaluation of anti-slapp strategies," and "legal research and analysis re anti-slapp motion re state law claims." At least 13 time entries, for a total of more than $16,000, consist entirely or almost entirely of such vague and repetitive descriptions as "begin drafting anti-slapp motion," and "continue drafting anti-slapp motion." There are numerous additional entries that more properly give sufficient detail for the Court to make some determination of the reasonableness of the time. Similar concerns are raised by entries relating to review of the opposition and preparation of the reply.

Second, the Court's Order states: "'Block-billing,' i.e, a line item with a single time charge for multiple activities is inappropriate. Order re Format of Time and Expense Records ¶ 6 (citing Welch, 480 F.3d at 948). The Court is aware Defendants knew of this requirement, as they, ironically, block billed an entry for reviewing the Order. Fee Record at 4 (2/15/2021 0.62-hour entry for "KAK Review and analysis of case law relating to fee request following anti-SLAPP motion. Review Judge Fischer's requirements re fee motions."). There are numerous other entries that suffer from the same problem. See Fee Record at 1 (11/30/2020 4.1-hour entry for "GNA: Confer with A. Kent re Anti-SLAPP arguments. Draft L.R. 7-3 letter re anti-SLAPP motion; legal research and analysis re same.").

In response, Defendants argue:

6

> Virtually every time entry – either by express reference to the "anti-SLAPP motion" or by context – shows its relation to the matter for which fees are sought. See Westreich Decl. (Dkt. 82), Ex. C, pages 9-14. The fact many hours were required, or that "a number of tasks" all related to the anti-SLAPP motion are itemized, does not constitute improper "block billing."

Reply at 9 (citing Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *26 (C.D. Cal. Mar. 24, 2015), aff'd, 847 F.3d 657 (9th Cir. 2017)). But that one entry contained "a number of tasks" is precisely how the Court's order defines block billing. Order re Format of Time and Expense Records ¶ 6 ("a line item with a single time charge for multiple activities is inappropriate"). When time records "lump together multiple tasks, . . . it [is] impossible to evaluate their reasonableness." Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004).

Third, the Court agrees, Opp'n at 8, that the fee request is inflated because all or nearly all of the work was performed by four senior litigators, sometimes performing tasks that could be performed by a secretary or associate. See, e.g., Fee Record at 3 (12/28/2020 1.2 hour-hour entry for "MJW Draft declaration re Meet & Confer for anti-SLAPP motion. Assemble & mark exhibits"), 5 (1/25/2021 0.6-hour entry for "MJW Review final draft of Reply filings re Anti-SLAPP Motion. Final edits for filing. Filing."). While collaboration is certainly permitted among attorneys, Reply at 10, having senior litigators do sometimes duplicative work inflated the rate. Id. at 5 (2/21/2021 0.85-hour entry for "KAK Review and revision of motion for attorneys' fees and Kent declaration in support thereof" and 2/22/2021 0.5-hour entry for "MJW review final draft of filings re anti-SLAPP Fee Motion. Final edits for filing. Filing 0.5"). Further, the Court agrees, Opp'n at 3, that the number of hours billed is higher than is reasonable given counsel's collective experience. Maughan v. Google Tech., Inc., 143 Cal. App. 4th 1242, 1251 (2006) (finding a bill for over 200 hours was "excessive especially since Google's counsel acknowledge that they are old hats at [anti-]SLAPP motions and experts in defamation and the CDA.").

The Court disagrees with Beyond Blond, Opp'n at 3-5, that Defendants could not bill time for researching legal issues relating to their anti-SLAPP motion that did not end up being included in the motion, such as researching the Noerr-Pennington doctrine, or work relating to the validity of Defendants' trademarks. Such work is "inextricably intertwined with an anti-SLAPP motion" and is compensable. Peak Health Ctr. v. Dorfman, No. 19-CV-04145-VKD, 2020 WL 3254337, at *5 (N.D. Cal. June 16, 2020). But Defendants raised issues and arguments, as Beyond Blond notes, that had little to do with this case and did not advance their argument. But given the concerns above, the Court finds a reduction in the fee award appropriate.

### C. Expert Fees

Defendants seek "$1,500 in charges resulting from the presentation of an expert declaration, offered by Keith Wesley, on the topic of market rates for fees." Westreich Decl. ¶¶16. Mot. at 3. Anti-SLAPP awards explicitly do not permit the recovery of costs for "[f]ees of experts not ordered by the court." Soka Univ. of Am. v. Shogakukuan, No. 8:05-cv-00953-JVS-AN, 2007 WL 9770694, at *1 (C.D. Cal. May 1, 2007) (quoting Cal. Civ. Proc. Code § 1033.5 (b)(1)).

Defendants argue "even if Mr. Wesley's reasonable $1,500 charge for his fee opinion were not recoverable as 'costs,' it is the fee of an attorney representing Defendants that was incurred in connection with Defendants' fees motion, and should be awarded as part of Defendants' recoverable attorney fees." Reply at 12. The Court finds a $1,500 rate for a 2-page declaration that likely took less than an hour is inappropriate. There are no contemporaneous records of Wesley's work. The Could therefore denies the $1,500 expert cost.

## IV. Conclusion

The Motion for fees is GRANTED in part and DENIED in part. Given the deficiencies noted above, the Court finds a 35% reduction in fees appropriate. Defendants initially requested $61,785 for attorneys' fees incurred through the filing of the Motion, Mot. at 4, and now request $13,157.40 for work on the Reply, totaling $74,942.40. Beyond Blond is therefore ordered to pay $48,712.56 in fees to Defendants.

IT IS SO ORDERED.

Date: March 22, 2021

Dale S. Fischer
United States District Judge