1  Milord A. Keshishian, SBN 197835
   milord@milordlaw.com
2  Stephanie V. Trice, SBN 324944
   stephanie@milordlaw.com
3  MILORD & ASSOCIATES, P.C.
   10517 West Pico Boulevard
4  Los Angeles, California 90064
   Tel: (310) 226-7878
5  Fax: (310) 226-7879

6  Attorneys for Plaintiff
   Beyond Blond Productions, LLC

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | BEYOND BLOND PRODUCTIONS, LLC,          | CASE NO.: 2:20-cv-05581 DSF (GJSx)

12 | a California limited liability company;  |

13 |              Plaintiff,                    | **BEYOND BLOND AND MICHELLE**
                                                 **JUSTICE'S NOTICE OF MOTION**
14 |                                            | **AND MOTION TO DISMISS**
                                                 **DEFENDANTS' AMENDED**
15 |              vs.                           | **COUNTERCLAIMS AND THIRD-**
                                                 **PARTY COMPLAINT (ECF NO. 138);**
16 | EDWARD HELDMAN III, an individual;       | **MEMORANDUM OF POINTS AND**
   | COMEDYMX, INC., a Nevada corporation;    | **AUTHORITIES; DECLARATION OF**
17 | COMEDYMX, LLC, a Delaware limited        | **MILORD A. KESHISHIAN;**
18 | liability company; and DOES 1-10;        | **[PROPOSED] ORDER**

19 |              Defendants.                   |

20 |                                            | Date:      September 27, 2021
   | And Related Counterclaims and Third-Party | Time:      1:30 p.m.
21 | Claims                                     | Location:  Courtroom 7D
22 |                                            |            350 West 1st Street
23 |                                            |            Los Angeles, California 90012

24

25

26

27

28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

---

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 27, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 7D, Los Angeles, CA 90012, before Honorable Dale S. Fisher, Plaintiff and Counterdefendant Beyond Blond, Inc. and Third-Party Defendant Michelle Justice ("Justice") (collectively, "Beyond Blond") will and hereby move the Court to dismiss Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC (collectively "Defendants") Amended Counterclaims and Third-Party Complaint (ECF No. 138).

This motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Milord A. Keshishian, Request for Judicial Notice, and all pleadings and papers file, and upon such other matters as may be presented to the Court at the time of the hearing.

The parties met and conferred pursuant to Local Rule 7-3's meet and confer requirement on the instant motion commencing on August 23, 2021 and concluding on August 27, 2021. No resolution was reached and Defendants stated that they would oppose the motion.

Dated: August 30, 2021                    Respectfully submitted,

MILORD & ASSOCIATES, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS (ECF NO. 138)**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL BACKGROUND .................................................................... 1

III.    FACTUAL BACKGROUND ............................................................................. 2

IV.     LEGAL STANDARD ......................................................................................... 4

V.      ARGUMENT ........................................................................................................ 6

    A.      Defendants' Allegations in Their Amended Counterclaims and Third-Party Complaint Fail to State a Claim For Relief. ................................................ 6

        1.      Defendants allege insufficient facts to show the marks are similar, thus there can be no infringement as a matter of law. ......................... 6

        2.      Defendants' amended counterclaims fail to allege any facts that their mark is not generic. ................................................................................ 11

            a.      Defendants fail to allege any facts establishing Beyond Blond's use of the generic "cartoon classics" design constitutes trademark use as opposed to expressive use. ............................ 14

            b.      Beyond Blond's use of "cartoon classics" is fair use of a generic term and design. ....................................................... 17

            c.      Defendants' counterclaims fail to allege any facts demonstrating the mark is valid. .......................................... 17

                i.      Strength of the Mark ........................................... 18

                ii.     Proximity of the Services .................................... 19

                iii.    Actual Confusion ................................................ 19

                iv.     Marketing Channels ............................................ 20

                v.      Beyond Blond's Intent ........................................ 21

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-i-

*vi.*    Consumer's Degree of Care .............................................. 21

*vii.*    Likelihood of Expansion into the Area of Goods .......... 22

*viii.*    Balance of Likelihood of Confusion Factors ................. 22

3.    Defendants fail to allege sufficient facts to support a claim of common law unfair competition because Beyond Blond lacked the intent to harm Defendants. ....................................................................... 22

B.    Defendants' Amended Counterclaims Are Untimely ................................... 24

VI.    CONCLUSION ................................................................................. 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

# TABLE OF AUTHORITIES

Page(s)

Cases

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
543 U.S. 111 (2004) ........................................................................... 1, 17

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
237 F.3d 198 (3d Cir. 2000) ...................................................................... 12

*Am. Soccer Co., Inc. v. SQOR, Inc.*,
No. CV 15-6600-R, 2015 WL 12860485 (C.D. Cal. Dec. 9, 2015) ........... 9, 13, 14

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) ...................................................................... 6

*Amstar Corp. v. Domino's Pizza, Inc.*,
615 F.2d 252 (5th Cir. 1980) ................................................................ 21, 23

*Antiaging Inst. of California, Inc. v. Solonova, LLC*,
No. 15-03416-AB (FFMx), 2015 WL 12792028 (C.D. Cal. Nov. 19, 2015) ........... 5

*Arcsoft, Inc. v. Cyberlink Corp.*,
153 F. Supp. 3d 1057 (N.D. Cal. 2015) ......................................................... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................... 4, 5, 13

*Bank of the W. v. Superior Court*,
2 Cal. 4th 1254 (1992) ............................................................................... 22

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 4

*Beyond Blond Prods., LLC, v. Heldman*,
479 F. Supp. 3d 874 (C.D. Cal. 2020) ................................................... passim

*Bos. Duck Tours, LP v. Super Duck Tours, LLC*,
531 F.3d 1 (1st Cir. 2008) ......................................................................... 13

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ......................................................................... 5

*Brown v. Electronic Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013) ..................................................................... 14

*Cleary v. News Corp.*,
30 F.3d 1255 (9th Cir. 1994) ................................................................. 6, 22

*Coca-Cola Co v. Overland Inc.*,
692 F.2d 506 (9th Cir. 1969) ....................................................................... 7

*Dahlia v. Rodriguez*,
735 F.3d 1060 (9th Cir. 2013) ..................................................................... 12

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-iii-

*E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*,
   547 F.3d 1095 (9th Cir. 2008)..................................................................16

*Elite Entm't, Inc. v. Khela Bros. Entm't*,
   227 F.R.D. 444 (E.D. Va. 2005)..............................................................24

*Energy Intel. Grp., Inc. v. UBS Fin. Servs., Inc.*,
   No. 08 CIV. 1497 (DAB), 2009 WL 1490603 (S.D.N.Y. May 22, 2009)......9

*Entrepreneur Media v. Smith*,
   279 F.3d 1135 (9th Cir. 2002)..................................................................19

*First Savings Bank F.S.B. v. First Bank Sys. Inc.*,
   101 F.3d 645, 40 USPQ 2d 1865 (10th Cir. 1996) ..................................8

*Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*,
   925 F. Supp. 2d 1067 (C.D. Cal. 2012)...............................................6, 22

*GEOMC Co., Ltd., v. Calmare Therapeutics Inc.*,
   918 F.3d 92 (2d. Cir. 2019).......................................................2, 3, 24, 25

*Gordon v. Drape Creative, Inc.*,
   909 F.3d 257 (9th Cir. 2018)....................................................................15

*GoTo.com, Inc. v. Walt Disney Co.*,
   202 F.3d 1199 (9th Cir. 2000)...........................................................7, 8, 18

*Grupo Gigante SA De CV v. Dallo & Co.*,
   391 F.3d 1088 (9th Cir. 2004)..................................................................20

*Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*,
   736 F.3d 1239 (9th Cir. 2013).....................................................................6

*iCall, Inc. v. Tribair, Inc.*,
   No. C-12-2406 EMC, 2012 WL 5878389 (N.D. Cal. Nov. 21, 2012)............9

