Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
Jordan M. Zim, SBN 332757
jordan@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants.<br><br>And Related Counterclaims and Third-Party Claims | CASE NO.: 2:20-cv-05581 DSF (GJSx)<br><br>**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR ORDER CONTINUING HEARING ON PLAINTIFF'S MOTION TO DISMISS**<br><br>Date: September 27, 2021<br>Time: 1:30 p.m.<br>Location: Courtroom 7D<br>350 West 1st Street<br>Los Angeles, California 90012 |

## I. INTRODUCTION

Defendants' Application to Continue Hearing on Beyond Blond and Michelle Justice's (collectively, "Beyond Blond") Motion to Dismiss fails to even cite *Mission Power Engineering*, let alone establish prejudice, that Defendants were not at fault for creating the emergency, or good cause. Beyond Blond agreed to extend the hearing date by one week, but Defendants rejected same without any explanation and filed the instant Application. Defendants request judicial intervention in order to receive three weeks to oppose a motion based on the purported prejudice of receiving "minimum notice time," that there is "a massive evidentiary record" – which Defendants are readily familiar from numerous prior motions, and Defendants are associating new counsel and he needs time to get up to speed. ECF No. 148 ¶¶ 1-3. Defendants neglected to address the facts that the issues in Beyond Blond's Motion to Dismiss are not new, current counsel and intellectual property counsel remain in the case, this is not a trial issue, and that their own conduct caused the emergency allegedly warranting the requested relief. Defendants should not be rewarded for again multiplying litigation and their Application should be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

On July 27, 2021, Beyond Blond initiated the meet and conferee process regarding its anticipated Motion for Judgment on the Pleadings on Defendants' trademark counterclaims. Declaration of Milord A. Keshishian ("Keshishian Decl."), ¶ 3. Numerous communications occurred between counsel – including communications providing case law and supporting arguments – resulting in the parties' conference on August 3, 2021. Keshishian Decl., ¶ 4. With knowledge of Beyond Blond's anticipated Motion for Judgment on the Pleadings, Defendants nonetheless filed their Answer and improperly Amended Counterclaims and Third-Party Complaint on August 13, 2021. Keshishian Decl., ¶ 5; ECF No. 138. On August 16, 2021, Beyond Blond initiated the meet and confer process regarding its anticipated Motion to Dismiss, or in the alternative,

-1-

**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR ORDER CONTINUING HEARING ON MOTION TO DISMISS**

1  Motion for Summary Adjudication. *Id.* at ¶ 6. Defendants' counsel did not respond to
2  the request until August 18, 2021, blaming computer problems; thus Beyond Blond
3  requested to an extension to file its motion to dismiss the counterclaims because they
4  were untimely, that there can be no infringement as a matter of law, and that Defendants'
5  state law claims also fail. *Id.* at ¶ 7. Defendants agreed to grant Beyond Blond a one day
6  extension. *Id.* The parties conferred again telephonically on August 23, 2021 and
7  August 27, 2021 regarding the anticipated motion, and Defendants' counsel requested
8  separating the motion to dismiss, or in the alternative motion for summary adjudication
9  into two motions. *Id.* at ¶ 8. Neither Mr. Westreich nor Andrew Kent mentioned they
10 would need extra time to respond because they were associating new counsel. *Id.* On
11 August 27, 2021, Beyond Blond informed Defendants that it will not be filing a
12 combined motion, but only its motion to dismiss, and discussed the grounds upon which
13 the motion would be brought. *Id.* at ¶ 9. Now, after over one month of communications
14 regarding the issues in Beyond Blond's motion, Defendants seek emergency relief for
15 three-weeks to respond to a motion to dismiss without having previously mentioned that
16 they would be associating in "trial counsel." Current counsel remains on the case and
17 participated on the conferences, thus Defendants have provided no reason why "trial
18 counsel" would need to participate at the pleading stage.

20 **III.   ARGUMENT**
21    **1.    Beyond Blond raises no new issues or arguments in its Motion to**
22           **Dismiss.**
23 In it Motion to Dismiss, Beyond Blond addresses Defendants' failure to state a
24 claim on the very issues raised in its Motion for Preliminary Injunction, and raised with
25 Defendants' counsel throughout this litigation. Beyond Blond's Motion to Dismiss
26 addresses four issues: (1) Defendants' counterclaims fail to sufficiently allege Beyond
27 Blond infringed its trademark because there is no infringement as a matter of law; (2)
28 Defendants' counterclaims fail to sufficiently allege that their "mark" is not generic; (3)

-2-

**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS'
APPLICATION FOR ORDER CONTINUING HEARING ON MOTION TO DISMISS**

Defendants' counterclaims fail to sufficiently allege a claim of common law unfair competition; and (4) Defendants' amended counterclaims are untimely. *See* ECF No. 133. With the exception of Beyond Blond's timeliness argument, each of these issues was previously briefed and argued before this Court and by Defendants' counsel.

