# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, <br> Plaintiff, <br><br> v. <br><br> EDWARD HELDMAN III, et al., <br> Defendants. <br><br>———————————— <br><br> EDWARD HELDMAN III, et al., <br> Counterclaimants, <br><br> v. <br><br> BEYOND BLOND PRODUCTIONS, LLC, <br> Counter Defendant. | CV 20-5581 DSF (GJSx) <br><br> Order DENYING Defendants/ Counterclaimants' Motion to Dismiss the Second Cause of Action in Plaintiff/Counter Defendants' Second Amended Complaint (Dkt. 139) |

Defendants and Counterclaimants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC (CMX and collectively, Defendants) move to dismiss the Second Cause of Action in Plaintiff and Counter Defendant Beyond Blond Productions, LLC's Second Amended Complaint (SAC). Dkt. 139 (Mot.). Beyond Blond opposes. Dkt. 142 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is DENIED.

# I. BACKGROUND

## A.   Background

Beyond Blond is a small business that "helps content owners leverage their music and video catalogs into new and different product offerings for digital distribution."  Dkt. 129 (SAC) ¶ 12.  Beyond Blond also "acquires and purchases public domain videos and cartoon classics, makes compilations of same, and lists the works on video streaming platforms."  Id. ¶ 14.  In late 2016 or early 2017, Beyond Blond acquired, digitized, and edited cartoon classics, including Bugs Bunny, Popeye, and Mighty Mouse.  Id. ¶ 15.  Defendants "create compilations of cartoon classics and stream the same on video hosting platforms." Id. ¶ 17.  Heldman controls ComedyMX, LLC and is the president, secretary, treasurer, and director of ComedyMX, Inc.  See id. ¶¶ 2-4.

Between February 2017 and May 2019, Beyond Blond uploaded seven cartoon classic compilations to Amazon's Prime Video Direct.  See id. ¶ 15.[1]  On February 7, 2020, ComedyMX, LLC filed an application with the United States Patent & Trademark Office (USPTO) to trademark the phrase "CARTOON CLASSICS!" with its accompanying design (Design Mark).  Dkt. 71-2 ¶ 2.[2]  On February 21, 2020, Defendants' counsel submitted "a report of rights infringement to Amazon regarding cartoon compilation online stream-able videos uploaded to Amazon by Beyond Blond which prominently display ComedyMX, LLC's Mark."  Id. ¶ 6; Ex. D.

Both parties use logos that incorporate the phrase "cartoon classics."  The parties' respective logos are below:

---

[1] One video was removed for inappropriate content.

[2] The mark was published for opposition on June 16, 2020, after which Beyond Blond initiated an opposition to the application.  Id. ¶¶ 4-5.  Beyond Blond moved to suspend the opposition pending the outcome of this action; the USPTO's Trademark Trial and Appeal Board granted the motion on November 18, 2020.  Id. ¶ 5.



**DEFENDANTS**



**BEYOND BLOND**

SAC ¶ 25.

On February 29, 2020, Heldman emailed a self-described takedown notice under the Digital Millennium Copyright Act (DMCA) to Amazon at abuse@amazonaws.com, claiming Beyond Blond was infringing Defendants' copyright and trademark.  Id. ¶ 19; dkt. 129-1 Exs. A, B.  Amazon removed Beyond Blond's cartoon classic videos in response to Heldman's takedown notice.  SAC ¶ 19.

On March 26, 2020, Beyond Blond's counsel requested the intellectual property supporting the takedown notices, id. ¶ 22, and Defendants' counsel requested confirmation in writing by April 6 that Beyond Blond would "cease and desist all use of CARTOON CLASSICS and our client's copyrighted design," id.; dkt. 129-1, Ex. D.  Defendants' counsel provided information regarding "U.S. Copyright No. PAu003798644."  Dkt. 129-1, Ex. D.

On March 31, 2020, Beyond Blond filed counter-notices requesting six of the videos be restored.  Id. ¶ 28.  On May 19, 2020, Amazon rejected the appeal and informed Beyond Blond its videos would not be restored unless Heldman withdrew his infringement notices or a court ordered the videos be reinstated.  Id. ¶ 29.

