# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND<br>PRODUCTIONS, LLC,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>EDWARD HELDMAN III, et al.,<br>　　　Defendants. | CV 20-5581 DSF (GJSx)<br><br>Order DENYING Defendants'<br>Motion to Dismiss Count IV of<br>Plaintiff's Third Amended<br>Complaint (Dkt. 186) |

　　　Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC move to dismiss Count Four of Plaintiff Beyond Blond Productions, LLC's Third Amended Complaint (TAC). Dkt. 186 (Mot.); Dkt. 177 (TAC). Beyond Blond opposes. Dkt. 188 (Opp'n). The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Defendants' motion is DENIED.

## I. REQUEST FOR JUDICIAL NOTICE

　　　Defendants seek judicial notice of (1) Beyond Blond's video on Amazon Prime titled, "Cartoon Classics - Vol. 2: 25 Favorite Cartoons - 3 Hours"; (2) Amazon reviews of that video; (3) the Articles of Organization of Beyond Blond, LLC; and (4) an amendment to the Articles of Organization changing the name of the entity from Beyond Blond, LLC to Beyond Blond Productions, LLC. Dkt. 186-1. Beyond Blond does not oppose. The Court GRANTS Defendants' unopposed request for judicial notice.

## II. LEGAL STANDARD

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Under Federal Rule of Civil Procedure 9(b), fraud claims must be pleaded with particularity.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).  "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Fraud allegations must "be specific enough to give defendants notice of the particular misconduct

so that they can defend against the charge and not just deny that they have done anything wrong."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (simplified)).

## III. DISCUSSION

Defendants move to dismiss Count Four of the TAC on the grounds that (1) it is barred by the statute of limitations; and (2) Beyond Blond fails to state a claim under the Lanham Act.  Mot. at 1-2.

### A.  Beyond Blond's Claim is Not Barred by the Statute of Limitations

"The Lanham Act contains no explicit statute of limitations." <u>Jarrow Formulas, Inc. v. Nutrition Now, Inc.</u>, 304 F.3d 829, 836 (9th Cir. 2002).  "When a federal statute lacks a specific statute of limitations, [courts] generally presume that Congress intended to 'borrow' the limitations period from the most closely analogous action under state law." <u>Id.</u>  "[T]he analogous limitations period is California's period for fraud, which is three years." <u>Id.</u> at 838.

The Ninth Circuit has suggested that laches, rather than a statute of limitations, is "the sole timeliness bar to suit" under the Lanham Act because of the equitable nature of relief under § 43(a). <u>Id.</u> at 836-37.  In any event, the Ninth Circuit found in <u>Jarrow</u> that "[w]hile it is uncertain whether Congress intended the statute of limitations to be a separate defense, the analogous state limitations period nonetheless plays a significant role in determining the applicability of laches." <u>Id.</u> at 837.

"[I]f a § 43(a) claim is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit." <u>Id.</u> at 837.  "[I]n determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about his

§ 43(a) cause of action." <u>Id.</u> at 838.  "This principle is grounded in the fact that laches penalizes inexcusable dilatory behavior; if the plaintiff legitimately was unaware of the defendant's conduct, laches is no bar to suit." <u>Id.</u>

The party asserting the defense of laches must show that (1) the plaintiff's delay in filing suit was unreasonable, and (2) the defendant would suffer prejudice caused by the delay if the suit were to continue. <u>Id.</u> at 838.

Beyond Blond's Lanham Act claim is based on a review of Beyond Blond's video on Amazon allegedly written by Defendant Heldman on September 10, 2017.  TAC ¶¶ 66-74.  Defendants contend that because Beyond Blond did not assert its claim based on this Amazon review until filing the TAC, the claim is barred because more than three years have passed since Heldman wrote the review.  Mot. at 11.

The TAC does not allege when Beyond Blond learned of Heldman's review, and whether Beyond Blond should have known of it – and particularly whether it was authored by Heldman – before the expiration of the applicable statute of limitations is a question of fact not appropriate for determination on a motion to dismiss.  <u>Polar Bear Prods., Inc. v. Timex Corp.</u>, 384 F.3d 700, 707 (9th Cir. 2004) (noting that the date on which a plaintiff discovered or should have discovered infringement "is an issue of fact").

