Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878

Attorneys for Plaintiff
Beyond Blond Productions, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | CASE NO.:  2:20-cv-05581 DSF (GJSx) |
| Plaintiff, | **BEYOND BLOND'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANT EDWARD HELDMAN III** |
| vs. | |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; | |
| Defendants. | Honorable Dale S. Fischer |
| | Date: N/A<br>Time: N/A<br>Courtroom: 7D |

## NOTICE

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, under L.R. 7-19, Plaintiff Beyond Blond Productions, LLC ("Beyond Blond") applies *ex parte* to the Honorable Dale S. Fischer for a temporary restraining order and preliminary injunction prohibiting Defendant Edward Heldman III from posting false content online, and threatening and harassing Beyond Blond Productions, LLC ("Beyond Blond"), its officer Ms. Michelle Justice ("Ms. Justice"), her former or current business associates and relatives, Beyond Blond and Ms. Justice's counsel and its employees, and for an award of attorneys' fees and costs for bringing this *ex parte* application against Defendants.

This Ex Parte Application is based on this Notice, the Memorandum of Points and Authorities in support, Request For Judicial Notice, the Declarations of Ms. Justice ("Justice Decl."), Mr. Tim Branom ("Branom Decl."), and Milord A. Keshishian ("Keshishian Decl."), the papers and records on file, and all other matters and evidence that may be presented in support of this application.

**NOTICE**:  This *Ex Parte* Application is made following a telephone conference with Defendants' counsel, Ivan Posey, at 10:30 a.m. on June 13, 2022, and Mr. Posey was informed that Defendants' opposition would be due within 48 hours (or two court days) of Beyond Blond's filing and ECF service of the application.  Keshishian Decl. ¶ 3.  Mr. Posey indicated he would file a motion to withdraw as counsel and would inform Defendants of the *ex parte* application.  Defendants' attorneys' contact information is:

Ivan Posey
iposey@leechtishman.com
LEECHTISHMAN
2041 Rosecrans Avenue, Suite 300
El Segundo, CA  90245
T: 424.261.1600
F: 424.738.4400
M: 213.447.3077

Opposing counsel was informed that the Court considers *ex parte* applications on the papers and usually does not set these matters for hearing.  *Id.*

Beyond Blond respectfully requests the Court to immediately enjoin Defendant Heldman from:

- communicating or posting threatening or harassing content about this Court being corrupt, antisemitic, biased against men, and being bribed in this case;
- sending threatening, racist, homophobic, or harassing emails or any other communications to Ms. Justice and her former or current business associates, including Tim Branom;
- sending threatening, racist, homophobic, or harassing emails or any other communications to Plaintiff's counsel or its employees;
- posting false, threatening or harassing content about Beyond Blond's counsel and employees on http://milordshysterlaw.epizy.com/, Google reviews, Yelp.com, or on any other publication, website, online forum, social media, or review applications;
- coming within 100 feet of Ms. Justice and Beyond Blond's counsel, except when in court;
- coming within 100 feet of Ms. Justice's residence and Beyond Blond's counsel's office;
- directing others to do any of the foregoing acts on Defendants' behalf.

Beyond Blond also requests an order from the Court directing Defendant Heldman to remove prior false, racist, homophobic, threatening, and or harassing content referencing Beyond Blond, Ms. Justice, or their counsel and counsel's employees, including posts at http://milordshysterlaw.epizy.com/ and https://www.yelp.com/not_recommended_reviews/milord-and-associates-los-angeles-2.

Based on Defendant Heldman's threats to disobey the Court's monetary sanctions orders by refusing to pay same, Beyond Blond further requests an order from the Court enjoining Defendants from transferring any assets, including the following YouTube video

channels and Amazon listings:

https://www.youtube.com/user/8thManDVDcom
https://www.youtube.com/channel/UCisLEYSLcfuarGXULo5JpIw
https://www.youtube.com/user/TheCartoonChannelAU
https://www.youtube.com/channel/UCvndcMEV8BUwebUPJ3yifAw
https://www.youtube.com/channel/UCwUlit_Tlx3HsgfDX_ladJg
https://www.youtube.com/user/caferoxyfilms
https://www.youtube.com/channel/UCNCAEXQK6M8wU0kOcFa6gng
https://www.youtube.com/c/ActionAdventureTVShows
https://www.youtube.com/channel/UC-Z1HJ46VKVZgmKBWixhlrg
https://www.youtube.com/channel/UCGIajzt5PiO0vwIkve49VrA
https://www.youtube.com/channel/UCcw25dozUY-4JRj68CjoQmg

