UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, Plaintiff, v. EDWARD HELDMAN III, et al., Defendants. | CV 20-5581 DSF (GJSx) Order Conditionally Granting Ex Parte Application for Defense Counsel to be Relieved from Representation of Defendants (Dkt. 276)[1] |

Defense counsel's ex parte application was filed on June 23, 2022. There is no indication that counsel have advised their clients of this application, however counsel state that they have been unable to communicate with their clients.

Having read and considered the application, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

Good cause has been shown. Therefore, the Court grants the application effective on the date that defense counsel file and serve – on the clients and all attorneys of record – a declaration (in the form specified in 28 U.S.C. § 1746) that:

---

[1] Counsel purport to represent "third party Ronald Hall." The Court does not know what connection Hall has to this litigation and there is no showing as to him. Counsel make no argument as to Hall. This Order does not relieve counsel of their representation of Hall.

(1) Sets forth the clients' current address and telephone number, recently verified as accurate by the withdrawing counsel;

(2) Informs the clients and all attorneys of record that the stated address will be the address to which all future documents will be served or sent until changed by appropriate notice or substitution of attorney;

(3) Informs the clients of all future dates now set in this action, including, but not limited to, pre-trial conference related dates, discovery cut-off dates, the motion cut-off date, and dates relating to any pending discovery obligations;

(4) Informs any individual client that any individual appearing pro se will be required to comply with this Court's standing orders, this District's Local Rules, the Federal Rules of Civil Procedure and all other Federal Rules;

(5) Informs any client corporation, unincorporated association, partnership, or trust that it cannot appear without counsel, and of the consequences of its failure timely to obtain counsel.  See Local Rule 83-2.2.1;

(6) Informs the clients when and where the clients may obtain the client's case file, if it is not already in the client's possession;

(7) Informs the clients of the following:

Although the individual client is proceeding pro se, i.e., without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. See C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including pro se litigants, i.e., parties who are not represented by a lawyer. There is a free "Pro Se Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

Parties in court without a lawyer are called "pro se litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal Pro Se Clinic where pro se litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). Pro se litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

Pro se litigants may submit documents for filing through the Court's Electronic Document Submission System (EDSS) instead of mailing or bringing documents to the Clerk's Office. Only internet access and an e-mail address are required. Documents are submitted in PDF format through an online portal on the

Court's website. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

Attorneys may not use EDSS to submit documents on behalf of their clients. Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

(8) Informs any client corporation, unincorporated association, partnership, or trust that failure of the client to appear through counsel no later than July 29 will result in the striking of the clients' answer(s), possible entry of default and default judgment, and dismissal of all claims of the clients;

(9) Informs the clients that (a) because no documentary or other evidence has been submitted to support the statements set forth in the Declaration of Edward Heldman III at docket 274 concerning Heldman's alleged lack of competence, mental state, or ability to communicate with counsel, (b) because Heldman clearly states he was competent to make the Declaration, (c) because the Court doubts that Heldman truly lacks the level of competence required to represent himself, and d) because Heldman has made himself unavailable even to communicate with his counsel, the Court declines Defendants' improper pro se request for a stay.

Defense counsel must also provide a proof of service of this Order and the required declaration.

Failure to comply with the above requirements by July 5, 2022 will result in the denial of the application.

Effective on the date counsel complies with this Order, Edward Heldman, III will represent himself, and the docket will be amended to reflect the address for Heldman as described in counsel's declaration.

IT IS SO ORDERED.

Date: June 27, 2022

*Dale S. Fischer*
Dale S. Fischer
United States District Judge