UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>EDWARD HELDMAN III, et al.,<br>    Defendants. | CV 20-5581 DSF (GJSx)<br><br>Order DENYING Motion for Reconsideration (Dkt. 248) |

On February 8, 2021, the Court granted Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC's motion to strike under California's anti-SLAPP statute Plaintiff Beyond Blond Productions, LLC's state law claims for tortious interference with existing and prospective economic advantage, trade libel, and unfair competition. Dkt. 80 (Order). On November 3, 2021, Beyond Blond moved for reconsideration of the order on the grounds that newly discovered information regarding Defendant Heldman's anonymous Amazon account indicated the litigation privilege may not apply, dkt. 165, and the Court denied the motion, dkt. 178. Beyond Blond again moves for reconsideration of the Order. Dkt. 248 (Mot). Defendants oppose. Dkt. 254 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Beyond Blond's motion is DENIED.

## I. LEGAL STANDARD

In the Central District of California, a motion for reconsideration may be made only on grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id. Unless the moving party shows that one of the three listed grounds exists, the Court will not grant reconsideration.

## II. DISCUSSION[1]

As the Court stated in its prior order denying reconsideration, the Court previously found Defendants' communications to Amazon and Warner Brothers in 2020 were protected by the litigation privilege, and therefore Beyond Blond did not have a likelihood of prevailing on the merits of its state law claims because those claims were barred. Order at 11, 13-14. Beyond Blond seeks reconsideration of the Order on the grounds that (1) the Ninth Circuit reversed a case on which the Court relied in finding the litigation privilege applied for purposes of the first prong of the anti-SLAPP analysis; and (2) communications produced in discovery after the Order allegedly disclose Defendants' purpose of seeking to cut off a competitor's source of revenue for commercial purposes without the intent to imminently litigate. Mot. at 3-4.

### A. Change in Law

Beyond Blond argues that the Court should change its decision in the Order because cases on which the Court relied have either been

---

[1] Defendants argue Beyond Blond failed to meet and confer on this motion, but it is evident from the communications submitted by Beyond Blond that Beyond Blond attempted to do so. See Dkt. 248-1, Ex. A at 8.

2

reversed by the Ninth Circuit or questioned by other district courts. Mot. at 7. As an initial matter, that another district court criticized a decision on which this Court relied in the Order, or resolved a similar issue differently, does not amount to a "material" difference in law.

The Court considers the Ninth Circuit's reversal in April 2022 of Thimes Sols. Inc. v. TP Link USA Corp., No. CV 19-10374 PA (EX), 2020 WL 4353681 (C.D. Cal. June 8, 2020), aff'd in part, rev'd in part and remanded, No. 21-55407, 2022 WL 1125628 (9th Cir. Apr. 15, 2022). The Ninth Circuit's reversal of the district court's decision in an unpublished memorandum also does not amount to a change in law requiring the Court to change its findings. The Court relied on Thimes in the Order, finding the reasoning of the case was applicable because, as here, the defendants submitted written complaints to Amazon alleging the plaintiff had infringed its intellectual property, and the court in Thimes had held that Amazon was a party with an interest in the litigation because the case concerned activity on Amazon's platform. Order at 10. Notably, the district court in Thimes did not explicitly discuss whether the defendants contemplated litigation at the time of the communications challenged by the anti-SLAPP motion. See Thimes, 2020 WL 4353681, at *6.

In reversing the district court's findings as to the anti-SLAPP motion, the Ninth Circuit stated:

> Defendants' complaints to Amazon did not propose litigation. Nor, taking the facts in the light most favorable to Plaintiff, did Defendants seriously contemplate litigation at that time. California's litigation privilege therefore does not shield Defendants' complaints to Amazon from litigation. Accordingly, Plaintiff prevails on the anti-SLAPP inquiry.

Thimes, 2022 WL 1125628, at *1. This finding does not constitute a change in law, as it was dependent on the specific facts of that case, and therefore it does not disturb the Court's findings in the Order.

B.   New Facts

Beyond Blond also argues that documents produced in discovery after the Order reveal that Defendants did not seriously contemplate litigation at the time they engaged in the activity at the heart of Beyond Blond's anti-SLAPP motion. Mot. at 7-8. The Court found in the Order that "the gravamen of Beyond Blond's claims is that Defendants allegedly falsely represented to others that Beyond Blond infringed their copyright and trademark, leading to the suspension of Beyond Blond's Amazon account." Order at 7-8.

Beyond Blond argues that because none of the emails to Amazon propose or threaten litigation at the time they were made, Heldman was not seriously contemplating litigation. Mot. at 7. Beyond Blond also argues that because Defendants filed counterclaims only after Beyond Blond filed suit, and because they did not assert counterclaims for copyright infringement, this demonstrates they did not seriously contemplate litigation. Id. at 8. The Court rejected this argument in its Order. Order at 11. Additionally, while Defendants did not bring a counterclaim for copyright infringement, as Beyond Blond points out, see Mot. at 8, they did counterclaim for trademark infringement, see dkt. 35 ¶¶ 41-42; dkt. 168 ¶¶ 52-53.

Beyond Blond also argues the newly-produced documents show that Heldman's intent was not to defend his intellectual property, but rather to remove Beyond Blond's titles from Amazon to defeat competition. Mot. at 8. While Heldman refers in some of his communications to Amazon to the allegedly racist content in Beyond Blond's videos, in other communications, including prior to filing the counterclaims, he also claimed intellectual property infringement and posting of public domain content in violation of Amazon's policies. See dkt. 248-1, Ex. B (September 2022 email to Amazon listing several of Beyond Blond's videos and arguing they are public domain and infringing content, and noting other issues such as racist images); Ex. D (pre-suit communications about posting of public domain content, followed by emails days before filing counterclaim referring to racist content in Beyond Blond's videos). As the Court stated in its Order,

4

Order at 11, and restated in its order denying Beyond Blond's first motion for reconsideration, dkt. 178 at 3, California's litigation privilege is an "absolute" privilege and is not subject to qualification based on the subjective motives of a party. Silberg v. Anderson, 50 Cal. 3d 205, 215 (1990), as modified (Mar. 12, 1990); Mansell v. Otto, 108 Cal. App. 4th 265, n.47 (2003) ("[T]he presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable."). The Court declines to disturb the findings in its Order.

### III. CONCLUSION

Beyond Blond's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Date: July 11, 2022

Dale S. Fischer
United States District Judge