UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| Elisa Quintero | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:** ORDER (IN CHAMBERS) **GRANTING IN PART** PLAINTIFF'S MOTION FOR AN CONTEMPT [249] AND REQUIRING USE OF SPECIAL MASTER AND IT FORENSIC SPECIALIST

On June 23, 2022, the Court held a hearing on Plaintiff's Motion for Contempt, which alleged, inter alia, that Defendants had not complied with the requirements of the Court's previous Order regarding certain discovery. The Court's Previous Discovery Order [Dkt. 232], required all responsive document to be produced by April 29, 2022, at 5 p.m. The Court also found that Defendants' failures to produce documents and otherwise engage in discovery, and the complete lack of merit in Defendants opposition to Plaintiff's motion to compel, warranted the shifting of attorneys' fees. The Court made an award that is not the subject of Plaintiff's present motion to compel.

//
//
//
//
//
//

Initials of Preparer  00:00
eq

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

In the Court's Prior Discovery Order, the Court also noted and ordered as follows:

- There are many instances in which Defendant's original responses to document requests indicated that certain categories of documents would be produced. Later correspondence from Defendant's counsel updating Defendant's responses indicated that no responsive documents exist, including for categories of documents for which the Court has a difficult time believing that responsive documents never existed. Thus, Defendant must submit a declaration under penalty of perjury explaining, for categories for which there are allegedly no document in existence: (1) when he first searched for responsive documents, (2) where he searched for such documents, and (3) whether responsive documents existed at an earlier time.[1] The declaration, which must be signed by Defendant, not counsel, is due on or before May 6, 2022.

- The Court finds that all objections are waived except for those relating to the attorney-client and attorney work product privileges. Documents will be produced subject to the previously entered Protective Order, which provides sufficient protection for confidential documents. A privilege log for any documents withheld under the attorney-client privilege and/or work product doctrine must be served by 5 p.m. on May 6, 2022. Defendant need not log privileged correspondence or work product created after the filing of the lawsuit. Defendant's privilege log must contain sufficient foundational information for the Court to determine whether the stated privilege applied in the event of a challenge to a particular entry by Plaintiff.

Plaintiff's present motion to compel provides uncontroverted evidence that Defendants have willfully violated the Court prior discovery order by not producing the vast majority of responsive documents or any privilege log. Nor did Defendants provide the declaration required by the Prior Discovery Order.

Plaintiffs' Motion also details heinous statements made by defendant Heldman to and about Plaintiff's Counsel as well as certain statements about both judicial officers assigned to this matter. The Court need not address specifically these statements, as they

|  | 00:00 |
|---|---|
| Initials of Preparer | eq |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

were also the subject of motion practice before the District Judge and consequent orders. [Dkt. 272 (District Judge's Order).]

For the reasons set forth in detail at the hearing on Plaintiff's Motion, the Court finds and orders the following:

1. Because Defendants did not produce a privilege log, ***all privileges are waived***. The Court previously held that Defendants waived privilege except those related to the present litigation. Given Defendants failure to comply with any of the Court's prior discovery rulings, including timely production of any documents or preparation of a privilege log, the Court now holds that all privileges – including for work product related to litigation – have been waived. Defendants are to produce all requested documents without redaction within two (2) weeks of this order.

2. Plaintiff's Request that affirmative defenses 1 – 9 be stricken is denied without prejudice. The District Judge must approve any such sanction. Plaintiff's may refile this request, seeking a recommendation from the Magistrate Judge to the District Judge or directly with the District Judge, upon a showing of prejudice at a later date.

3. At the hearing, the Court ordered the parties to provide a selection of proposed, agreed to Special Masters, because the Court orders that any depositions of defendant Heldman be overseen by a Special Master. The parties agreed that any of the retired judicial officers listed below would be acceptable to both sides. The Court therefore orders that the parties contact one or more of the following to obtain their availability. The deposition or depositions of defendant Heldman will be conducted via Zoom (given the threats made by Heldman to Plaintiff's counsel) and will be overseen by one of the following retired judicial officers. Defendants are to pay for the use of the Special Master. Defendants must provide a retainer to the Special Master in the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

of one full day at the rate of the Special Master chosen. Payment of the retainer is to be made before the deposition is conducted.

    a. Hon. Patrick J Walsh (Ret.): https://signatureresolution.com/neutral-CPT/hon-patrick-j-walsh-ret/

    b. Hon. Suzanne H. Segal (Ret.): https://signatureresolution.com/neutral-CPT/hon-suzanne-h-segal-ret/

    c. Hon. Elizabeth D. Laporte (Ret.): https://www.jamsadr.com/laporte/

    d. Hon. James C. Francis IV (Ret.): https://www.jamsadr.com/francis/

4. At the Zoom deposition, both defendant Heldman and his counsel must be clearly visible to prevent any coaching or other improper behavior.

5. The Court also orders that Defendants retain, at their expense, an IT Forensics Specialist to conduct the forensic analysis discussed on the record at the hearing related to imaging and analysis of defendant Heldman's computer, a removable hard drive, an iPhone, and an iPad. The parties agree that the specialists at either of the following websites would be appropriate for such an analysis: www.innovativedriven.com www.idiscoverglobal.com. Plaintiff may select from either of the two specialists. Defendants are to provide the selected specialist with a $5,000 retainer by no later than one week after the date of this order, and additionally must provide the relevant electronic devices to be imaged within 3 business days after that at a date amenable to the IT specialist.

    IT IS SO ORDERED.

cc: District Judge

| | | |
|---|---|---|
| | | 00:00 |
| | **Initials of Preparer** | eq |