# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, Plaintiff, v. EDWARD HELDMAN III, et al., Defendants. | CV 20-5581 DSF (GJSx) Order GRANTING Defendants' Motion for Order Awarding Defendants Additional Anti-SLAPP Attorneys' Fees; and Compelling Payment of Anti-SLAPP Attorneys' Fees (Dkt. 297) |

Defendants Edward Heldman III, ComedyMX, Inc., and ComedyMX, LLC (collectively CMX) move for an Order Awarding Defendants Additional Anti-SLAPP Attorneys' Fees and Compelling Payment of Anti-SLAPP Attorneys' Fees. Dkt. 297 (Mot.). CMX seeks immediate payment of $60,462.56. Beyond Blond opposes. Dkt. 312 (Opp'n).

On February 8, 2021, this Court granted CMX's anti-SLAPP Motion. Dkt. 80 at 14. On March 22, 2021, the Court granted CMX's motion for $48,712.56 in attorneys' fees and costs associated with the filing of its anti-SLAPP motion. Dkt. 89 at 9.

Beyond Blond then brought two more motions in an attempt to re-visit the Anti-SLAPP issue. Both attempts were unsuccessful. On April 28, 2021, this Court denied Beyond Blond's motion to certify the Anti-SLAPP motion for interlocutory appeal. Dkt. 94. And on July 11, 2022, this Court denied Beyond Blond's Second Motion for Reconsideration of the Anti-SLAPP motion. Dkt. 283. The parties have come to an agreement that CMX is due an additional $11,750 for

the renewed attempts to defeat the Anti-SLAPP ruling.  Mot. at Ex. A, ¶¶ 4, 8, 9 (agreeing to $6,250 for the motion for interlocutory appeal and $5,500 for the motion for reconsideration).  This brings the total amount of attorney fees and costs due to CMX to $60,462.46.  The Court awards CMX the additional $11,750 in fees stipulated to by the parties.

The Court also compels payment of the fees no later than January 10, 2023.  Beyond Blond, however, may stay the payment of attorneys' fees by presenting the Court with an acceptable supersedeas bond.

The Court "has the discretion to stay an award of attorneys' fees." Scott W. Hallock, et al., v. Kevin Healey, Propagate Content, LLC, No. CV 20-02726-CJC (MAAx), 2021 WL 5000680, *1 (C.D. Cal. Apr. 1, 2021) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether to stay payment of attorney fees, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Spitz Techs. Corp. v. Nobel Biocare United States LLC, No. CV 17-00660 JVS (JCGx), 2018 WL 6016149, *1 (C.D. Cal. Aug. 13, 2018) (analyzing the Hilton factors in determining whether to grant a stay of enforcement of attorney fees); Jackson v. Applied Materials Corp., No. 20-cv-06007-VKD, 2022 U.S. Dist. LEXIS 194417, *2 (N.D. Cal. Oct. 25, 2022) (similar).

Given this Court's prior rulings on the Anti-SLAPP issues, the first factor obviously weighs in favor of compelling immediate payment of fees.  The second factor weighs in favor of compelling immediate

payment because Beyond Blond has not identified any irreparable injury it would incur from paying the attorneys' fees.[1]  The third factor weighs in favor of granting the request for a stay, because nothing suggests that Defendants would be substantially injured by staying the payment of attorneys' fees.  Indeed, Defendants "waited over one year to move to compel enforcement" of the $48,712.56 award.  Opp'n at 7.  The fourth factor does not tip the scales in either direction.  It is inconvenient and inefficient to have Beyond Blond pay the fees now when there are still claims that need to be resolved and before Beyond Blond can appeal.  See Hallock, 2021 WL 5000680, *1 ("Plaintiffs are unable to appeal the fee award until the remaining claims are resolved.  It would not serve the ends of justice or the interest in efficient and inexpensive resolution of actions to allow Defendants to collect this award long before the remaining claims are resolved, or any potential appeal can be heard") (citing Fed. R. Civ. P. 1).  Conversely, prevailing on an anti-SLAPP motion is costly and a party "should not bear the burden of waiting for appellate review to be compensated for such expenditures." Language Line Servs. v. Language Servs. Assoc., LLC, No. CV 10-02605 JW, 2012 U.S. Dist. LEXIS 7494 at *9 (N.D. Cal. Jan. 23, 2012).  Accordingly, the Hilton factors weigh in favor of granting the motion to compel payment; the Court compels Beyond Blond to pay Defendants $60,462.56 in attorneys' fees and costs.

Beyond Blond has requested that if it is ordered to pay, the "Court order a bond be posted instead of payments made directly to Defendants."  Opp'n at 7.  "To prevent complications arising from pre-appeal enforcement of judgments, Federal Rule of Civil Procedure 62(b)

---

[1] The Court recognizes that there is potential harm to Beyond Blond.  This Court previously ordered CMX to pay Beyond Blond $12,500 in attorneys' fees by August 1, 2022 based on an application for a finding of contempt. (Dkt. 262).  CMX has not tendered payment and has threatened to default on its obligation and declare bankruptcy.  Opp'n at 5; see also Dkt. 309-1 at 4, at 23 ¶¶2-3.  This concern, however, is resolved by allowing Beyond Blond to meet its obligation by posting a supersedeas bond.  Any continued issues could be resolved by an offset before payment is actually tendered to CMX.

provides that a party 'may obtain a stay by providing a bond or other security.'" City of San Antonio v. Hotels.com, L.P., 141 S. Ct. 1628, 1632 (2021) (quoting Fed. R. Civ. P. 62(b)).  Orders for attorneys' fees can be stayed pursuant to Fed. R. Civ. P. 62(b).  Wishtoyo Found. v. United Water Conservation Dist., No. CV 16-3869-DOC-PLA, 2019 WL 8226058, at *2 (C.D. Cal. Apr. 11, 2019) ("Moreover, district courts in this Circuit, consistent with Masto, have granted a stay of enforcement upon posting of a supersedeas bond as to orders for attorneys' fees specifically. . . .  Accordingly, the Court finds that Defendant is entitled to a stay of the attorneys' fees order, upon posting of a supersedeas bond, as a matter of right pursuant to Federal Rule of Civil Procedure 62(b).") (citing ACLU v. Masto, 670 F.3d 1046, 1066 (9th Cir. 2012)).  If Beyond Blond presents an acceptable supersedeas bond in the amount of $60,462.56, payment of the attorneys' fees will be stayed.

## CONCLUSION

The Motion is GRANTED.  The Court awards Defendants an additional $11,750 in attorneys' fees and Court compels payment of the award.  However, Beyond Blond may stay the payment of this award by posting an acceptable supersedeas bond.  Beyond Blond must either post an acceptable supersedeas bond or pay $60,462.56 in attorneys' fees and costs to CMX by January 10, 2023.

IT IS SO ORDERED.

Date: November 4, 2022

Dale S. Fischer
United States District Judge