1  Milord A. Keshishian (SBN 197835)
   milord@milordlaw.com
2  Kirstin A. Jensvold-Rumage (SBN 345916)
   kirstin@milordlaw.com
3  **MILORD LAW GROUP P.C.**
   333 South Hope Street, Suite 4025
4  Los Angeles, California 90071
   Telephone: (310) 226-7878
5  Facsimile: (310) 226-7879
   Tel: (310) 226-7878
6  Fax: (310) 226-7879

7  Attorneys for Plaintiff
   Beyond Blond Productions, LLC

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  BEYOND BLOND PRODUCTIONS, LLC,    CASE NO.:  2:20-cv-05581 DSF (GJSx)
    a California limited liability company;
13
                                              **BEYOND BLOND'S NOTICE OF**
14         Plaintiff,                         **MOTION AND MOTION FOR AN**
                                              **ORDER HOLDING EDWARD**
15         vs.                                **HELDMAN III IN CIVIL**
                                              **CONTEMPT; ENFORCEMENT OF**
16                                            **THE PRELIMINARY INJUNCTION**
    EDWARD HELDMAN III, an individual;        **ORDER; AND REQUEST FOR**
17  COMEDYMX, INC., a Nevada corporation;     **SANCTIONS, COSTS, AND**
    COMEDYMX, LLC, a Delaware limited         **ATTORNEYS' FEES**
18  liability company; and DOES 1-10;
19                                            Honorable Dale S. Fischer
           Defendants.
20
21                                            Date:       March 11, 2024
22                                            Time:       1:30 p.m.
23                                            Location:   Courtroom 7D
                                                          350 West 1st Street
24                                                          Los Angeles, California 90012
25

26

27

28

---

**BEYOND BLOND'S MOTION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY**
**INJUNCTION, AND ATTORNEYS' FEES AND COSTS**

**TO THE HONORABLE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on March 11, 2024, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at the First Street Courthouse, 350 W. 1st Street, Courtroom 7D, Los Angeles, CA 90012, before Honorable Dale S. Fisher, Plaintiff Beyond Blond Productions, LLC ("Beyond Blond") will and hereby moves the Court for an order holding Defendant Edward Heldman III ("Heldman") in Civil Contempt, enforcement of the Preliminary Injunction Order (Dkt. 289), and imposition of sanctions and an award of attorneys' fees against Heldman for Heldman's violation of the Court's Order.

This motion is based on the accompanying Memorandum of Points and Authorities, Declaration of Milord A. Keshishian ("Keshishian Decl."), Declaration of Michael Busenkell ("Busenkell Decl."), Request for Judicial Notice, and all pleadings and papers on file, and upon such other matters as may be presented to the Court at the time of the hearing.

The parties met and conferred pursuant to Local Rule 7-3's meet and confer requirement on the instant motion on January 22, 2024, and Heldman's counsel confirmed he would oppose.

Dated:  February 12, 2024          Respectfully submitted,

                                   MILORD LAW GROUP, P.C.

                                   /s/ Milord A. Keshishian
                                   Milord A. Keshishian
                                   Attorneys for Plaintiff
                                   BEYOND BLOND PRODUCTIONS, LLC and
                                   MICHELLE JUSTICE

-0-

**BEYOND BLOND'S MOTION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY INJUNCTION, AND ATTORNEYS' FEES AND COSTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

After Beyond Blond filed its Reply on January 31, 2024 (Dkt. 356), Heldman again violated this Court's injunction by sending threatening email to counsel. Keshishian Decl. ¶10, Ex. F.  Not only did Defendant Heldman systematically violate this Court's TRO/Preliminary Injunction Order (Dkts. 272 and 289) by sending harassing emails to Plaintiff Beyond Blond's principal, Michelle Justice, and its counsel during bankruptcy, but he went further by encumbering the assets of ComedyMX's bankruptcy estate by sending a letter to Warner Brothers to provoke an infringement action.  *See* Dkt. 356-16, Exhibit 12.  Heldman's contempt of this court's orders lead to the bankruptcy court's removal of Heldman as debtor in possession: "[t]he issue is that the debtors' principal, Edward Heldman III, who is the owner of the debtors and their only officer and employee, has sent emails that make it abundantly clear that he cannot serve in a fiduciary capacity to this bankruptcy estate."  *In re ComedyMX, LLC*, 647 B.R. 457, 459 (Bankr. D. Del. 2022).  "The emails are repugnant and ***undoubtedly violate the [California] district court's injunction***.  The most striking features of Heldman's communications are their vulgarity, racism, misogyny, and homophobia."  *Id*. at 460 (emphasis added).

