# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC,<br>　　　Plaintiff,<br><br>　　　v.<br><br>EDWARD HELDMAN III, et al.,<br>　　　Defendants. | 2:20-cv-5581-DSF-GJSx<br><br>Order GRANTING Motion for an Order Holding Edward Heldman III in Civil Contempt; Order DENYING Motion to Strike Answer and for Terminating Sanctions (Dkt. 329, 357) |

　　　Plaintiff Beyond Blond Productions, LLC has filed two motions relating to the ongoing behavior of sole remaining Defendant Edward Heldman III. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

　　　The Court will only touch on the extensive history of Heldman's bad behavior in this Court during the pendency of this case. Heldman's harassment of Plaintiff's CEO and Plaintiff's counsel was so serious that it required entry of a preliminary injunction to curb his behavior. Heldman also failed to comply with discovery requirements and failed to comply with Magistrate Judge Standish's order compelling compliance. As a result, Heldman has had $42,822.50 in contempt sanctions imposed for failure to comply with the orders of the Court, as well as being ordered by Judge Standish to pay $5,000 to an IT forensic specialist. See Dkt. 232, 262, 285, 287. Heldman has paid the $17,572.50 discovery sanction imposed by Judge Standish, but he has not paid any of the other amounts owed.

This case was stayed on November 14, 2022, after all Defendants filed for bankruptcy. The present motion once again to hold Heldman in contempt involves his conduct immediately prior and during that period. A review of the exhibits attached to the contempt motion, Dkt. 357, shows numerous clear violations of the Court's anti-harassment injunction and the Court finds that Heldman is in contempt due to that behavior. As a contempt sanction, the Court will award Plaintiff's fees incurred in bringing the contempt motion. Plaintiff also suggests that it should be awarded fees incurred in the Bankruptcy Court related to Heldman's actions. The Court declines to do so; Plaintiff can seek such fees in the Bankruptcy Court if it wishes.

Heldman's counsel claims that Heldman does not have the ability to pay the sanctions already imposed, let alone new ones. If Heldman claims that he does not have the ability to pay sanctions, he will have to provide his own testimony, under penalty of perjury, plus supporting documentation.

The Court declines to find Heldman in contempt of the Court's injunction with respect to Heldman's attempt to "demonetize" certain of Defendants CMX entities' videos on the YouTube platform. Plaintiff argues that this violates the Court's prohibition on "transferring or encumbering" certain of Defendants' assets. Dkt. 289 at 1. The conduct at issue is a letter from Heldman to Warner Brothers that asserted that Defendants' YouTube channels were infringing on Warner Brothers' copyrights and trademarks. Dkt. 356-16. While this act certainly violates the spirit of the injunction, the Court finds that the prohibition on "encumbering" Defendants' assets does not forbid Heldman's action specifically and clearly enough to find him in contempt. Nonetheless, the Court finds that a clearer prohibition on such "demonetizing" would be appropriate, and Plaintiff is free to propose an amendment to the preliminary injunction along these lines.

The Court also declines to impose "terminating sanctions" at this time. Given that Heldman is a defendant, "terminating sanctions" means striking his answer and entering default judgment against him. While Heldman's actions have undoubtably hindered Plaintiff's

prosecution of this matter, there has not been a sufficient showing that other, less extreme sanctions could not be imposed and effective.

Heldman has engaged in two distinct types of bad behavior. Most relevant to a determination of the merits of the case, he has refused to produce certain documents in discovery. However, the Court does not have sufficient information to evaluate how much has been produced and what may or may not have been withheld. Without a better understanding of the status of discovery, the Court cannot decide whether more tailored sanctions, such as directing findings on certain facts or issues or informing the jury of Heldman's noncompliance, would be sufficient. See Fed. R. Civ. P. 37(c)(2)(A)(i), (ii). To the degree that Heldman contends that he had not previously been warned of the possibility of terminating sanctions, such as striking the answer and entry of default judgment, he should now consider himself to have been warned.

Heldman's other type of bad behavior – his incessant harassment of the opposing party and counsel – while obviously difficult, does not directly involve the litigation of the merits of the case. The Court is hesitant to impose default judgment as a sanction for these actions lest it result in an inappropriate punitive sanction for civil contempt. That said, in an extreme case, a defendant's abusive, disruptive behavior could amount to a failure to litigate the case just as much as if the defendant had never appeared at all. But the Court is not convinced that Heldman's conduct meets such an extreme standard. Plaintiff suggests that the Court impose a daily coercive sanction to stop the harassment. But this would just be an inappropriate civil punitive sanction because there would be no way for Heldman to avoid the sanction if it is automatically being imposed whether he complies or not.

The Court finds that the correct approach to Heldman's continued harassing behavior is to admonish him that **any** further violation of the Court's preliminary injunctions – especially the anti-harassment provisions – will result in a referral to the United States Attorney's Office for criminal contempt proceedings under Federal Rule

of Criminal Procedure 42. To be absolutely clear: this is Heldman's *last* opportunity to avoid criminal contempt proceedings.

The motion to hold Heldman in contempt is GRANTED. Plaintiff's attorney's fees are granted subject to a determination of the reasonable amount in accordance with the Court's standing orders. The motion to strike the answer and for terminating sanctions is DENIED.

IT IS SO ORDERED.

Date: March 25, 2024

Dale S. Fischer
United States District Judge

4