FILED

1  **EDWARD HELDMAN III**
   **10614 West Crosby**
2  **Sun City, Arizonna 85351**
   **(201) 679-7428**
3  **Eheldman.ProPer@proton.me**

4

5  **Defendant Appearing in Pro Per**

2024 AUG 28  PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ art

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  B E Y O N D    B L O N D  )  **Case No. 2:20-cv-05581-DSF-GJSx**
    PRODUCTIONS, LLC, a California )
12  Limited Liability Company,     )  Honorable Dale S. Fischer
                                   )
13                     Plaintiff,  )  RESPONSE TO MOTION FOR
                                   )  SANCTIONS; DECLARATION OF
14  v.                             )  EDWARD HELDMAN III; EXHIBITS
                                   )
15  EDWARD   HELDMAN   III,  an    )
    individual; COMEDYMX, INC., a  )
16  Nevada Corporation; COMEDYMX,  )
    a  Delaware  Limited Liability )
17  Company,                       )
                                   )
18                     Defendants. )
                                   )
19                                 )
    RELATED COUNTER-CLAIMS         )
20  _____  )

21        Defendant EDWARD HELDMAN III hereby submits this Response to

22  Plaintiff's Motion for Sanctions. My prior bankruptcy counsel did confirm that billed

23  hours occurred after dismissal of the bankruptcy action.

24        Filed herewith as Exhibit 1 is an attached Declaration of Steven S. Vahidi,

25  with his attachment of Exhibit A of specified meet and confer e-mail traffic with

26  Plaintiff's counsel re this motion

27        Filed herewith as Exhibit 2 is an e-mail chain forwarded by Mr. Vahidi to me

28

1   on July 11, 2024 containing his complete meet and confer e-mail traffic with

2   Plaintiff's counsel re this motion.

3       Exhibits 1 and 2 demonstrate the wasteful and excessive e-mail practices of

4   Plaintiff's counsel, including – as described by Mr. Vahidi – repeated sham meet and

5   confer practices, which can be extrapolated to all of their billing practices

6       Filed here with as Exhibit 3 is an attached Declaration or Meir J. Westreich,

7   previously filed on a related motion, and judicial notice thereof is requested. This too

8   demonstrates the wasteful and excessive e-mail practices of Plaintiff's counsel, and

9   other time-wasting practices, which can be extrapolated to all of their billing

10  practices.

11      The whole premise of this sanctions motion and its underlying motions is that

12  the contempt claims and sanctions entitlement are a slam dunk. And Plaintiff's

13  counsel bills out at a hefty hourly rate of $625. If so, why so many words? Why so

14  much time expended for a simple, obvious task?

15      The sanctions requested should be no more than one-third of what is billed,

16  if that.

17  Dated: August 26, 2024

18

19  _____
    Edward Heldman III - In Pro Per

20  **DECLARATION OF EDWARD HELDMAN III**

21      1. I am Defendant Edward Heldman III, appearing in Pro Per.

22      2. 1 needed and requested input from multiple prior counsel, now obtained.

23  Exhibits filed herewith are true and correct copies

24      3. I have difficulty with practical aspects of getting filings executed, served

25  and filed, all the more so as I reside in Arizona. I use an attorney service to handle

26  manual filings.

27      4. Hence, this is being served today, but will not be filed until tomorrow.

28

RESPONSE TO MOTION FOR SANCTIONS.

1      5. I wrote to Plaintiff's counsel stating this intended sequence. He did not

2 respond as yet.

3      I declare under penalty of perjury under the laws of the State of California that

4 the above is true and correct. Executed on August 26, 2024, at Sun City, Arizona.    .

5

6                  Edward Heldman III

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## DECLARATION OF STEVEN S. VAHIDI, ESQ.

I, Steven S. Vahidi, declare:

I am an attorney duly licensed to practice before the United States District Court for the Central District of California and a principal with the law firm of Vahidi Law Group, former attorneys of record for Edward Heldman, III, a party to this action, and have personal knowledge of each and all of the facts stated in this declaration. If called as a witness, I could and would competently testify to the facts contained herein.

