EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| EDWARD HELDMAN III, and individual; COMEDYMX, INC., a Nevada corporation; | ) |
| COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10 | ) |
| *Defendant* | ) |

Civil Action No. 2:20-cv-05581 DSF (GJSx)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MANDOUR & ASSOCIATES, APC.
c/o Joseph A Mandour, Agent for Service of Process
8605 Santa Monica Blvd, Suite 1500
Los Angeles, CA 90069

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

| Place:  Milord & Associates, PC | Date and Time: |
|---|---|
| 10517 W. Pico Blvd Los Angeles, CA 90064 | October 11, 2022 at 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  September 27, 2022

*CLERK OF COURT*

OR    /s/ Milord A. Keshishian

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Milord A. Keshishian

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BEYOND BLOND PRODUCTIONS, LLC                                        , who issues or requests this subpoena, are:
Milord A. Keshishian, MILORD & ASSOCIATES, PC, milord@milordlaw.com,
10517 W. Pico Boulevard, Los Angeles, California 90064, Tel: (310) 226-7878 Fax: (310) 226-7879

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:20-cv-05581 DSF (GJSx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878

Attorneys for Plaintiff
Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>       Plaintiff,<br><br>       vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>       Defendants. | Case No.: 2:20-cv-5581-DSF-(GJSx)<br><br>***ATTACHMENT A* TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION;**<br><br>***ATTACHMENT B* – ORDER (IN CHAMBERS) GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT [249] AND REQUIRING USE OF SPECIAL MASTER AND IT FORENSIC SPECIALIST** |

**"ATTACHMENT A"**

1.    "PERSON(S)" means and includes any individual, sole proprietorship, partnership, unincorporated association, corporation, or other legal entity or form of organization or association.

2.    "MANDOUR," "YOU," "YOUR," and "YOURSELF" means Mandour & Associates, APC and all of YOUR attorneys, employees and/or agents, and all other PERSON(S) acting on behalf of, or under the direction or control of YOU.

3.    "PLAINTIFF" means BEYOND BLOND PRODUCTIONS, LLC, and any officer, employee, counsel, agent, representative, or other PERSON acting on behalf of same.

4.    "DEFENDANT(S)" means the Defendants EDWARD HELDMAN III, COMEDYMX, INC., COMEDYMX, LLC, and their agents and attorneys, including Joseph A. Mandour III, Esq., Ben T. Lila, Esq., Gordon E. Gray, Esq., John Salcido, Esq., Lindsey Olson Diefenbach, Esq., Meir Weston, Esq., K. Andrew Kent, Esq., Greg Albright, Esq., Stephen Rafferty, Esq., and Keith Wesley, Esq., Jeffrey Heldman, Esq., Randall Newman, Esq., Meir Westreich, Esq., and/or Ivan M. Posey.

5.    "CASE 6890999701" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 1" uploaded by PLAINTIFF.

6.    "CASE 6891043541" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 2" uploaded by PLAINTIFF.

7.    "CASE 6891006641" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 3" uploaded by PLAINTIFF.

8.    "CASE 6890994521" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 4" uploaded by PLAINTIFF.

9.    "CASE 6891030291" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 5" uploaded by PLAINTIFF.

10.    "CASE 6891048961" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 6" uploaded by PLAINTIFF.

11.    "CASE 7205014561" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Patriotic Cartoon Classics: 25 All-American Cartoons from World War II" uploaded by PLAINTIFF.

12.    "CASE 7338834151" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Halloween Cartoons: 16 Cartoon Classics" uploaded by PLAINTIFF.

13.    "CASE 7338840791" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 2" uploaded by PLAINTIFF.

14.    "CASE 7338861861" means the Amazon Report Infringement Form submitted for the Prime Video Submission entitled "Cartoon Classics Vol. 6" uploaded by PLAINTIFF.

15.    "DOCUMENT(S)" means all writings, ESI (defined below), drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations from which information can be obtained and translated, if necessary, by the respondent into reasonably readable form. "ESI" refers to Electronically-Stored Information and means any information or data located on a computer or other device capable of storing electronic data.  ESI includes, but is not limited to, e-mail, voice-mail, data collected and stored through the use of the Internet, spreadsheets, databases, word processing DOCUMENTS, images, presentations, application files, executable files, log files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing ESI include, but are not limited to: servers, desktop

*ATTACHMENT A* TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes, and any other forms of online or offline storage, whether on or off company premises.

16.    "CONTENT MANAGEMENT SYSTEM" or shall mean any computer application that allows users to upload, publish, edit, organize, delete, and/or manage the content of a website, whether or not the website is hosted on your servers, such as cPanel, WordPress, Microsoft SQL Service, MySQL, or any similar proprietary system you may offer.

