Milord A. Keshishian, (SBN 197835)
milord@milordlaw.com
Shirley Matcha, (SBN 354003)
shirley@milordlaw.com
**MILORD LAW GROUP P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>          Plaintiff,<br><br>     vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>          Defendants. | CASE NO.:  2:20-cv-05581 DSF (GJSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS AGAINST DEFENDANT HELDMAN, OR, IN THE ALTERNATIVE, DESIGNATION OF CERTAIN FACTS AS ESTABLISHED AND EVIDENTIARY SANCTIONS, AND MONETARY SANCTIONS**<br><br>Honorable Dale S. Fischer<br><br>Date:       March 3, 2025<br>Time:       1:30 p.m.<br>Location:   First Street Courthouse<br>               350 West 1st Street, Ctrm 7D<br>               Los Angeles, California 90012 |

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

---

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

I.      INTRODUCTION ............................................................................................. 1

II.     HELDMAN'S PATTERN OF NONCOMPLIANCE PREJUDICES BEYOND BLOND. ............................................................................................................ 2

III.    STANDARD OF REVIEW................................................................................ 5

IV.     ARGUMENT ..................................................................................................... 6

V.      DEFAULT JUDGMENT IS AN APPROPRIATE TERMINATING SANCTION FOR A DELIBERATE PATTERN OF DISOBEDIENCE. .................................. 6

        A.      Factors 1 and 2: Considerations of Expeditious Litigation and Docket Management Weigh Heavily in Beyond Blond's Favor................................ 8

        B.      Factor 3: Beyond Blond is Prejudiced by Heldman's Obstructive Behavior by Withholding Relevant, Discoverable Documents ...................................... 8

        C.      Factor 4: Heldman's Continuous Misconduct Shows He Holds No Interest in Litigating this Case on the Merits ...................................................... 9

        D.      Factor 5: Imposition of Lesser Sanctions Could Not Secure Compliance; Heldman's Conduct is Egregious, Willful, and in Bad Faith; and this Court Warned him of the Possibility of Terminating Sanctions ........................... 10

VI.     HELDMAN'S ANSWER AND AFFIRMATIVE DEFENSES SHOULD BE STRICKEN. .................................................................................................... 13

VII.    IN THE ALTERNATIVE, DESIGNATION OF CERTAIN FACTS AS ESTABLISHED AND EVIDENTIARY SANCTIONS ARE APPROPRIATE GIVEN HELDMAN'S DELAY. ....................................................................... 14

VIII.   MONETARY SANCTIONS ARE APPROPRIATE. ....................................... 15

IX.     CONCLUSION ............................................................................................... 16

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-i-

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

1

# TABLE OF AUTHORITIES

2

Cases

3

*Abbott Labs. v. Unlimited Beverages, Inc.*,
    218 F.3d 1238 (11th Cir. 2000) ................................................................. 15
*Adriana Int'l Corp. v. Thoren*,
    913 F.2d 1406 (9th Cir. 1990) ............................................................... 5, 7
*AECOM Energy & Constr., Inc. v. Ripley*,
    No. 217CV05398RSWLSS, 2018 WL 3250442 (C.D. Cal. July 3, 2018) .................. 15
*Anheuser-Busch, Inc. v. Natural Beverage Distribs.*,
    69 F.3d 337 (9th Cir. 1995) ................................................................. 7, 12
*Bump Babies Inc. v. Baby The Bump, Inc.*,
    No. CV 09-06747 GHK SSX, 2011 WL 5037070 (C.D. Cal. Sept. 7, 2011) ............ 8, 9
*Callip v. Harris Cnty Child Welfare Dept.*,
    757 F.2d 1513 (5th Cir.1985) ................................................................. 12
Chambers v. NASCO, Inc.,
    501 U.S. 32 (1991)............................................................................... 1
*Donovan v. Burlington N.*,
    781 F.2d 680 (9th Cir. 1986) ................................................................. 15
*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ............................................................... 1, 5
*Fjelstad v. Am. Honda Motor Co.*,
    762 F.2d 1334 (9th Cir.1985) ............................................................... 6, 7
*G-K Props. v. Redevelopment Agency*,
    577 F.2d 645 (9th Cir. 1978) ................................................................. 6
*Halaco Eng'g Co. v. Costle*,
    843 F.2d 376 (9th Cir. 1988) ................................................................. 7
*Henry v. Gill Indus., Inc.*,
    983 F.2d 943 (9th Cir. 1993) ................................................................. 7
*Hester v. Vision Airlines, Inc.*,
    687 F.3d 1162 (9th Cir. 2012) ............................................................... 7
*Hullinger v. Anand*,
    2016 WL 7444620 (C.D. Cal. Aug. 19, 2016) ............................................. 6
*Hyde & Drath v. Baker*,
    24 F.3d 1162 (9th Cir.1994) ................................................................. 6
*In re ComedyMX, LLC*,
    647 B.R. 457 (Bankr. D. Del. 2022)......................................................... 4
*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
    460 F.3d 1217 (9th Cir. 2006) ............................................................... 9

