ORIGINAL

FILED

**EDWARD HELDMAN III**
**10614 West Crosby Drive**
**Sun City Arizona 85351**
**201.679.7428**
**Eheldman.ProPer@proton.me**

2025 FEB -3 AM 11: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

**Defendant Pro Per**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada Corporation; COMEDYMX, a Delaware Limited Liability Company,<br><br>Defendants.<br><br>COMEDYMX, a Delaware Limited Liability Company,<br><br>Counter-claimant,<br><br>v.<br><br>BEYOND BLOND PRODUCTIONS, LLC, a California Limited Liability Company,<br><br>Counter-Defendant. | Case No. 2:20-cv-05581-DSF-GJSx<br><br>MOTION NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR MORE DEFINITE STATEMENT POST-BANKRUPTCY; MOTION TO RECONSIDER ALL PENDING PRE-BANKRUPTCY ORDERS; MOTION TO STAY ACTION PENDING COMPLETION OF BANKRUPTCY CHAPTER 11 PLAN'S DAMAGES PAYOUT; DECLARATION OF EDWARD HELDMAN III ; MEMORANDUM<br><br>Date:  March 3, 2025<br>Time: 1:30 p.m.<br><br>Hon. Dale S. Fischer, Judge<br><br>Courtroom:  7D<br>            50 West First Street<br>            Los Angeles, CA 90012 |

Notice is hereby given that on March 3, 2025 at 1:30 p.m. in the above-referenced Courtroom No. 7D, Defendant Edward Heldman III will and does hereby move this Court, under Fed.R.Civ.P. 12 and 59(e), and Local Rule 7-18, for orders as hereinafter listed.

**1.  MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR MORE DEFINITE STATEMENT POST-BANKRUPTCY \\**

This Motion is made on the following grounds:

1. Plaintiff has repeatedly and throughout this litigation alleged that Defendant is an alter ego for his CMX companies, often to Plaintiff's benefit and advantage and Defendant's disadvantage.

2. Likewise, the trustees in the bankruptcy proceedings used this alter ego argument, first to transfer Defendant's Chapter 13 case from Arizona to Delaware, and then later to have his individual case converted to a Chapter 7, and then settle with the companies and still pursue him for the exact same alleged conduct.

3. A motion to dismiss by Defendants was rejected by this Court, holding Defendant Heldman under the presumption that he was CMX as the Plaintiff claimed.

4. Hence, Plaintiff with unclean hands should be equitably / judicially estopped from claiming that Defendant is responsible for any damages beyond that which Plaintiff is obtaining in its bankruptcy settlement; and any such recovery from him would be entirely duplicative.

5. Notably, the bankruptcy settlement figure was larger than the Plaintiff's original demand in this action for $700,000 [Exhibit 3]; they should take their pound of flesh and let that suffice.

6. Judicial estoppel precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. A party's later position must be "clearly inconsistent" with its earlier position; and assertion of an inconsistent position would derive an unfair advantage

or impose an unfair detriment on the opposing party if not estopped. Judicial estoppel is an equitable doctrine, invoked by a court at its own discretion, and driven by the specific facts of a case.

7. Alternatively, Plaintiff should be ordered to amend her complaint to provide a more definite statement re remaining liability and damages claims remaining beyond the $1 million being paid to her by the CMX companies under the bankruptcy settlement agreement, order and Chapter 11 Plan ["Bankruptcy Settlement"] [Attached hereto as Exhibit 1].

8. The existence of actual damages is a material element of the Plaintiff's remaining claims.

## 2. MOTION TO RECONSIDER AND/OR MODIFY PENDING ORDERS HEREIN'

This Motion is made on the following grounds:

9. In stated opposition to these motions proposed in meet and confer efforts for these motions, Plaintiff's counsel relies on various discovery, sanctions and contempt orders issued against ALL defendants prior to the bankruptcy proceedings.

10. The bankruptcy proceedings and the Chapter 11 Plan that provides for a $1 million settlement involving the CMX companies, after their removal from control of Defendant Heldman, constitutes substantial and material changed circumstances warranting reconsideration and modification of the orders to reflect current realities.

