Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Shirley Matcha, SBN 354003
shirley@milordlaw.com
MILORD LAW GROUP, P.C.
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
Tel: (310) 226-7878

Attorneys for Plaintiff Beyond Blond Productions, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br>v.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | CASE NO.: 2:20-cv-05581 DSF (GJSx)<br><br>**[DISCOVERY MATTER L.R. 37-1]**<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS RE BEYOND BLOND PRODUCTIONS, LLC'S SUBPOENA TO DEFENDANTS' FORMER COUNSEL MANDOUR & ASSOCIATES, APC**<br><br>*[Referred to Magistrate Judge Gail J. Standish]*<br><br>Date:          February 24, 2025<br>Time:          3:00 p.m.<br>Courtroom: 640 Roybal Federal Building<br>                        Telephone Conference<br><br>Discovery Cutoff:     03/04/2025<br>Final Pretrial Conf.:  06/30/2025<br>**Jury Trial:              07/29/2025** |

**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

## I. INTRODUCTION

MAA's delay argument is meritless because it ignores Heldman's sham bankruptcy proceedings that stayed the case.  It also ignores this Court's unequivocal order that Heldman waived the attorney client privilege and work product doctrine, which is not MAA's to raise.  Further, the Court can compel attorneys to comply with its order to produce a client's documents where the attorney-client privilege has been waived.

## II. STATEMENT OF FACTS

The Court granted Beyond Blond's motion for contempt against Heldman on July 18, 2022. Dkt. 287.  The order requested Heldman to produce all requested documents, retain an IT Forensics Specialist to search his electronic devices, and retain a Special Master to oversee his deposition.  *Id.* pp. 3-4.  Heldman requested six total extensions of time to produce documents and provide payment evidence of the retainers under the guise of settlement.  Dkts. 293, 299, 303, 314, 317, 322.  On September 27, 2022, Beyond Blond served MAA with a subpoena requesting the court-ordered production. Dkt. 393-1, p. 2, ¶ 4.  On October 11, 2022, Beyond Blond received MAA's non-compliant responses to the subpoena requests.  Dkt. 391-2, pp. 20-30, Ex. B.  Instead of complying with this Court's Order, Heldman and his ComedyMX entities then filed for bankruptcy, staying the case officially on November 16, 2022.  Dkts. 336, 337, and 338. On December 19, 2023, the bankruptcy stay was lifted, and on October 22, 2024, the Honorable Dale S. Fischer set a new Scheduling Order.  Dkts. 348 and 390.  On November 5, 2024, Beyond Blond's counsel sent MAA a meet and confer letter in anticipation of this Motion.  Dkt. 393-1, ¶ 4.  On November 18, 2024, counsel for Beyond Blond and MAA meet and conferred to discuss the possibility of this Motion. Dkt. 391-1, ¶ 6.  Beyond Blond filed this Motion on January 17, 2025.  Dkt. 391.
//
//

-1-
**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

## III. ARGUMENT

### A. Beyond Blond's Motion is timely.

#### 1. Heldman stalled discovery proceedings by requesting six extensions of time to produce documents only to ultimately file a sham bankruptcy.

After the Court granted Beyond Blond's motion for contempt for Heldman's non-compliance with discovery, Heldman requested numerous continuances to comply under the guise of settlement, but in reality, he was plotting, filing sham bankruptcy—which also stayed the case. *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) (upon bankruptcy filing, "the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor."); Dkts. 293, 299, 303, 314, 317, 322, 337, and 338. Heldman confirmed that the extensions of time were merely a cover to file for bankruptcy by sending another one of his abusive emails stating he would not settle. Dkt. 394-2, p. 4, Ex. B. Ultimately, the bankruptcy court dismissed Heldman's individual bankruptcy case because he refused to comply with the bankruptcy rules and court orders. Dkt. 394-4, p. 51, Ex. 4.

#### 2. Beyond Blond's Motion was timely filed well before the discovery cutoff.

In Federal Court, there is no timeline to bring a motion to compel. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (the FRCP does not impose "a time limit for filing a motion to compel," which is left to the court's discretion).