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008).......................................................5, 12, 13

*Instant Media, Inc. v. Microsoft Corp.*, No. C,
   07-02639 SBA, 2007 WL 2318948 (N.D. Cal. Aug. 13, 2007) ....................22

*Jackson v. Netflix, Inc.*,
   506 F. Supp. 3d 1007 (C.D. Cal. 2020)....................................................14

*Keaton and Keaton v. Keaton*,
   842 N.E.2d 816 (Ind. 2006)................................................................23, 24

*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*,
   150 F.3d 1042 (9th Cir.1998)...................................................................13

*King of the Mountain Sports Inc. v. Chrysler Corp.*,
   185 F.3d 1084 (10th Cir. 1999)..................................................................8

*King Taco Rest. v. Camacho*,
   No. SACV1200933CJCANX, 2012 WL 12861184 (C.D. Cal. Aug. 9, 2012)...........19

*Le Book Publ'g, Inc. v. Black Book Photography, Inc.*,
   418 F. Supp. 2d 305 (S.D.N.Y. 2005) ....................................9, 13, 14, 24

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-iv-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) .................................................................................... 5

*Levy v. adidas AG*,
  No. CV 18-6542 PSG (MAAx), 2018 WL 5942000 (C.D. Cal. Nov. 13, 2018) ............. 5

*Lip Sinc Int'l, Inc. v. Dick Clark Prods., Inc.*,
  942 F.2d 792, 1991 WL 165529 (Table) (9th Cir. 1991) ................................... 12

*Los Defensores, Inc. v. Gomez*,
  223 Cal. App. 4th 377 (2014) .................................................................................. 23

*Luigino's, Inc. v. Stouffer Corp.*,
  170 F.3d 827, 50 USPQ 2d 1047 (8th Cir. 1999) .......................................... 20

*Mattel, Inc. v. MCA Res., Inc.*,
  296 F.3d 894 (9th Cir. 2002) .......................................................................... 14, 15

*Metrokane Inc. v. Wine Enthusiast*,
  160 F. Supp. 2d 633 (S.D.N.Y. 2001) .................................................................. 11

*Mintz v. Subaru of Am., Inc.*,
  No. 16-CV-03384-MMC, 2016 WL 5909360 (N.D. Cal. Oct. 11, 2016) ................. 6

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................... 5

*Mossack Fonseca & Co., S.A. v. Netflix Inc.*,
  No. CV 19-9330-CBM-AS(X), 2020 WL 8509658 (C.D. Cal. Dec. 23, 2020) ........... 15

*Mullis v. U.S. Bankr. Court*,
  828 F.2d 1385 (9th Cir. 1987) .................................................................................. 5

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
  638 F.3d 1137 (9th Cir. 2011) ............................................................ 6, 20, 21, 22

*Novalogic, Inc. v. Activision Blizzard*,
  41 F. Supp. 3d 885 (C.D. Cal. 2013) ...................................................................... 15

*Nutri/System, Inc. v. Con-Stan Industries, Inc.*,
  809 F.2d 601 (9th Cir. 1987) .................................................................................. 10

*Playboy Enters., Inc. v. Netscape Commc'ns Corp.*,
  354 F.3d 1020 (9th Cir. 2004) .............................................................................. 20

*Playmakers, LLC v. ESPN, Inc.*,
  297 F. Supp. 2d 1277 (W.D. Wash. 2003) ............................................................. 8

*Prime Healthcare Servs., Inc. v. Humana Ins. Co.*,
  230 F. Supp. 3d 1194 (C.D. Cal. 2017) .................................................................. 5

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) .......................................................................... 14, 15

*Rudolph Int'l, Inc. v. Realys, Inc.*,
  482 F.3d 1195 (9th Cir. 2007) ........................................................................ 11, 17

*Small Bus. Assistance Corp. v. Clear Channel Broad., Inc.*,
  210 F.3d 278 (6th Cir. 2000) .................................................................................. 19

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-v-

*Smith v. Krause*,
   160 F. 270 (S.D.N.Y. 1908) ............................................................................ 16

*Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs*,
   41 F.3d 223 (5th Cir. 1995) ............................................................................ 19

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*,
   875 F.3d 426 (9th Cir. 2017) .......................................................................... 21

*Surfvivor Media, Inc. v. Survivor Productions*,
   406 F.3d 625 (9th Cir. 2005) .......................................................................... 19

*Sybersound Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ........................................................................ 22

*The Pet Stop Prof'l Pet Sitting Serv., LLC v. The Prof'l Pet-Sitting Serv., Inc.*,
   No. CV-07-0090, 2008 WL 2185339 (D. Or. May 1, 2008) .......................... 20

*Time v. Petersen Pub. Co.*,
   976 F. Supp. 263 (S.D.N.Y. 1997) ................................................................... 7

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
   505 U.S. 763 (1992) ........................................................................................ 18

*VIP Prods. LLC v. Jack Daniel's Props., Inc.*,
   953 F.3d 1170 (9th Cir. 2020) .................................................................. 14, 15

*Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*,
   419 F.3d 925 (9th Cir. 2005) .......................................................................... 11

*Zobmondo Entm't, Ltd. Liab. Co. v. Falls Media, Ltd. Liab. Co.*,
   602 F.3d 1108 (9th Cir. 2010) ........................................................................ 11

Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................... 4, 5

Other Authorities

1 McCarthy on Trademarks and Unfair Competition, § 7:23 (5th ed.) ........................... 16
2 McCarthy on Trademarks and Unfair Competition, § 11:30 (5th ed.) ........................... 9
2 McCarthy on Trademarks and Unfair Competition, § 12:1 (5th ed.) ........................... 18
2 McCarthy on Trademarks and Unfair Competition, § 12:40 (5th ed.) ........................... 8
4 McCarthy on Trademarks and Unfair Competition, § 25:3 (5th ed.) ........................... 23

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.    INTRODUCTION**

3        Three months before this action was filed, Plaintiff Beyond Blond offered to stop

4 using the two eyes substituted for the two "o's" in "cartoon" in exchange for Defendants'

5 withdrawal of the baseless takedown notices to Amazon. Request for Judicial Notice

6 ("RFJN") Ex. 18. Defendants refused, forced this lawsuit, and unjustifiably and illicitly

7 now believe they own the right to the generic term "cartoon classics," in contradiction to

8 this Court's prior rulings. On May 28, 2021, Defendants filed a meritless preliminary

9 injunction motion seeking to enjoin Beyond Blond from using "the words 'cartoon

10 classics,' on any website, in metadata, metatags, keywords, or adwords," which the Court

11 denied. ECF Nos. 95-1 and 137. As the Supreme Court cautioned in *KP Permanent*

12 *Make-Up, Inc. v. Lasting Impression I, Inc.*, Defendants seek to monopolize a generic

13 term merely based on a trademark examiner's finding – based on an incomplete record –

14 that the term as part of a logo may be protectible. *See* 543 U.S. 111, 121-122 (2004).