Beyond Blond's Motion for Preliminary Injunction discussed the same issues, including whether Defendants' cartoon classics term is generic and unprotectible and whether Defendants failed to meet their burden of proving trademark infringement or unfair competition. *See* ECF No. 14. In fact, the Court already determined there can be no infringement as a matter of law because of the dissimilarity between the purported mark in granting Beyond Blond's Motion for Preliminary Injunction. *See Beyond Blond Prods. v. Heldman*, 479 F. Supp. 3d. 874, 886 (C.D. Cal. 2020) (Fischer, J.). Beyond Blond merely recites its previous arguments, and relies upon the same evidence referenced in Defendants' counterclaims, which Beyond Blond already provided in support of various memoranda of law already filed in this case. Thus, Defendants' argument that Beyond Blond's motion "includes a massive evidentiary record" is simply false.

**2.  Defendants failed to show emergency relief is warranted.**

Defendants' Application to continue the hearing on Beyond Blond's Motion to Dismiss fails to even cite *Mission Power Engineering*, let alone establish prejudice, that Defendants were not at fault for creating the emergency, or good cause. Defendants do not even cite or attempt meet the test in *Mission Power Engineering* to obtain ex parte relief. *Mission Power Eng'g Co. v. Cont'l Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Pursuant to *Mission Power*, a party requesting ex parte relief must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard per regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred because of excusable neglect. *See also William v. AES Corp.*, No. CV 13-2326 PSG (PLA), 2013 WL 12205039, at *1

**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR ORDER CONTINUING HEARING ON MOTION TO DISMISS**

(C.D. Cal. Dec. 11, 2013).

Under the first prong of the *Mission Power* test, ex parte relief is not appropriate because Defendants will not suffer irreparable harm as the parties have been discussing the contents of Beyond Blond's motion since August 3, 2021, when the parties met and conferred regarding Beyond Blond's anticipated Motion for Judgment on the Pleadings. Keshishian Decl., ¶¶ 3-9. Beyond Blond even agreed to stipulate to a one-week extension, thus eliminating any irreparable harm Defendants might have suffered without an extension. *Id.* at ¶ 10. Further, Defendants' statement that they received "minimal notice time" to respond, "which includes a holiday weekend" is disingenuous because Beyond Blond initiated the meet and confer effort discussing the substance of the motion on July 27, 2021. ECF No. 148, ¶ 1; Keshishian Decl., ¶ 3.

Under the second prong of the *Mission Power Engineering* test, ex parte relief is not appropriate because Defendants are at fault for creating the conditions requiring ex parte relief, which did not occur because of excusable neglect. First, the parties were forced to delay meet and confer efforts due to Mr. Westreich's computer problems, which Mr. Kent did not have. *See* ECF No. 140. Thus, the conference was delayed. Keshishian Decl., ¶ 7. Second, Defendants agreed to only a one-day extension for Beyond Blond to file its motion. *Id.* Third, Defendants cannot be heard to argue that their response is due over a holiday – when their one day extension agreement resulted in the briefing schedule – when Defendants regularly file motions on Friday nights before holiday weekends to multiply litigation. *See, e.g.*, ECF No. 71 (Defendants' Anti-SLAPP motion filed on December 28, 2020 before New Years' Eve holiday); ECF No. 95 (Defendants' Motion for Preliminary Injunction filed on May 28, 2021, the Friday before Memorial Day).

Finally, assuming, *arguendo*, Defendants establish that continuing the hearing and response dates warrants emergency relief, Beyond Blond agreed to continue the hearing on its Motion to Dismiss by one week. Keshishian Decl., ¶ 10. Mr. Kent and Mr. Westreich have been on the case since November 2020, participated on all the prefiling

-4-

**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR ORDER CONTINUING HEARING ON MOTION TO DISMISS**

conferences, and have not indicated that they will not draft the opposition. ECF No. 148, at ¶ 4. Associating new counsel does not warrant emergency relief to respond to a pre-trial motion to dismiss simply because a new "trial attorney" has been engage to try the case.

Therefore, because Defendants were at fault in creating the problem and cannot show excusable neglect, the Court should deny Defendants' Application to Continue Hearing on Beyond Blond's Motion to Dismiss.

## IV. CONCLUSION

Defendants fail to meet the *Mission Power Engineering* requirements to obtain ex parte relief because Defendants would not be prejudiced in responding to Beyond Blond's Motion to Dismiss within the agreed-upon extension and Defendants created the conditions requiring its requested relief. Defendants should not be permitted to expand its time to respond by more than the time set forth in the Local Rules, let alone the additional time Beyond Blond agreed because of its own failures. Thus, the Court should deny Defendants' Application to Continue Hearing on Beyond Blond's Motion to Dismiss.

Dated: September 2, 2021          Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

**BEYOND BLOND AND MICHELLE JUSTICE'S OPPOSITION TO DEFENDANTS' APPLICATION FOR ORDER CONTINUING HEARING ON MOTION TO DISMISS**