## B.   Procedural History

Beyond Blond brought this action on June 23, 2020, asserting claims against Defendants for misrepresentation of copyright claims, 17 U.S.C. § 512(f); declaration of copyright and trademark invalidity, unenforceability, and non-infringement; tortious interference with existing and prospective economic advantage; trade libel/product

disparagement; and California's unfair competition law, Cal. Bus. & Prof. Code § 17200.  Dkt. 1 at 1.

On July 13, 2020, Beyond Blond moved for a preliminary injunction.  Dkt. 14.  In opposition to Beyond Blond's motion, Defendants submitted declarations from Keith Wood and Heldman, raising questions about Beyond Blond's potential copyright infringement of two of Defendants' cartoons – "Pigs in a Polka," and "Ancient Fistory."  Dkts. 19-1, ¶¶ 5-10; 19-2 ¶¶ 6-7.

On August 14, 2020, the Court granted Beyond Blond's motion for a preliminary injunction.  Dkt. 25 (PI).  The preliminary injunction instructed Defendants to withdraw their takedown notices for seven of Beyond Blond's videos.  Id. at 19-20.  Regarding the copyright infringement allegations, the Court found that Ms. Justice "convincingly explains each of the[ ] purported discrepancies" regarding "Pigs in a Polka" and "Ancient Fistory."  Id. at 9.

On August 17, 2020, the Court granted in part and denied in part Defendants' motion to dismiss.  Dkt. 26.  The Court granted Defendants' motion to dismiss the fourth through sixth claims for tortious interference, trade libel, and California unfair competition "to the extent they rely on alleged misrepresentations made in copyright takedown notices."  Dkt. 26 at 6, 10.  Beyond Blond then filed a first amended complaint in which it "specifically exclude[d] any allegations related to copyrights and the DMCA" from its state law claims and based its state-law claims on Defendants' assertion of trademark rights in the Design Mark.  Dkt. 32 ¶ 59.  Beyond Blond also expanded its allegations to include four, instead of one, of Defendants' copyright registrations.  Id. ¶¶ 29, 45, 46.

On December 28, 2020, Defendants moved to strike the fourth through sixth claims for relief under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16.  Dkt. 71.  The Court granted Defendants' motion.  Dkt. 80.

On June 14, 2021, Beyond Blond filed a motion for leave to file a second amended complaint.  Dkt. 104.  The Court granted the motion.

Dkt. 118.  The SAC, filed on July 30, 2021, asserts three causes of action for misrepresentation of copyright claims under the DMCA; declaration of copyright invalidity, unenforceability and non-infringement; and trademark non-infringement, invalidity and unenforceability.  The SAC also increased the number of CMX's copyright registrations at issue from four to eight.  SAC ¶¶ 30-31.

On August 13, 2021, Defendants filed an answer to the SAC, a counterclaim, and a third-party complaint.  Dkt. 136.  ComedyMX LLC's counterclaims and third-party complaint do not include any copyright infringement claim against Beyond Blond or Michelle Justice, based on the Design Mark, "Pigs in a Polka," or "Ancient Fistory," and do not assert reliance on any copyright registration.

## II. LEGAL STANDARD

### A.     Rule 12(b)(1)

The plaintiff bears the burden of establishing subject matter jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  On a Rule 12(b)(1) motion, the Court accepts as true all factual allegations and construes the pleadings in the light most favorable to the plaintiff.  <u>Oklevueha Native Am. Church of Haw., Inc. v. Holder</u>, 676 F.3d 829, 834 (9th Cir. 2012).  "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss."  <u>Id.</u>  "In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit 'affidavits or any other evidence properly before the court . . . .  It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'"  <u>Colwell v. Dep't of Health & Hum. Servs.</u>, 558 F.3d 1112, 1121 (9th Cir. 2009) (alteration in original) (quoting <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989)).

**B.**     **Declaratory Judgment Act (DJA)**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007). "The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" Oklevueha, 676 F.3d at 835 (quoting U.S. Const. art. III, § 2).