Even if the statute of limitations has run, the Court finds Defendants have not met their burden of demonstrating they would be prejudiced by Beyond Blond's delay in bringing the Lanham Act claim based on Heldman's Amazon review because Defendants do not address the issue of prejudice in their motion.  <u>See</u> <u>Jarrow</u>, 304 F.3d at 839 ("Laches will not apply unless [defendant] will suffer prejudice from [plaintiff's] delay if the suit were to proceed.").

The Court declines to dismiss Beyond Blond's Lanham Act claim on the grounds of laches or the statute of limitations.

**B.      Beyond Blond Plausibly Stated a Claim Under the Lanham Act**

Defendants contend Beyond Blond's Lanham Act claim should also be dismissed because Beyond Blond has failed to state a claim for false advertising.  Mot. at 11.

As an initial matter, Defendants argue the Court should apply the heightened pleading standard of Federal Rule 9(b) to Beyond Blond's Lanham Act claim.  <u>Id.</u> at 10.  While the Ninth Circuit has not held that Rule 9(b) applies to false advertising claims under the Lanham Act, courts within the Central District routinely apply Rule 9(b) to Lanham Act claims.  <u>See, e.g.</u>, <u>EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.</u>, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) ("The Court agrees that Plaintiff's false advertising claims are grounded in fraud and that Rule 9(b) applies to the pleading of this claim."); <u>Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.</u>, 642 F. Supp. 2d 1112, 1123 (C.D. Cal. 2009) (applying Rule 9(b) to false advertising claim under Lanham Act); <u>Spy Optic, Inc. v. Alibaba.Com, Inc.</u>, 163 F. Supp. 3d 755, 767 (C.D. Cal. 2015) (same); <u>BHRS Grp., LLC v. Brio Water Tech., Inc.</u>, No. 2:20-CV-07652-JWH-JCx, 2021 WL 6536662, at *3 (C.D. Cal. June 7, 2021) (same).  Therefore, the Court will apply Rule 9(b)'s heightened pleading standard to Beyond Blond's Lanham Act claim.

The Lanham Act makes it unlawful for

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her

goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]

15 U.S.C.A. § 1125(a).

The elements of a Lanham Act § 43(a) false advertising claim are (1) "a false statement of fact by the defendant in a commercial advertisement about its own or another's product"; (2) "the statement actually deceived or has the tendency to deceive a substantial segment of its audience"; (3) "the deception is material, in that it is likely to influence the purchasing decision"; (4) "the defendant caused its false statement to enter interstate commerce"; and (5) "the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134, 1139 (9th Cir. 1997). "When a defendant harms a plaintiff's reputation by casting aspersions on its business, the plaintiff's injury flows directly from the audience's belief in the disparaging statements." <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 572 U.S. 118, 138 (2014)

Defendants argue Beyond Blond fails to state a claim for false advertising under the Lanham Act because (1) Beyond Blond has not pleaded a false statement of fact; (2) the Amazon review is not commercial advertising; and (3) the Amazon review is not material. Mot. at 12-15.[1]

---

[1] Defendants do not challenge whether Beyond Blond plausibly pleaded the other factors of the <u>Southland Sod</u> test.

### 1.    False Statement

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers."  <u>Southland Sod</u>, 108 F.3d at 1139.

Heldman's Amazon review stated in its entirety:

BB Productions dishes out a bunch of low quality PD, nothing you can't get from YouTube or cheap DVDs.  It must be some guy who has to [sic] much time on his hands as Prime viewing for PD isn't going to make anyone rich and no real company called "BB Productions".  Anyone who uses the word "productions" is some small nobody.  Again just common low quality quick buck PD.

Dkt. 177-1, Ex. A at 1.

Beyond Blond alleges that the use of the anonymous "tvideo" account was misleading and false because it misled "Beyond Blond's existing and prospective customers into believing that the review was coming from a genuine reviewer and not Beyond Blond's direct competitor with an illicit motive."  <u>Id.</u> ¶¶ 67-68.  Beyond Blond also alleges the review was "literally false because it purports to state a consumer's honest opinion when the review is actually a direct competitor not evaluating honestly."  <u>Id.</u> ¶ 69.  The Court finds Beyond Blond has not established the use of the tvideo account was literally false because it is not in itself a statement that can be true or false.  However, the Court finds Beyond Blond has plausibly alleged that the use of the tvideo account was misleading.  In <u>Grasshopper House, LLC</u>, the court considered similar facts and found the plaintiff had stated a claim under the Lanham Act because the defendants had not "honestly identified their interest and taken credit for that opinion" when they published a review containing a low rating for a drug rehabilitation facility and attributed that rating to the facility's own clients without disclosing that the defendant entity publishing the review was owned