https://www.amazon.com/gp/product/B019QFBS3M
https://www.amazon.com/gp/product/B013IYCKP2
https://www.amazon.com/Clip-BIGGEST-1937-1943-Golden-Era-Collection/dp/B014LG5TQ8
https://www.amazon.com/How-8th-Man-Came-Unavailable/dp/B00W02WJNM/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B001DBB090/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B01G18PW2K/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B001PUYG8Q/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B01FYXTK9E
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B00W62UY2Y/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B00W62YDNU/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B002ZYNPCY/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B00W62XB0Q/
https://www.amazon.com/Tobor-Original-Anime-Remastered-Restored/dp/B00W62TVSW/

Beyond Blond requests attorneys' fees for being forced to file this ex parte

application to prevent Defendant Heldman's escalating threats and harassment.

Dated:  June 14, 2022                    Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**


By:  /s/ Milord A. Keshishian
     Milord A. Keshishian
     Attorneys for Plaintiff
     Beyond Blond Productions, LLC

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY
INJUNCTION, AND ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

**I.    Introduction** .................................................................................... 1

**II.   Statement of Facts** ....................................................................... 1

**III.  Ex Parte Relief Is Appropriate** .................................................. 3

**IV.  Beyond Blond Is Entitled To Immediate Injunctive Relief** ...... 4

    **A.    Beyond Blond is Likely to Succeed on the Merits** ................ 6

    **B.    Beyond Blond Will Suffer Irreparable Harm** .................... 10

    **C.    The Balancing of Hardships and Public Interest** ............. 11

    **D.    There Should be No or Minimal Bond Requirement** ......... 11

    **E.    The Court Should Award Beyond Blond's Fees and Costs** ......... 12

**V.    Conclusion** ................................................................................. 12

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY
INJUNCTION, AND ATTORNEYS' FEES AND COSTS

# TABLE OF AUTHORITIES

Cases

*Alliance for the Wild Rockies v. Cottrell,*
  632 F.3d 1127 (9th Cir.2011).................................................................5
*Am. Sci. & Eng'g, Inc. v. Autoclear, LLC,*
  606 F. Supp. 2d 617 (E.D. Va. 2008).....................................................12
*Armstrong v. Parker,*
  No. F065640, 2013 WL 6795409 (Cal. Ct. App. Dec. 23, 2013) .....................................7
*Brine, Inc. v. STX, L.L.C.,*
  367 F. Supp. 2d 61 (D. Mass. 2005) .....................................................12
*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991) ...........................................................5, 6, 12
*D. Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.,*
  799 F.3d 437 (5th Cir. 2015)...........................................................9, 10
*De Long v. Hennessey,*
  912 F.2d 1144 (9th Cir. 1990)...........................................................6
*Doe v. Fitzgerald,*
  No. CV2010713MWFRAOX, 2021 WL 6104395 (C.D. Cal. Oct. 28, 2021) .................10
*Engelbrecht v. JP Morgan Chase Bank, N.A.,*
  No. CV 11-6809 DSF DTBX, 2012 WL 10423236 (C.D. Cal. Feb. 23, 2012) .............4, 5
*Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,*
  No. 00 C 5658, 2002 WL 1433717 (N.D. Ill. July 2, 2002) ...............................10, 12
*Glaser v. Meserve,*
  No. B240385, 2013 WL 1460339 (Cal. Ct. App. Apr. 11, 2013)...............................7
*Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.,*
  No. 20-CV-02097-RS, 2020 WL 4459122(N.D. Cal. May 26, 2020).........................7
*Johnson v. Couturier,*
  572 F.3d 1067 (9th Cir. 2009)...........................................................11
*Keeton v. Hustler Mag., Inc.,*
  465 U.S. 770 (1984) ...........................................................11
*Lavan v. City of Los Angeles,*
  2011 WL 1533070 (C.D. Cal. 2011)...........................................................4
*Lewis v. S. S. S. Baune,*
  534 F.2d 1115 (5th Cir. 1976)...........................................................9
*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,*
  571 F.3d 873 (9th Cir. 2009)...........................................................5
*Mission Power Eng'g Co. v. Continental Cas. Co.,*
  883 F. Supp. 488 (C.D. Cal. 1995)...........................................................4