In retaliation for removal as debtor in possession, Heldman sent foreboding emails to the newly appointed trustee threatening to contact Warner Brothers to disclose ComedyMX's infringement.  Dkt. 356-12, RFJN Ex. 8, p. 37.  Heldman's intent to demonetize ComedyMX's YouTube videos was patently obvious: "They need ti (sic) demonetize us, CMX committed copyright infringement."  Keshishian Decl., Ex. C, p. 83.  Violating the Court's order enjoining attempts to encumber the ComedyMX's assets, Heldman wrote to Warner Brothers stating that ComedyMX engaged in "On-Going Willful WB Trademark and Copyright Infringement."  Dkt. 356-16, Exhibit 12.

Heldman should be held in civil contempt, sanctions should be issued to coerce his compliance with court orders, and Beyond Blond should be awarded its fees and costs.

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-1-

## II.    Background

### A. Procedural Background

On June 17, 2022, this Court entered a Temporary Restraining Order against the Defendants (Dkt. 272), which was converted into a Preliminary Injunction ("2022 Injunction").  Dkt. 289.  The 2022 Injunction enjoins Heldman's continuous campaign to threaten and harass Beyond Blond, its counsel, and business associates through harassing emails and other improper contact.  *Id.*  The 2022 Injunction also prohibits Heldman from encumbering assets, including YouTube channels and Amazon listings owned by Heldman's former companies and co-defendants ComedyMX, Inc. and ComedyMX, LLC ("CMX Entities").  *Id.*

On November 16, 2022, this case was stayed pending Defendants' three separate bankruptcy proceedings, two at the U.S. Bankruptcy Court for the District of Delaware, Case Nos. 22-11181 (CTG) and 22-11182 (CTG) (Jointly Administered), and Heldman's personal bankruptcy at the U.S. Bankruptcy Court for the District of Arizona, Case No. 2:22-07610-MCW.  Dkt. 338.  In his October 19, 2022, harassing email to counsel, Heldman admitted his plan to file in different jurisdictions to get it out of this "kangaroo court," to increase Beyond Blond's expenses.  Keshishian Decl. Ex. A, p. 26.  Heldman's personal bankruptcy filing in Arizona was in bad faith because he had no intention to pursue it, as evidenced by the Arizona Court's finding he "fail[ed] to remit any Plan payments to the Trustee" in violation of the Court's General Order (AZ Dkt. 48), resulting in transfer of the case to Delaware (AZ Dkt. 49), Delaware Bankruptcy Case No. 23-10232 (CTG).  Request for Judicial Notice ("RFJN") Exhibit 1 and 2.

After Heldman's numerous harassing emails in violation of this Court's 2022 Injunction, Beyond Blond filed a Motion for Contempt in the Delaware Bankruptcy Court on September 27, 2023 ("BK Motion for Contempt").  RJFN Exhibit 3.  On October 2, 2023, after "having reviewed the Motion for Sanctions of Beyond Blond," the Bankruptcy Court issued an Order to Show Cause why Heldman's case should not be dismissed.  RFJN Exhibit 5.  Having received no response, on October 18, 2023, the

-2-

---

**BEYOND BLOND'S MOTION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY INJUNCTION, AND ATTORNEYS' FEES AND COSTS**

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

Delaware Bankruptcy Court dismissed Heldman's bankruptcy case.  Dkt. 347-1.  The Bankruptcy Court did not rule on Beyond Blond's BK Motion for Contempt before dismissing the case.  On December 19, 2023, this Court lifted the bankruptcy stay and resumed proceedings.  Dkt. 348.  Beyond Blond seeks to hold Heldman accountable for his contempt of this Court's orders.