1.    On May 6, 2024, counsel for Beyond Blond Productions, LLC, contacted me by email seeking to meet and confer regarding a stipulation to amend the preliminary injunction in accordance with this Court's March 25, 2024 Order (Dkt. 366). Attached as **Exhibit A** is a true and correct copy of an email string dated July 11, 2024.

2.    The entirety of Beyond Blond's May 6, 2024 email states:

> ***Please provide your availability to meet and confer to discuss
> a stipulation to amend the preliminary injunction****.*
>
> *Per Judge Fischer's order granting the motion for contempt
> and award of attorneys' fees associated therewith (Dkt. 366),
> Beyond Blond seeks $21,808.*
>
> > *Most sincerely,*
> >
> > *Kirstin Jensvold-Rumage*
> >
> > *Associate Attorney*

(emphasis added).

3.    On May 17, 2024, I met and conferred via conference call with Kirstin Jensvold-Rumage, Esq. and Milord Keshishian, Esq. to discuss amending the preliminary injunction per the May 6, 2024 email, and was disappointed (once again) to find out that counsel for Beyond Blond Productions, LLC had apparently done a "bait and switch" and had no intent on discussing amending the preliminary injunction.

4.    Specifically, attorney Keshishian had a different agenda. He stated I have

VAHIDI LAW GROUP
5000 BIRCH STREET, WEST TOWER, SUITE 3000, NEWPORT BEACH, CA 92660
MAILING ADDRS: 17130 VAN BUREN BLVD., #130, RIVERSIDE, CA 92504
TEL. 833.852.8529

**DECLARATION OF STEVEN S. VAHIDI, ESQ.**

1   nothing to discuss regarding demonization and that "someone here is working on the

2   proposed language." As such no substantive meet and confer regarding amending the

3   plenary injunction occurred.

4       5.    Instead, attorney Keshishian demanded $21,808 in attorney's fees but was

5   unable to provide any details regarding those fees whatsoever.

6       6.    I asked both counsel for Beyond Blond why are we meeting on a subject

7   that counsel for Beyond Blond had not scheduled to discuss and on a subject that they

8   have no details about?

9       7.    Keshishian responded that I should go discuss this matter with Attorney

10  "Westreich because he knows what to do and has done it with us before."

11      8.    I asked Keshishian the basis for the request of $21,808 in attorney's fees so

12  that I have an understanding of what Beyond Blond is seeking other than a pre-

13  determined amount. Keshishian responded that he had no details but that he would

14  forward supporting documents in the future.

15      9.    Following the call, I immediately followed up with an email memorializing

16  and describing the purported meet and confer conference call. See **Exhibit A.**

17      10.    Importantly, this Court should be aware that this is the <u>second purported</u>

18  <u>meet and confer sought by counsel for Beyond Blond Productions, LLC that was a sham</u>

19  and apparently scheduled in bad faith simply for the purpose of being able to "check the

20  box" that a meet and confer had occurred prior to filing their motion. Such conduct is

21  dishonest and unprofessional. Not only was the purported meet and confer conference

22  call a "bait and switch" but counsel for Beyond Blond Productions, LLC had no

23  information regarding the basis for its demand for attorney's fees.

24      11.    Indeed, in my May 17, 2024 email, I memorialized Keshishian's pattern of

25  misconduct. I wrote: "**[y]our conduct seems identical to your previous conduct**

26  **wherein you sought to meet and confer regarding an award of fees, but were unable**

27  **to provide any details**." (Id.). I further wrote:

28          *Our position regarding your purported meet and confer effort was*

VAHIDI LAW GROUP
5000 BIRCH STREET, WEST TOWER, SUITE 3000, NEWPORT BEACH, CA 92660
MAILING ADDRS: 17130 VAN BUREN BLVD., #130, RIVERSIDE, CA 92504
TEL. 833.852.8529

CASE NO. 2:22-cv-07092 SPG(MARx)