17.    "COMMUNICATION(S)" shall mean any transmission or exchange of information between two or more PERSON(S), orally or in writing, and includes without limitation any DOCUMENT, conversation or discussion, whether face-to-face or by means of telephone, telegram, telex, telecopier, text messages, electronic mail or other media.

18.    "REFER(S) TO" or "RELATE(S) TO" or "RELATING TO" a given subject matter means any DOCUMENT, COMMUNICATION, or THING that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, discusses, mentions, responds to, describes, or analyzes that subject.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1.    YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO PLAINTIFF and/or Michelle Justice.

2.    YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO DEFENDANTS' trademark rights.

3.    YOUR DOCUMENTS and COMMUNICATIONS with any PERSON RELATING TO DEFENDANTS' trademark rights.

4.    YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO PLAINTIFF's Prime Video Submissions, including ASIN B06VY19XFP, ASIN B06XDQBQLN, ASIN B06ZXRG6VX, ASIN B06VY19XFP,

ASIN B079SRPXX9, ASIN B07RWL5KDS, and ASIN B071GZJYT7.

5.    YOUR DOCUMENTS and COMMUNICATIONS with any PERSON(s) RELATING TO PLAINTIFF's Prime Video Submissions, including ASIN B06VY19XFP, ASIN B06XDQBQLN, ASIN B06ZXRG6VX, ASIN B06VY19XFP, ASIN B079SRPXX9, ASIN B07RWL5KDS, and ASIN B071GZJYT7.

6.    YOUR DOCUMENTS and COMMUNICATIONS with Keith Wood RELATING TO PLAINTIFF.

7.    YOUR DOCUMENTS and COMMUNICATIONS RELATING TO Keith Wood and this lawsuit.

8.    YOUR DOCUMENTS and COMMUNICATIONS with and PERSON RELATING to DEFENDANTS' trademark application no. 88/789,484, including takedown notices.

9.    YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO DEFENDANTS' trademark that contains the term "cartoon classics."

10.    YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING to copyrights and PLAINTIFF, including DMCA takedown notices and bad faith.

11.    YOUR DOCUMENTS and COMMUNICATIONS RELATING to this lawsuit.

12.    YOUR DOCUMENTS and COMMUNICATIONS RELATING TO "Attachment B" annexed hereto, wherein the Court finds DEFENDANTS waived the attorney-client privilege.

Dated: September 27, 2022          **MILORD & ASSOCIATES, P.C.**


By:/s/ Milord A. Keshishian
Milord A. Keshishian
Attorney for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

-5-

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| Elisa Quintero | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   ORDER (IN CHAMBERS) **GRANTING IN PART** PLAINTIFF'S MOTION FOR AN CONTEMPT [249] AND REQUIRING USE OF SPECIAL MASTER AND IT FORENSIC SPECIALIST

On June 23, 2022, the Court held a hearing on Plaintiff's Motion for Contempt, which alleged, inter alia, that Defendants had not complied with the requirements of the Court's previous Order regarding certain discovery. The Court's Previous Discovery Order [Dkt. 232], required all responsive document to be produced by April 29, 2022, at 5 p.m. The Court also found that Defendants' failures to produce documents and otherwise engage in discovery, and the complete lack of merit in Defendants opposition to Plaintiff's motion to compel, warranted the shifting of attorneys' fees. The Court made an award that is not the subject of Plaintiff's present motion to compel.

//
//
//
//
//
//

| | 00:00 |
|---|---|
| **Initials of Preparer** | eq |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

In the Court's Prior Discovery Order, the Court also noted and ordered as follows:

- There are many instances in which Defendant's original responses to document requests indicated that certain categories of documents would be produced. Later correspondence from Defendant's counsel updating Defendant's responses indicated that no responsive documents exist, including for categories of documents for which the Court has a difficult time believing that responsive documents never existed. Thus, Defendant must submit a declaration under penalty of perjury explaining, for categories for which there are allegedly no document in existence: (1) when he first searched for responsive documents, (2) where he searched for such documents, and (3) whether responsive documents existed at an earlier time.[1] The declaration, which must be signed by Defendant, not counsel, is due on or before May 6, 2022.

- The Court finds that all objections are waived except for those relating to the attorney-client and attorney work product privileges. Documents will be produced subject to the previously entered Protective Order, which provides sufficient protection for confidential documents. A privilege log for any documents withheld under the attorney-client privilege and/or work product doctrine must be served by 5 p.m. on May 6, 2022. Defendant need not log privileged correspondence or work product created after the filing of the lawsuit. Defendant's privilege log must contain sufficient foundational information for the Court to determine whether the stated privilege applied in the event of a challenge to a particular entry by Plaintiff.