-ii-

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

*In re Sharon Steel Corp.*,
  871 F.2d 1217 (3d Cir. 1989) ................................................................ 10

*Leon v. IDX Sys. Corp.*,
  464 F.3d 951 (9th Cir. 2006) ................................................................... 7

*Malone v. United States Postal Serv.*,
  833 F.2d 128 (1987).................................................................... 7, 8, 12

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
  427 U.S. 639 (1976)................................................................................ 5

*Perry v. O'Donnell*,
  759 F.2d 702 (9th Cir. 1985) ................................................................ 15

*Peschel v. Missoula*,
  664 F. Supp. 2d 1137 (D. Mont. 2009).................................... 5, 14, 15

*Rio Properties, Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir.2002) ................................................................ 9

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980)................................................................................ 5

*Sigliano v. Mendoza*,
  642 F.2d 309 (9th Cir. 1981) ............................................................ 1, 6

*Task Grp., Inc.*,
  364 F.3d (2004)..................................................................... 7, 9, 11, 12

*TeleVideo Sys., Inc. v. Heidenthal*,
  826 F.2d 915 (9th Cir. 1987) ................................................................. 5

*Thompson v. Hous. Auth. of City of Los Angeles*,
  782 F.2d 829 (9th Cir. 1986) ................................................................. 6

*United States v. Campbell*,
  No. 2:11-CV-2826-MCE-EFB, 2012 WL 5949118 (E.D. Cal. Nov. 28, 2012) .......... 13

*Zendelv. ABC Video Prods., No.* 10-2889-VBF-EX,
  2011 WL 5348011 (C.D. Cal. July 25, 2011)........................................ 9

Rules

Fed. R. Civ. P. 37(b)(2)(A)(i) ............................................................. 14, 15
Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (vi) .................................................... 5
Fed R. Civ. P. 37(b)(2) ............................................................................. 6
Federal Rule of Civil Procedure 37(b)(2)(A) ........................................... 5
Rule 37 .................................................................................................. 5, 6
Rule 37(a).................................................................................................. 5

Other Authorities

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-iii-

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

3 Bankruptcy Litigation § 15:29 ......................................................................... 10

Factors 1 .............................................................................................................. 8

L.R. 7- .................................................................................................................. 11

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 3, 2025, at 1:30 p.m., or as soon the matter may be heard in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, before Honorable Dale S. Fisher, Plaintiff Beyond Blond Productions, LLC ("Beyond Blond") moves this Court for an order striking the answer of Defendant Edward Heldman III ("Heldman"), an order entering default judgment against him, and imposition of sanctions and an award of attorneys' fees against him for his violation of the Court's Order (Dkt. 287).

The grounds for this motion are as follows. Defendant Heldman continues to violate this Court's orders despite monetary sanctions imposed against him. He refuses to abide by the Honorable Gail J. Standish's discovery orders by refusing to produce responsive documents, refusing to pay the discovery referee to oversee his deposition, and refusing to pay an IT forensic search of his electronic devices to allow orderly progression of the case. His conduct has unnecessarily protracted this litigation and created substantive obstacles for Beyond Blond to pursue its claims. Injunctions and sanctions have had no effect. The sole remedy is to terminate Heldman's defense, strike his answer, and enter default judgment against him.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, Declaration of Milord A. Keshishian ("Keshishian Decl."), Request for Judicial Notice, the papers and records filed with this Court including its orders, and upon such further matters that this Court may consider.

**Local Rule 7-3 Statement.** Beyond Blond's counsel attempted to confer with Heldman by telephone, but he has previously stated that all conferrals must be in writing. Thus, Beyond Blond's counsel sent correspondence detailing the relief sought and authority in support thereof. Heldman responded that he would not agree with the motion and refused to meet and confer by telephone. See Keshishian Decl. ¶¶ 8-9, Exs. F, G, H, and I.

-1-

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

1

2     Dated:  February 3, 2025              Respectfully submitted,

3                                          MILORD LAW GROUP, P.C.

4
                                           /s/ Milord A. Keshishian
5                                          Milord A. Keshishian
6                                          Attorneys for Plaintiff
                                           BEYOND BLOND PRODUCTIONS, LLC and
7                                          MICHELLE JUSTICE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-2-

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Heldman refuses to produce relevant and critical documents, produce his electronic devices for copying to an IT forensics company, and pay for a discovery referee to allow for his deposition as ordered by Judge Standish.  Dkt. 287.  Heldman's long record of contempt of this Court's and Judge Standish's orders and violations of the bankruptcy court's orders is well documented.