11. In the Bankruptcy Settlement, all of Plaintiff's claims for liability in this action were fully settled with CMX companies, with the agreed damages payment of $1 million, and waiver of the Anti-Slapp Dismissal Order of $65,000 in attorney fees; no liability or damages issues remain.

12. In the meet and confer for this motion, Plaintiff's counsel cites this Court's Order [08.17.20] [Docket 26] that liability against Defendant Heldman is predicated on his role as company officer, which means that it is the same now settled liability claims asserted against the CMX companies.

13. Plaintiff's counsel is now also asserting the continued vitality and enforceability of pre-Bankruptcy Settlement orders in 2022, involving enforcement of discovery and discovery orders when liability and damages claims against ALL defendants were still in issue, and the remedial orders were premised on the realities and status of the case and claims at that time; this is obviously no longer the case.

14. Plaintiff' counsel is also engaging in new discovery from social media entities, including new third party subpoenas on social media companies to gain personal information on Heldman, and on Defendants' former pre-bankruptcy counsel which is now escalated to a motion, and threatening new contempt motions, again all premised on the dated and no longer applicable pre-Bankruptcy Settlement 2022 orders.

15. In summary, these discovery, sanctions and contempt orders were premised on needs in connection with litigating the liability and damages claims against the CMX companies, which are now settled, obviating the needs.

16. It is undisputed that Defendant Heldman was the sole and complete controller of all of the company business, conduct and actions, again obviating any of those needs.

17. Given the Bankruptcy Settlement with the CMX companies, the material changed circumstances involving all Defendants as discussed above and below, and in the absence of any damages beyond same, there is no current and remaining legal or factual basis or justification for the sweeping and intrusive discovery demands which were the basis for the orders when all damages claims were still in issue.

18. All of the orders were necessarily remedial in nature, designed only to effect litigation requirements at that time, almost all of which now longer exist.

19. In the absence of the above sought more definite statement, and any factual justification therefor, and the legal and factual sufficiency of same, there is no remaining justification for the earlier orders in their current form and content, if at all.

20. The pre-bankruptcy orders also occurred at a time when Defendant Heldman had relapsed in his lifetime struggle with alcohol addiction and underlying anxiety issues.

21. One consequence thereto was the loss of control of the CMX companies to a bankruptcy trustee, who then effected the aforementioned Bankruptcy Settlement; another consequence is Defendant Heldman's complete loss of his sole source of income, by which he supported himself and his now 81-year old mother who suffers from multiple health issues. Heldman is sole caretaker of his mother.

22. This alcohol abuse condition has since been obviated. See Declaration of Meir J. Westreich with attached updated exhibits from treating psychiatrist. [Attached hereto as Exhibit 2].

23. Exhibit 2 clearly reflects that Defendant Heldman is actively addressing the alcohol abuse issues, including underlying issues in his psychiatric treatment and had made great progress.

24. This too is now a material changed circumstance since the orders.

25. The orders should be dissolved or terminated on grounds that the bases, needs and justifications therefor are now moot.

26. At minimum the orders must be fully reviewed in light of current factual and legal conditions, and materially altered and down-sized to reflect current realities, once the Plaintiff's showing in Paragraph 6 occurs and is approved by and in the course of necessary court proceedings.

**3.   MOTION TO STAY PROCEEDINGS PENDING COMPLETION OF CMX BANKRUPTCY SETTLEMENT PROCEEDINGS.**

This Motion is made on the following grounds:

27. Plaintiff has obtained a substantial $1 million Bankruptcy Settlement in the bankruptcy action, far in excess of any previously claimed damages in this federal action [Exhibit 3], but which will not be fully paid for another 3+ years.

28. Plaintiff's current ballooned damages claims beyond that $1 million are entirely speculative and based on prospective assumptions, and Plaintiff is not entitled to double recover on damages being paid in the settlement.

29. Again, the bankruptcy settlement figure was far larger than the Plaintiff's original demand in this action; Defendant was stripped entirely of his ownership rights in the CMX companies pending conclusion of the bankruptcy settlement proceedings; and, hence, Defendant has no assets or means of income, by which he supported himself and his now 81-year old mother, who suffers from multiple health issues. Heldman is sole caretaker of his mother, until the companies are restored to him.