MAA's citation to *KST Data* is unavailing and factually distinguishable because there is no undue delay here. *KST Data, Inc. v. DXC Tech. Co.,* 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. Oct. 27, 2018). In *KST Data*, the motion to compel was filed five months after the scheduling order, whereas Beyond Blond's motion was filed within three-months—and after it became apparent that Heldman would refuse to abide by this Court's order. *Id*.; Dkts. 390 and 391. MAA's citation to *Gault* is perplexing because it

supports Beyond Blond's timely motion to compel: "[a] motion to compel filed during the discovery period would rarely be considered untimely." *Gault v. Nabisco Co.*, 184 F.R.D. at 622 (1999); *Williams v. Las Vegas Metro. Police Dep't*, 2015 WL 3489553, at *1 (D. Nev. June 3, 2015)) (citing *Gault*, "[c]ourts within this District have provided general guideposts regarding timeliness of motions to compel, indicating that motions to compel will rarely be found untimely if filed during the discovery period but should usually be filed prior to the deadline to file dispositive motions."). *Gault* is also factually distinguishable because the motion to compel there was filed **76 days after the close of discovery**. Id. at 622. Thus, MAA's superficial soundbites from *KST Data* and *Gault* do not save its production because the facts are inapposite.

### 3. Beyond Blond's settlement with the ComedyMX entities expressly exclude Heldman.

MAA attempts to dodge court-ordered document production by arguing that the settlement agreement between Beyond Blond and the ComedyMX entities—in their separate bankruptcy filings—waived Beyond Blond's ability to enforce this Court's Order against Heldman. Dkt. 391-2, p. 35; Dkt. 336; Dkt. 287. But as MAA admits, the agreement only applied to the entities. Opp. 7:3-7. The agreement specifically excludes Heldman, stating "[f]or the avoidance of doubt, the foregoing release or the below general release under Section 1542 shall not apply to Edward Heldman III in the California Litigation." Dkt. 391-2, p. 35, Ex. C. In *Purdue Pharma*, the officers of debtor—the Sackler family members—attempted to obtain an injunction in bankruptcy court foreclosing individual liability under the entity's Chapter 11 reorganization. *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204 (2024). The Supreme Court ruled that the officers who had not filed individual bankruptcy could not be released under the entity's plan from third-party claims against them in their individual capacity. *Id*. at 220-21 (bankruptcy court did not have "the power to extinguish without their consent claims held by nondebtors (here, the opioid victims) against other nondebtors (here, the

**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

MILORD LAW GROUP, PC
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

Sacklers).").  Here, not only was Heldman not subject to any bankruptcy court order releasing him from liability, but the settlement agreement with the ComedyMX entities expressly carves him out of any releases.  Thus, MAA must produce Heldman's documents.

### B. This Court ordered Heldman's attorney-client privilege and work product doctrine objections waived.

MAA's Cal. Bus. & Prof. Code § 6068 argument is unpersuasive as the Court ordered that Heldman had waived the attorney-client privilege and work product doctrine objections.  Dkt. 287, p. 3, ¶ 1.  "***Absent a court order***, an attorney's duty to maintain client confidences and secrets gives way only if the client waives its right to confidentiality."  *Strickland v. City of Inglewood*, No. CV 08-1595 ABC(CTX), 2009 WL 10672965, at *2 (C.D. Cal. Apr. 23, 2009) (emphasis added).  Here, the Court's order controls, thus an "'appropriate court order…' supersedes generic countervailing ethical obligations."  *Waymo LLC v. Uber Techs., Inc.*, 319 F.R.D. 284, 292 (N.D. Cal. 2017).  "In short, if a client does not permit disclosure, then disclosure must be avoided *unless an appropriate court order is obtained by the requesting party*."  Cal. Practice Guide: Professional Responsibility, at §§ 7:86, 7:103 (emphasis added).

Thus, MAA is relieved of its obligation to maintain attorney-client privilege and work product doctrine objections when the Court has already found the client waived them.  Dkt. 287, p. 3, ¶ 1.  But even if MAA are not relieved of their obligations, the Court can specifically order MAA to produce the documents despite MAA's objections.  *Zimmerman v. Superior Ct.*, 220 Cal. App. 4th 389, 394, 163 Cal. Rptr. 3d 135, 138 (2013) (affirming trial court's contempt finding against lawyer who refused to disclose information after privilege objection was overruled).

### C.     MAA's unjustifiable reasons for refusing production

Beyond Blond seeks court-ordered documents in MAA's possession as part of its representation of Heldman before suit was filed and it received counsel's