15        Beyond Blond is now forced to file the instant motion to prevent Defendants from

16 multiplying proceedings where, as a matter of law, this "Court agree[d]" with Beyond

17 Blond that the parties' respective uses of the cartoon classics designs are "noticeably

18 different" that Beyond Blond does "not infringe Defendants' trademark." *Beyond Blond*

19 *Prods., LLC, v. Heldman*, 479 F. Supp. 3d 874, 886 (C.D. Cal. 2020) (Fischer, J.). Thus,

20 because Beyond Blond's use of the "cartoon classics" term does not infringe,

21 Defendants' claims fail, and their amendments are untimely, the Court should dismiss

22 Defendants' baseless infringement claims without leave to amend.

23 **II.    PROCEDURAL BACKGROUND**

24        After the Court granted Beyond Blond's Motion for Preliminary Injunction holding

25 Beyond Blond's use of cartoon classics as dissimilar and not infringing, Defendants filed

26 their Answer to Plaintiff's First Amended Complaint, Counterclaim and Third-Party

27 Complaint asserting five causes of action including: (1) false designation of origin under

28 the Lanham Act; (2) unfair competition under the Lanham Act; (3) state law unfair

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-1-

competition; (4) common law trademark infringement; and (5) common law unfair competition.  ECF No. 35, ¶¶ 29-44.  In their September 2020 Countercomplaint, Defendants state explicitly, "Third-party Plaintiffs incorporate herein by reference, the contents of the First Amended Complaint, without admitting the allegations contained thereof, the truth of which is expressly denied."  *Id.*

Per the Court's March 22, 2021 Order, any amendments to the pleadings were due by July 13, 2021, and Defendants did not seek leave to amend the counterclaims.  Order, ECF No. 88.  Although the Court granted Beyond Blond's motion for leave to amend its First Amended Complaint, it was to only add four copyright registrations Defendants had concealed, and no amendment was made to any trademark claims.  ECF No. 118.  Thus, the pleadings were closed and Defendants could not file amended counterclaims, let alone counterclaims that exceeded Beyond Blond's amendment solely to copyright claims – not trademarks.  *See GEOMC Co., Ltd.*, *v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 (2d. Cir. 2019) ("[A] new counterclaim that raises issues beyond the scope of the new claims made in the most recent amended complaint will cause escalating prejudice to the counterdefendant.").

On August 13, 2021, without leave of Court, Defendants filed their Amended Counterclaims and Third-Party Complaint.  ECF No. 138, ¶¶ 23-38 (Counterclaims). Notably absent from Defendants' Amended Counterclaims is the aforementioned statement incorporating Beyond Blond's First Amended Complaint by reference. *Compare* ECF No. 35 *with* ECF No. 138.  Defendants also removed Third party Plaintiff Edward Heldman III and Third party Plaintiff Comedy MX Inc., leaving only Counterclaimant and Third-party Plaintiff ComedyMX LLC.  *Id.*

## III.   FACTUAL BACKGROUND

Beyond Blond, for its own business, acquires and purchases public domain videos and cartoon classics, makes compilations of same, and lists the works on video streaming platforms, including Amazon.com's Prime Video Direct.  ECF No. 138, ¶ 17; Request for

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-2-

1    Judicial Notice ("RFJN") Ex. 20.

2    On February 21, 2020, Defendants' counsel sent a DMCA takedown notice to

3    Amazon accusing Beyond Blond of trademark infringement.  Declaration of Milord A.

4    Keshishian ("Keshishian Decl.") ¶ 3, Ex. A. Amazon rejected the takedown notice the

5    same day because Defendants ComedyMX LLC and Heldman did not own any registered

6    trademarks.  *See id.* at ¶ 4, Ex. B.  Defendant Heldman then personally fabricated a

7    trademark infringement claim baselessly asserting to Amazon that Defendants owned

8    trademark rights in a Performing Arts copyright registrations, and filed bad faith DMCA

9    takedown notices.  *Id.* at ¶ 5, Exs. C and D.  On March 26, Beyond Blond's counsel

10   asked Defendants for the basis of the takedown notices.  RFJN, Ex. 16.  Defendants'

11   counsel responded by claiming that Defendants' own a cartoon classics logo design in

12   pending trademark Application Serial No. 88/789,484 ("the '484 Application") filed six

13   weeks earlier, and their logo design was also registered as a copyright under U.S.

14   Copyright Reg. No. PAu003798644 ("the '644 Registration") – hiding the seven other

15   copyright registrations submitted to Amazon.  RFJN, Ex. 17.  Counsel also threatened

16   copyright and trademark infringement litigation if Beyond Blond did not cease use of the

17   generic cartoon classics term and generic design.  *Id.*

18   The next day, Beyond Blond's counsel provided evidence that the trademark

19   infringement claim was baseless because the term "cartoon classics" is generic for a

20   genre of older cartoons and it could not function as a trademark.  RFJN, Ex. 18.  Beyond

21   Blond requested Defendants' withdrawal of the takedown notices, and even offered to

22   cease use of the eye designs for the "O's" in "cartoon."  *Id.*

23   By March 31, 2020, despite the evidence and the law confirming Defendants'

24   baseless position, Defendants refused to withdraw their takedown notices or threats of

25   copyright and trademark litigation, forcing Beyond Blond to file counternotifications

26   with Amazon, which were rejected.  RFJN, Ex. 19.  Defendants' refusal to withdraw the

27   takedown notice is incomprehensible because they merely copied the public domain off-

28   the-shelf Freestyle Script font and substituted the two "O's" in "cartoon" with public

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-3-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS (ECF NO. 138)**

1  domain clipart.  RFJN, Exs. 26-27.  Thus, the stylization is insufficient to convert a

2  generic term into a protectible source indicator, especially in view of numerous third-

3  party uses of similar elements to identify cartoon classics generically long before

4  Defendants' adoption thereof.  RFJN, Exs. 6-13.  Moreover, the Trademark Examining

5  Attorney forced Defendants to disclaim any "exclusive right to use 'cartoon classics'

6  apart from the mark as shown," thus Defendants conceded that the term is generic.  ECF

7  No. 138, Ex. A; RFJN, Ex. 15.  Defendants concealed, however, from the Examining

8  Attorney their blatant copying of off-the-shelf Freestyle Font and clipart eyes, whereby

9  the stylization could not convey a separate commercial impression in the industry.  RFJN,

10  Exs. 15, 26-27.  In a third-party application for "Brawny Cartoon Classics," where the

11  paper towel company was to use cartoon classics on paper towels, the examining attorney

12  required a disclaimer of cartoon classics because "the goods feature scenes of cartoon

13  classics, a term of arty synonymous with classic cartoons."  RFJN, Ex. 14.

14      Defendants' takedown notices were thus baseless and issued in bad faith to prevent

15  lawful competition.  Based on Defendants' allegations and law presented, Defendants

16  cannot carry their burden of sufficiently alleging trademark ownership or infringement.

17      Also, Defendants' amended counterclaims were improperly filed without leave of

18  court, thereby warranting dismissal.  Further, because of the dissimilarity between the

19  parties' respective uses of cartoon classics, there can be no infringement as a matter of

20  law.  Finally, Beyond Blond uses the cartoon classics design in an expressive manner,

21  which does not constitute trademark use, warranting dismissal on an alternate basis.

22  Thus, the Court should grant Beyond Blond and Michelle Justice's Motion to Dismiss

23  Defendants' Amended Counterclaims and Third-Party Complaint, without leave to

24  amend, to stop Defendants' multiplication of litigation on frivolous trademark claims.

## IV.    LEGAL STANDARD

26      Fed. R. Civ. P. 12(b)(6) provides for dismissal of a claim where the complaint does

27  not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

28  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

-4-

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Levy v. adidas AG*, No. CV 18-6542 PSG (MAAx), 2018 WL 5942000, at *2 (C.D. Cal. Nov. 13, 2018) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)).

The Court may consider facts subject to judicial notice at the dismissal stage without converting the movant's motion into one for summary judgment.  *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).  Similarly, the Court may consider "documents incorporated into the complaint by reference." *Prime Healthcare Servs., Inc. v. Humana Ins. Co.*, 230 F. Supp. 3d 1194, 1203 (C.D. Cal. 2017); *accord Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Even in trademark cases, as here, "a court may consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading' without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.'" *Antiaging Inst. of California, Inc. v. Solonova, LLC*, No. 15-03416-AB (FFMx), 2015 WL 12792028, at *1 (C.D. Cal. Nov. 19, 2015) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  The incorporation by reference doctrine is permitted to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* (internal citations and quotations omitted).