The Court therefore has subject matter jurisdiction over Plaintiff's DJA claim if the claim meets the case or controversy requirement of Article III.  See also Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (stating when analyzing a declaratory judgment claim for subject matter jurisdiction, "federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion"). An actual case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127.

**C.**     **Rule 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." Stanley v. Trs. of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006). It must appear beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is

6

essentially the same as for a Rule 12(b)(6) motion.  <u>Dworkin v. Hustler Mag., Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989).

Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  When deciding a Rule 12(c) motion, courts may consider facts set forth in the pleadings as well as facts contained in materials of which the court may take judicial notice.  <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 981 n.18 (9th Cir. 1999); <u>see also</u> <u>Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts").

The plaintiff bears the burden of pleading sufficient facts to state a claim.  Courts will not supply essential elements of a claim that are not initially pled.  <u>See</u> <u>Richards v. Harper</u>, 864 F.2d 85, 88 (9th Cir. 1988).  Allegations by the non-moving party must be accepted as true, and allegations of the moving party that have been denied must be deemed false for the purpose of the motion.  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989).  However, the court is not required to accept the veracity of "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or "merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 973 (9th Cir. 2004) (citation omitted) (reviewing ruling under Rule 12(b)(6)).

## III. DISCUSSION

### A.    Defendants' Motion is Timely

Beyond Blond argues Defendants' motion for judgment on the pleadings is improper because the pleadings are not closed until Defendants' counterclaims have been answered.  Opp'n at 24.  Rule 12(c) provides that the Court may grant judgment on the pleadings

"[a]fter the pleadings are closed . . . ."  Fed. R. Civ. P. 12(c); Wright & Miller, 5C Fed. Prac. & Proc. § 1369 (3d ed.) ("In a proceeding under Rule 12(c), however, the pleadings must be closed before a party can move for judgment on the pleadings.").

The Court agrees with Defendants, dkt. 44 (Reply) at 9-10, that it is "immaterial" that Beyond Blond has not yet responded to Defendants' counterclaims as the "motion for judgment on the pleadings applies *only* to [Beyond Blond's SAC]."  In re Outlaw Lab'y, LLP, 463 F. Supp. 3d 1068, 1079 (S.D. Cal. 2020), on reconsideration, No. 3:18-CV-0840-GPC, 2020 WL 3840559 (S.D. Cal. July 8, 2020).  The Court therefore finds it is appropriate to rule on Defendants' motion for judgment on the pleadings as the relevant pleadings have closed.

Further, "[a]lthough a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is technically untimely if filed after the pleadings are closed, the courts will typically treat such a belated filing as a Rule 12(c) motion, a Rule 12(h)(3) motion, or a 'suggestion' to the court that it lacks subject matter jurisdiction, and will then apply the rule 12(b)(1) standards."  Baicker-McKee, Janssen, Corr, Federal Civil Rules Handbook at 530 (2021).  "A motion asserting any of [the Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed."  Wood v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012).

"But the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"  Id. (alteration in original).  "Indeed, '[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.'"  Id. (alteration in original) (quoting

Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)).  The Court therefore finds the motion is timely.[3]

## B.      Rule 12(b)(1)

### 1.      Beyond Blond has Adequately Pleaded a Claim for Declaratory Relief

#### a.      There is a Sufficiently Immediate and Real Controversy

Defendants claim there is no substantial controversy between the parties regarding copyright in the Design Mark because (1) Defendants have never asserted any copyright infringement counterclaim against Beyond Blond with respect to the Design Mark, and (2) Defendants confirm they have no intention of ever asserting an infringement claim or counterclaim against Beyond Blond based on the copyright in the Design Mark.  Mot. at 12.