by the same individual who owned a competitor facility.  <u>Grasshopper House, LLC v. Clean & Sober Media, LLC</u>, No. 2:18 CV-00923-SVW-RAO, 2018 WL 6118440, at *5 (C.D. Cal. July 18, 2018); <u>cf.</u> <u>BHRS Grp., LLC v. Brio Water Tech., Inc.</u>, No. 2:20 CV-07652-JWH-JCx, 2021 WL 6536662, at *4 (C.D. Cal. June 7, 2021) (plaintiff failed to state claim for false advertising based on negative online reviews because plaintiff had not alleged the defendant itself was responsible for those reviews).

Beyond Blond also alleges Defendants' statement that Beyond Blond's videos were "low quality PD" were false.  <u>Id.</u>  Defendants contend this statement is not false because it is merely expressing an opinion.  "An actionable statement is 'a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.'"  <u>Ariix, LLC v. NutriSearch Corp.</u>, 985 F.3d 1107, 1121 (9th Cir. 2021).  "Statements of opinion and puffery, however, are not actionable."  <u>Id.</u>  The statement that Beyond Blond's videos are low quality is an opinion that is not a statement of objective fact and is therefore not actionable under the Lanham Act.

Finally, the Court finds Beyond Blond has plausibly alleged that the statement that there is "no real company called 'BB Production[s]'" is literally false.  <u>See</u> TAC ¶ 69.  Defendants argue this statement is not literally false because there is no entity registered with the California Secretary of State with the name "BB Production."  Mot. at 13.  "'[A] false advertising claim may be based on implied statements as long as those statements are specific and deceptive."  <u>Ariix</u>, 985 F.3d at 1121 (citing <u>Prager Univ. v. Google LLC</u>, 951 F.3d 991, 1000 (9th Cir. 2020).  The Court finds Beyond Blond has alleged that the statement is at least misleading because "BB" is clearly a shorthand for "Beyond Blond" and the review suggests the company making the video is not a real company – but Beyond Blond is a California limited liability company.  <u>See</u> TAC ¶ 1.

## 2.    Commercial Advertising

Defendants argue that even if the Amazon review contained false statements, they are not actionable because the review does not qualify

as commercial speech as it was not made for the purpose of influencing customers to purchase Defendants' goods or services.  Mot. at 14. Beyond Blond alleges the Amazon review was commercial advertising because it was commercial speech made by Beyond Blond's direct competitor.  TAC ¶ 68.  The Court agrees with Beyond Blond.

As discussed above, Beyond Blond plausibly alleged that Heldman's Amazon review contained false or misleading statements regarding the nature and characteristics of Beyond Blond's product.  15 U.S.C. § 1125; see also Freecycle Network, Inc. v. Oey, 505 F.3d 898, 903 (9th Cir. 2007) (affirming dismissal of complaint where plaintiff did not allege the defendant made any statements disparaging its goods and therefore did not state a claim under 15 U.S.C. § 1125(a)(1)(b)). "[S]peech that does not propose a commercial transaction on its face can still be commercial speech" for purposes of determining whether a statement is made as part of commercial advertising or promotion. Ariix, 985 F.3d at 1115.  Therefore, that the review did not propose a transaction does not require dismissal of Beyond Blond's false advertising claim.  Grasshopper House, 2018 WL 6118440, at *7.

### 3.    Materiality of the Amazon Review

Defendants contend the Amazon review was not material because it is available for free on Amazon, the Beyond Blond video Heldman reviewed includes "at least three overtly racist and offensive cartoons," and other reviewers commented that the video quality was poor.  Mot. at 15.  However, Beyond Blond alleged in the TAC that "Defendants achieved their goal of misleading consumers because consumers indicated that they found Defendants' false and biased review to be useful."  TAC ¶ 67.  Beyond Blond also alleges that "at least five Amazon accounts [] found Defendants' negative review of Beyond Blond's videos 'helpful.'"  Id. ¶ 73.  This is sufficient to plead the materiality prong with particularity.

The Court finds Beyond Blond has plausibly stated a claim for false advertising under the Lanham Act.

## IV. CONCLUSION

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Date: March 3, 2022

Dale S. Fischer
United States District Judge