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY
INJUNCTION, AND ATTORNEYS' FEES AND COSTS

*Myart v. Taylor,*
    No. 5:16-CV-736-DAE, 2016 WL 5376227 (W.D. Tex. Sept. 26, 2016) ......................... 10
*Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.,*
    737 F. Supp. 1521 (S.D. Cal. 1989) ...................................................................... 6
*Reebok,*
    970 F.2d ...................................................................................................... 6
*Stormans, Inc. v. Selecky,*
    586 F.3d 1109 (9th Cir. 2009) ............................................................................ 4
*Thomas, Head and Greisen Employees Trust v. Buster,*
    95 F.3d 1449 (9th Cir. 1996) .............................................................................. 6
*United Artists Corp. v. United Artist Studios LLC,*
    No. CV 19-828-MWF (MAAX), 2019 WL 6917918 (C.D. Cal. Oct. 17, 2019) ....... passim
*Winter v. Natural Res. Def. Council, Inc.,*
    555 U.S. 7 (2008) ............................................................................... 4, 10, 11
*Yates v. Belli Deli,*
    No. C 07-01405 WHA, 2007 WL 2318923 (N.D. Cal. Aug. 13, 2007) ...................... 6, 7

**Statutes**

15 U.S.C. § 1117 ..................................................................................................... 6
Cal. Code Civ. Proc. § 527.6 ...................................................................................... 7
Cal. Code Civ. Proc. § 527.6(b)(3) .............................................................................. 7
Section 527.6(d) ....................................................................................................... 7

**Rules**

Fed.R.Civ.P. 65(b)(1)(A) ........................................................................................... 4
Rule 65 of the Federal Rules of Civil Procedure ...................................................... 5, 6, 7, 11

**Other Authorities**

19 ............................................................................................................................ i
L.R. 7 ....................................................................................................................... i

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY
INJUNCTION, AND ATTORNEYS' FEES AND COSTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Defendant Heldman has recently escalated his harassing, abusive, racist, sexist, homophobic, and threatening conduct.  Aside from accusing this Court of corruption, receiving bribes, being biased against men, and antisemitism, Heldman sent numerous abusive emails directly to Ms. Justice, which has placed her in a reasonable apprehension of fear, forcing the filing of a police report.  Heldman also tried to bribe a third-party witness with a cash payment of $10,000 for false testimony and to pressure Ms. Justice to settle.  Finally, Heldman has continued his abusive emails to Beyond Blond's counsel, built a fake website with an infringing domain name containing false and defamatory information about counsel, and posted an anonymous false review on counsel's Yelp.com profile.  Heldman's last email received on June 12 threatens counsel with:  "IU (sic) will not rest until you lose your fucking license you nasty SOB!  You made an enemy for life you fuck!"  Keshishian Decl. ¶ 6, Ex. C, pg. 17.  Heldman also continues with his racist emails:  "You dirty fucking Armenian POS."  *Id.* ¶ 4, Ex. A, pg. 7.

The Court should take strong measures to rein in Defendant Heldman's threats and harassment that have caused emotional distress and fear.  Beyond Blond requests the issuance of a temporary restraining order and a preliminary injunction.

## II.     Statement of Facts

Heldman's harassment and threats began after the Court dismissed Defendants' counterclaims with prejudice.  Dkt. 190.  To avoid multiplying proceedings, Beyond Blond will not resubmit previously filed harassment emails but will cite to the Court's docket.  Between February 21 and 23, 2022, Heldman sent nine harassing emails directly to counsel including profane language ranging from threatening to report counsel to the FBI and to the California State Bar and spewing anti-Armenian racism.  Dkt. 205-1, Ex. D.  After the Court held Heldman in contempt of its preliminary injunction order (Dkt. 219), he sent

1

another harassing email on April 9, 2022.  Dkt. 225-1, Ex. F.  After the Hon. Gail S. Standish granted Beyond Blond's motion to compel document production and Heldman failed to comply, in response to counsel's correspondence to Heldman's counsel requesting to meet and confer on a motion for contempt, Heldman responded with 13 harassing and profane emails to counsel, including "Fuck all of you and crazy judge who only likes fucking woman (sic)! Fuck CA."  Dkt. 248-1, Ex. A, pg. 8.