**B. Factual Background: Violations of the 2022 Injunction**

    **1. Harassing Communications**

Despite the Court's July 2022 Order enjoining Heldman's harassing and abusive communications to Beyond Blond and its counsel, Heldman ignored the Court and incessantly sent abusive emails, including last week threatening revenge.  *See* Keshishian Decl. ¶¶3-12.  Since the 2022 Injunction, throughout the Bankruptcy Case and after, Heldman sent a total of 193 emails to Keshishian and 40 emails to Beyond Blond's Michelle Justice, including stating "You no good anti Semitic [sic] communist bastards! I will end all my [YouTube] contracts and you get nothing!  You make me sick you no good biden [sic] lover, racist bastard!"  *See id*, Ex. A, p. 18.  Heldman also sent abusive emails to Beyond Blond's bankruptcy counsel and to the bankruptcy trustee.  *See* Busenkell Decl., Ex. A; Dkt. 356-7, Exhibit 3.

Heldman's barrage ranged from threatening to demonetize the CMX Entities, to personal insults and profane and targeted slurs.  On the day he filed his bankruptcy petition, Heldman emailed two images—Keshishian's headshot taken from his website, and Ms. Justice's headshot taken from social media accounts—both altered to make the subjects appear obese, and stating that the images of "your bald ass and the fat ugly chick" were uploaded to his "site," in defiance of this Court's 2022 Injunction order.  Keshishian Decl. Ex. B, p. 67.

As another example, on September 13, 2023, Heldman sent a racist and homophobic email stating "You've gained weight you fat lazy fucking gayboy. You still don't look European despite the Michael Jackson lightening, you're still a dirty faggot Armenian wannabee European. Go fuck your mother!"  *Id.* at Exhibit E, p. 125.  On June

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-3-

4, 2023, Heldman sent an email to Ms. Justice insulting her, Keshishian, and the Court, stating: "Fucking Ms Piggy Monroe Dyke. Go to run to your God Damn Bideon (sic) Judge and fucking Gay bald milord atty." *Id.* at p. 124.

On October 9, 2023, Heldman emailed Beyond Blond's bankruptcy counsel stating that they were harassing him and "tell[ing] lies," and promising to send additional insulting emails "when the case is over." Bunsekell Decl., Ex. A. On July 15, 2023, William A. Homony, the Subchapter V trustee appointed to represent Heldman's former companies and co-defendants, CMX Entities, received a series of emails from Heldman both threatening and also attempting to demonetize CMX's YouTube videos, including those listed in the 2022 Injunction. *See* Dkt. 356, Reply In Support of Motion to Strike Answer, Request for Terminating Sanctions, RFJN Exhibits 3-12.

To this day, Heldman continues to send harassing emails to Beyond Blond's counsel. On February 2, 2024, after Beyond Blond filed its Reply in support of the Motion to Strike Defendants' Answer and for Terminating Sanctions (Dkt. 356), Mr. Keshishian received an email from a new email address with Heldman's characteristic misspellings, quoting a line from a cartoon series: "Revenge is like gold. It does not rust." Keshishian Decl., Exhibit F.

### 2. Encumbering CMX Entities' Assets

Heldman repeatedly threatened to demonetize the CMX Entities' YouTube videos, including in a harassing December 4, 2022 email to both Ms. Justice and Keshishian, stating "[y]ou two are idiots. You will get nothing. Fucking scum bags, all you two will get is judgements. I will admit to Google we are wrong. They need ti (sic) demonetize us, CMX committed copyright infringement." *Id.* at Exhibit C, p. 83. In an email to bankruptcy trustee, Mr. Homony, Heldman threatened to demonetize the CMX Entities by having a "talk w/ W[arner]B[rothers]" to encourage them to either sue CMX Entities or force a license agreement, concluding that "[y]ou are going to be paying them money one way or the other – you fucked over the wrong guy!" Dkt. 356-12, RFJN Ex. 8, p. 37.

Even the Delaware Bankruptcy Court issued an injunction enjoining Heldman

-4-

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

from impairing or demonetizing CMX Entities' videos.  RFJN Exhibit 6 ("Neither the Debtor nor any entity affiliated with or controlled by the Debtor shall: (i) take any action with respect to CMX Entities' business or property, including but not limited to any online content and YouTube channels; (ii) contact or communicate with any third party with respect to CMX Entities' business, property, and/or online content").