**DECLARATION OF STEVEN S. VAHIDI, ESQ.**

*detailed in Heldman's Opposition to Beyond Blond's Motion for Civil*

*contempt, Section III. A, and appears to be equally applicable here. We*

*informed the court that:*

> **While Heldman acknowledges a telephone conference**
>
> **occurred regarding any attorney's fees claimed by BB**
>
> **regarding the instant motion, no amount was provided. And**
>
> **in response to Heldman's request for the amount of attorney's**
>
> **fees claimed by BB, counsel for BB stated, "I will get back to**
>
> **you on that." BB's failure to provide any information as to the**
>
> **claimed attorney's fees and costs prevented any meaningful or**
>
> **thorough meet and confer required under the rule.**

(Id.).

12.    It is my request that this Court not tacitly endorse the misconduct of Beyond Blond attorneys by granting the instant motion. This Court should give no weight whatsoever to Keshishian's declarations/testimony and be cautious of any representation made to this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14ʰ day of July, 2024, in Newport Beach, California.

_____

STEVEN S. VAHIDI, Declarant

VAHIDI LAW GROUP
5000 BIRCH STREET, WEST TOWER, SUITE 3000, NEWPORT BEACH, CA 92660
MAILING ADDRS: 17130 VAN BUREN BLVD, #130, RIVERSIDE, CA 92504
TEL. 833.852.8529

3                              CASE NO. 2:22-cv-07092 SPG(MARx)

**DECLARATION OF STEVEN S. VAHIDI, ESQ.**

# EXHIBIT "A"

## Steven Vahidi

| | |
|---|---|
| **From:** | Steven Vahidi |
| **Sent:** | Friday, May 17, 2024 2:40 PM |
| **To:** | Kirstin Jensvold-Rumage; Troy Vahidi |
| **Cc:** | Milord Keshishian; Marlen Millan-Osuna; Meagan Ekaphan; Devon Esguerra; Hannah Chacko; Kerry Powers; meirjw@aol.com |
| **Subject:** | RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction |

Dear Counsel:

Please let this email confirm our conference call today, which was scheduled per your request to "discuss a stipulation to amend the preliminary injunction." (see your email below). As you are aware, the Court order dated March 25, 2024, states in relevant part "the Court finds that a clearer prohibition on such "demonetizing" would be appropriate, and Plaintiff is free to propose an amendment to the preliminary injunction along these lines." Nevertheless, at the beginning of the call, you stated that you had nothing to discuss regarding demonization and that "someone here is working on the proposed language." As such no substantive meet and confer occurred.

Surprisingly -- or maybe not so surprisingly -- you wanted to meet and confer regarding an award of attorney's fees, which was not the subject of your request to meet and confer. You requested $21,808, but were unable to provide any details. I asked why are we meeting and conferring on a subject we are not scheduled to discuss and on a subject that you have no details about. You responded that I should go discuss this matter with Attorney "Westreich because he knows what to do and has done it with us before." You added that you intend on filing a motion and that you are required to meet and confer before filing the motion. I asked that you provide the basis for the request of $21,808 so that I have an understanding of what your client is seeking other than a flat amount. You responded that you would forward supporting documents justifying the request and asked to meet and confer again.

Your conduct seems identical to your previous conduct wherein you sought to meet and confer regarding an award of fees, but were unable to provide any details. And previously, you indicated that you would forward supporting documents justifying the request and asked to meet and confer again. Our position regarding your purported meet and confer effort was detailed in Heldman's Opposition to Beyond Blond's Motion for Civil contempt, Section III. A, and appears to be equally applicable here. We informed the court that:

> While Heldman acknowledges a telephone conference occurred regarding any attorney's fees claimed by BB regarding the instant motion, no amount was provided. And in response to Heldman's request for the amount of attorney's fees claimed by BB, counsel for BB stated, "I will get back to you on that." BB's failure to provide any information as to the claimed attorney's fees and costs prevented any meaningful or thorough meet and confer required under the rule.

(Dkt. 359, p. 7-13).