Plaintiff's present motion to compel provides uncontroverted evidence that Defendants have willfully violated the Court prior discovery order by not producing the vast majority of responsive documents or any privilege log. Nor did Defendants provide the declaration required by the Prior Discovery Order.

Plaintiffs' Motion also details heinous statements made by defendant Heldman to and about Plaintiff's Counsel as well as certain statements about both judicial officers assigned to this matter. The Court need not address specifically these statements, as they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

were also the subject of motion practice before the District Judge and consequent orders. [Dkt. 272 (District Judge's Order).]

For the reasons set forth in detail at the hearing on Plaintiff's Motion, the Court finds and orders the following:

1. Because Defendants did not produce a privilege log, ***all privileges are waived***. The Court previously held that Defendants waived privilege except those related to the present litigation. Given Defendants failure to comply with any of the Court's prior discovery rulings, including timely production of any documents or preparation of a privilege log, the Court now holds that all privileges – including for work product related to litigation – have been waived. Defendants are to produce all requested documents without redaction within two (2) weeks of this order.

2. Plaintiff's Request that affirmative defenses 1 – 9 be stricken is denied without prejudice. The District Judge must approve any such sanction. Plaintiff's may refile this request, seeking a recommendation from the Magistrate Judge to the District Judge or directly with the District Judge, upon a showing of prejudice at a later date.

3. At the hearing, the Court ordered the parties to provide a selection of proposed, agreed to Special Masters, because the Court orders that any depositions of defendant Heldman be overseen by a Special Master. The parties agreed that any of the retired judicial officers listed below would be acceptable to both sides. The Court therefore orders that the parties contact one or more of the following to obtain their availability. The deposition or depositions of defendant Heldman will be conducted via Zoom (given the threats made by Heldman to Plaintiff's counsel) and will be overseen by one of the following retired judicial officers. Defendants are to pay for the use of the Special Master. Defendants must provide a retainer to the Special Master in the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05581-DSF-GJS | Date | July 18, 2022 |
|---|---|---|---|
| Title | Beyond Blond Productions, LLC v. Edward Heldman III et al | | |

of one full day at the rate of the Special Master chosen. Payment of the retainer is to be made before the deposition is conducted.

    a. Hon. Patrick J Walsh (Ret.): https://signatureresolution.com/neutral-CPT/hon-patrick-j-walsh-ret/

    b. Hon. Suzanne H. Segal (Ret.): https://signatureresolution.com/neutral-CPT/hon-suzanne-h-segal-ret/

    c. Hon. Elizabeth D. Laporte (Ret.): https://www.jamsadr.com/laporte/

    d. Hon. James C. Francis IV (Ret.): https://www.jamsadr.com/francis/

4. At the Zoom deposition, both defendant Heldman and his counsel must be clearly visible to prevent any coaching or other improper behavior.

5. The Court also orders that Defendants retain, at their expense, an IT Forensics Specialist to conduct the forensic analysis discussed on the record at the hearing related to imaging and analysis of defendant Heldman's computer, a removable hard drive, an iPhone, and an iPad. The parties agree that the specialists at either of the following websites would be appropriate for such an analysis: www.innovativedriven.com www.idiscoverglobal.com. Plaintiff may select from either of the two specialists. Defendants are to provide the selected specialist with a $5,000 retainer by no later than one week after the date of this order, and additionally must provide the relevant electronic devices to be imaged within 3 business days after that at a date amenable to the IT specialist.

IT IS SO ORDERED.

cc: District Judge

| | 00:00 |
|---|---|
| **Initials of Preparer** | eq |

Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Stephanie V. Trice, SBN 324944
stephanie@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878

Attorneys for Plaintiff
Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | Case No.: 2:20-cv-5581 DSF (GJSx) |
| Plaintiff, | **NOTICE OF SUBPOENA TO MANDOUR & ASSOCIATES, APC TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS** |
| vs. | |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; | |
| Defendants. | |

1       TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF

2  RECORD IN THIS ACTION:

3       You are hereby notified of the attached subpoena directed to Mandour &

4  Associates, APC for the production of certain documents by 5:00 p.m. on October 11,

5  2022.

6

7

8  Dated: September 27, 2022       Respectfully submitted,

9

10                  **MILORD & ASSOCIATES, P.C.**

11

12                  By: _/s/ Milord A. Keshishian_

13                  Milord A. Keshishian
Attorney for Plaintiff

14                  BEYOND BLOND PRODUCTIONS, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF SUBPOENA TO MANDOUR & ASSOCIATES, APC TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 10517 West Pico Boulevard, Los Angeles, California 90064 and I am employed in the office of a member of the bar of this Court at whose direction this service was made.