- Contempt of first preliminary injunction order by Judge Fischer.  Dkts. 25 and 219.
- Contempt of discovery order by Judge Standish.  Dkts. 232 and 287.
- Contempt of second preliminary injunction by Judge Fischer.  Dkts. 289 and 366.
- Heldman's threats constitute violations of a Removal Order, Conversion Order, Conversion Injunction, Confirmation Order, Plan Injunction, and automatic stay provisions.  Dkts. 356-5 to 356-16.
- Heldman's most recent emails to Beyond Blond's counsel are in contempt of the second preliminary injunction by Judge Fischer.  Dkt. 366; Keshishian Decl. ¶ 7, Exs. C, D, and E.

When a party engages "in bad faith or willful disobedience of a court's order," the court may impose sanctions.  *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991)) (internal quotation marks omitted).  In severe instances of noncompliance, courts are even *encouraged* to grant terminating sanctions, including, but not limited to, striking of Answers and Affirmative Defenses and entry of default judgment.  Rule 37(b)(2)(A); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (citation omitted).

Heldman's willful and intentional violations of Judge Standish's order prevents orderly progression of the case because he refuses to produce relevant evidence and comply with requirements for his deposition.  The Court previously imposed lesser

sanctions and warned Heldman of the possibility of default, but Heldman's recalcitrance persists. Thus, terminating sanctions is the only option left to resolve this case.

## II.    HELDMAN'S PATTERN OF NONCOMPLIANCE PREJUDICES BEYOND BLOND.

Heldman's pattern of escalating noncompliance began with his violation of this Court's first preliminary injunction order. On August 14, 2020, this Court ordered Heldman to withdraw his baseless copyright and trademark takedown notices to Amazon sent in bad faith. Dkt. 25 ("First PI Order"). Heldman disregarded the First PI Order by issuing even more takedown notices resulting in the Court holding him in contempt and imposing monetary sanctions. Dkt. 219, pp. 1-2.

During discovery, Heldman propounded scant initial disclosures and did not comply with Beyond Blond's discovery requests, advancing meritless objections and responses. Dkt. 191, pp. 9-11; Dkt. 191-1 ¶¶ 8, 10; and Dkt. 191-2 Exs. 1, 3, 4, 5, 6. Beyond Blond had to file a motion to compel and subsequent motion for contempt just to receive the production it was due. Dkts. 191 and 249. Judge Standish's Order sided with Beyond Blond's argument that Heldman stalled discovery for a protective order he did not utilize. Dkt. 191, pp. 11-12; Dkt. 191-2 Ex. 9; and Dkt. 232. Further, that court agreed that he did not engage in good faith to resolve the parties' disputes and failed to produce all requested documents. Dkt. 191, pp. 11-13; Dkt. 191-1 ¶¶ 12, 14, 16-17, 19-22; Dkt. 191-2 Exs. 7-13; and Dkt. 232.

On April 18, 2022, Judge Standish granted Beyond Blond's motion to compel and ordered Heldman to produce responsive documents, provide a privilege log, submit a declaration detailing compliance, and pay Beyond Blond's attorneys' fees. Dkt. 232, pp. 1-3. Heldman did not comply and Judge Standish held him in contempt on July 18, 2022, finding "[Beyond Blond's] present motion to compel provides uncontroverted evidence that Defendants have **willfully** violated the Court prior discovery order by not producing the vast majority of responsive documents or any privilege log. Nor did Defendants

-2-

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

provide the declaration required by the Prior Discovery Order." Dkt. 287, p. 2. (emphasis added). Thus, Judge Standish ordered "***all privileges are waived***…including for work product related to litigation," ordered Heldman to retain, at his expense, an IT Forensics Specialist by July 25, 2022, and also ordered Heldman to pay a retainer to a Special Master to oversee his deposition. *Id*. at pp. 3-4. Under the guise of settlement, Heldman requested numerous extensions of Judge Standish's Order promising compliance, only to file for bankruptcy and send another one of his abusive emails. Dkts. 293, 299, 303, 314, 317, and 322; Keshishian Decl. ¶ 7, Ex. B.

On November 14, 2022, Heldman, ComedyMX, LLC and ComedyMX, Inc. each filed for bankruptcy—Heldman filing in Arizona and the entities in Delaware merely to drive up Beyond Blond's costs. Dkts. 336 and 337. Beyond Blond was forced to file a motion to transfer Heldman's bankruptcy case to Delaware, which Heldman failed to oppose. RFJN, Ex. 1. While still in Arizona, Heldman appeared for debtor's examination on January 4, 2023, during which he became hostile and refused to answer questions. Keshishian Decl. ¶ 5. Consequently, on January 6, 2023, the Arizona court ordered Heldman to produce all documents and communications requested by February 1, 2023, and appear for examination on February 13, 2023. RFJN, Ex. 2. Heldman willfully and intentionally ignored the order and failed to comply. RFJN, Ex. 3, p. 2. On February 17, 2023, the AZ court dismissed the case due to Heldman's noncompliance with court orders. RFJN, Ex. 4. That same day, the AZ court transferred the case from Arizona to Delaware. RFJN, Ex. 5. In Delaware, Heldman's individual case was dismissed on October 18, 2023, due to Heldman's continued non-compliance with the DE court's order (Dkt. 104), and his failure to show cause why his case should not be dismissed. RFJN, Ex. 6.