30. Conversely, Defendant once built the companies to substantial financially successful venturers, so much so that they will be able to pay the bankruptcy settlement and enabled Defendant to pay hundreds of thousands of dollars in misdirected legal fees.

31. Defendant will recover the companies after the five year bankruptcy plan and settlement payoff.

32. Hopefully, Defendant would again be enabled to afford counsel.

33. Defendant also relies on the previously filed Declaration of Meir J. Westreich, Esq. and updated psychiatrist letters [Exhibit 2] re the sanctions motions, for the equitable considerations raised therein, both regarding Defendant's health recovery and the conduct of opposing counsel herein.

34. A stay of these proceedings would enable the parties and the court to determine the following: (a) the precise recovery amount by Plaintiff from the CMX companies; (b) any actual additional damages which might in fact accrue in the interim; (c) any duplication and other equitable defenses; and (d) avoidance of wasteful and potentially unnecessary litigation expenses and judicial resources in the interim.

35. This is a unique litigation situation that demands equitable handling.

## MEET AND CONFER COMPLIANCE

This motion is made following meet and confer efforts pursuant to L.R. 7-3.

This motion is based on the following declaration of Edward Heldman III, an earlier Declaration of Meir J. Westreich, exhibits filed herewith, and a Memorandum of Points and Authorities.

Dated: January 31, 2025                                  Respectfully submitted,

                                                                                     Edward Heldman III, Pro Per

## DECLARATION OF EDWARD HELDMAN III

1. I am Defendant Edward Heldman II, appearing pro se.

2. Defendant Edward Heldman III will and does hereby move this Court, under Fed.R.Civ.P. 12 and 59(e), and Local Rule 7-18, for the following orders: (1) Motion for Judgment on the Pleadings and/or for More Definite Statement re Damages Post-bankruptcy Settlement; (2) Motion to Reconsider And/or Modify Pending Orders Herein; and (3) Motion to Stay Proceedings Pending Completion of Cmx Bankruptcy Settlement Proceedings.

3. Plaintiff has repeatedly and throughout this litigation alleged that Defendant is an alter ego for his CMX companies, often to Plaintiff's benefit and advantage and Defendant's disadvantage.

4. Likewise, the trustees in the bankruptcy proceedings used this alter ego argument, first to transfer Defendant's Chapter 13 case from Arizona to Delaware, and then later to have his individual case converted to a Chapter 7, and then settle with the companies and still pursue him for the exact same alleged conduct.

5. A motion to dismiss by Defendants was rejected by this Court, holding Defendant Heldman under the presumption that he was CMX as the Plaintiff claimed.

6. Hence, Plaintiff with unclean hands should be equitably / judicially estopped from claiming that Defendant is responsible for any damages beyond that which Plaintiff is obtaining in its bankruptcy settlement; and any such recovery from him would be entirely duplicative.

7. Notably, the bankruptcy settlement figure was larger than the Plaintiff's original demand in this action for $700,000 [Exhibit 3]; they should take their pound of flesh and let that suffice.

8. Alternatively, Plaintiff should be ordered to amend her complaint to provide a more definite statement re damages remaining beyond the $1 million being paid to her by the CMX companies under the bankruptcy settlement agreement, order and Chapter 11 Plan.

9. The existence of actual damages is a material element of the Plaintiff's remaining claims.

10. In stated opposition to these motions proposed in meet and confer efforts for these motions, Plaintiff's counsel relies on various discovery, sanctions and contempt orders issued against ALL defendants prior to the bankruptcy proceedings.

11. The bankruptcy proceedings and the Chapter 11 Plan that provides for a $1 million settlement involving the CMX companies, after their removal from control of Defendant Heldman ["Bankruptcy Settlement"] [Exhibit 1], constitutes substantial and material changed circumstances warranting reconsideration and modification of the orders to reflect current realities.

12. In the bankruptcy settlement, all of Plaintiff's claims for liability in this action were fully settled, with the agreed damages payment of $1 million; no liability issues remain.

13. In the meet and confer for this motion, Plaintiff's counsel cites this Court's Order [08.17.20] [Docket 26] that liability against Defendant Heldman is predicated on his role as company officer, which means that it is the same now settled liability claims asserted against the companies.