-4-
**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

correspondence. Dkt. 1, Exs. A-C. Thus, MAA had a duty to preserve evidence not only prior to inception, but after admitting to receiving Beyond Blond's subpoena on September 27, 2022—before it purportedly closed Heldman's file on February 3, 2023. Opp. 6:10-13; Dkt. 393-1, p. 2, ¶¶ 3-4. "The obligation to preserve evidence arises when [a] party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). The duty to preserve evidence attaches at the time the litigation is reasonably anticipated when MAA received counsel's emails of the dispute on March 26, 2020, three months before suit was filed. Dkt. 1, Exs. A-C; *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 289 (S.D.N.Y. 2009). MAA also knew that the dispute was ongoing, even though it had withdrawn, when it received the subpoena four months before it purportedly closed Heldman's file. Dkt. 393-1, p. 2, ¶¶ 3-4. "As one district court remarked, the 'obligation [to preserve evidence runs] first to counsel, who ha[s] a duty to advise his [or her] client of the type of information potentially relevant to the lawsuit and of the necessity of preventing its destruction.'" *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. S-00-113 LKK/JFM, 2006 WL 2308442, at *7 (E.D. Cal. Aug. 9, 2006) (edits in original) (quoting *Donato v. Fitzgibbons*, 172 F.R.D. 75, 79 (S.D.N.Y.1997)).

MAA irrefutably knew of its duty to preserve evidence until the case is resolved. One of MAA's attorneys, Mr. Ben Lila, does not declare that MAA does not have the requested documents or that it destroyed and spoliated evidence. Dkt. 393-1 ¶¶ 2-3. He evasively declares that the file was closed. *Id*. ¶ 3. If MAA contends that it does not have documents that it had a duty to preserve, then it spoliated evidence and is subject to further proceedings. *Id*. MAA should be ordered to produce documents or declare that it spoliated evidence despite its known duty to preserve same.

### III. CONCLUSION

This Court should grant Beyond Blond's motion and order MAA to produce the

-5-

**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

requested documents because (1) the attorney-client privilege and the work product doctrine objections were ordered waived, (2) the motion is timely, (3) the settlement agreement does not release Heldman from his duty to produce, and (4) MAA has no justifiable reason to refuse production.

Dated: February 10, 2025         Respectfully submitted,
                                 **MILORD LAW GROUP, P.C.**

                                 By: /s/ Milord A. Keshishian
                                 Milord A. Keshishian
                                 Attorneys for Plaintiff
                                 Beyond Blond Productions, LLC

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am over the age of eighteen (18) years and not a party to this action. My business address is 333 South Hope Street, Suite 4025, Los Angeles, California 90071 and I am employed in the office of a member of the bar of this Court at whose direction this service was made.

On February 10, 2025, I served the following document(s) described as:

(1) **REPLY IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS RE BEYOND BLOND PRODUCTIONS, LLC'S SUBPOENA TO DEFENDANTS' FORMER COUNSEL MANDOUR & ASSOCIATES, APC**

☐ **BY MAIL** as follows: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under that practice the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. Under that practice the envelope(s) was (were) sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date in the United States Mail at Los Angeles, California addressed as set forth below.

☐ **BY PERSONAL SERVICE** as follows: I caused such envelope(s) to be delivered by hand to the addressee(s) at the address set forth below by Now Messenger Service.

☐ **BY FEDERAL EXPRESS** as follows: I placed the document(s) listed above with fees thereon fully prepaid for deposit with Federal Express (next business day delivery), this same day following ordinary business practices to the address(es) set forth below.

☐ **BY FACSIMILE TRANSMISSION** as follows: I caused the above-referenced document(s) to be transmitted by facsimile to its intended recipient(s) at the following facsimile number(s) before 5:00 p.m.

☒ **BY ELECTRONIC MAIL (EMAIL) TRANSMISSION** as follows: I caused the above-referenced document(s), in .pdf format, to be transmitted by email to its intended recipient(s) at the following email addresses set forth below:

**See Attachment A**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **February 10, 2025**, at Los Angeles, California.

☐ **STATE:** I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of

-8-
**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**

this court at whose direction service was made.

_C. Meagan Ekaphan_
C. Meagan Ekaphan

# Attachment A

| | |
|---|---|
| Edward Heldman III<br>10614 W. Crosby Dr.<br>Sun City, AZ 85351<br>Defendant | T: (210) 679-7428<br>Email: eheldman.eh3@gmail.com<br><br>*Service by electronic mail* |
| Joseph A. Mandour, Esq.<br>Ben T. Lila, Esq.<br>Gordon E. Gray<br>Mandour & Associates, APC –<br>Intellectual Property Law<br>12121 Wilshire Boulevard, Suite 810<br>Los Angeles, California 90025 | T: (310) 656-3900<br>Email: jmandour@mandourlaw.com,<br>blila@mandourlaw.com<br>ggray@mandourlaw.com<br><br>*Service by electronic mail* |

**REPLY IN SUPPORT OF BEYOND BLOND'S MOTION TO COMPEL MANDOUR'S PRODUCTION**