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-5-

1

2   **V.   ARGUMENT**

3         **A.      Defendants' Allegations in Their Amended Counterclaims and Third-**

4                   **Party Complaint Fail to State a Claim For Relief.**

5                   **1.      Defendants allege insufficient facts to show the marks are similar,**

6                           **thus there can be no infringement as a matter of law.**

7         To state a claim for trademark infringement, a plaintiff must allege: (1) ownership

8   of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly

9   similar mark.  *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239,

10  1247 (9th Cir. 2013).  In determining likelihood of confusion, courts in this Circuit look

11  to the *Sleekcraft* factors, which include: (1) strength of plaintiff's trademarks; (2)

12  proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5)

13  marketing channels; (6) types of goods and consumer's degree of care; (7) defendants'

14  intent; and (8) likelihood of expansion into the area of goods.  *See AMF Inc. v. Sleekcraft*

15  *Boats*, 599 F.2d 341 (9th Cir. 1979).  The factors are "intended as an adaptable proxy for

16  consumer confusion, not a rote checklist."  *Network Automation, Inc. v. Advanced Sys.*

17  *Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011).  "In some instances, however, the

18  question of whether a likelihood of confusion exists can be determined at the pleading

19  stage and based on a consideration of less than all of the factors, such as where the parties

20  have obviously dissimilar marks...."  *Mintz v. Subaru of Am., Inc.*, No. 16-CV-03384-

21  MMC, 2016 WL 5909360, at *1 (N.D. Cal. Oct. 11, 2016), *aff'd*, 716 F. App'x 618 (9th

22  Cir. 2017) (citation omitted).

23        The standard for claims of Lanham Act false designation of origin, Lanham Act

24  unfair competition, state and common law unfair competition, and common law

25  infringement are the same.  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)

26  ("This Circuit has consistently held that state common law claims of unfair competition

27  and actions pursuant to [ ] § 17200 are 'substantially congruent' to claims made under the

28  Lanham Act.");  *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 925 F. Supp. 2d 1067, 1073

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-6-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

1   (C.D. Cal. 2012) (when trademark and unfair competition claims are based on the same

2   alleged infringing conduct, the "same analysis governs Plaintiff's trademark claims and

3   tag-along state law claims.").

4        Defendants only allege they own a trademark application – not registration – to

5   evidence its ownership of the generic term and generic design.  ECF No. 138, ¶ 11-12;

6   ECF No. 138, Ex. A.  Because Defendants do not own a federal registration, there is no

7   presumption of validity.  Instead, they must prove that their alleged mark is not generic

8   and is protectable.  *See Coca-Cola Co v. Overland Inc.*, 692 F.2d 506, 509 (9th Cir.

9   1969).  This Court previously held that Beyond Blond's use of the generic "cartoon

10  classics" design cannot infringe Defendants' purported logo, thus Defendants'

11  counterclaims fail to sufficiently allege facts to establish ownership and infringement

12  beyond mere conclusions.  *Beyond Blond Productions*, 479 F. Supp. 3d at 886-87 (the

13  Court agreeing with Beyond Blond that the "parties' logos are so irrefutably dissimilar

14  that infringement cannot be found.") (internal citations and quotations omitted).

15        This Court further held that to the extent Defendants' generic "cartoon classics"

16  phrase plus stylization is protectible, "they can only prevent ***exact copying*** of the

17  stylization."  *Beyond Blond Prods.*, 479 F. Supp. 3d at 886 (emphasis added).  A

18  trademark "in [a] distinctive style does not entitle [the mark owner] to prevent a

19  competitor from using the generic word ... as part of a different trademark."  *Id.* at 885

20  (citing *Time Inc. v. Petersen Pub. Co.*, 976 F. Supp. 263, 264 (S.D.N.Y. 1997)).

21        "The Ninth Circuit applies three 'detailed axioms to guide the [similarity of the

22  marks analysis]: first, the marks must be considered in their entirety and as they appear in

23  the marketplace …; second, similarity is adjudged in terms of appearance, sound, and

24  meaning …; and third, similarities are weighed more heavily than differences."  *Id.*

25  (citing *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000)).  In

26  finding the parties' respective uses are dissimilar, the Court agreed with Beyond Blond

27  that, "in applying the first axiom, considering the marks 'in their entirety and as they

28  appear in the marketplace,' 'it is not improper to discount the similarity of descriptive or

-7-

generic parts of conflicting marks." *Id.* at 886-87.

The Court also found that "both marks include the generic phrase 'cartoon classics' and have substituted the two 'o's' in 'cartoon' with eyes." *Id.* at 887. Thus, after discounting the generic "cartoon classics" phrase, Defendants are only left with stylization, including "different colors, different fonts, different capitalization and punctuation, different arrangement, and different eye styles." *Id.* Indeed, after considering Beyond Blond's evidence that substituting the two "o's" in "cartoon" was common and is contained in many marks, this Court found that "contrary to Defendants' contention, mere inclusion of eyes is not a distinctive element of Defendants' mark." *Id.* The Court further found that "the visual appearance of the marks on the whole, as used in the marketplace, is noticeably different, particularly given that the actual words 'cartoon classics' is generic, not protectible, and specifically excluded from Defendants' trademark application." *Id.*

Under the *Sleekcraft* factors, the "most important factor in any likelihood of confusion analysis" is the similarity of the marks, as "without similarity there can be no confusion." *Playmakers, LLC v. ESPN, Inc.,* 297 F. Supp. 2d 1277, 1282 (W.D. Wash. 2003), *aff'd*, 376 F.3d 894 (9th Cir. 2004). In applying the axioms, stylized unregistered marks of generic words and generic stylization are not protectable, and assuming they are protectible, they can only prevent exact copying of the stylization. "The only exclusive right from such a 'picture' registration is the use of that ***exact 'picture'*** which happens to spell out a generic name of the goods." 2 McCarthy on Trademarks § 12:40 (5th ed.) (emphasis added). It is well settled that where the lettering style or design elements of two marks are dissimilar, confusion is less likely. *First Savings Bank F.S.B. v. First Bank Sys. Inc.,* 101 F.3d 645, 40 USPQ 2d 1865 (10th Cir. 1996) (finding no confusing similarity between "FIRST BANK SYSTEM and Design" and "FIRSTBANK and Design," both for use with banking services, where marks used distinctively different typefaces and contained different design elements); *King of the Mountain Sports Inc. v. Chrysler Corp.,* 185 F.3d 1084 (10th Cir. 1999) (finding no confusing similarity where

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-8-

both marks used "KING OF THE MOUNTAIN" but with different designs).

"But such a picture registration is not infringed by use of the exact same words in a significantly different letter style or display." 2 McCarthy on Trademarks, § 11:30. When all of the generic components of Defendants' "cartoon classics" design are discounted, there is nothing left to compare with Beyond Blond's use, because "as a preliminary to comparing marks in their entireties, it is not improper to discount the similarity of descriptive or generic parts of conflicting marks." *iCall, Inc. v. Tribair, Inc.*, No. C-12-2406 EMC, 2012 WL 5878389, at *7 (N.D. Cal. Nov. 21, 2012) (citation omitted). Defendants have made zero allegations to disturb this Court's prior finding that there is no infringement where the respective designs containing the "generic phrase 'cartoon classics'" "contain different colors, different fonts, different capitalization and punctuation, different arrangement, and different eye styles." *Beyond Blond Prods.*, 479 F. Supp. 3d at 887.

Here, the parties' respective use of the generic "cartoon classic" term is so irrefutably dissimilar that infringement cannot be found and Defendants' counterclaims must be dismissed without leave to amend. *See Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 311-313 (S.D.NY. 2005). Defendants' allegations insufficiently elude the marks being "confusingly similar" but such language is insufficient and conclusory. *Am. Soccer Co., Inc. v. SQOR, Inc.*, No. CV 15-6600-R, 2015 WL 12860485, at *2 (C.D. Cal. Dec. 9, 2015) (granting motion to dismiss because "Plaintiff simply states, in a conclusory fashion, that the "Sqor domain name [sqor.com] contain[s] a name confusingly similar to ASC's legal or common name [scoresports.com]. . . ."); ECF No. 138, ¶¶ 24, 29 (Beyond Blond "adopted and used marks confusingly similar to Counterclaimant's . . . trademark and designation. . . .").