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case."  C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 983 (9th Cir. 2011) (quoting Burke v. Barnes, 479 U.S. 361, 363 (1987)).  "A

---

[3] The Court notes, however, that this area of law is not well-settled, and the Ninth Circuit has held both that the deadline for bringing a Rule 12(b)(1) motion is prolonged by Rule 12(h)(3) and that a Rule 12(b) motion must be made before answering.  See Virginia A. Phillips, et al., Prac. Guide Fed. Civ. Pro. Before Trial, §§ 9.62-63 (The Rutter Group 2021) (stating, "Courts have held that the deadline for bringing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is prolonged by Rule 12(h)(3),' which permits the court to dismiss for lack of subject matter jurisdiction 'at any time,'" (citing Wood, 678 F3d at 1082), but also noting "[o]ther courts, however, including the Ninth Circuit, generally insist that Rule 12(b) motions must be made *before answering*.  Postanswer Rule 12(b) motions are regarded as 'untimely.'" (quoting Elvig v. Calvin Presbyterian Church, 375 F3d 951, 954 (9th Cir. 2004))).  Because the Ninth Circuit has held specifically that a Rule 12(b)(1) motion is prolonged by Rule 12(h)(3), the Court finds Defendants' motion timely.

federal court cannot issue a declaratory judgment if a claim has become moot." Pub. Utils. Comm'n of State of Cal. v. F.E.R. C., 100 F.3d 1451, 1459 (9th Cir. 1996).

There is a current controversy between the parties regarding the validity of Defendants' copyright in their videos and copyright registration. This controversy is not limited to the Design Mark, but instead extends to Defendants' copyright in the substance of their videos. First, Defendants' takedown notices submitted to Amazon stated the infringing material included the Design Mark, but then went on to note "this DMCA notice concerns multiple copyrights." Dkt. 129-1, Ex. A (DMCA Notice) at 3. This defeats Defendants' assertion that "CMX's DMCA takedown notices were based *solely* on a claim of copyright in the Design Mark."[4] Mot. at 15; see also dkt. 78-1 (Heldman Decl.) ¶ 6 (Heldman declaration stating that Defendants have infringed multiple of Defendants' copyrighted works and that "I *also* noted that Beyond Blond was using a confusingly similar version of ComedyMX LLC's Mark" (emphasis added)).

Second, Defendants reserved "all rights, remedies, and causes of action [they] may have" in their DMCA takedown notices submitted to Amazon. DMCA Notice at 3. Third, Defendants have stated in their own filings in this case that they "have substantial evidence that plaintiff has directly copied multiple copyrighted works." Dkt. 19 at 5. Fourth, Heldman stated in a 2021 declaration that he "concluded in good faith that Beyond Blond had infringed ComedyMX, LLC's copyrighted works." Heldman Decl. ¶ 6. Taken together, this is sufficient to establish a "real and reasonable apprehension" that Beyond Blond may be subject to liability. See Rhoades, 504 F.3d at 1157 ("reasonable apprehension" shown where lawyer threatened infringement suit at a meeting, wrote a letter threatening "additional

---

[4] Defendants' assertion that "the Court has already found that the DMCA takedown notices were *solely* concerned with CMX's Design Mark.," Reply at 3, is incorrect.

proceedings or litigation" and told counsel for the other party that he would not give up his client's right to damages).

Nor does Defendants' claim that they have "no intention of *ever* asserting any infringement claim or counterclaim against [Beyond Blond], now or in the future, based upon any *copyright* in the Design Mark (CMX is instead pursuing its counterclaims that [Beyond Blond] is infringing CMX's *trademark* rights in the Design Mark)" render the controversy between the parties moot. As noted above, there is a controversy regarding potential copyright infringement in the videos themselves, not just the Design Mark.

Further, Defendants have refused to enter into a covenant not to sue. Dkt. 142-1, Ex. B. Defendants claim that is because Beyond Blond has not produced evidence supporting its independent creation theory. Id. Regardless of whether Beyond Blond has produced evidence supporting its claims,[5] this demonstrates there is still a controversy between the parties, as there should be no reason Defendants would not sign a covenant not to sue if they in fact have no intention of suing. See Wong v. Hard Drive Prods., Inc., No. 12-CV-469-YGR, 2012 WL 1252710, at *4 (N.D. Cal. Apr. 13, 2012) ("Despite its suggestions to the contrary, Hard Drive has not pointed to any written agreement not to seek to hold Wong liable for infringement."); SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007) (finding a controversy existed even though a patentee stated it did not intend to sue because that statement was inconsistent with the party's actual conduct).