On May 7, 2022, Heldman is believed to have created an anonymous email account and sent a link to a website that copies Beyond Blond's counsel's website, except Heldman wrote defamatory, false, and harassing statements about counsel, including bribing judges – most of which parrots Heldman's emails. Dkt. 258-1, Exs. A-B.  Between May 14 to May 23, 2022, Heldman sent another 13 harassing and profane emails to counsel, including the hostile threat of "Are you afraid to depose me?  I can't wait to meet you face to face in person, there will be no zoom depo for me you rotten crook," "creating a lifetime war between us…You are as crazy as this court…," and "you rotten Armenian POS."  Dkt. 249-1, Ex. H, pgs. 132, 134, 142.

Between June 9 and 12, 2022, Heldman escalated his assault with another 24 emails to counsel, referring to the Court as "this man hating Judge" and "screwball judge" and threatening a copyright infringement claim if the emails are reported to the Court because "they are part of [Heldman's] upcoming book."  Keshishian Decl. ¶ 4, Ex. A, pgs. 4, 5; Ex. C, pg. 20.  Heldman once again threatens that he "would have loved to get you face to face in 'Kangaroo Court' Depo but fuck that…your almighty man hating Judge who controls the world CANNOT force me to depo etc. since I won't be in this POS country.  Fuck you!"  *Id*. pg. 6.  He spews racism once again with "you dirty fucking Armenian POS."  *Id*. Ex. A, pg. 7.  "[F]uck you and this judge…Lets (sic) see this crooked Judge arrest me for violating her 'Kangaroo Court' PI…I still claim you paid her off...this crazy judge(s) and you love women and hate men!  Fuck you!  I am only under jurisdiction while living here, ya lousy cock sucker!"  *Id*. pg. 8.  Heldman goes not to state that the "Court is anti Semitic (sic)," "2 Judges who are CA Liberal Women who HATE men and are biased towards

men.  *Id*. Ex. B, pg. 16.  Heldman sent another eight harassing emails on June 12, 2022 continuing the same harassment.  Ex. C, pgs. 17-24.

Between 11:39 p.m. on June 8, 2022 and 2:35 a.m. on June 9, 2022, Heldman directly emailed Ms. Justice five times, including referencing Heldman's criminal record of stalking his ex-girlfriend, asking if she is a weak woman, and threatening to harass her at her deposition with questions about sexual relations with counsel, despite Ms. Justice being in a same-sex marriage.  Justice Decl. ¶ 2, Ex. A, pgs. 4, 5, 6, 11.  On June 9, 2022, Ms. Justice was contacted by a former business associate, Mr. Tim Branom, from over a decade ago when they both worked at another unrelated company.  Mr. Branom received emails from Heldman to accept $10,000 in cash for favorable testimony against the threat of taking his deposition.  *Id*. ¶ 6, Ex. B; Branom Decl. ¶ 7, Ex. A.  Waking to the harassing emails, including those sent to Mr. Branom, and concerned for her and her family's safety, Ms. Justice filed a police report on June 10, 2022.  *Id*. ¶ 7, Ex. C.

Between 2:23 a.m. and 3:49 a.m. on June 12, 2022, Heldman sent another five harassing emails to Ms. Justice, including menacingly and disapprovingly referencing her family and relationships: "(I think you are gay since you live w/ your mother and a woman)…I am Jewish we do not approve of that life style and that's what we believe." Keshishian Decl. ¶ 7, Ex. C, pg. 21.  Heldman's emails interfere with the attorney-client relationship by falsely accusing Beyond Blond's counsel of improper conduct to induce settlement discussions.  *Id*. pgs. 22-23.  To harass Ms. Justice and sounding in cyberstalking, Defendant Heldman states: "You are worth millions, have it hidden in a trust, your real name is Julie, you are a real estate agent, should I go on?"  *Id*. pg. 24.  A reasonable person, given Defendant Heldman's criminal history of stalking, making terroristic threats, and biased-based harassment, would reasonably fear Heldman's conduct and suffer distress.  Dkt. 205-1, Ex. A.