On August 4, 2023, despite the injunction and warnings to cease-and-desist attempts to demonetize the CMX Entities' videos (Dkt. 356-14, Ex. 10, p. 41), Heldman sent a letter to the Senior Vice President of Litigation and Chief Patent Counsel at Warner Brothers Entertainment, Inc. stating that CMX Entities were engaged in "On-Going Willful WB Trademark and Copyright Infringement."  Dkt. 356-16, RFJN Exhibit 12.  This letter attached exhibits, including documents listing "all known CMX channels" featuring "WB trademarks and copyrights," encumbrance of which was explicitly prohibited by the 2022 Injunction and the Bankruptcy Court's injunction.  Dkt. 289 ("Defendants are ORDERED to refrain from transferring or encumbering any assets, including the following YouTube video channels and Amazon listings: . . .https://www.youtube.com/channel/UcwUlit_Tlx3HsgfDX_ladJg"); Dkt. 356-16, RFJN Exhibit 12, p. 51 (Classic Comedy Channel, https://www.youtube.com/channel/UcwUlit_Tlx3HsgfDX_ladJg).  Heldman's attachment of infringement allegations from Warner Bros., Dkt. 356-16, Ex. 12, pp. 57-65, shows a contempt for Judge Standish's Order compelling production of these same requested documents, which Heldman hid during discovery.  Dkt. 232.

## III.   Legal Discussion

### A. The Court Should Exercise its Power to Enforce the 2022 Injunction and Hold Heldman In Contempt

Failure to obey the terms of a preliminary injunction constitutes contempt of court. *See Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 823, 831-832 (1994).  This Court has both inherent and statutory authority to punish such contempt and to coerce compliance

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-5-

with its orders. *Id*. at 831-832; 18 U.S.C. §§ 401-402. A court may hold a party in civil contempt when the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party's behavior "need not be willful" to justify a finding of civil contempt. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). Indeed, "there is no good faith exception to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695; *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("it matters not with what intent the [contemnor] did the prohibited act").

To establish a claim for civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*. "In civil contempt proceedings[,] the contempt need not be willful." *McComb*, 336 U.S. at 191.

Where the facts are undisputed and the violation is clear, the contempt motion may be decided on the papers without the necessity of a hearing. *Honor Plastic Indus. Co., Ltd., v. Lollicup USA, Inc.*, 466 F. Supp. 2d 1217, 1221 (E.D. Cal. 206). "At the end of the day, the court determines whether the defendant has complied with the injunctive provision at issue and, if not, the sanction(s) necessary to ensure compliance." *Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000). The standard is met here.

**1. The 2022 Injunction is Clear and Unambiguous and Should be Enforced**

The terms of the 2022 Injunction are clear and unambiguous in enjoining Heldman from (1) contacting and harassing Beyond Blond, its counsel, and business associates, and (2) attempts to encumber related assets. *See* Dkt. 289. The type of communications that constitute violations of the order are specifically described in Beyond Blond's *ex parte* application for the relevant temporary restraining order, and the Court's order granting the same. Dkt. 265, 271. Accordingly, the 2022 Injunction is clear and

-6-

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

unambiguous, and should be enforced.

### 2. Proof of Heldman's Non-Compliance is Clear and Convincing and Constitutes Contempt

In violation of the 2022 Injunction, Heldman continuously and repeatedly (1) contacted and harassed Beyond Blond's founder, Ms. Justice, its counsel, Keshishian and his firm, bankruptcy counsel, and Chapter V trustee, and (2) solicited Warner Brothers to encumber CMX Entities' YouTube videos through copyright and trademark infringement claims. Dkt. 289; Keshishian Decl. Exhibits A-F; Dkt. 356-16, Exhibit 12. A party may not disregard the explicit terms of a court order. *See, e.g., GTE Sylvania, Inc. v. Consumers Union of United States, Inc.*, 445 US 375, 386 (1980) ("persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order"); *Nasco, Inc. v. Calcasieu Television & Radio, Inc.,* 583 F. Supp. 115, 121 (W.D. La. 1984) (noting that an "[o]rder must be obeyed and cannot be ignored unless it is withdrawn or vacated").