1

Given your request during today's call for a follow-up meet and confer regarding attorney's fees, and your representation that you would forward supporting documents justifying the request, we have every expectation that you will follow through with your representations. And, I would be grateful if you could forward the documentation in advance ever our next scheduled meet and confer on Friday, May 24 at 2:00 PM, so that I may properly review the documentation and be prepared for the next to meet and confer.

Thank you for your consideration and have a great weekend.

/Steven Vahidi

**Steven Vahidi, Esq.**
Office: (833) 852-8529 Ext. 700
Mobile: (951) 429-0888
steven@vahidilawgroup.com



VAHIDI
LAW GROUP
Experienced. Responsive. Personalized.

**From:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Sent:** Monday, May 6, 2024 10:50 AM
**To:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Milord Keshishian <milord@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Hannah Chacko <hannah@milordlaw.com>; Kerry Powers <kerry@vahidilawgroup.com>
**Subject:** BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Re:   *Beyond Blond Productions, LLC v. Edward Heldman III, et al.*
       United States District Court - Central District of California
       Case No.: 2:20-cv-05581 DSF (GJSx)
       Our Ref. No.: BEY20-002L

Hello Steven and Troy,

Please provide your availability to meet and confer to discuss a stipulation to amend the preliminary injunction. Per Judge Fischer's order granting the motion for contempt and award of attorneys' fees associated therewith (Dkt. 366), Beyond Blond seeks $21,808.

Most sincerely,

Kirstin Jensvold-Rumage
Associate Attorney

Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
Tel (310) 226-7878

2

Fax (310) 226-7879
www.milordlaw.com

*************************CONFIDENTIALITY NOTICE*************************
The information contained in this electronic message and attachments, if any, are intended solely for the personal
and confidential use of the designated recipient. This message may be an attorney-client communication and as
such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such
communication to any persons or company other than the intended recipient. If the reader of this message is not
the intended recipient, please take notice that you have received this document in error, and that any review,
dissemination, replication, or distribution of this message is strictly prohibited. If you have received this
communication in error, please permanently delete this message and attachments, if any.

# EXHIBIT 2

Subject:    **Re: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction**

Date:    8/26/2024 3:38:58 PM Pacific Daylight Time

From:    meirjw@aol.com

To:    eheldman.eh3@gmail.com

**From:** Steven Vahidi
**Sent:** Monday, June 3, 2024 1:53 PM
**To:** Meagan Ekaphan <Meagan@milordlaw.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Given the imminent hearing date on the Motion to Withdraw by Vahidi Law Group, please hold off until after the hearing.

Thank you,

/Steven

**Steven Vahidi, Esq.**

Office: (833) 852-8529 Ext. 700

Mobile: (951) 429-0888
steven@vahidilawgroup.com



**VAHIDI**
**L A W  G R O U P**
Experienced. Responsive. Personalized.

**From:** Meagan Ekaphan <Meagan@milordlaw.com>
**Sent:** Thursday, May 30, 2024 3:44 PM
**To:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Dear counsel,

I am following up to confirm your availability for the zoom conference tomorrow as our office has not received a reply since my last email noting Milord's availability.

Most sincerely,

8/26/24, 3:39 PM

Case 2:20-cv-05581-DSF-GJS    Document 382    Filed 08/28/24    Page 14 of 26    Page
ID #:6937 Y20-002L - Request for ference re Sanctions, Stipulation to Amend Preliminary Injunction/

C. Meagan Ekaphan

Intellectual Property Paralegal  **Please note our new office address below and update your records.**


Milord Law Group P.C.

Patent, Trademark & Copyright Law

Bank of America Plaza

333 S. Hope Street, Suite 4025

Los Angeles, CA 90071

Tel (310) 226-7878

Fax (310) 226-7879

www.milordlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*CONFIDENTIALITY NOTICE\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message and attachments, if any, are intended solely for the personal and confidential use of the designated recipient. This message may be an attorney-client communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error, please permanently delete this message and attachments, if any.


**From:** Meagan Ekaphan
**Sent:** Friday, May 24, 2024 2:17 PM
**To:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Hi Steven,

Milord is available at 11:00 a.m. or 2:00 p.m. on May 30th and May 31st.