On **September, 27, 2022,** I served the following document(s) described as: **NOTICE OF SUBPOENA TO MANDOUR & ASSOCIATES, APC TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

☐ **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under that practice the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. Under that practice the envelope(s) was (were) sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date in the United States Mail at Los Angeles, California addressed as set forth below.

☐ **BY PERSONAL SERVICE** as follows: I caused such envelope(s) to be delivered by hand to the addressee(s) at the address set forth below by Now Messenger Service.

☐ **BY FEDERAL EXPRESS** as follows: I placed the document(s) listed above with fees thereon fully prepaid for deposit with Federal Express (next business day delivery), this same day following ordinary business practices to the address(es) set forth below.

☐ **BY FACSIMILE TRANSMISSION** as follows: I caused the above-referenced document(s) to be transmitted by facsimile to its intended recipient(s) at the following facsimile number(s) before 5:00 p.m.

☒ **BY ELECTRONIC MAIL (EMAIL) TRANSMISSION** as follows: I caused the above-referenced document(s), in .pdf format and a Sharelink file folder, to be transmitted by email to its intended recipient(s) at the following email addresses set forth below:

Randall Scott Newman, Esq.
99 Wall St. Suite 3727
New York, NY 10005
(212)797-3737
rsn@randallnewman.net

Ivan M Posey
Leech Tishman Fuscaldo & Lampl,
200 S. Los Robles Ave., Suite 300
Pasadena, CA 91101
(626)796-4000
iposey@leechtishman.com

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **September 27, 2022,** at Los Angeles, California.

☐ **STATE:** I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

*Carole Rizkallah*
Carole Rizkallah

EXHIBIT B

1  MANDOUR & ASSOCIATES, APC
2  JOSEPH A. MANDOUR, III (SBN 188896)
   Email: jmandour@mandourlaw.com
3  BEN T. LILA (SBN 246808)
4  Email: blila@mandourlaw.com
   8605 Santa Monica Blvd., Suite 1500
5  Los Angeles, CA 90069
6  Telephone: (858) 487-9300

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 _____        )
13 BEYOND BLOND PRODUCTIONS,               ) **Case No. 2:20-cv-05581-DSF-**
   LLC, a California limited liability     ) **GJSx**
14 company;                                )
                                           ) **MANDOUR & ASSOCIATES,**
15              Plaintiff,                  ) **APC'S RESPONSE TO**
                                           ) **SUBPOENA**
16                                         )
17       v.                                )
                                           )
18 EDWARD HELDMAN III, an                  )
19 individual; COMEDYMX, INC., a           )
   Nevada corporation; COMEDYMX,           )
20 LLC, a Delaware limited  liability      )
   company; and DOES 1-10;                 )
21                                         )
                                           )
22              Defendants.                )
23 _____        )

24       Pursuant to Fed. R. Civ. P. 26, 34 & 45, third-party MANDOUR &

25 ASSOCIATES, APC ("Responding Party") responds to the subpoena of Plaintiff

26 Beyond Blond Productions, LLC ("Propounding Party") as follows:

27

28

## **PRELIMINARY STATEMENT**

1.      Responding Party has not yet completed its investigation relating to the facts of this action, has not completed discovery in this action, and has not yet completed preparation for trial.  Responding Party makes its responses to the request based upon the information presently available to it and without prejudice to its right to amend or further supplement its responses and to present evidence, which may hereafter be discovered or become available to it.  Furthermore, these responses are given without prejudice to using at trial subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

2.      Consistent with its obligations pursuant to the Federal Rules of Civil Procedure and in a good faith attempt to respond, Responding Party has contacted those persons and made a diligent search of those records most reasonably believed to possess or contain information responsive to any individual request.

3.      By making these responses, Responding Party does not concede that the information sought is relevant.  Responding Party makes these responses intending to preserve: (a) the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced in response to the requests that may arise in this or any other action; (b) the right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds; (c) the right to object to the introduction of these responses into evidence; and (d) the right to object on any ground at any time to other requests for the production of documents or other discovery involving the subject matter thereof.

4.      Responding Party has made reasonable and diligent efforts to respond to each request to the extent it has not been objected to, as Responding Party understands and interprets the request.  To the extent that Propounding Part asserts

an interpretation of any request that is inconsistent with Responding Party's understanding, Responding Party reserves the right to amend or supplement its objections and/or responses.