During the Delaware bankruptcy proceedings for the ComedyMX entities, Heldman continued violating court orders enjoining him from demonetizing the bankruptcy estate's assets by contacting Warner Brothers to induce takedown notices against ComedyMx's YouTube videos. Dkt. 356-5. Heldman also continued to violate

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-3-

this Court's injunction by sending abusive emails to Beyond Blond's Counsel, and Michelle Justice. Dkt. 289; RFJN, Ex. 7, Exhibit E, pp. 82-120. "The issue is that the debtors' principal, Edward Heldman III, who is the owner of the debtors and their only officer and employee, has sent emails that make it abundantly clear that he cannot serve in a fiduciary capacity to this bankruptcy estate." *In re ComedyMX, LLC*, 647 B.R. 457, 459 (Bankr. D. Del. 2022). "The emails are repugnant and ***undoubtedly violate the [California] district court's injunction***. The most striking features of Heldman's communications are their vulgarity, racism, misogyny, and homophobia." *Id*. at 460 (emphasis added). The bankruptcy court concluded that "Heldman's boast that he 'doesn't give a damn about the law,' ***coupled with his open defiance of the injunctions entered by the California district court***, lead this Court to conclude that the statutory purposes of chapter 11 cannot be fulfilled with this debtor remaining in possession." *Id*. at 465 (emphasis added). Heldman's abusive emails constitute violations of a Removal Order, Conversion Order, Conversion Injunction, Confirmation Order, Plan Injunction, and automatic stay provisions. Dkts. 356-5 to 356-16. In the end, when it was time to examine Heldman in Delaware, he refused again. Keshishian Decl. ¶6.

After the bankruptcy action was dismissed, this litigation resumed. Dkt. 348. To depose Heldman, Beyond Blond requested compliance with Judge Standish's order by producing documents, engaging an IT forensics company to copy his data, and paying for a discovery referee. On January 23, 2025, Heldman emailed his outright refusal to comply with Judge Standish's order. Keshishian Decl. ¶ 9, Exs. G, H, and I.

Heldman's refusal to participate in discovery as ordered by Judge Standish prejudices Beyond Blond's ability to prove its case and defeat Heldman's defenses. Given Heldman's repeated stall tactics—including in the bankruptcy courts, it is unlikely that he will ever provide the evidence Beyond Blond is entitled to receive. Beyond Blond was also forced to file a motion to compel Heldman's former counsel to produce documents as Judge Standish ordered. Dkt. 391.

This Court has previously acknowledged Heldman's blatant and willful violations

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

of numerous orders.  Dkt. 287, p. 2.   To deflect from his noncompliance, he filed an indecipherable motion for "Judgment on Peadings(sic)" to prevent termination of this case without any legal authority, which also takes positions directly contradictory to his prior court submissions.  Keshishian Decl. ¶ 10; Exs. G, H, I, and J.  Heldman makes no excuses for his bad faith misconduct.  Indeed, the day after serving the motion he sent another abusive email to counsel.  Keshishian Decl. ¶ 7, Ex. E.  Beyond Blond is left with no other remedies.  Therefore, Beyond Blond requests the Court find Heldman in contempt, strike his answer and affirmative defenses, and order the clerk to enter his default as a terminating sanction.

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 37(b)(2)(A) or its inherent power, a court has authority to issue sanctions for failure to obey a court order.  Sanctions are appropriate according to Federal Rule of Civil Procedure 37(b)(2)(A) when a party has failed to obey an order of the court issued pursuant to Rule 37(a).  Rule 37(b)(2)(A) sanctions include terminating sanctions, such as default judgment, directing that designated facts be taken as established, and prohibiting the disobedient party from opposing any claims or presenting any evidence in opposition of that claim.  Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (vi); *See also Peschel v. Missoula*, 664 F. Supp. 2d 1137, 1142 (D. Mont. 2009).  Courts review all incidents of a party's discovery misconduct to evaluate whether sanctions should be imposed.  *Adriana Int'l Corp. v. Thoren*, 913 F.2d 1406, 1411 (9th Cir. 1990).  Rule 37 grants courts the ability to penalize a misbehaving party and deter anyone who might otherwise defy the courts' orders absent sanctions.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

A court's inherent authority allows imposition of sanctions on a party that has "engaged in bad faith or willful disobedience of a court's order."  *Fink*, 239 F.3d at 992 (2001).  Under the court's inherent power, it may enter a default for a party's contempt of court or abusive litigation practices.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-5-

916 (9th Cir. 1987); *See also Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir.1994) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir.1985)). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath*, 24 F.3d at 1166.