14. Plaintiff's counsel is now also asserting the continued vitality and enforceability of pre-Bankruptcy Settlement orders in 2022, involving enforcement of discovery and discovery orders when liability and damages claims against ALL defendants were still in issue, and the remedial orders were premised on the realities and status of the case and claims at that time; this is obviously no longer the case.

15. Plaintiff' counsel is also engaging in new discovery from social media entities, including new third party subpoenas on social media companies to gain personal information on me and Defendants' former pre-bankruptcy counsel which is now escalated to a motion, and threatening new contempt motions, again all premised on the dated and no longer applicable pre-Bankruptcy Settlement 2022 orders.

16. In summary, the discovery, sanctions and contempt orders were premised on needs in connection with litigating the liability claims against the companies, which are now settled, obviating the needs.

17. It is undisputed I was the sole and complete controller of all of the company business, conduct and actions, again obviating any of those needs.

18. Given the bankruptcy settlement with the CMX companies, the material changed circumstances involving all Defendants as discussed above and below, and in the absence of any damages beyond same, there is no current and remaining legal or factual basis or justification for the sweeping and intrusive discovery demands which were the basis for the orders when all damages claims were still in issue.

19. All of the orders were necessarily remedial in nature, designed only to effect litigation requirements at that time, which now longer exist.

20. In the absence of the above sought more definite statement, and any factual justification therefor, and the legal and factual sufficiency of same, there is no remaining justification for the earlier orders in their current form and content, if at all.

21. The pre-bankruptcy orders also occurred at a time when I had relapsed in my lifetime struggle with alcohol addiction and underlying anxiety issues.

22. One consequence thereto was the loss of control of the CMX companies to a bankruptcy trustee, who then effected the aforementioned Bankruptcy Settlement; another consequence is my complete loss of my sole source of income, by which I supported myself and my now 81-year old mother who suffers from multiple health issues. I am the sole caretaker of my mother.

23. This alcohol abuse condition has since been obviated. See Declaration of Meir J. Westreich with attached updated exhibits from treating psychiatrist. [Attached hereto as Exhibit 2].

24. Exhibit 2 clearly reflects that I am actively addressing the alcohol abuse issues, including underlying issues in my psychiatric treatment and had made great progress.

25. This too is now a material changed circumstance since the orders.

26. The orders should be dissolved or terminated on grounds that the bases, needs and justifications therefor are now moot.

27. At minimum the orders must be fully reviewed in light of current factual and legal conditions, and materially altered and down-sized to reflect current realities, once the Plaintiff's showing in Paragraph 6# occurs and is approved by and in the course of necessary court proceedings.

28. Plaintiff has obtained a substantial $1 million settlement in the bankruptcy action, and CMX waiver of the $65,000 Anti-Slapp fee order, far in excess of any previously claimed damages in this federal action, but which will not be fully paid for another 3+ years [Attached as Exhibit 3].

29. Plaintiff's current ballooned damages claims beyond that $1 million are entirely speculative and based on prospective assumptions, and Plaintiff is not entitled to double recover on damages being paid in the settlement.

30. Again, the Bankruptcy Settlement figure was far larger than the Plaintiff's original demand in this action; I was stripped entirely of my ownership rights in the

1  CMX companies pending conclusion of the Bankruptcy Settlement proceedings; and,
2  hence, I have no assets or means of income until the companies are restored to me.

3      31. Conversely, I once built the companies to substantial financially
4  successful venturers, so much so that they will be able to pay the bankruptcy
5  settlement and enabled me to pay hundreds of thousands of dollars in misdirected
6  legal fees.

7      32. I will recover the companies after the five year bankruptcy plan and
8  settlement payoff.

9      33. Hopefully, I would again be enabled to afford counsel.

10     34. I also rely on the previously filed Declaration of Meir J. Westreich, Esq.
11 and psychiatrist letter re the sanctions motions, for the equitable considerations raised
12 therein, both regarding Defendant's health recovery and the conduct of opposing
13 counsel herein.