In fact, the purported marks are so irrefutably dissimilar that Defendants do not even include a side-by-side comparison in their counterclaims. Defendants also conceal that their purported design mark is always accompanied with their registered 8thManDVD.com trademark, thereby warranting dismissal. *Energy Intel. Grp., Inc. v.*

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-9-

1   *UBS Fin. Servs., Inc.*, No. 08 CIV. 1497 (DAB), 2009 WL 1490603, at *7 (S.D.N.Y.

2   May 22, 2009) (dismissing trademark infringement claim where the similarity stems from

3   use of the same generic terms "in starkly different typefaces and styles" and because of

4   one party's "prominent use of its" house trademark).

 

RFJN, Ex. 20, 30.  As evidenced by the side-by-side comparison above, Beyond

Blond uses the generic cartoon classics term and design to identify the contents – not the

source – of the video accompanied by cartoon characters.  Defendants themselves use

"cartoon classics" to generically identify the contents of the video, but they always also

include their registered 8thManDVD.com to identify the source of the videos in close

proximity to the generic cartoon classics term and design.  In fact, unlike Defendants,

Beyond Blond does not use it as a water mark on the video content itself.

The parties' respective fonts are unquestionably dissimilar.  Beyond Blond's font

is a custom modified version of the CoopFlaired font.  RFJN, Ex. 25.  Defendants' font

uses the generic Freestyle Script Bold Regular font verbatim.  RFJN, Ex. 26.

"[D]etermination of 'similarity' involves consideration of the marks and names in their

entirety and as they appear in the marketplace." *Nutri/System, Inc. v. Con-Stan Industries,

Inc.*, 809 F.2d 601, 605-06 (9th Cir. 1987) (citations omitted).  Thus, when considering

the similarity of the uses in the marketplace, there is no serious dispute that the designs

are irrefutably dissimilar.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

Therefore, with irrefutably dissimilar marks and a generic phrase at its heart, there can be no infringement over the generic "cartoon classics" phrase. *See Beyond Blond Prods.*, 479 F. Supp. 3d at 884-85 ("Here, based on use in the industry and Defendants' own use …'cartoon classics' appears to answer the question 'what are you' and is therefore a generic term and not a protectible mark."); *see also Metrokane Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633, 641 (S.D.N.Y. 2001) (granting defendants' Rule 12(b)(6) motion to dismiss because the claimed marks were not substantially similar in appearance). In 2020, this Court concluded that the visual appearance of the marks on the whole, as used in the marketplace, is noticeably different, particularly given that the actual words 'cartoon classics' is generic, not protectible, and specifically excluded from Defendants' trademark application." *Beyond Blond Prods.*, 479 F. Supp. 3d at 887.

## 2. Defendants' amended counterclaims fail to allege any facts that their mark is not generic.

Defendants cannot and do not make sufficient factual allegations regarding their mark's purported strength and protectability. As to their mark, Defendants allege that "[r]egistration on the principal registration is *prima facie* evidence that a trademark is distinctive and not generic," but Defendants do not own a registered trademark. ECF No. 138, ¶ 12. Defendants also allege, "Counterclaimant's CARTOON CLASSICS (+Eyes Design) trademark is unique and inherently distinctive and, as such, designates a single source of origin," in defiant contravention of this Court's prior holding that substituting eyes for the two "O's" is not distinctive. *Id.* at ¶ 15; *Beyond Blond Prods.*, 479 F. Supp. 3d at 887 ("contrary to Defendants' contention, mere inclusion of eyes is not a distinctive element of Defendants' mark.").

In any trademark infringement suit, "[t]he plaintiff bears the ultimate burden of proof . . . that the trademark is valid and protectable." *Zobmondo Entm't, Ltd. Liab. Co. v. Falls Media, Ltd. Liab. Co.*, 602 F.3d 1108, 1113 (9th Cir. 2010) (citing *Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927-28 (9th Cir. 2005)). "Where, as here, an allegedly valid trademark has not been registered with the PTO, the [trademark

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-11-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS (ECF NO. 138)**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

claimant] bears the burden of persuasion that the mark is not generic." *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007) (citation omitted).  Not surprisingly, Defendants allege no survey evidence that their design is not generic and is distinctive. Instead, Defendants allege their trademark application "was approved for registration on the Principal Register" and "[r]egistration on the principal registration is *prima facie* evidence that a trademark is distinctive and not generic."  ECF No. 138, ¶ 12.  As discussed above, Defendants' only other factual allegation involving its mark is conclusory in stating: the mark "is unique and inherently distinctive and, as such, designates a single source of origin."  *Id.* at ¶ 15; *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 221 (3d Cir. 2000) ("[A]lthough an initial PTO determination by an examining attorney may be considered, it need not be given weight when the PTO attorney did not review all the evidence available to the District Court.").  Such "merely conclusory, unwarranted deductions of fact," guised as allegations, "need not be taken as true."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. Nor do Defendants' allegations change or disturb this Court's ruling "that the actual words 'cartoon classics' is generic, not protectible" and "mere inclusion of eyes is not a distinctive element of Defendants' mark."  *Beyond Blond Prods.*, 479 F. Supp. 3d at 887. Where, as here, Defendants make implausible allegations, the Court need not accept such allegations as true.  *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1064 (N.D. Cal. 2015) (citing *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) ("it is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development.")).

Defendants do not own any trademark rights in a generic term and generic design. Substituting generic googly cartoon eyes commonly used in the industry for the two "O's" in "cartoon" does not make the composite a source indicator, but is instead generic. RFJN, Exs. 6-13.  In *Lip Sinc*, the Ninth Circuit affirmed the district court's grant of summary judgment of non-infringement, despite conflicting expert testimony on the likelihood of confusion surveys and factors, because "[e]ach parties' lip logo was

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

generic" when used on lip-synching contest shows.  *Lip Sinc Int'l, Inc. v. Dick Clark Prods., Inc.*, 942 F.2d 792, 1991 WL 165529 (Table), at *3 (9th Cir. 1991).  If the more elaborate composite mark for a lip-synching contest is generic, Defendants' design is irrefutably generic for cartoon classics.  "Just as a word or phrase may be classified as generic, so too can an image or logo that describes a category of goods or services rather than a specific source."  *Bos. Duck Tours, LP v. Super Duck Tours, LLC*, 531 F.3d 1, 28 (1st Cir. 2008) (citing *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1049 (9th Cir.1998) (finding that an image of a grape leaf on a wine bottle was not itself a protectable mark because it cannot distinguish between brands.)).  Defendants have not satisfied the "sufficient factual matter" pleading standard set forth by *Iqbal*, 556 U.S. at 678, and plead only impermissible conclusory factual content.  *See Am. Soccer Co., Inc.*, 2015 WL 12860485, at *2; *Le Book Publ'g, Inc.*, 418 F. Supp. 2d at 311-313.

Finally, Defendants allege that "Counter-Defendants willfully and intentionally adopted and used marks confusingly similar to Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark and designation to steal Counterclaimant's goodwill."  ECF No. 138, ¶¶ 24, 29.  There are no other allegations attributable to Defendants' mark.  Each of Defendants' allegations are insufficient, conclusory, and not plausible under *Iqbal* or *Twombly*.  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.  Thus, Defendants' reliance on conclusory and implausible allegations should be rejected.