Clarifying the parties' rights here will resolve their controversy. That warrants this Court's exercise of discretion to issue a declaration of rights. 28 U.S.C. § 2201 (noting a court "*may* declare the rights and

---

[5] The Court declines to order the discovery requests Defendants propose in their Reply at 7 because Beyond Blond did not have an opportunity to respond.

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought") (emphasis added).

> b.      Beyond Blond's SAC is Sufficiently Specific

Defendants claim Beyond Blond "has not pleaded any specific copyright law controversy other than [Beyond Blond's] challenge to the copyrightability of the Design Mark.  And [Beyond Blond] cannot show that there has ever been any specific copyright law controversy regarding any other aspects of the parties' video compilations or particular cartoons other than 'Ancient Fistory' and 'Pigs in a Polka.'" Mot. at 16.

Beyond Blond's claim is sufficiently specific.  Defendants' DMCA notice states "this DMCA notice concerns multiple copyrights," and then lists the copyright registration numbers for the copyrights at issue in Beyond Blond's declaratory judgment claim.  DMCA Notice at 3. That is sufficiently specific.

This case is distinguishable from Applera Corp. v. Michigan Diagnostics, LLC, 594 F. Supp. 2d 150 (D. Mass. 2009), on which Defendants rely, Mot. at 16-17, because the counterclaimant in that case sought a declaratory judgement for sixty-two of the plaintiff's patents, but the plaintiff had identified only seven of the patents in the amended complaint.  Here, Beyond Blond's claim is limited to the eight copyright registrations Defendants themselves identified.  The case is focused on the validity of those specific registrations.  The Court finds that, based on Defendants' own representations, the validity of those registrations have "*genuinely* been the subject of any specific or substantial controversy," Mot. 17, as Defendants identified them as infringed by Beyond Blond's videos.

> c.      There is a Controversy Regarding the Validity of Defendants' Copyright Registrations

Defendants argue there has never been a substantial controversy regarding the validity of Defendants' copyright registrations because the required contents of a DMCA takedown "notification of claimed

infringement" in 17 U.S.C. § 512(c)(3) do not include identification of a
registration and although a copyright owner needs to register before
suing, Defendants have never asserted a copyright infringement claim
against Beyond Blond.

As noted above, the Court finds there is a live controversy
between the parties regarding Defendants' assertion that Beyond Blond
infringed their copyright.  Although registration is not needed to
submit a DMCA takedown notice, a copyright owner must register the
copyright before suing for infringement.  17 U.S.C. § 411(a).  And
Defendants have refused to sign a covenant not to sue.  Therefore, the
controversy is not limited to the DMCA takedown notice; it properly
encompasses the validity of Defendants' copyright, and therefore
Defendants' ability to bring suit for copyright infringement.[6]

## 2.    A Rule 57 Declaratory Judgment is Proper

Defendants argue a Rule 57 declaratory judgment is improper
because it "may not be rendered if a special statutory proceeding has
been provided for the adjudication of some special type of case," and the
DCMA provides such a special statutory proceeding.  Mot. at 19
(quoting Fed. R. Civ. P. 57, Adv. Comm. Notes and citing H & R
Convention & Catering Corp. v. Somerstein, No. 12-CV-1425, 2013 WL
1911335, at *12 (E.D.N.Y. May 8, 2013) (declining to exercise
jurisdiction over request for declaratory relief that would "make an
end-run around 'ERISA's comprehensive legislative scheme'").

Again, Defendants miss the mark.  The controversy is not limited
to whether Defendants knowingly materially misrepresented that
Beyond Blond's material was infringing.  Mot. at 19-20.  It also includes
whether Defendants have a valid registration on the basis of which
they could sue Beyond Blond for infringing works.  That an

---

[6] Defendants' argument regarding Beyond Blond's affirmative defense of
"independent creation," Mot. at 19, fails for the same reason – the claim is
broader and encompasses Defendants' ability to bring suit, which hinges on
the validity of their registrations.

infringement action has not *yet* been filed is not determinative for the reasons stated above.  Further, the complexity of a case, Mot. at 20-21, is not a compelling reason for the Court to decline to exercise discretion over an otherwise valid claim.