## III.    Ex Parte Relief Is Appropriate

An ex parte application is appropriate where: (a) the moving party will be irreparably

prejudiced if the request is heard on a regularly noticed motion calendar; and (b) the moving party is without fault in creating the crisis, or the crisis resulted from excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendant Heldman has ignored his own counsel's advice to stop sending threatening and harassing emails to Ms. Justice and Beyond Blond's counsel, forcing Ms. Justice to file a police report in fear of her safety. Justice Decl. ¶ 7, Ex. C. Threatening and harassing emails – even without a police report – establish irreparably injury. *United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-MWF (MAAX), 2019 WL 6917918, at *11 (C.D. Cal. Oct. 17, 2019) ("Plaintiff does not need to file a police report to demonstrate that irreparable injury – to [counsel] as well as Plaintiff's interest in this case – is likely and imminent."). Beyond Blond is without fault in creating this crisis, which is solely the result of Defendant Heldman's abusive conduct.

## IV.    Beyond Blond Is Entitled To Immediate Injunctive Relief

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). The standard for granting a temporary restraining order is the same as a preliminary injunction. *See Lavan v. City of Los Angeles*, 2011 WL 1533070, *1 (C.D. Cal. 2011) ("an application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction"). To obtain preliminary injunctive relief, the moving party must show "that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a 'version of the sliding scale' approach where 'a stronger showing of one element may offset a weaker showing of another.'" *Engelbrecht v. JP*

*Morgan Chase Bank, N.A.,* No. CV 11-6809 DSF DTBX, 2012 WL 10423236, at *1 (C.D. Cal. Feb. 23, 2012) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131–35 (9th Cir.2011)). "Under this approach, a court may issue a preliminary injunction where there are serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff ..., so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* (quoting *Alliance*, 632. F.3d at 1135). When a party seeks "[a] mandatory injunction [that] orders a responsible party to take action," then "[i]n general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations and internal quotation marks omitted).

Courts have broad authority to tailor injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, including ordering a party to stop sending harassing and threatening emails to the opposing party and its counsel, and ordering takedown of a fake website built for opposing counsel. *See, e.g.*, *United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-MWF (MAAX), 2019 WL 6917918, at *10 (C.D. Cal. Oct. 17, 2019) (holding that "the First Amendment does not protect offensive and threatening messages and posts on public or semi-public websites, and such postings can be considered a harassing course of conduct," and ordering takedown of the fake website) (citation omitted); RFJN Ex. 1.

It is black letter law that federal courts have broad inherent powers to control the conduct of those who appear before them. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) (finding that a district court's use of its inherent power to award attorney's fees as a sanction for a party's bad-faith conduct was proper). "[W]hereas [the Federal Rules and other laws] reach[] only certain individuals or conduct, the inherent

power extends to a full range of litigation abuses" and can "fill in the interstices."  *Id.* at 46; *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."). "[A] district court has the inherent power to issue an injunction against litigants who harass their opponents."  *Yates v. Belli Deli*, No. C 07-01405 WHA, 2007 WL 2318923, at *3 (N.D. Cal. Aug. 13, 2007) (citing *De Long*, 912 F.2d at 1147).

The Court has authority to order the freezing of assets pursuant to Federal Rule of Civil Procedure 65 and the equity powers of the Lanham Act under 15 U.S.C. § 1117. *Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1526 (S.D. Cal. 1989) *aff'd*, 970 F.2d 552 (9th Cir. 1992).  Beyond Blond is entitled to an accounting of the Defendants' profits under its Lanham Act false advertising claim.  *Id*. § 1117 (a)(3).  The Court has a great deal of authority - pursuant to its inherent equitable powers - to preserve Beyond Blond's remedies under the Lanham Act.  *Reebok*, 970 F.2d at 559 ("Because the Lanham Act authorizes the district court to grant Reebok an accounting of Betech's profits as a form of final equitable relief, the district court had the inherent power to freeze Betech's assets in order to ensure the availability of that final relief"); accord, *Thomas, Head and Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1456-57 (9th Cir. 1996). Defendant Heldman has threatened to not pay any of the attorneys' fees awarded against Defendants to date and to flee the country and jurisdiction of this Court.  Justice Decl. Ex. A, pg. 11; Keshishian Decl., Ex. A, pgs. 6, 8; Ex. B, pgs. 11, 15, 16; Ex. C, pg. 24.  Thus, the Court should enjoin Defendants' transfer of assets, including its YouTube and Amazon content, to preserve Beyond Blond's remedies.