Here, Heldman knew his emails to Beyond Blond and its counsel violated the 2022 Injunction based on this Court's Temporary Restraining Order and Preliminary Injunction Order detailing his violation. Dkt. 271 at 12 (granting "order enjoining Heldman from making threatening and harassing communications directed at Keshishian or others at his law firm, Justice, and Justice's former or current business associates"). Further, Heldman's own harassing emails acknowledge the terms of the 2022 Injunction—though erroneously—in an email, "Milord, This e-mail does not violate your TRO restricting (sic) my communications with you" when discussing Keshishian's representation of another client, and days later sending an email regarding bankruptcy counsel, "[h]es (sic) a fucking idiot! If you vote for this plan you are a fucking moron! The asshole is violatng (sic) YouTube;s (sic) TOS by reusing content. Ask you (sic) lesbiean (sic) client about that one. That gay bitch would tell you (yuck ugly lesbo – no womder (sic) shes gay). Fuck you Milord, kiss my ass!"  Keshishian Decl., Ex. D at 92-93.

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-7-

Finally, Heldman's admission that "No court order will stop me" establish his willful contempt of this Court's Orders.  Dkt. 333-1, Ex. 1, p. 5.  Considering Heldman's promise to continue violating the 2022 Injunction, and his direct attacks on individuals and the CMX Entities, Beyond Blond has and will be irreparably harmed if the Court does not sanction Heldman to prevent further misconduct.

## IV.   The Court Should Sanction Heldman and Award Beyond Blond's Attorney's Fees and Costs

Heldman's flagrant and continuous contempt of the 2022 Injunction—as well as the Court's other orders—warrants imposing daily sanctions as well as attorneys' fees and costs related to Beyond Blonds' motions to enforce compliance.  Monetary sanctions of $1,000 per day payable to the Court should be imposed to coerce Heldman's future compliance with the 2022 Injunction Order.  *General  Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir.1986).  "Such coercive sanctions need not be matched to any actual loss suffered by the plaintiff."  *Hensley v. Haney-Turner, LLC*, No. CIVS-01-2212-FCD-DAD, 2007 WL 1599845, at *3 (E.D. Cal. June 4, 2007) (citing *Glover v. Johnson*, 199 F.3d 310, 313 (6th Cir. 1999)).

A court may award a party its costs and fees expended in bringing a motion for civil contempt without requiring a showing of willfulness.  *Harcourt Brace Javanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).  Beyond Blond requests that the Court award its costs and attorneys' fees expended in bringing both its Motion for Contempt in the Bankruptcy Case as well as this Motion and any future motions for compliance.  *See* RFJN Exhibit 3-4.  If the Court grants this requested relief, Beyond Blond will comply with the Court's "Order Re Requirements For Motion For Attorneys' Fees" and submit the joint motion should the parties not be able to resolve same during the conference of counsel.

Beyond Blond requests an award of reasonable costs of approximately $140.00 and attorneys' fees in the amount of $11,378.50 for both this Motion and the Motion for Contempt in the Bankruptcy Case, for a total amount of $11,518.50.  Keshishian Decl.

-8-

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

¶¶14-16; Busenkell Decl. ¶5.  Beyond Blond anticipates another four to five hours in drafting the Reply in support of this Motion but will submit a definite fee request upon finalizing its Reply.

## V.   Conclusion

Heldman's flagrant contempt of the 2022 Injunction Order—despite numerous Court warnings—by continuing his harassment of Beyond Blond and its counsel warrant sanctions.  Moreover, because Heldman has not only threatened but also acted on his threats to demonetize the CMX Entities and continued threatening to post public content intended to tarnish the Ms. Justice's and Keshishian's reputations, Beyond Blond will be irreparably harmed if the Court does not sanction Heldman to prevent further misconduct. An award of attorneys' fees and costs to Beyond Blond and monetary sanctions are justified to deter future violations and misconduct.

Dated:  February 12, 2024        Respectfully submitted,

**MILORD LAW GROUP, P.C.**

By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC and
MICHELLE JUSTICE

**BEYOND BLOND'S MOTION FOR CONTEMPT, COMPLIANCE WITH PRELIMINARY INJUNCTION, AND ATTORNEYS' FEES AND COSTS**

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878