Most sincerely,

C. Meagan Ekaphan

Intellectual Property Paralegal  **Please note our new office address below and update your records.**


Milord Law Group P.C.

Patent, Trademark & Copyright Law

Bank of America Plaza

333 S. Hope Street, Suite 4025

Los Angeles, CA 90071

Tel (310) 226-7878

Fax (310) 226-7879

www.milordlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*CONFIDENTIALITY NOTICE\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message and attachments, if any, are intended solely for the
personal and confidential use of the designated recipient. This message may be an attorney-client
communication and as such is privileged and confidential. No waiver of this privilege is intended by the
inadvertent transmittal of such communication to any persons or company other than the intended
recipient. If the reader of this message is not the intended recipient, please take notice that you have
received this document in error, and that any review, dissemination, replication, or distribution of this
message is strictly prohibited. If you have received this communication in error, please permanently
delete this message and attachments, if any.

**From:** Steven Vahidi <steven@vahidilawgroup.com>
**Sent:** Friday, May 24, 2024 1:16 PM
**To:** Milord Keshishian <milord@milordlaw.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Meagan
Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Hi Milord:

We are going to have to move today's call to next week because I have an emergent matter arise. Please let me
know your availability for May 30 and May 31, and I will schedule a new call.

Sorry for any inconvenience,

/Steven

**Steven Vahidi, Esq.**

Office: (833) 852-8529 Ext. 700

Mobile: (951) 429-0888
steven@vahidilawgroup.com



8/26/24, 3:39 PM

Case 2:20-cv-05581-DSF-GJS    Document 382    Filed 08/28/24    Page 16 of 26    Page
ID #:6939 BEY20-002L - Request for ...ference re Sanctions, Stipulation to Amend Preliminary Injunction/

**From:** Milord Keshishian <milord@milordlaw.com>
**Sent:** Thursday, May 23, 2024 11:36 AM
**To:** Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Steven Vahidi <steven@vahidilawgroup.com>; Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Dear Steven:

In advance of our call tomorrow, please find attached the proposed order for amended preliminary injunction and our billing spreadsheet (removing BK motion fees) in accordance with the Court's standing order.

Best,

Milord

---

**From:** Milord Keshishian <milord@milordlaw.com>
**Sent:** Friday, May 17, 2024 5:47 PM
**To:** MEIR WESTREICH <meirjw@aol.com>
**Cc:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Subject:** Re: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

Meir:

I didn't even know you were copied on this email. If you have any issues to raise, please raise them with your co-counsel, Mr. Vahidi, who initially included you on the email thread, to which I merely replied all.

Does Mr. Vahidi have authorization to negotiate on behalf of Mr. Heldman? Should we just file our motion for fees because Mr. Heldman will not comply with Judge Fischer's Order? Will you meet and confer about our anticipated motion for Mr. Heldman's contempt of the Magistrate Judges Orders and fees?

Sincerely,

Milord A. Keshishian

Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071

Tel (310) 226-7878

8/26/24, 3:39 PM

Case 2:20-cv-05581-DSF-GJS    Document 382    Filed 08/28/24    Page 17 of 26    Page
ID #:6940Y20-002L - Request for ___ ference re Sanctions, Stipulation to Amend Preliminary Injunction/

Fax (310) 226-7879

www.milordlaw.com

*************************CONFIDENTIALITY NOTICE*************************

The information contained in this electronic message and attachments, if any, are intended solely for the personal and confidential use of the designated recipient. This message may be an attorney-client communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error, please permanently delete this message and attachments, if any.

**From:** MEIR WESTREICH <meirjw@aol.com>
**Sent:** Friday, May 17, 2024 5:33:37 PM
**To:** Milord Keshishian <milord@milordlaw.com>
**Cc:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Subject:** Re: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction


Counsel:


You have no authority or authorization to assume that you can communicate with me for any purpose, certainly not as a means of communication with Edward Heldman, and I expect you to refrain from further doing so.