## **GENERAL OBJECTION**

1.    Responding Party objects to each request to the extent that it purports to require Responding Party to produce documents protected by the attorney-client privilege and/or attorney work-product doctrine.  Nothing contained in these responses is intended, nor shall it in any way be deemed as, a waiver of the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or doctrine.  Inadvertent production of any document subject to any applicable right, privilege, or doctrine, including but not limited to, the attorney-client privilege and attorney work-product doctrine, is not intended to be, and shall not operate as, a waiver or any such privilege or doctrine, in whole or in part; nor is any such inadvertent production intended to be, nor shall it constitute, a waiver of the right to object to any use of such document, or of the information contained therein.

2.    Responding Party objects to the Attachment and Definitions in the Requests and each request to the extent they seek to impose upon Responding Party duties that are not required by the Federal Rules of Civil Procedure, or any other applicable rules of the court.

3.    Responding Party objects to each request to the extent it seeks Responding Party's trade secrets or other confidential business information or competitively or technically sensitive information or information otherwise subject to confidentiality agreements with third parties or the confidentiality of settlement discussions or agreements or court orders restricting the disclosure of information. Responding Party will produce such confidential information, where appropriate, pursuant to the terms of a protective order.

4.      Responding Party objects to each request to the extent it seeks documents already produced to Propounding Party or to which Propounding Party has equal access.  Responding Party hereby incorporates this General Objection into each of the Reponses set forth below, as if set out in full.

## RESPONSES TO REQUESTS

### REQUEST NO. 1:

YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO PLAINTIFF and/or Michelle Justice.

### RESPONSE TO REQUEST NO. 1:

Responding Party incorporates by this reference the above Preliminary Statement and General Objection.  Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order.  The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative.  Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

### REQUEST NO. 2:

YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO DEFENDANTS' trademark rights.

### RESPONSE TO REQUEST NO. 2:

Responding Party incorporates by this reference the above Preliminary Statement and General Objection.  Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order.  The request is also unduly burdensome as defendants have

already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative.  Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.  Responding Party objects to the request as vague and ambiguous as to the term "DEFENDANTS' trademark rights."

**REQUEST NO. 3:**

YOUR DOCUMENTS and COMMUNICATIONS with any PERSON RELATING TO DEFENDANTS' trademark rights.

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection.  Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order.  The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative.  Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.  Responding Party objects to the request as vague and ambiguous as to the term "DEFENDANTS' trademark rights."

**REQUEST NO. 4:**

YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO PLAINTIFF's Prime Video Submissions, including ASIN B06VYI9XFP, ASIN B06XDQBQLN, ASIN B06ZXRG6VX, ASIN B06VYI9XFP, ASIN B079SRPXX9, ASIN B07RWLSKDS, and ASIN B07lGZJYT7.

**RESPONSE TO REQUEST NO. 4:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

**REQUEST NO. 5:**

YOUR DOCUMENTS and COMMUNICATIONS with any PERSON(s) RELATING TO PLAINTIFF's Prime Video Submissions, including ASIN B06VY19XFP, ASIN B06XDQBQLN, ASIN B06ZXRG6VX, ASIN B06VY19XFP, ASIN B079SRPXX9, ASIN B07R WLSKDS, and ASIN B07l GZJYT7.

**RESPONSE TO REQUEST NO. 5:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

**REQUEST NO. 6:**

YOUR DOCUMENTS and COMMUNICATIONS with Keith Wood RELATING TO PLAINTIFF.

**RESPONSE TO REQUEST NO. 6:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

**REQUEST NO. 7:**

YOUR DOCUMENTS and COMMUNICATIONS RELATING TO Keith Wood and this lawsuit.

**RESPONSE TO REQUEST NO. 7:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

**REQUEST NO. 8:**

YOUR DOCUMENTS and COMMUNICATIONS with and {sic} PERSON RELATING to DEFENDANTS' trademark application no. 88/789,484, including takedown notices.

**RESPONSE TO REQUEST NO. 8:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both.

**REQUEST NO. 9:**

YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS RELATING TO DEFENDANTS' trademark that contains the term "cartoon classics."

**RESPONSE TO REQUEST NO. 9:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party further objects to the requests as unduly burdensome as the requests seek a large volume of documents and documents that are subject to privilege separate from the privileges addressed in the Court's Order. The request is also unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to

1  pre-litigation matters or matters during litigation or both.

2  **REQUEST NO. 10:**

3      YOUR DOCUMENTS and COMMUNICATIONS with DEFENDANTS

4  RELATING to copyrights and PLAINTIFF, including DMCA takedown notices

5  and bad faith.