## IV.   ARGUMENT

Heldman's repeated violations of this Court's, Judge Standish's, the AZ court's, and the DE court's orders, the Federal Rules of Civil Procedure, and the Local Rules establish his failure to meaningfully participate in this action.  Courts have the inherent power to control their dockets and exercise the power of imposing sanctions "including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  Federal Rule 37 also empowers a court to sanction a party resisting discovery and withholding documents, including the ultimate sanction of default. Fed R. Civ. P. 37(b)(2); *Hullinger v. Anand*, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016).  Lesser sanctions of escalating seriousness have failed to compel compliance or respect for this Court's, Judge Standish's, and the bankruptcy courts' orders, thus, terminating sanctions are appropriate.  Heldman willfully and intentionally violated numerous court orders in bad faith.  Given his repeated violations and contempt, it is appropriate for the Court to not only sanction him for this misconduct but to issue terminating sanctions.

## V.   DEFAULT JUDGMENT IS AN APPROPRIATE TERMINATING SANCTION FOR A DELIBERATE PATTERN OF DISOBEDIENCE.

Though severe, the Ninth Circuit Court of Appeals has "specifically encouraged" terminating sanctions, when "the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with the rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *Sigliano*, 642 F.2d at 310 (1981) (quoting *G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978)).  Bad faith misconduct constitutes "'disobedient conduct not shown to be outside the control of the litigant.'" *Henry v. Gill Indus., Inc.*, 983 F.2d

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-6-

943, 948 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

Heldman's most recent refusal to produce documents, engage an IT forensics company for copying of his electronic documents, and engage a discovery referee to allow his deposition are under his full control, and he does not present evidence to the contrary to excuse his misconduct.  Further, Heldman continues to send harassing emails to Beyond Blond's counsel, violating this Court's preliminary injunction and contempt orders (Dkts. 289 and 366).  Keshishian Decl. ¶ 7, Exs. C, D, and E.  Heldman's pattern of disobedience is evidence of willful and bad faith conduct.

Courts consider these five factors in determining whether the sanction of default judgment is appropriate:

> (1) the public's interest in expeditious resolution of litigation;
>
> (2) the court's need to manage its dockets;
>
> (3) the risk of prejudice to the party seeking sanctions;
>
> (4) the public policy favoring disposition of cases on their merits; and
>
> (5) the availability of less drastic sanctions.

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012); see also *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (applying the five-factor test to review sanctions granted under a court's "inherent power")).

In general, the first two factors weigh in favor of default judgement, while the fourth weighs against; therefore, the outcome usually depends on the third and fifth factors.  *Comput. Task Grp., Inc.*, 364 F.3d at 1115 (2004); *See also Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  For the third factor, prejudice is suffered when a party's "actions impair [other party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id*. (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (1987); *See generally Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988).

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-7-

Determining if entering default judgment is seasonable largely depends on two factors: prejudice to the moving party, meaning the moving party's ability to go to trial is impaired, and whether the court implemented lesser sanctions and also warned the offending party of the possibility of default judgment.

Here, all factors favor striking Heldman's answer and defenses and entry of default.

### A. Factors 1 and 2: Considerations of Expeditious Litigation and Docket Management Weigh Heavily in Beyond Blond's Favor

Securing just, speedy and inexpensive determination of the action, and the court's management of its docket weigh heavily in Beyond Blond's favor. Heldman multiplied proceedings for nearly four years by violating numerous court orders and ignoring his discovery obligations. Thus, Heldman's obstructive conduct "poses a genuine threat to the expeditious resolution of this litigation and the Court's need to manage its docket." *Bump Babies Inc. v. Baby The Bump, Inc.*, No. CV 09-06747 GHK SSX, 2011 WL 5037070, at *5 (C.D. Cal. Sept. 7, 2011) (noting a two-year delay caused by defendant was unreasonable).

### B. Factor 3: Beyond Blond is Prejudiced by Heldman's Obstructive Behavior by Withholding Relevant, Discoverable Documents

"The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Beyond Blond fortuitously discovered Heldman's "tvideo" anonymous Amazon user account from a third-party because Heldman intentionally withheld evidence of his misconduct. Dkt. 164-1, Ex. 7. Also, Judge Standish found Heldman's contradictory discovery responses that he would produce documents to later claim they did not exist resulted in "the Court ha[ving] a difficult time believing that responsive documents never existed." Dkt. 232, p. 2; 287, p. 2. Heldman's inconsistency resulted in Judge Standish's order for an IT forensics company to copy

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-8-

Heldman's electronic storage devices. Thus, Heldman's untruthful responses and hiding evidence prejudices Beyond Blond's ability to prepare its case and the Court's orderly case management. *See Bump Babies Inc.*, 2011 WL 5037070 at *6 (2011) (holding "Defendant's obstructive behavior severely casts doubt on whether this action can proceed on the true facts, or even at all" based on conflicting discovery responses).