14     35. A stay of these proceedings would enable the parties and the court to
15 determine the following: (a) the precise recovery amount by Plaintiff from the CMX
16 companies; (b) any actual additional damages which might in fact accrue in the
17 interim; (c) any duplication and other equitable defenses; and (d) avoidance of
18 wasteful and potentially unnecessary litigation expenses and judicial resources in the
19 interim.

20     36. This is a unique litigation situation that demands equitable handling.

## MEET AND CONFER COMPLIANCE

22     37. This motion is made following meet and confer efforts [L.R. 7-3].

23 I declare under penalty of perjury that the above is true and correct. Executed
24 on January 31, 2025 at Scotsdale, Arizona.

Edward Heldman III

## MEMORANDUM

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778, 782 (9th Cir. 2001). A party's later position must be "clearly inconsistent" with its earlier position; and assertion of an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations omitted). "[J]udicial estoppel is an equitable doctrine, invoked by a court at its own discretion, and driven by the specific facts of a case." *Johnson v. State of Oregon*, 141 F.3d 1361, 1368 (9th Cir. 1998). Contradictory contentions herein re Defendant Heldman as alter ego of CMX companies who ave now settled with Plaintiff must be considered.

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). The pleadings herein are closed but a major change in the events plead have occurred with the Bankruptcy Settlement which awards more damages than claimed prior to bankruptcy. Fed.R.Civ. P.12(e) allows a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. There is no pleading basis now on which to defend damages issues after the Bankruptcy Settlement of $1 million.

Under Local Rule 7.18: "A motion for reconsideration of an Order on any motion or application may be made only on the grounds of . . . (b) the emergence of new material facts . . . occurring after the Order was entered, . . ." *Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n. 5 (9th Cir.1989) . A court may

also reconsider pursuant to Federal Rule of Civil Procedure 59(e) to address clear error or an order which is "manifestly unjust" or where orders are inconsistent." *See Harris v. Rand*, 682 F.3d 846, 849, 852 (9th Cir. 2012). A major change in the facts and circumstances have occurred with the Bankruptcy Settlement which awards more damages than claimed prior to bankruptcy.

Prior orders herein are governed by the doctrine of the "law of the case" which and the impact of the doctrine varies if there is new or different evidence, such as the occurrence of the Bankruptcy Settlement and complete resolution of all claims involving the CMX entities. *See Stacy v. Colvin*, 825 F.3d 563, ___ (9th Cir. 2016); *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997). The Court must consider whether other changed circumstances exist or a manifest injustice would otherwise result. *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). A major change in the facts and circumstances have occurred with the Bankruptcy Settlement which awards more damages than claimed prior to bankruptcy.

Under Fed.R.Evid. 801: "(d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay: . . . (2) An Opposing Party's Statement. The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; . . ." Statements in settlement briefs submitted by opposing counsel on behalf of Plaintiff are not hearsay and are admissible in this motion.

This Court "may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001), including documents on file in federal or state courts. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.2002)." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). This includes records of and events in the bankruptcy courts.

CONCLUSION0

Defendant Heldman therefor requests entry of one or more of the alternative orders sought.

Dated: January 31, 2025                              Respectfully submitted,

                                                     Edward Heldman III, Pro Per

# PROOF OF SERVICE

STATE OF ARIZONA      )
                     ) SS
COUNTY OF MARICOPA    )

I, the undersigned, certify that I am a citizen of the United States, over the age of 18 years, residing in the County of Maricopa, State of Arizona.

On January 31, 2025, I caused to be served a true copy of

MOTION NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR FOR MORE DEFINITE STATEMENT POST-BANKRUPTCY; MOTION TO RECONSIDER ALL PENDING PRE-BANKRUPTCY ORDERS; MOTION TO STAY ACTION PENDING COMPLETION OF BANKRUPTCY CHAPTER 11 PLAN'S DAMAGES PAYOUT; DECLARATION OF EDWARD HELDMAN III ; MEMORANDUM; EXHIBITS

on the Plaintiff by e-mail, whose address is:

Milord A. Keshishian
Milord Law Group, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
milord@milordlaw.com

I declare under penalty of perjury that the above is true and correct.

Executed

on January 31, 2025, at Sun City, Arizona.

_____
Edward Heldman III - In Pro Per