First, Defendants baldly allege that "Counter-Defendants' use of the Infringing Trademark is likely to cause confusion among consumers who expect to conduct business with Counterclaimant and instead reach Counter-Defendants' business" and "Counter-Defendants have caused or are likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of Counterclaimant's products/services."  ECF No. 138, ¶¶ 21, 25.  Second, Defendants allege "by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Counterclaimant with Counter-Defendants and as to the origin, sponsorship, or

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-13-

approval of Counter-Defendants' goods, services and commercial activities." *Id.* at ¶ 26.
Finally, Defendants allege, "Counter-Defendants willfully and intentionally adopted and
used marks confusingly similar to Counterclaimant's CARTOON CLASSICS! (+Eyes
Design) trademark and designation to steal Counterclaimant's goodwill." *Id.* at ¶ 29.
Each and every one of Defendants' allegations regarding infringement are conclusory and
fail to establish a claim upon which relief can be granted. *Am. Soccer Co., Inc.*, 2015 WL
12860485, at *2; *Le Book Publ'g, Inc.*, 418 F. Supp. 2d at 311-313.

> **a.      Defendants fail to allege any facts establishing Beyond
> Blond's use of the generic "cartoon classics" design
> constitutes trademark use as opposed to expressive use.**

Even assuming, *arguendo*, the Countercomplaint properly alleges a protectable
mark, Defendants' counterclaims still fail because Beyond Blond's use of the generic
cartoon classics term and design is expressive and subject to the *Rogers* test.  *See Rogers
v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *see also Mattel, Inc. v. MCA Res., Inc.*, 296
F.3d 894 (9th Cir. 2002) (adopting the *Rogers* test in the Ninth Circuit).  Under *Rogers*,
an expressive use of a purported trademark is not actionable unless it "is either (1) 'not
artistically relevant to the underlying work' or (2) 'explicitly misleads consumers as to
the source or content of the work.'"  *VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953
F.3d 1170, 1174 (9th Cir. 2020), *cert denied*, No. 20-365, 2021 WL 78111 (U.S. Jan. 11,
2021).  Courts have regularly granted motions to dismiss Lanham Act claims under the
*Rogers* test.  *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013)
("Brown's Lanham Act claim is thus subject to the Rogers test, and we agree with the
district court that Brown has failed to allege sufficient facts to make out a plausible claim
that survives that test."); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1016-17 (C.D.
Cal. 2020) ("Netflix is protected under *Rogers* because Plaintiffs' marks are artistically
relevant and Netflix's use did not explicitly mislead.  Netflix's Motion to Dismiss
Plaintiff's [Lanham Act claims] is therefore GRANTED.").

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

A purported trademark owner "does not have the right to control public discourse" by filing trademark infringement claims.  *Mattel*, 296 F.3d at 900.  Defendants attempt to bar Beyond Blond and others from even using the generic cartoon classics term in metatags and as Google Adwords.  ECF No. 95-1 at 3.  The *Rogers* test allows courts to "strike an appropriate balance between First Amendment interests in protecting artistic expression and the Lanham Act's purposes to secure trademark rights."  *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018).  To determine whether a work is "expressive," the Ninth Circuit has instructed courts to "analyze whether the work is 'communicating ideas or expressing points of view.'"  *VIP Prods.*, 953 F.3d at 1174 (quoting *Mattel*, 296 F.3d at 900).  "A work need not be the 'expressive equal of Anna Karenina or Citizen Kane' to satisfy this requirement, and is not rendered non-expressive simply because it is sold commercially."  *Id.* at 1175 (citation omitted).

Applying this standard, the Ninth Circuit found that both greeting cards and dog toys in the shape of a whiskey bottle are expressive works subject to the *Rogers* test.  *See id.*; *Gordon*, 909 F.3d at 268.  Importantly, the asserted trademark itself can be the "expressive" element.  *See Rogers*, 875 F.2d at 999 (trademark not infringed by use in movie title); *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 901 (C.D. Cal. 2013) (use of plaintiff's Delta Force phrase and registered logo in competing video game was non-infringing); *Mossack Fonseca & Co., S.A. v. Netflix Inc.*, No. CV 19-9330-CBM-AS(X), 2020 WL 8509658, at *3 (C.D. Cal. Dec. 23, 2020) ("the Court finds as a matter of law that Defendant's use of the mark in the Film and trailer for the Film is protected under the First Amendment based on the *Rogers* test, and therefore 'is not actionable' under the Lanham Act.") (citation omitted).

Beyond Blond's use of the generic term "cartoon classics" – in completely dissimilar font – and artwork depicting different cartoon characters featured in the cartoon classics video is expressive and communicates the contents of the videos to consumers.  For example, Beyond Blond's "cartoon classics" expressive statement is surrounded by the likes of Superman, Popeye, Casper, Betty Boop, etc., all nostalgic and

-15-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS (ECF NO. 138)**

classic characters from decades ago included in the subject videos.  Thus, to satisfy *Rogers'* first prong, the artistic relevance of Beyond Blond's cartoon classics design, "the level of relevance merely must be above zero." *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008).  There can be no serious dispute.

As to the second factor, Beyond Blond does not "explicitly mislead" consumers as to the source of the goods.  It only offers the videos exclusively through Amazon, instead of YouTube, where Defendants have exclusively used the "cartoon classics" term, logo, and design.  RFJN, Exs. 22-24.  Although Defendants distributed classic cartoons previously on Amazon, Defendants exclusively used their federally registered 8thManDVD.com trademark instead of the cartoon classics generic phrase and design. RFJN, Exs. 22-24, 28.  Thus, Defendants cannot carry their heavy burden making a clear demonstration that Beyond Blond's use of the generic cartoon classics phrase with its own distinctive artwork fails the *Rogers* test.

Beyond Blond's cartoon classics design is decorative, integral to the video itself, and relays the contents of the videos to consumers by depicting the cartoon characters appearing in the videos.  Indeed, Defendants also use the generic cartoon classics design to communicate the contents of the video to consumers and use their 8thManDVD.com® registered trademark as the source.  Keshishian Decl. ¶ 7-8, Ex. E.  Moreover, third-parties use "cartoon classics" to relay content to consumers and "[t]he more commonly used the phrase, the less likely that the public will use it to identify only one seller and the less likely that it can achieve trademark status."  1 McCarthy on Trademarks § 7:23; *Smith v. Krause*, 160 F. 270, 271 (S.D.N.Y. 1908) ("[n]o one would contend that the words 'Merrie Christmas,' placed upon boxes made to contain candy, to be sent as Christmas gifts...could be appropriated as a trade-mark by anybody, and I think that the right of anybody to place such words upon a ribbon is precisely analogous.").  Thus, there can be no serious dispute that Beyond Blond's use of the generic cartoon classics with eye design is merely decorative, expressive, not source identifying, and cannot constitute trademark infringement under prevailing law.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-16-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS (ECF NO. 138)**

**b.  Beyond Blond's use of "cartoon classics" is fair use of a generic term and design.**

Defendants' counterclaims separately and independently fail because Beyond Blond's use of the phrase "cartoon classics" is not trademark use at all, but instead fair use of a common generic phrase used to identify cartoon classics videos.  By choosing a generic phrase and design, Defendants cannot prevent the competition from using the generic phrase and design to communicate the cartoon classics content of its videos.  As stated by the Supreme Court in *KP Permanent Make-Up*:

> The common law's tolerance of a certain degree of confusion on the part of consumers followed from the very fact that in cases like this one an originally descriptive term was selected to be used as a mark, not to mention the undesirability of allowing anyone to obtain a complete monopoly on use of a descriptive term simply by grabbing it first...  The Lanham Act adopts a similar leniency, there being no indication that the statute was meant to deprive commercial speakers of the ordinary utility of descriptive words.

543 U.S. at 121-122.  The Supreme Court ultimately held that confusion resulting from fair use of a term is of no moment.  *Id.* at 114.

Here, Defendants are impermissibly trying to "obtain a complete monopoly" on the generic cartoon classics term, let alone the eye design.  Defendants cannot do so as a matter of law and Beyond Blond is entitled to make "fair use" of cartoon classics in a generic manner.