## C.   Rule 12(c)

First, Defendants assert "the question of whether CMX's copyright registrations are invalid is irrelevant, as a matter of law, to [Beyond Blond's] Section 512(f) claim, because registration is not a prerequisite to a DMCA takedown notice."  Mot. at 21.  For the reasons stated above, this argument is not compelling.

Second, Defendants argue Beyond Blond's declaratory judgment claim lacks any plausible allegation that Defendants published any specific cartoons before registering their copyright because streaming on the internet does not constitute publication.  Id. at 22.  But the SAC alleges not only that Defendants streamed their videos, but that "the various cartoons listed in each application were previously published by Defendants for sale on their website www.8thmandvd.com, and for rent or purchase on Amazon prior to the registration dates of Defendants' Copyright Registrations."  SAC ¶ 47.  In a motion for judgment on the pleadings, the Court takes "all allegations in the pleading as true."  Stanley, 433 F.3d at 1133.

Beyond Blond has further produced evidence that Defendants listed videos at issue *for sale*, not just for streaming purposes, on Amazon as early as 2015.  See, e.g., dkt. 131-1, Ex. G (noting a 2015 comment from Defendants' Amazon posting which includes the videos Popeye for President, Out to Punch, and The Crystal Brawl).  Because there is evidence Defendants offered the products for sale, the Court need not reach the question of whether posting on YouTube can ever constitute publication.

Third, Defendants claim Beyond Blond's "Copyright DJA Claim is defective because [Beyond Blond] does not separately state its claim(s) about (1) specific copyright registrations, or (2) specific supposed 'publications' that render specific subsequent applications invalid –

each of which is a 'separate transaction or occurrence.'" Mot. at 22. Beyond Blond identifies each copyright registration at issue by registration number.  Defendants ostensibly know when they published their own supposedly copyrighted works for sale on their or Amazon's website.  The Court declines to dismiss Beyond Blond's claims for that reason alone.

Fourth, Defendants posit Beyond Blond's "Copyright DJA Claim is silent on the critical question of what CMX knew about the 'publication' status of (identified) cartoons." Mot. at 23.  The Court declines to apply the standard in Rule 9(b) for claims sounding in fraud because the Ninth Circuit ruled in 2020 that there is no intent-to-defraud requirement for copyright registration claims.  Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 959 F.3d 1194 (9th Cir. 2020), cert. granted in part, No. 20-915, 2021 WL 2194846 (U.S. June 1, 2021).  The Supreme Court has not yet ruled on the case, and this Court is bound by Ninth Circuit precedent.  It is common sense that Defendants would know the publication status of the cartoons if they themselves published them.  The Court declines to hold Beyond Blond to a higher pleading standard than that.

Fifth, Defendants argue that because Beyond Blond "apparently concedes that CMX has valid underlying copyrights in its compilations," "[Beyond Blond's] Copyright DJA Claim about validity of the registrations therefore serves no purpose." Mot. at 24.  This misunderstands Beyond Blond's claim.  Beyond Blond seeks a determination that Defendants' registrations are invalid.  See SAC ¶ 47 ("Beyond Blond alleges that Defendants' Copyright Registrations are invalid and unenforceable.").  In *addition* to that, Beyond Blond seeks a determination that "Beyond Blond's accused seven videos and cartoon classics depiction are neither substantially similar nor virtually identical to protectable elements in Defendants' Copyright Registrations." Id. ¶ 48.  For the reasons noted above, both of these determinations are reasonable given the apprehension of litigation.

Defendants' remaining arguments that (1) the declaratory judgment claim is duplicative of the section 512(f) claim, and (2) the

non-infringement claim fails because it depends principally on the affirmative defense of independent creation fail for the reasons stated above.

### IV. CONCLUSION

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Date: September 16, 2021

Dale S. Fischer
United States District Judge