### A.    Beyond Blond is Likely to Succeed on the Merits

In the harassment context, the "merits" refers to Beyond Blond's ability to establish harassment that justifies injunctive relief, not the underlying intellectual property dispute. *United Artists*, 2019 WL 6917918, at *8.  "When determining whether to enjoin a litigant's

harassing conduct, federal district courts may look to state substantive law on harassment but apply the federal procedural rules under Federal Rule of Civil Procedure 65." *Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.*, No. 20-CV-02097-RS, 2020 WL 4459122, at *2(N.D. Cal. May 26, 2020) (citations omitted).  Cal. Code Civ. Proc. § 527.6 "creates 'substantive rights against certain types of harassment,' allowing individuals to 'fil[e] a petition for orders' without filing a complaint or asserting a separate cause of action." *United Artists*, 2019 WL 6917918, at *8 (citing Section 527.6(d)).  In *United Artists*, the court summarized harassment that is not constitutionally protected:

> Section 527.6 defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  Cal. Code Civ. Proc. § 527.6(b)(3).  "Course of conduct" is a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email.  *Id.* § 527.6(b)(1).  Additionally, the harassment "must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  *Id.* § 527.6(b)(3).

*Id.*  Despite First Amendment speech protections, a district court still possesses "the inherent power to issue an injunction against litigants who harass their opponents."  *Yates v. Belli Deli*, No. 07-cv-01405 WHA, 2007 WL 2318923, *3 (N.D. Cal. Aug. 13, 2007) (citation omitted).

In *Armstrong*, the court found that "[h]arassing correspondence through Facebook posts and messages falls within [the] broad statutory definition" of a harassing "course of conduct" under Section 527.6.  *Armstrong v. Parker*, No. F065640, 2013 WL 6795409, at *4 (Cal. Ct. App. Dec. 23, 2013).  The court ruled that "[i]t is reasonable for a person to feel alarmed, annoyed, or harassed by the fact that such comments have been made about them on a public or semi-public website such as Facebook" and that "[t]his type of behavior could easily cause a reasonable person to experience substantial emotional distress."  *Id.*; Glaser *v. Meserve*, No. B240385, 2013 WL 1460339, at *6 (Cal. Ct. App. Apr. 11, 2013) (finding that posting negative consumer reviews online sufficient evidence

of emotional distress to constitute harassment).

In *United Artists*, the defendant sent opposing counsel four emails threateningly writing "I will not allow anyone to deliberately violate me and my rights as I believe you did.  This is just the beginning."  *United Artists*, 2019 WL 6917918, at *3.  Counsel was concerned by the emails that named his children: "I'm sure [redacted names] are so proud of their Dad being such a bully and a liar in order to hurt other people."  *Id*.  Defendant also telephoned opposing counsel by providing a false name to the secretary to get through, and directed profanity at counsel and that he could not wait to "meet in person."  *Id*.  In his emails, defendant included a URL link and when counsel clicked the link, he discovered defendant had created a website devoted to counsel with the following text: "It is my opinion that Daniel M. Flores who is a Beverly Hills Attorney and studio exec. has THREATENED and HARASSED ME in hopes to TAKE MY COMPANY."  *Id*.  The communications stated that there would be additional actions defendant would take against counsel, including billboards and television advertisements.  *Id*.  Defendant also made a lengthy Facebook post about counsel.  *Id*.  Defendant also posted negative comments about opposing counsel "on many public fora."  *Id*. at *4.