Please be mindful that you have obtained orders forbidding Heldman to communicate with you or your firm, and you will therefore refrain from inviting same!by any means.


Finally, you are mistaken to even imagine that there is any conceivable reference that you can get from me which you might think is even slightly beneficial to you.


Most sincerely,


Meir J Westreich

Sent from my iPhone


On May 17, 2024, at 3:36 PM, Milord Keshishian <milord@milordlaw.com> wrote:

Dear Counsel:

Case 2:20-cv-05581-DSF-GJS    Document 382    Filed 08/28/24    Page 18 of 26    Page
ID #:6941
8/26/24, 3:39 PM                              BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction/

The title of the email is "request for conference re sanctions, stipulation to amend preliminary injunction" and the substance of the email discuss the amount of fees Beyond Blond seeks. Nonetheless, in anticipation that you can discuss and obtain approval from your client—despite your declaration to the court that your client is non-responsive—we offered to send you the Excel spreadsheet of costs and fees and draft amended preliminary injunction for your review before our call next Friday. We hope that your position was not merely a delay tactic. As to the rest of your aspersions, the Court already reviewed and rejected them. Thus, no response is necessary.

Have a great weekend and enjoy the motorcycle ride.

Best,

Milord

---

**From:** Steven Vahidi <steven@vahidilawgroup.com>
**Sent:** Friday, May 17, 2024 2:40 PM
**To:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Milord Keshishian <milord@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Hannah Chacko <hannah@milordlaw.com>; Kerry Powers <kerry@vahidilawgroup.com>; meirjw@aol.com
**Subject:** RE: BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend Preliminary Injunction

You don't often get email from steven@vahidilawgroup.com. Learn why this is important

Dear Counsel:

Please let this email confirm our conference call today, which was scheduled per your request to "discuss a stipulation to amend the preliminary injunction." (see your email below). As you are aware, the Court order dated March 25, 2024, states in relevant part "the Court finds that a clearer prohibition on such "demonetizing" would be appropriate, and Plaintiff is free to propose an amendment to the preliminary injunction along these lines." Nevertheless, at the beginning of the call, you stated that you had nothing to discuss regarding demonization and that "someone here is working on the proposed language." As such no substantive meet and confer occurred.

Surprisingly -- or maybe not so surprisingly -- you wanted to meet and confer regarding an award of attorney's fees, which was not the subject of your request to meet and confer. You requested $21,808, but were unable to provide any details. I asked why are we meeting and conferring on a subject we are not scheduled to discuss and on a subject that you have no details about. You responded that I should go discuss this matter with Attorney "Westreich because he knows what to do and has done it with us before." You added that you intend on filing a motion and that you are required to meet and confer before filing the motion. I

asked that you provide the basis for the request of $21,808 so that I have an understanding of what your client is seeking other than a flat amount. You responded that you would forward supporting documents justifying the request and asked to meet and confer again.

Your conduct seems identical to your previous conduct wherein you sought to meet and confer regarding an award of fees, but were unable to provide any details. And previously, you indicated that you would forward supporting documents justifying the request and asked to meet and confer again. Our position regarding your purported meet and confer effort was detailed in Heldman's Opposition to Beyond Blond's Motion for Civil contempt, Section III. A, and appears to be equally applicable here. We informed the court that:

> *While Heldman acknowledges a telephone conference occurred regarding any attorney's fees claimed by BB regarding the instant motion, no amount was provided. And in response to Heldman's request for the amount of attorney's fees claimed by BB, counsel for BB stated, "I will get back to you on that." BB's failure to provide any information as to the claimed attorney's fees and costs prevented any meaningful or thorough meet and confer required under the rule.*

(Dkt. 359, p. 7-13).

Given your request during today's call for a follow-up meet and confer regarding attorney's fees, and your representation that you would forward supporting documents justifying the request, we have every expectation that you will follow through with your representations. And, I would be grateful if you could forward the documentation in advance ever our next scheduled meet and confer on Friday, May 24 at 2:00 PM, so that I may properly review the documentation and be prepared for the next to meet and confer.

Thank you for your consideration and have a great weekend.