6  **RESPONSE TO REQUEST NO. 10:**

7      Responding Party incorporates by this reference the above Preliminary

8  Statement and General Objection.  Responding Party further objects to the requests

9  as unduly burdensome as the requests seek a large volume of documents and

10  documents that are subject to privilege separate from the privileges addressed in

11  the Court's Order.  The request is also unduly burdensome as defendants have

12  already been ordered to provide many of said documents via a Special Master and

13  the request is therefore unnecessarily duplicative.  Responding Party also objects to

14  the request as vague and ambiguous as to time, in particular whether it refers to

15  pre-litigation matters or matters during litigation or both.

16  **REQUEST NO. 11:**

17      YOUR DOCUMENTS and COMMUNICATIONS RELATING to this

18  lawsuit.

19  **RESPONSE TO REQUEST NO. 11:**

20      Responding Party incorporates by this reference the above Preliminary

21  Statement and General Objection.  Responding Party further objects to the requests

22  as unduly burdensome as the requests seek a large volume of documents and

23  documents that are subject to privilege separate from the privileges addressed in

24  the Court's Order.  The request is also unduly burdensome as defendants have

25  already been ordered to provide many of said documents via a Special Master and

26  the request is therefore unnecessarily duplicative.  Responding Party also objects to

27  the request as vague and ambiguous as to time, in particular whether it refers to

28

pre-litigation matters or matters during litigation or both.

**REQUEST NO. 12:**

YOUR DOCUMENTS and COMMUNICATIONS RELATING TO "Attachment B" annexed hereto, wherein the Court finds DEFENDANTS waived the attorney-client privilege.

**RESPONSE TO REQUEST NO. 12:**

Responding Party incorporates by this reference the above Preliminary Statement and General Objection. Responding Party objects to this request as unduly burdensome as defendants have already been ordered to provide many of said documents via a Special Master and the request is therefore unnecessarily duplicative. Responding Party also objects to the request as vague and ambiguous as to time, in particular whether it refers to pre-litigation matters or matters during litigation or both. Responding Party objects to this request as vague and ambiguous as "relating to Attachment B" as Responding Party did not see this document until it was served with the subpoena at issue. Responding Party objects to this request to the extent it seeks documents or information protected by Responding Party's own attorney-client privilege for communications with its own counsel.

MANDOUR & ASSOCIATES, APC

Dated: <u>October 11, 2022</u>

Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I served the foregoing document via email on the following:

Milord & Associates, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
Telephone:  (310) 226-7878
Email: milord@milordlaw.com

Date:  <u>October 11, 2022</u>

Ben T. Lila

EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| COMEDYMX, LLC., *et al.*, [1] | Case No. 22-11181 (CTG) |
| Debtors. | (Jointly Administered) |
| | (Subchapter V) |

## SETTLEMENT AGREEMENT

This *Settlement Agreement* (the "Settlement Agreement") is entered into by and between: (i) William A. Homony, solely in his capacity as the subchapter V trustee (the "Trustee") appointed in the chapter 11 cases of the above-captioned debtors only (the "Debtors"), on behalf of the Debtors only and their bankruptcy estates (the "Estates") and (ii) Beyond Blond Productions, LLC ("BBP"). The Trustee and BBP are each referred to herein as a "Party" and collectively as the "Parties".

### BACKGROUND

WHEREAS, on November 14, 2022 (the "Petition Date") each of the Debtors filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Until December 16, 2022, the Debtors operated their business as debtors in possession; and

WHEREAS, on November 16, 2022, the Trustee was appointed as the subchapter V trustee in the Debtors' bankruptcy cases; and

WHEREAS, on December 16, 2022, the Bankruptcy Court entered a Memorandum Opinion and related Order (collectively, the "Order") removing the Debtors as debtors in possession and expanding the Trustee's powers pursuant to section 1183 of the Bankruptcy Code. Pursuant to the Order, the Trustee is charged with performing the duties specified in sections 1183(b)(2) and (5) of the Bankruptcy Code, including operating the Debtors' business; and

WHEREAS, prior to the Petition Date, BBP commenced litigation against the Debtors in the United States District Court for the Central District of California (the "District Court"), Case No. 2:20-cv-05581 DSF-(GJS) (the "California Litigation"); and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: ComedyMX, LLC (0407); and ComedyMX, Inc (5749).