Heldman's failure to obey court orders compelling production and to allow a third-party IT forensics search for responsive documents is ample ground to find prejudice. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1236 (9th Cir. 2006) ("Prejudice from unreasonable delay is presumed. Failure to produce documents as ordered is sufficient prejudice, whether or not there is belated compliance.") (internal citation omitted); *Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) ("[F]ailure to produce documents as ordered ... is considered sufficient prejudice" under the third factor of the *Malone* balancing test) (internal quotation marks omitted). Indeed, Heldman's refusal to participate in this litigation coupled with his intentional gamesmanship have made Beyond Blond's case "practically impossible." *Zendel v. ABC Video Prods.*, No. CV 10-2889-VBF-EX, 2011 WL 5348011, at *5 (C.D. Cal. July 25, 2011). There can be no question that Factor Three favors Beyond Blond's position on terminating sanctions.

## C. Factor 4: Heldman's Continuous Misconduct Shows He Holds No Interest in Litigating this Case on the Merits

"While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir.2002).

Heldman's repeated violations of not only this Court's Orders but also other courts' orders prolong prompt resolution of the instant case because Beyond Blond has still not received all the evidence it requires to litigate its case. This has prevented Beyond Blond's ability to prepare for trial. Heldman's actions have also burdened the

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-9-

Court's management of its docket by expending substantial time and resources on unnecessary motion practice and push back trial dates to accommodate Heldman's attempts to frustrate an expeditious conclusion.  Beyond Blond has had no other choice but to file motion after motion to ensure Heldman's compliance with the rules and receive needed evidence Heldman withholds.  Heldman's refusal to retain a Special Master has made it impossible to take his deposition and obtain relevant evidence because of his refusal to answer questions during bankruptcy questioning.  Keshishian Decl. ¶¶ 5-6.  This misconduct places pressure on Beyond Blond to seek an extension of the close of fact discovery deadline, an extension of which will probably lead to more efforts by Heldman to forestall resolution as he has already done.  In fact, Heldman's dilatory tactics prove that he is not interested in disposition of this case on the merits and will drag out litigation as long as this Court is willing to tolerate him.

Moreover, the bankruptcy court's findings that Heldman demonstrated egregious behavior rises to the level of extreme circumstances and proves his unwillingness to litigate this case on the merits.  Heldman's willful defiance of this Court's orders and the bankruptcy courts' orders caused his removal as the debtor-in-possession because "bankruptcy courts are generally very reluctant to remove the debtor-in-possession except in the ***most extreme of circumstances***."  3 Bankruptcy Litigation § 15:29 (citing *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225–26 (3d Cir. 1989) (appointment of a trustee is the "exception rather than the rule") (emphasis added)).  This factor does not weigh in Heldman's favor.

### D. Factor 5: Imposition of Lesser Sanctions Could Not Secure Compliance; Heldman's Conduct is Egregious, Willful, and in Bad Faith; and this Court Warned him of the Possibility of Terminating Sanctions

The fifth factor weighs more in favor of dismissal if the court has implemented lesser sanctions before entering a default judgment and warned the offending party of the possibility of default.  *Comput. Task Grp.*, 364 F.3d at 1116 (2004).

This Court and Judge Standish considered and administered lesser sanctions,

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**

including standard discovery sanctions like waiver of privilege and compelling production, to more serious monetary sanctions and preliminary injunctions. Heldman's repeated violations were tolerated by this Court by providing opportunities to cure, extensions of time, and grace to secure compliance. Yet, imposition of less drastic sanctions and issuance of warnings have proved ineffective to achieve Heldman's compliance with Court Orders.

This Court previously imposed monetary sanctions which did not lead to changed behavior. Dkt. 232, p. 3. Even now, Heldman scoffs at $49,648.90 in monetary sanctions he owes. Dkts. 366 and 386. Keshishian Decl. ¶ 3, Ex. A.

Heldman was warned of the possibility of terminating sanctions and entry of default on August 15, 2022, when his counsel forwarded the L.R. 7-3 conference request. Despite the terminating sanctions warning, Heldman continued his assault on this Court's injunctions into bankruptcy proceedings, where he also showed contempt for the bankruptcy court's injunctions.

Additionally, the Court warned Heldman personally of the possibility of default judgment. On March 25, 2024, the Court granted Beyond Blond's motion for an order holding Heldman in civil contempt of court. Dkt. 366, p. 1. The Court acknowledged that "Heldman has engaged in two distinct types of bad behavior. Most relevant to a determination of the merits of the case, he has refused to produce certain documents in discovery." *Id*. at p. 2. At that time, the Court had yet to apprehend the true extent of Heldman's abuse of the discovery process, opting for less tailored sanctions. However, the Court did correctly predict the need to issue this warning: "To the degree that Heldman contends that he had not previously been warned of the possibility of terminating sanctions, such as striking the answer and entry of default judgment, he should now consider himself to have been warned." *Id*. at p. 3.