**c.  Defendants' counterclaims fail to allege any facts demonstrating the mark is valid.**

Not only have Defendants failed to overcome their burden of alleging that their mark is not generic, *Rudolph Int'l*, 482 F.3d at 1198, but as this Court found, the phrase "cartoon classics" *is* generic.  *Beyond Blond Prods.*, 479 F. Supp. 3d at 884-85; Order Denying Defendants' Mot. for Prelim. Inj., ECF No. 137 at 9 (finding "the term 'cartoon classics,' on its own, is generic.").  Nonetheless, in the event that the mark is found to be valid, Defendants fail to allege facts supporting the remaining likelihood of confusion factors.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-17-

### *i.*      Strength of the Mark

The "strength" of the trademark is evaluated in terms of its conceptual strength and commercial strength.  *GoTo.com, Inc.*, 202 F.3d at 1207 (citation omitted).  The conceptual strength of a mark is determined on a scale from generic (afforded no protection), through descriptive (entitled to no protection absent a showing of secondary meaning) and suggestive (entitled to moderate protection), to arbitrary or fanciful (entitled to maximum protection).  *Id.*; *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) ("Marks are often classified in categories of generally increasing distinctiveness; following the classic formulation set out by Judge Friendly, they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful.").  As shown above, Defendants' "cartoon classics" term and design are generic, copied from the public domain and afforded no protection.  "The concepts of 'generic name' and 'trademark' are mutually exclusive" because a generic term "can never function as a mark to identify and distinguish the products of only one seller" and the name of a thing cannot identify a source.  2 McCarthy on Trademarks, § 12:1 (5th ed.).

A simple review of Defendants' video introduction establishes Defendants' generic use of cartoon classics.  RFJN, Ex. 29.  The larger sized 8thManDVD.com registered trademark dominates the generic video content, "cartoon classics."  *Id.*  The voice on the video emphasizes the source is 8thManDVD.com and the content is cartoon classics.  *Id.*

Defendants use the purported logo in a generic manner.  But even if they could overcome the evidence of generic use, Defendants' amended counterclaims fail to allege facts sufficient to establish the commercial strength of the mark, i.e., income generated by the videos or evidence of advertising expenditure bearing the purported logo.  Defendants' only allegation to this factor is "Counterclaimant has invested significantly to extensively advertise and promote Counterclaimant's Goods and Services featuring Counterclaimant's CARTOON CLASSICS! (+Eyes Design) trademark throughout the United States, including, without limitation, online advertising through the website YouTube.com and social media websites."  ECF No. 138, ¶ 16.  Once again, Defendants'

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-18-

allegation is conclusory.  But, even if it were a protectable mark, Defendants began using the cartoon classics design only two years before Beyond Blond, thus the "length of exclusive use" and "extensive advertising" have not been provided prior to Beyond Blond's use of the generic "cartoon classics" term.  *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1144 (9th Cir. 2002).  Alleging online advertising through YouTube and social media websites does not sufficiently allege the commercial strength of Defendants' purported mark.  *Id.*

### ii.        Proximity of the Services

Defendants counterclaims fail to allege use of their generic "cartoon classics" design on any Amazon videos.  Not surprisingly, Defendants' videos on Amazon do not even bear the cartoon classics purported mark *anywhere*.  *Compare* RFJN, Ex. 20 (Beyond Blond's videos) *with* RFJN, Exs. 21-24.  In fact, Defendants fail to allege that they use the purported logo on Amazon, and instead only provide an evasive allegation that they "provid[e] online streaming videos featuring, *inter alia*, cartoons."  ECF No. 138, ¶ 10.  Thus, this factor is either neutral or supports Beyond Blond.  *King Taco Rest. v. Camacho*, No. SACV1200933CJCANX, 2012 WL 12861184, at *2 (C.D. Cal. Aug. 9, 2012) ("'proximity of the goods factor' points heavily in favor of [accused infringer] because [the parties] operate in completely different geographic areas").

### iii.       Actual Confusion

"Evidence of actual confusion by consumers is strong evidence of likelihood of confusion."  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 633 (9th Cir. 2005).  Although Defendants fail to allege facts sufficient to establish actual confusion beyond mere conclusions, any confusion is of no moment when Defendants' generic purported mark is concerned.  "Even total confusion, however, is irrelevant if 'CFE' constitutes a 'generic' mark."  *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs*, 41 F.3d 223, 225 (5th Cir. 1995); *Small Bus. Assistance Corp. v. Clear Channel Broad., Inc.,* 210 F.3d 278 (6th Cir. 2000) ("[A] trademark infringement finding thus cannot be based on the use of a generic term [] This is true even if consumers are

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-19-

confused by a competitor's use of a generic term").  Thus, this factor weighs in Beyond

Blond's favor, despite Defendants' falsely titling the dubious.

### iv.      Marketing Channels

The parties use different marketing channels because where the cartoon classics

term is used, Beyond Blond's videos are distributed for a fee through Amazon's platform,

while Defendants offer free views on YouTube, or for sale on their website,

www.8thmandvd.com.  ECF No. 138, ¶ 16; ECF No. 138, Ex. B.; RFJN, Exs. 20, 29.

The Ninth Circuit has repeatedly held that, "given the broad use of the Internet today" the

fact that two companies use online advertising "merits little weight" to a claim of likely

confusion.  *Network Automation*, 638 F.3d at 1151 (quoting *Playboy Enters., Inc. v.

Netscape Commc'ns Corp.*, 354 F.3d 1020, 1028 (9th Cir. 2004)).  Even though

Defendants lists three classic cartoon videos on Amazon, they exclusively used the

8thManDVD.com registered trademark as a watermark, and do not include the "cartoon

classics" term, logo, or design.  RFJN, Exs. 22-24; *Luigino's, Inc. v. Stouffer Corp.*, 170

F.3d 827, 831, 50 USPQ 2d 1047, 1049 (8th Cir. 1999) (use of the commonly shared

term LEAN with house marks (e.g., 8thManDVD.com®), different colors, typefaces and

house marks makes confusion unlikely).  Defendants have never used cartoon classics

before Beyond Blond's first use date on Amazon.

Even if the generic cartoon classics design were a protectable mark, and even if

Defendants had valid rights, Defendants' purported rights would only extend to

YouTube.  Under the *Tea Rose–Rectanus* doctrine, priority of use in one area does not

establish priority in another area.  *See Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d

1088, 1096-97 (9th Cir. 2004).  The practical effect of the *Tea Rose-Rectanus* doctrine is

that one user may have priority in one area, while another user has priority over the very

same mark in a different area.  *See id.*  The doctrine applies because Defendants'

purported cartoon classics design is generic, and even if it were not, Defendants have

failed to allege any secondary meaning.  *See The Pet Stop Prof'l Pet Sitting Serv., LLC v.

The Prof'l Pet-Sitting Serv., Inc.*, No. CV-07-0090, 2008 WL 2185339, at *6 (D. Or. May

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-20-

1, 2008).  Additionally, as this Court previously ruled, Beyond Blond independently and innocently created its design and would in no way want to be affiliated with Defendants' negatively reviewed products.  *Beyond Blond Prods.*, 479 F. Supp. 3d at 887-88; RFJN, Ex. 25; *see Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 437 (9th Cir. 2017).  The fact that Defendants have recently modified their design to copy Beyond Blond's establishes Defendants' bad faith attempt to illicitly benefit from Beyond Blond's positive goodwill.  *See* ECF No. 137, at 2-3.

Further, Defendants' use of the term "cartoon classics" does not constitute trademark use.  Defendants' use is instead a generic use, describing the video content. *See* ECF No. 138, Ex. B.

Thus, this factor weighs in Beyond Blond's favor.

### v.        Beyond Blond's Intent

Despite Defendants' allegations of willful infringement, Beyond Blond cannot have an intent to adopt a trademark that does not exist because it is merely using cartoon classics as a generic term to refer to its cartoon classics videos in an expressive manner. *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 263 (5th Cir. 1980) ("Bad faith in the adoption and use of a trademark normally involves the imitation of packaging material, use of identical code numbers, adopting of similar distribution methods or other efforts by a party to 'pass off' its product as that of another.").  Indeed, Defendants cannot plausibly allege that they do not use the cartoon classics design in a generic manner to identify the contents of the videos.  RFJN, Exs. 22-24, 29.  Beyond Blond's use of an irrefutably dissimilar design to generically identify its cartoon classics videos on a different platform establishes this factor in Beyond Blond's favor.