The *United Artists* court found that plaintiff and its counsel were likely to succeed on the merits and rejected defendant's First Amendment arguments because the conduct was harassment that "would cause a reasonable person to suffer substantial emotional distress, and [counsel] has indeed stated that he has suffered such distress."  *Id*. at 9 (citation omitted).  Defendant's arguments that the communications inform the public of his encounters with counsel were unavailing because "there is no legitimate purpose in [defendant's] sending harassing messages or making harassing calls" to counsel and plaintiff and the communications were intended to harass the recipients.  *Id*.  Also, there was no legitimate public information purpose in creating a false website with inaccurate information or making false Facebook posts.  *Id*.  The court finally concluded that "online postings and his alleged advertising campaign are not protected under the First Amendment so long as the posts are threatening, harassing, or defamatory to [in-house counsel],

Plaintiff's employees, or Plaintiff's counsel.  As Plaintiff has pointed out, at least a few California courts have held that the First Amendment does not protect offensive and threatening messages and posts on public or semi-public websites, and such postings can be considered a harassing course of conduct."  *Id.* at *10 (citations omitted).  The court granted the preliminary injunction, which extended the previously granted temporary restraining order.

United Artists is on all fours here, except Defendant Heldman's harassment exceeds – by multiples – the conduct enjoined in *United Artists*.  Defendant Heldman has sent 63 harassing and threatening emails to Beyond Blond's counsel, including menacingly stating that he cannot wait to meet in person. Dkt. Nos. 205-1, Ex. D; 225-1, Ex. F; 248-1, Ex. A; 249-1, Ex. H; 258-1, Exs. A-B; Keshishian Decl. Ex. A, pg. 6.  Heldman has created and published a fake website, emulating counsel's website, with false information to defame counsel by asserting counsel is "bribing judges," and a false Yelp review. Dkt. 258-1, Ex. A; Keshishian Decl. ¶ 7, Ex. D. *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 451 (5th Cir. 2015) (affirming injunction enjoining defendant's harassing internet posts and removal of them).

Heldman has also directly emailed Ms. Justice referencing his criminal charge of stalking his ex-girlfriend, asking Ms. Justice if she is a "weak woman," referring to Ms. Justice's wife and mother living with her, and threateningly mentioning Ms. Justice's "hidden trust" and that Ms. Justice's "real name is Julie, [she is] a real estate agent, should I go on?" to ominously relay his investigation into her life.  Justice Declaration ¶¶ 5-7, Ex. A, pgs. 4, 5, 6; Keshishian Decl. Ex. C, pg. 24.  Heldman's abusive and harassing conduct, including numerous profane emails to Ms. Justice and Mr. Branom offering a $10,000 bribe, is intended to intimidate Ms. Justice into a settlement to avoid retribution and should be enjoined.  "Parties certainly do not have a right to obtain a settlement through duress, harassment, or overbearing conduct" and "[t]here is no reason the recurrent harassing conduct of a party in pursuit of a settlement may not be enjoined." *Lewis v. S. S. Baune*, 534 F.2d 1115, 1122 (5th Cir. 1976).  Heldman's harassing emails to Mr. Branom, offering

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY INJUNCTION, AND ATTORNEYS' FEES AND COSTS

$10,000 cash for favorably testimony and threatening a deposition if Mr. Branom does not pressure Ms. Justice into settlement, should be enjoined.  *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433717, at *7 (N.D. Ill. July 2, 2002) ("Further, a party may not improperly influence witness testimony or encourage a witness to testify falsely.").

Heldman's threats to publish a book regurgitating his false claims of the Court's corruption, counsel bribing the Court, the Court's antisemitism, and bias against men need to be enjoined.  *Test Masters*, 799 F.3d at 455 (declining to reassign case to a different district judge because "'judicial rulings alone almost never constitute a valid basis' for finding bias or impartiality") (citations omitted).

### B.    Beyond Blond Will Suffer Irreparable Harm

The moving party must show that irreparable harm is likely to obtain preliminary injunctive relief.  *Winter*, 555 U.S. at 22.  The court in *Myart v. Taylor*, however, noted that traditional injunctive relief standards do not apply in situations such as these to enjoin a party's abusive and harassing litigation conduct.  *Myart v. Taylor*, No. SA: 5:16-CV-736-DAE, 2016 WL 5376227, at *4 (W.D. Tex. Sept. 26, 2016) (issuing preliminary injunction enjoining harassing communications even though not all four factors for test met). Defendant Heldman's harassment has escalated and over the last few days he has sent 24 racist and abusive emails to counsel, numerous threatening emails to Ms. Justice, and attempted to influence Mr. Branom's testimony and sought his pressure to force Ms. Justice to settle with a $10,000 bribe.  Keshishian Decl. ¶¶ 4-7, Exs. A-C; Justice Decl. ¶¶ 4-7, Exs. A-B; Branom Decl. ¶¶ 7-12, Ex. A.  Ms. Justice was distressed into filing a police report based on Heldman's harassment, which alone is sufficient to establish irreparable harm, let alone harassment of counsel to interfere with the attorney-client relationship and representation.  *United Artists,* 2019 WL 6917918, at *11 ("Plaintiff does not need to file a police report to demonstrate that irreparable injury – to Flores as well as Plaintiff's interest in this case – is likely and imminent."); *Doe v. Fitzgerald*, No. CV2010713MWFRAOX,