/Steven Vahidi

**Steven Vahidi, Esq.**

Office: (833) 852-8529 Ext. 700

Mobile: (951) 429-0888
steven@vahidilawgroup.com

<image001.png>

---

**From:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Sent:** Monday, May 6, 2024 10:50 AM
**To:** Steven Vahidi <steven@vahidilawgroup.com>; Troy Vahidi <troy@vahidilawgroup.com>
**Cc:** Milord Keshishian <milord@milordlaw.com>; Marlen Millan-Osuna
<marlen@milordlaw.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Devon Esguerra
<Devon@milordlaw.com>; Hannah Chacko <hannah@milordlaw.com>; Kerry Powers
<kerry@vahidilawgroup.com>
**Subject:** BEY20-002L - Request for Conference re Sanctions, Stipulation to Amend
Preliminary Injunction

Re:    *Beyond Blond Productions, LLC v. Edward Heldman III, et al.*

United States District Court - Central District of California

Case No.:  2:20-cv-05581 DSF (GJSx)

Our Ref. No.:  BEY20-002L

Hello Steven and Troy,

Please provide your availability to meet and confer to discuss a stipulation to amend the
preliminary injunction.

Per Judge Fischer's order granting the motion for contempt and award of attorneys' fees
associated therewith (Dkt. 366), Beyond Blond seeks $21,808.

Most sincerely,

Kirstin Jensvold-Rumage

Associate Attorney

Milord Law Group, PC

Patent, Trademark & Copyright Law

Bank of America Plaza

333 S. Hope Street, Suite 4025

Los Angeles, CA 90071

Tel (310) 226-7878

Fax (310) 226-7879

www.milordlaw.com

*************************CONFIDENTIALITY NOTICE************************

The information contained in this electronic message and attachments, if any, are intended
solely for the personal and confidential use of the designated recipient. This message may be
an attorney-client communication and as such is privileged and confidential. No waiver of
this privilege is intended by the inadvertent transmittal of such communication to any
persons or company other than the intended recipient. If the reader of this message is not the
intended recipient, please take notice that you have received this document in error, and that
any review, dissemination, replication, or distribution of this message is strictly prohibited.
If you have received this communication in error, please permanently delete this message
and attachments, if any.

# EXHIBIT 3

**MEIR J. WESTREICH [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney for Defendants-Cross-Complainants**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B E Y O N D   B L O N D PRODUCTION, LLC, a California Limited Liability Company, ) | Case No. 2:20-cv-05581-DSF-GJSx |
| Plaintiff, ) | Honorable Dale S. Fischer |
| ) | DECLARATION OF MEIR J. WESTREICH |
| v. ) | |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada Corporation; COMEDYMX, a Delaware Limited Liability Company, ) | Hearing: Time: 1:30 p.m. Courtroom: 7D, First Street Courthouse |
| Defendants. ) | |
| COMEDYMX, a Delaware Limited Liability Company, ) | |
| Counter-claimant, ) | |
| v. ) | |
| B E Y O N D   B L O N D PRODUCTION, LLC, a California Limited Liability Company, ) | |
| Counter-Defendant. ) | |

# DECLARATION OF MEIR J. WESTREICH

1. I was previously an attorney of record for Defendants-Cross-Complainants. This declaration is submitted in support of the Motion to Strike.

2. I had previously represented Edward Heldman in another matter, which ultimately settled. He was then a recovering alcoholic, known to me, and we worked well together. I had known him initially as the nephew of a client, by then deceased, who I had represented on-and-off for 30+ years.

3. I became attorney of record herein under an arrangement where another attorney, with more expertise in this field, was not of record.

4. As time passed, it became evident that Mr. Heldman had resumed drinking alcohol and it was severely impacting his behavior and judgment, as eventually became evident to all involved herein.

5. I eventually gave him an ultimatum: cease drinking alcohol under a protocol that guarantees same, or I would cease representing him. By the time I was formally relieved, he was still drinking alcohol, and I had no longer been involved on any regular basis in his representation. I was not involved in any way in any of the subsequent proceedings herein or in bankruptcy court.