WHEREAS, on December 21, 2022, BBP filed the *Motion of Beyond Blond Productions, LLC For Relief From Automatic Stay* [Dkt. No. 49] (the "BBP Stay Relief Motion").  Pursuant to the BBP Stay Relief Motion, BBP seeks relief from the automatic stay to continue the California Litigation against the Debtors. The Trustee filed an objection to the BBP Stay Relief Motion on January 9, 2023; and

WHEREAS, on January 12, 2023, BBP filed a general unsecured proof of claim against Debtor ComedyMX LLC in the amount of $3,644,852.00, which was assigned claim no. 2 on the claims register for ComedyMX LLC (the "BBP Proof of Claim"); and

WHEREAS, the Trustee has investigated the claims asserted by BBP against the Debtors by way of the California Litigation and the BBP Proof of Claim, and, in connection therewith, has obtained and analyzed certain information and records from BBP; and

WHEREAS, the Trustee and BBP have engaged in substantial good faith, arms' length negotiations, which negotiations have led to the settlement embodied herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.      **Recitals.**  The recitals set forth above are incorporated herein by reference.

2.      **Settlement Effective Date.**  The effective date of this Settlement Agreement and all of its terms shall be the date upon which the Bankruptcy Court shall have entered a final and non-appealable order approving this Settlement Agreement (the "Settlement Effective Date").

3.      **Reduction and Allowance of BBP Proof of Claim**.  Upon the Settlement Effective Date, the BBP Proof of Claim will be deemed an allowed general unsecured non-priority claim against the Estates in the reduced amount of $987,500.00 (the "Allowed BBP Proof of Claim").  Other than the Allowed BBP Proof of Claim, BBP shall not have any claims of any kind, nature or priority against the Debtors or their Estates.  BBP shall not object to any plan of reorganization on the basis of the treatment of the Allowed BBP Proof of Claim, *provided* that (a) such plan provides that payments on the Allowed BBP Proof of Claim will be made pro-rata with other similarly situated allowed general unsecured claims on a quarterly basis from the Debtors' actual disposable income for a period not to exceed five (5) years from the effective date of confirmation of such plan, or until the Allowed BBP Proof of Claim is paid in full, whichever is earlier and (b) nothing in the plan undermines the treatment set forth in section (3)(a).  For the avoidance of doubt, BBP retains to object to a plan of reorganization on any other basis.

4.      **Other Agreements**.  The Parties further agree that, subject to the occurrence of the Settlement Effective Date:

(a)      Debtors shall not use any design that incorporates the font and design , or any design or font substantially similar thereto, on any animated cartoons and shall, within five (5) days from the Settlement Effective Date, modify all of its channels to remove such designs from any header/banner,

including from the following YouTube channel: https://www.youtube.com/channel/UCisLEYSLcfuarGXULo5JpIw.

(b)    Debtors shall be permitted to use the following design: *Cartoon Classics!* in association with their cartoon classics videos and BBP shall not issue any takedown notices or assert any claims or causes of action against the Debtors with respect to such use.

(c)    Debtors shall never issue takedown notices for or post any derogatory reviews on the following videos created and/or distributed by BBP:

- Cartoon Classics – Vol. 1: 25 Favorite Cartoons
- Cartoon Classics – Vol. 2: 25 Favorite Cartoons
- Cartoon Classics – Vol. 3: 25 Favorite Cartoons
- Cartoon Classics – Vol. 4: 25 Favorite Cartoons
- Cartoon Classics – Vol. 5: 25 Favorite Cartoons
- Cartoon Classics – Vol. 6: 25 Favorite Cartoons
- Patriotic Cartoon Classics: 25 All-American Cartoons from World War II

(d)    Debtors shall not (i) take any further action to prosecute U.S. Trademark Application No. 97097679 and shall not respond to the pending Office Action, (ii) take any further action in Opposition No. 91265428 before the Trademark Trial and Appeal Board ("TTAB") for U.S. Trademark Application No. 88789484 (iii) issue any takedown notices or assert any claims or causes of action against BBP in connection with United Kingdom Registration No. UK00003534828, Australian Registration No. T0025485AU, or any other trademark registration of the Debtors for the *Cartoon Classics!* design and (iv) file any additional trademark applications that contain the term "cartoon classics" or anything similar thereto.

(e)    The Trustee, on behalf of the Debtors, shall, within five (5) days from the Settlement Effective Date, execute a stipulation with BBP, in a form reasonably acceptable to the Trustee, agreeing to release the bonds posted by BBP in the California Litigation and for the return to BBP of all funds paid in connection with the posting of said bonds. For the avoidance of doubt, the Trustee's only obligation is to execute the stipulation, BBP shall file the stipulation in the California Litigation and release of the bonds is not a requirement of this Settlement Agreement.