Even if this Court had not issued an official warning to Heldman, it would still be free to impose terminating sanctions. Where a district court tries alternatives before employing the ultimate sanction of dismissal, explicit discussion of terminating

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-11-

sanctions is unnecessary. *See Callip v. Harris Cnty Child Welfare Dept.*, 757 F.2d 1513, 1522 (5th Cir.1985); *Malone*, 833 F.2d at 132. And the Ninth Circuit has never required explicit discussion of alternatives as necessary for an order of dismissal where there are "egregious circumstances" as those present here. *Malone*, 833 F.2d at 132.

A "natural progression" of escalating sanctions by this Court and Judge Standish to compel Heldman's compliance occurred. Heldman violated this Court's preliminary injunction by issuing baseless copyright and trademark takedown notices. Dkts. 25 and 219. The Court administered monetary sanctions for Heldman's contempt, which he violated by failing to pay. Dkt. 262. Next, Judge Standish entered an order compelling production, a declaration of due diligence, providing a privilege log, and payment of monetary sanctions. Dkt. 232. Heldman again refused to comply and Judge Standish ordered that all privileges were waived and ordered Heldman to pay $5,000 to retain an IT Forensics Specialist to search his devices and retain a discovery referee. Dkt. 287. Meanwhile, this Court issued a Temporary Restraining Order (Dkt. 272), enjoining Heldman's harassing conduct and attempts to demonetize the ComedyMX entities and hide assets, later converted to a Preliminary Injunction. Dkt. 289. Heldman has not respected or followed any of this Court's orders, Judge Standish's orders, nor the bankruptcy court's orders.

Heldman has boasted that he will continue to disregard court orders: "No court order will stop me." Dkt. 333-1, Exhibit A, p.5. He continued his contempt into bankruptcy proceedings, writing to the trustee, "[s]ince when I am (sic) afraid of Sanctions you fuck?" Dkt. 356-15. He violated the bankruptcy court's enjoining him from demonetizing the bankruptcy estate's assets by contacting Warner Brothers to induce takedown notices against ComedyMx's YouTube videos. Dkts. 356-5 and 356-6.

When "continued misconduct is expected," the court may reject lesser sanctions and terminate the case. *Comput. Task Grp.*, 364 F.3d at 1116–17 (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995)). Heldman's years of contempt proves that he cannot change his spots and terminating sanctions is

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-12-

warranted.

## VI.    HELDMAN'S ANSWER AND AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

As discussed at length, Beyond Blond has been and will continue to be prejudiced by Heldman's ongoing disobedience of rules and numerous court orders.  Terminating sanctions of striking a defendant's answer and affirmative defenses are warranted after repeated failures to meaningfully participate in the discovery process.  *United States v. Campbell*, No. 2:11-CV-2826-MCE-EFB, 2012 WL 5949118, at *3 (E.D. Cal. Nov. 28, 2012), report and recommendation adopted, No. 2:11-CV-2826-MCE-EFB, 2013 WL 268932 (E.D. Cal. Jan. 23, 2013) (ordering terminating sanctions where defendants disobeyed court orders requiring them to produce their initial disclosures and to pay monetary sanctions, despite being warned that a failure to respond could result in the striking of their answers).

Heldman disregarded discovery rules and Judge Standish consequently ordered production of non-public, responsive documents, a privilege log, and a declaration.  Dkt. 232, pp. 1-2.  In this first Order, Judge Standish imposed lesser monetary sanctions on Heldman to no avail.  *Id*. at p. 3.  In its second Order to Heldman, Judge Standish recognized that he "willfully violated" the court's prior discovery order by refusing to produce documents, a privilege log, and a declaration.  Dkt. 287, p. 2.  The second Order then mandated Heldman to produce all requested documents and retain both an IT Forensics Specialist and a Special Master to oversee his deposition.  *Id*. at pp. 3-4.  Heldman rejected Judge Standish's order again refusing to produce documents and to retain the specialists.  Keshishian Decl. ¶ 9; Exs. G, H, and I.

Without the imposition of a terminating sanction, Heldman will likely continue to thwart discovery efforts and progress of this case.  In its foresight, this Court granted Beyond Blond permission to request such terminating sanction, stating "[Beyond Blond] may refile this request [that affirmative defenses be stricken], seeking a recommendation from the Magistrate Judge to the District Judge or directly with the District Judge, upon a

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

showing of prejudice at a later date." Dkt. 287, p. 3.  This Court has witnessed Heldman's every attempt to prejudice Beyond Blond's ability to effectively participate in this litigation and prepare for trial.  Heldman propounded scant initial disclosures, meritless objections, and noncompliant responses.  Dkt. 191, pp. 9-11; Dkt. 191-1 ¶¶ 8, 10; and Dkt. 191-2 Exs. 1, 3, 4, 5, 6.  He stalled discovery for a protective order he did not utilize.  Dkt. 191, pp. 11-12 and Dkt. 191-2 Ex. 9.  He did not engage in good faith to resolve the parties' disputes and failed to produce all requested documents in contempt of Judge Standish's orders.  Dkt. 191, pp. 11-13; Dkt. 191-1 ¶¶ 12, 14, 16-17, 19-22; and Dkt. 191-2 Exs. 7-13.  Thus, striking Heldman's Answer and Affirmative Defenses is proper at this juncture.