### vi.        Consumer's Degree of Care

Consumers exercise a higher degree of care when paying for Beyond Blond's videos versus watching Defendants' videos for free on YouTube and can discern between the parties' respective videos, especially when Defendants' 8thManDVD.com trademark always accompanies the generic "cartoon classics" use. *See Network Automation*, 638

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-21-

1  F.3d at 1153 (rejecting "that Internet users on the whole exercise a low degree of care");

2  *Instant Media, Inc. v. Microsoft Corp.*, No. C 07-02639 SBA, 2007 WL 2318948, at *16

3  (N.D. Cal. Aug. 13, 2007) (cannot presume customers use less care with free products on

4  the Internet).   Thus, this factor also favors Beyond Blond.

5                    ***vii.***          **Likelihood of Expansion into the Area of Goods**

6      "Where two companies are direct competitors, this factor is unimportant."

7  *Network Automation*, 638 F.3d at 1153.   Defendants' 8thManDVD.com account was

8  created on YouTube on November 24, 2013 but they have never before used "cartoon

9  classics" on Amazon.   Beyond Blond began using "cartoon classics" only on Amazon

10  two years after Defendants' first began using the generic term solely on YouTube.   This

11  factor supports Beyond Blond.

12                    ***viii.***          **Balance of Likelihood of Confusion Factors**

13                    On balance, the factors weigh in favor of Beyond Blond and against a

14  finding of likelihood of confusion.   Defendants allege nothing more than mere

15  conclusions to establish that their "cartoon classics" design is valid.   Without more,

16  Defendants cannot establish that they own a valid trademark.   Therefore, Defendants

17  cannot succeed on their trademark infringement and unfair competition counterclaims in

18  their unregistered generic "cartoon classics" term and design and the Court should

19  dismiss Defendants' Lanham Act and state and common law counterclaims because

20  Defendants fail to allege ownership of a valid trademark in the "cartoon classics" design.

21  *See Cleary*, 30 F.3d at 1262-63; *Fleischer Studios*, 925 F. Supp. 2d at 1073.

22                    **3.**          **Defendants fail to allege sufficient facts to support a claim of**

23                                      **common law unfair competition because Beyond Blond lacked the**

24                                      **intent to harm Defendants.**

25      "The common law tort of unfair competition is generally thought to be

26  synonymous with the act of 'passing off' one's goods as those of another." *Sybersound*

27  *Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (quoting *Bank of the W.*

28  *v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992)) (affirming dismissal where plaintiff had

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-22-

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS'**
**AMENDED COUNTERCLAIMS (ECF NO. 138)**

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

"not alleged that the Corporation Defendants have passed off their goods as those of another nor that they exploit trade names or trademarks").  "The terms 'palming off' and 'passing off' . . . should be used where there is real proof that defendant subjectively and knowingly intended to confuse buyers of a competitive product."  4 McCarthy on Trademarks and Unfair Competition § 25:3 (5th ed.) (citing *Keaton and Keaton v. Keaton*, 842 N.E.2d 816, 819 (Ind. 2006) (finding no "passing off" when two competing law firms with the same name operated in the same state because "like common law fraud, it requires a showing of intentional deception by the defendant.")).  Thus, unlike an infringement claim, at common law the "right of action in such a case arises from the fraudulent purpose and conduct of the defendant and the injury caused to the plaintiffs thereby."  *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 396-97 (2014).

Here, Defendants allege in a conclusory fashion that Beyond Blond "willfully used and continues to use the Infringing Trademark and profited from the infringement by misdirecting viewers, consumers and ad revenue to its business and away from" Defendants.  ECF No. 138, ¶ 29.  Defendants further allege that Beyond Blond's "use of the Infringing Trademark is likely to cause confusion among consumers who expect to conduct business with Counterclaimant and instead reach Counter-Defendants' business." *Id.* at ¶ 31.  Defendants allege that they "ha[ve] been irreparably harmed and ha[ve] suffered economic loss as well as the loss of goodwill from Counter-Defendants' unlawful and willful acts."  *Id.* at ¶ 22.  But, Defendants' allegations are conclusory and unsubstantiated.

Beyond Blond cannot have an intent to adopt a trademark that does not exist because it is using cartoon classics as a generic term to refer to its cartoon classics videos, just like Defendants.  *Amstar Corp.*, 615 F.2d at 263.  Notably absent from Defendants' allegations is any showing of Beyond Blond "passing off" of its videos as belonging to Defendants, or any allegation of Beyond Blond's intent to harm Defendants.  Nor do Defendants allege that Beyond Blond fraudulently represented Defendants' videos as

**BEYOND BLOND AND MICHELLE JUSTICE'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS (ECF NO. 138)**

those of its own.  *See Keaton and Keaton*, 842 N.E.2d at 819.  Thus, there can be no serious dispute and the Court must dismiss Defendants' Fifth Counterclaim.

Because Defendants cannot cure the deficiencies in their pleadings as to any of the causes of action, the Court should dismiss the Counterclaims without leave to amend. *See Le Book Publ'g*, 418 F. Supp. 2d at 311-313.

**B.    Defendants' Amended Counterclaims Are Untimely**

"[A]n amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, **the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint**.  Thus, if major changes are made to the complaint, then major changes may be made to the response." *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D. Va. 2005) (emphasis added).  Beyond Blond's amended complaint merely added the four copyright registration certificates Defendants had concealed and in no way modified the trademark claims.  Defendants' amended counterclaim improperly modified its sole claims for trademark infringement, thereby exceeding the scope of Beyond Blond's amendment to list the copyright registrations.  In *GEOMC Co.*, the court answered the question, "whether a new counterclaim may respond as broadly as one included in an answer to an original complaint, or whether it must respond only to the new allegations of an amended complaint." *GEOMC Co.*, 918 F.3d at 99.  The court determined that "[a]t a late stage of the litigation, however, a new counterclaim that raises issues beyond the scope of the new claims made in the most recent amended complaint will usually cause escalating prejudice to the counterdefendant and undue expansion of litigation." *Id.* at 100.

Beyond Blond has been prejudiced by the amendment at such a late stage of the litigation.  Namely, Defendants' amended counterclaims came weeks after the parties met and conferred regarding Beyond Blond's intended motion for judgment on the pleadings for the trademark infringement counterclaims.  Keshishian Decl., ¶ 9.  Therefore, the improper amendment reopened pleadings to circumvent Beyond Blond's imminent

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-24-

motion for judgment on the pleadings. *Id.*. Also, Defendants' amended counterclaims removed the allegation incorporating Beyond Blond's complaint by reference. *Compare* ECF No. 35 at ¶ 22 *with* ECF No. 138 at ¶ 16. Defendants' modification, at this stage of the litigation, prevents Beyond Blond from relying on otherwise admissible evidence it was to use on its motion for judgment on the pleadings.

## VI.    CONCLUSION

Beyond Blond and Michelle Justice respectfully requests that the Court dismiss Defendants' Amended Counterclaims and Third-Party Complaint in their entirety without leave to amend because Beyond Blond's use of the "cartoon classics" term does not infringe, Defendants fail to allege sufficient facts to support a claim of infringement, without infringement, Defendants' remaining Lanham Act and state and common law claims fail, and Defendants' Amended Counterclaims and Third-Party Complaint is untimely.

Dated:  August 30, 2021                    Respectfully submitted,

                                           **MILORD & ASSOCIATES, P.C.**

                                           By:  /s/ Milord A. Keshishian
                                           Milord A. Keshishian
                                           Attorneys for Plaintiff
                                           BEYOND BLOND PRODUCTIONS, LLC

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

-25-