10

2021 WL 6104395, at *7 (C.D. Cal. Oct. 28, 2021) (holding that "Defendant's personal attacks on [plaintiff's and counsel's] character and credibility, is harm that is irreparable," especially when defendant has threatened to publish "additional information that identifies and disparages Plaintiffs"). Here, Heldman has threatened to publish a book that continues his harassment and false statements thereby establishing irreparable harm. Keshishian Decl. Ex. A, pg. 5; Ex. C, pg. 20. *See Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 776 (1984) ("False statements of fact harm both the subject of the falsehood and the readers of the statement").

### C.    The Balancing of Hardships and Public Interest

A court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. In *United Artists*, the court determined that the balance of hardships tilted towards granting an injunction prohibiting defendant "from engaging in harassing or threatening conduct" towards counsel and plaintiff because it would not prevent defendant "from effectively prosecuting the case or communicating with his counsel." *United Artists*, 2019 WL 6917918, at *11. Similarly, enjoining Heldman's threatening and harassing emails will not prevent his defense in the case nor his communications with his own counsel and the balance of hardships tips in Beyond Blond's favor.

The public interest would also be served "because it would help ensure the fair administration of justice. It would ensure that [Keshishian] and members of Plaintiff's legal team can fully participate in this lawsuit without the fear of receiving harassing communications from [Heldman]." *Id*.

### D.    There Should be No or Minimal Bond Requirement

Although Rule 65 requires a bond before the issuance of a preliminary injunction, the Court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Johnson v.*

*Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation omitted).  Here, the Court should require no bond because of the high likelihood of success on the merits, or the bond should be minimal.  *United Artists*, 2019 WL 6917918, at *12 (ordering plaintiff to post $1,000 bond).

### E.     The Court Should Award Beyond Blond's Fees and Costs

The Court has the authority to issue monetary sanctions against Heldman for his incessantly abusive and escalating harassment.  *Brine, Inc. v. STX, L.L.C.*, 367 F. Supp. 2d 61, 71 (D. Mass. 2005).  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) (finding that a district court's invocation of its inherent power to assess attorney's fees as a sanction for a party's bad-faith conduct was within its discretion); *Fid. Nat. Title*, 2002 WL 1433717, at *7 (awarding fees and costs because "a party's harassment of or threats to an opposing party is considered bad faith conduct and may be subject to sanctions."); *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC,* 606 F. Supp. 2d 617, 625–26 (E.D. Va. 2008) (holding that "publishing false information about the Court's rulings is egregious and vexatious misconduct justifying the imposition of sanctions...").  If the Court grants this requested relief, Beyond Blond will comply with the Court's "Order Re Requirements For Motion For Attorneys' Fees" and submit the joint motion should the parties not be able to resolve same during the conference of counsel.

### V.     Conclusion

The Court should grant a temporary restraining order and preliminary injunction prohibiting Heldman from threatening and harassing Ms. Justice, Beyond Blond's counsel and counsel's employees, and Mr. Branom.  The Court should also order Heldman to remove the fake website targeting Beyond Blond's counsel and the anonymous Yelp review, and enjoin him from creating any further websites or reviews containing false and harassing content.  The Court should also grant Beyond Bond's attorneys' fees and costs

12

for Defendants' abusive and harassing conduct that necessitated this Application.

Dated: June 14, 2022                    Respectfully submitted,

                                        **MILORD & ASSOCIATES, P.C.**

                                        By:  /s/ Milord A. Keshishian
                                             Milord A. Keshishian
                                             Attorneys for Plaintiff
                                             Beyond Blond Productions, LLC

BEYOND BLOND'S EX PARTE APPLICATION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY INJUNCTION, AND ATTORNEYS' FEES AND COSTS