6. Recently, Mr. Heldman approached me to resume representing him, asserting he had ceased drinking in February 2023. I agreed to do so solely in an advisory capacity, if I receive adequate assurances that he was totally abstaining from alcohol, i.e. "sober".

7. Specifically, I required him to afford me access to his psychiatrist since August 2023 and his psychiatric records; and in a communication with him and Mr. Heldman, it was represented that he has been on medications which are not compatible with alcohol, and it is now agreed that Mr. Heldman will be on monitored antabuse, which makes drinking alcohol a virtual impossibility, and is common protocol used by the criminal justice system to ensure that rink drivers can be trusted to be "sober" while on probation.

8. While sober. Mr. Heldman is the same client I had experienced in the prior representation.

9. Earlier in my representation herein, I had responded to Mr. Heldman's wild conspiracy paranoia by attempting to dissuade him, but also noting that his rage over opposing counsel had significant basis in fact. Counsel can be fairly described as an attorney in the "Roy Cohn" mold, and the recent film "Where Is My Roy Cohn" gives an understanding to my meaning.

10. When I first appeared herein in mid-November 2020, with imminent written discovery response deadlines, and I requested a discovery response extension to 11.30.20. Counsel refused to agree to more than a few days, citing late January discovery cutoff date.

11. I responded by simply giving notice of an intended ex parte application, seeking a slightly different extension: one with an alternative of th later of 11.30.20 of five days after filing of a discovery protective order [DPO], then being negotiated. I also said I was about to travel to a trial in Bishop, Ca. and hence had to act on the application immediately or not at all.

12. Counsel agreed to the latter terms, as was confirmed by e-mail.

13. Later, counsel attempted to alter the agreement to be the mere extension first requested, when I was already in trial.

14. Ultimately, responses were provided as agreed; but an expensive protracted discovery and e-mail battle ensued over whether privileges had been waived, ultimately boiling down to arguments over when a DPO is filed – as opposed to initially lodged – and then finally over a single day.

15. Dealing with this attorney means a perpetual stream of e-mails, producing extended chains. When I once responded by "blocking" a single entry, he complained that I wasted his time and his client's money because he had to "reconstruct" the chain e-mail.

16.  When I would persist in directing key e-mails to him, he suggested that I was affronting his junior associates, also suggesting a baseless gender motivation.

17.  He began baseless demands that all attorney meet and confer efforts be taped, which I refused.  He then refused for months to speak with me, and only relented when it would have been necessary to present the dispute to the court.

18.  These are only some early examples.  All of his attorney hours, and time spent on discovery and motion matters, and hence the expense, are needlessly and exponentially multiplied by these e-mail and threatening, accusatory tactics; and causes the same for other counsel herein, and thereby for Mr Heldman.

19.  These counsel problems thus also needlessly aggravated problems with and involving Mr. Heldman, who allowed that conduct to self-justify his own – however baseless in fact or law – while in his alcohol-induced fog.

20.  While these matters do not excuse much of Mr. Heldman's conduct, it affords a background for assessing an appropriate consequence; and for assessing counsel's current conduct and demands.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 20, 2024, at Los Angeles, California.

s/  Meir J. Westreich

Meir J. Westreich

**PROOF OF SERVICE**

STATE OF ARIZONA
                     ) SS
COUNTY OF MARICOPA     )

       I, the undersigned, certify that I am a citizen of the United States, over the age of 18 years, residing in the County of Maricopa, State of Arizona.

       On August 27, 2024, I caused to be served a true copy of

RESPONSE TO MOTION FOR SANCTIONS; DECLARATION OF EDWARD HELDMAN III; EXHIBITS

on the Plaintiff by e-mail, whose address is:

Milord A. Keshishian
Milord Law Group, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
milord@milordlaw.com

       I declare under penalty of perjury that the above is true and correct.  Executed on August 27, 2024, at Sun City, Arizona.

_____
Edward Heldman III - In Pro Per

RESPONSE TO MOTION FOR SANCTIONS.

4