(f)    Except as set forth herein, the Debtors and their representatives[2] shall be permanently enjoined from: (i) having any direct communications with BBP including Michelle Justice and her counsel, (ii) publishing any false information against Ms. Justice and her counsel or (iii) posting any false online reviews against Ms. Justice and her counsel, including Milord Keshishian and any other attorney or employee of Milord Law Group. For the avoidance of doubt, the Trustee may

---

[2] For the avoidance of doubt, Edward Heldman III shall not be considered a "representative" of the Debtors during any period in which the Trustee is responsible for operating the Debtors' business.

3

communicate with BBP and its counsel during the pendency of the Debtors' bankruptcy cases, during any payout period under a confirmed plan of reorganization and/or while the Trustee is responsible for operating the Debtors' business.

5.    **Mutual Releases.**

(a)    <u>Release of BBP</u>:  Effective on the Settlement Effective Date, the Trustee, on behalf of the Debtors and their Estates shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged BBP from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, orders, injunctions, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Debtors or their Estates have, may have, or may claim to have against BBP and that arose on or before the Settlement Effective Date, including any that may arise under or in connection with any order, injunction or judgment issued by the District Court in connection with the California Litigation.  For the avoidance of doubt, the foregoing release shall not release any rights or obligations of the Parties under this Settlement Agreement or any plan of reorganization confirmed in the Debtors' bankruptcy cases.

(b)    <u>Release by BBP</u>:  Effective on the Settlement Effective Date, BBP shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and the Debtors' Estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, orders, injunctions, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which BBP has, may have or may claim to have against the Trustee, the Debtors or the Debtors' Estates that arose on or before the Settlement Effective Date, including any that may arise under or in connection with any order, injunction or judgment issued by the District Court in connection with the California Litigation.  For the avoidance of doubt, the foregoing release shall not release any rights or obligations of the Parties under this Settlement Agreement or any plan of reorganization confirmed in the Debtors' bankruptcy cases.  For the avoidance of doubt, the foregoing release or the below general release under Section 1542 shall not apply to Edward Heldman III in the California Litigation.

(c)    The Parties expressly waive and release any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

4

> Section 1542.  <u>Certain Claims Not Affected by General Release</u>.  A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

6.  **Withdrawal of Stay Relief Motion; Dismissal of California Litigation.**  The BBP Stay Relief Motion shall be held in abeyance until such time as the Bankruptcy Court has entered a final non-appealable order on the 9019 Motion (as defined below).   Within five (5) business days of the Settlement Effective Date, BBP shall (i) withdraw the BBP Stay Relief Motion with prejudice and (ii) dismiss the California Litigation with prejudice as to the Debtors.  Without limiting the generality of paragraph 5 hereof, the Parties hereby agree that, subject to the occurrence of the Settlement Effective Date, they shall not enforce or attempt to enforce against each other any order, injunction or judgment entered by the District Court in the California Litigation.

7.  **Expenses.**  The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement and the negotiation of the terms hereof.

8.  **Miscellaneous.**

(a)  Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the releases contained herein); or (ii) to seek damages or injunctive relief in connection therewith.

(b)  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)  No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

(d)  This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

(e)  This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)     The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) over the Parties with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement Agreement.

(g)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)     In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that she, he or it (i) does so with full knowledge of their respective available rights, (ii) is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement or the negotiation thereof, other than any written representations and agreements contained herein, (iii) has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (iv) has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i)     The Parties hereto acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.  The Parties further acknowledge and agree that this Settlement Agreement shall remain in effect despite the discovery or existence of any new or additional fact, or any fact different from that which any of the Parties now knows or believes to be true.

(j)     This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or order of the Bankruptcy Court.

(k)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto and their respective affiliates.

(l)     The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

(m)     No tax advice has been offered or given by any Party in the course of these negotiations, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Settlement Agreement.

9.     **Bankruptcy Court Approval.**  Promptly following the full execution of this Settlement Agreement, the Trustee shall move for approval of this Settlement Agreement by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion"). BBP shall cooperate in good faith in connection with the Trustee's efforts to obtain approval of this Settlement Agreement.  In the event the Bankruptcy Court denies approval of this Settlement Agreement or any approval by the Bankruptcy Court is overturned or vacated on appeal, this

Settlement Agreement shall be null and void and of no force and effect, and the Parties hereto shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed.

[*Signature Page(s) to Follow*]


IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated:                                                 Dated:

**William A. Homony, Solely in His**          **Beyond Blond Productions, LLC**
**Capacity as Subchapter V Trustee For**
**ComedyMX, Inc. and ComedyMX, LLC**      By: _____

                                                       Name: __Michelle Justice_____
By: _____

                                                       Title: __President/CEO_____
Name: _____

Title: _____


226557759v1

226557759v3

7