## VII.  IN THE ALTERNATIVE, DESIGNATION OF CERTAIN FACTS AS ESTABLISHED AND EVIDENTIARY SANCTIONS ARE APPROPRIATE GIVEN HELDMAN'S DELAY.

To the extent that the Court is not inclined to issue terminating sanctions at this juncture, the Beyond Blond respectfully requests that the Court designate certain facts as established.  See *Peschel*, 664 F. Supp. 2d at 1142; Fed. R. Civ. P. 37(b)(2)(A)(i).  Heldman's conduct meets the test for this sanction: he has engaged in a pattern of noncompliance with Court Orders that amounts to bad faith.  Heldman's transgressions have prejudiced Beyond Blond's ability to prepare for trial and his latest transgressions of continuing to send harassing emails to Beyond Blond's counsel violates this Court's Orders.  Dkts. 289 and 366; Keshishian Decl. ¶ 7, Exs. C, D, and E.  Thus, Beyond Blond requests that the court designate the below facts as established:

(1) that Heldman submitted DMCA notices, knowingly materially misrepresenting that Beyond Blond maintained material and/or activity that could infringe Defendants' Copyrights Registrations in the unprotectable logo for the generic cartoon classics term;

(2) that Heldman, on behalf of all Defendants, represented in the DMCA notices, under penalty of perjury, that Beyond Blond's seven videos

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-14-

infringed the work covered by Defendants' Copyright Registrations;

(3) that Heldman issued the takedown notice on behalf of COM-Inc., when some of Defendants' Copyright Registrations are owned by COM-LLC; and

(4) that Heldman used the anonymous Amazon account "tvideo" to provide misleading descriptions of Beyond Blond's videos and misrepresent the quality of Beyond Blond's videos to existing and prospective customers by purporting to state a consumer's honest opinion of a product when Heldman is actually a biased, direct competitor.

Additionally, the Beyond Blond requests that the Heldman be barred from presenting any evidence to support any of his claims or refute any of Beyond Blond's claims. *See Peschel*, 664 F. Supp. 2d at 1142; Fed. R. Civ. P. 37(b)(2)(A)(i).

## VIII.  MONETARY SANCTIONS ARE APPROPRIATE.

"[A]ttorneys' fees in a civil contempt proceeding are limited to those reasonably and necessarily incurred in the attempt to enforce compliance." *AECOM Energy & Constr., Inc. v. Ripley*, No. 217CV05398RSWLSS, 2018 WL 3250442, at *1 (C.D. Cal. July 3, 2018) (alteration in original) (citing *Abbott Labs. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1242 (11th Cir. 2000); *See Donovan v. Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (recognizing "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party")).

Here, Beyond Blond has incurred fees as a result of bringing this Motion for contempt.  This Court has in prior orders granted Beyond Blond's attorneys' fees.  For instance, in its Order granting Beyond Blond's motion to compel, the Court stated "[p]ursuant to the Court's oral order, Plaintiffs counsel submitted a declaration detailing the fees and costs incurred in preparing Plaintiffs Motion to Compel and related documents…The Court therefore awards $17,572.50 in fees and costs, which the Court finds to constitute a reasonable amount, to Plaintiff for the motion practice."  Dkt. 232, p.

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

-15-

3. Likewise, the Court should impose monetary sanctions on Heldman for his stonewalling, which necessitated this unwarranted Motion.

## IX.    CONCLUSION

Heldman will not comply with Judge Standish's orders to allow Beyond Blond to prepare for trial. He will not even allow a third-party IT Forensics Specialist to search for the documents Beyond Blond needs. Deposing him is impossible at this point because he refuses to retain a Special Master to oversee his deposition. Heldman has continually and willfully disobeyed this Court's various orders, Judge Standish's orders, and the bankruptcy courts' orders. Lesser sanctions and warnings failed to compel Heldman's compliance. Nothing short of terminating sanctions will be able to deter his future violations and misconduct. Striking his Answers and Affirmative Defenses and entering default judgment are the only ways to bring this case to a satisfactory conclusion.

Dated:  February 3, 2025

Respectfully submitted,

**MILORD LAW GROUP, P.C.**

By:  /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC and
MICHELLE JUSTICE

MILORD LAW GROUP, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

**BEYOND BLOND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR AN ORDER FOR TERMINATING SANCTIONS**