ORIGINAL

FILED

**EDWARD HELDMAN III**
**10614 West Crosby**
**Sun City, Arizonna 85351**
**(201) 679-7428**
**Eheldman.ProPer@proton.me**

2025 FEB 11  AM 9: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____MRV

**Defendant Appearing in Pro Per**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B E Y O N D   B L O N D PRODUCTIONS, LLC, a California Limited Liability Company, | Case No. 2:20-cv-05581-DSF-GJSx |
| | Honorable Dale S. Fischer |
| Plaintiff, | APPLICATION FOR ORDER CONTINUING MOTIONS FOR SANCTIONS AND RELATED MOTION TO COMPEL; DECLARATION OF EDWARD HELDMAN; MEMORANDUM |
| v. | |
| EDWARD  HELDMAN  III,  an individual; COMEDYMX, INC., a Nevada Corporation; COMEDYMX, a  Delaware  Limited  Liability Company, | |
| Defendants. | |
| RELATED COUNTER-CLAIMS | |

BY FAX

Defendant EDWARD HELDMAN III hereby submits this Application for an Order Continuing Plaintiff's Motion for Sanctions, from March 3, 2025 to a date five (5) weeks after the Court's Order on the pending Defendant's motions for judgment on the pleadings, for a more definite statement, to reconsider pre-Bankruptcy Settlement discovery and sanctions orders ["Sanctions Motions"], and/or for stay of proceedings pending completion of Bankruptcy Settlement process, set for hearing March 3, 2025 ["Defense Motions"]; for an Order Continuing Plaintiff's Motion for to Compel Production of defense attorney records ["Privilege Motions"], from

February 24, 2025 to a date five (5) weeks after the Court's Order on the Defense
Motions.

**Alternatively, Defendant seeks an Order Extending the time to respond
to the Sanctions Motions from February 10, 2025 to March 10, 2025.**

These applications are made on grounds that the granting of any or all part(s)
of the Defense Motions would per se render both sets of Plaintiff's as moot or thereby
denied; and the scope  and consequences of the Sanctions Motions are so great and
severe that Defendant needs additional time to respond:

1.  Plaintiff's counsel is now also asserting the continued vitality and
enforceability of pre-Bankruptcy Settlement orders in 2022, involving enforcement
of discovery and discovery orders when liability and damages claims against ALL
defendants were still in issue, and the remedial orders were premised on the realities
and status of the case and claims at that time; this is obviously no longer the case.

2.  Plaintiff' counsel is also engaging in new discovery from social
media entities, including new third party subpoenas on social media companies to
gain personal information on Heldman, and on Defendants' former pre-bankruptcy
counsel which is now escalated to a motion, and threatening new contempt motions,
again all premised on the dated and no longer applicable pre-Bankruptcy Settlement
2022 orders.

3.  In summary, these discovery, sanctions and contempt orders were
premised on needs in connection with litigating the liability and damages claims
against the CMX companies, which are now settled, obviating the needs.

4.  It is undisputed that Defendant Heldman was the sole and complete
controller of all of the company business, conduct and actions, again obviating any
of those needs.

5.  Given the Bankruptcy Settlement with the CMX companies, the
material changed circumstances involving all Defendants as discussed above and
below, and in the absence of any damages beyond same, there is no current and

1  remaining legal or factual basis or justification for the sweeping and intrusive

2  discovery demands which were the basis for the orders when all damages claims were

3  still in issue.

4        6. All of the orders were necessarily remedial in nature, designed only

5  to effect litigation requirements at that time, almost all of which now longer exist.

6        7. The Extension Motion is based on the scope and consequences of the

7  Sanctions Motions, which are so great and severe that Defendant in any event needs

8  additional time to respond

9                      **REQUEST FOR JUDICIAL NOTICE**

10                     **AND INCORPORATION HEREIN**

11       Defendant also requests judicial notice of the Defense Motions for both the

12  Sanctions Motions, and the opposition filed to the Privilege Motion; and for this

13  application.   Both of those sets of documents are incorporated herein by this

14  reference.

15                     **PLAINTIFF'S POSITION**

16       Plaintiff's counsel has threatened to seek sanctions for the Defense Motions,

17  and sent a special additional e-mail notice of the current due date for filing opposition

18  to the Sanctions Motions.  Hence, his opposition is presumed.

19  Dated: February 10, 2025



20                      Edward Heldman III - In Pro Per

21                **DECLARATION OF EDWARD HELDMAN III**

22       1. I am Defendant Edward Heldman III, appearing in Pro Per.

23       2. Hereby submit this Application for an Order Continuing Plaintiff's Motion

24  for Sanctions, from March 3, 2025 to a date five (5) weeks after the Court's Order on

25  the pending Defendant's motions for judgment on the pleadings, for a more definite

26  statement, to reconsider pre-Bankruptcy Settlement discovery and sanctions orders

27  ["Sanctions Motions"], and/or for stay of proceedings pending completion of

28  Bankruptcy Settlement process, set for hearing March 3, 2025 ["Defense Motions"];

for an Order Continuing Plaintiff's Motion for to Compel Production of defense attorney records ["Privilege Motions"], from February 24, 2025 to a date five (5) weeks after the Court's Order on the Defense Motions' or, alternatively an Order Extending the time to respond to the Sanctions Motions from February 10, 2025 to March 10, 2025.

3. The granting of any or all part(s) of the Defense Motions would per se render both sets of Plaintiff's as moot or thereby denied.

4. Plaintiff's counsel is now also asserting the continued vitality and enforceability of pre-Bankruptcy Settlement orders in 2022, involving enforcement of discovery and discovery orders when liability and damages claims against ALL defendants were still in issue, and the remedial orders were premised on the realities and status of the case and claims at that time; this is obviously no longer the case.

5. Plaintiff' counsel is also engaging in new discovery from social media entities, including new third party subpoenas on social media companies to gain personal information on Heldman, and on Defendants' former pre-bankruptcy counsel which is now escalated to a motion, and threatening new contempt motions, again all premised on the dated and no longer applicable pre-Bankruptcy Settlement 2022 orders.

6. In summary, these discovery, sanctions and contempt orders were premised on needs in connection with litigating the liability and damages claims against the CMX companies, which are now settled, obviating the needs.

7. It is undisputed that Defendant Heldman was the sole and complete controller of all of the company business, conduct and actions, again obviating any of those needs.

8. Given the Bankruptcy Settlement with the CMX companies, the material changed circumstances involving all Defendants as discussed above and below, and in the absence of any damages beyond same, there is no current and remaining legal

or factual basis or justification for the sweeping and intrusive discovery demands which were the basis for the orders when all damages claims were still in issue.

9.   All of the orders were necessarily remedial in nature, designed only to effect litigation requirements at that time, almost all of which now longer exist.

10.   The scope  and consequences of the Sanctions Motions are so great and severe that I need additional time to respond.

**REQUEST FOR JUDICIAL NOTICE**

**AND INCORPORATION HEREIN**

11.   I also request judicial notice of the Defense Motions for both the Sanctions Motions, and the opposition filed to the Privilege Motion; and for this application.

12.  Both of those sets of documents are incorporated herein by this reference.

**PLAINTIFF'S POSITION**

13.   Plaintiff's counsel has threatened to seek sanctions for the Defense Motions, and sent a special additional e-mail notice of the current due date for filing opposition to the Sanctions Motions.

14.  Hence, his opposition is presumed.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 10, 2025, at Sun City, Arizona.



Edward Heldman III

**MEMORANDUM**

Under Local Rule 7.18: "A motion for reconsideration of an Order on any motion or application may be made only on the grounds of . . . (b) the emergence of new material facts . . . occurring after the Order was entered, . . ." *Pyramid Lake Paiute Tribe of Indians v. Hodel,* 882 F.2d 364, 369 n. 5 (9th Cir.1989) . A court may also reconsider pursuant to Federal Rule of Civil Procedure 59(e) to address clear error or an order which is  "manifestly unjust" or where orders are inconsistent." *See*

1  *Harris v. Rand*, 682 F.3d 846, 849, 852 (9th Cir. 2012). A major change in the facts

2  and circumstances have occurred with the Bankruptcy Settlement which awards more

3  damages than claimed prior to bankruptcy.

4          Prior orders herein are governed by the doctrine of the "law of the case" which

5  and the impact of the doctrine varies if there is new or different evidence, such as the

6  occurrence of the Bankruptcy Settlement and complete resolution of all claims

7  involving the CMX entities. *See Stacy v. Colvin*, 825 F.3d 563, ___ (9th Cir. 2016);

8  *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997). The Court must consider

9  whether other changed circumstances exist or a manifest injustice would otherwise

10  result. *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). A major change in the

11  facts and circumstances have occurred with the Bankruptcy Settlement which awards

12  more damages than claimed prior to bankruptcy.

13          This Court "may take judicial notice of undisputed matters of public record,

14  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001), including documents on

15  file in federal or state courts. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2

16  (9th Cir.2002)." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

17  This includes records of and events in the bankruptcy courts.

18                                **CONCLUSION**

19          Defendant Heldman therefor requests entry of one or more of the alternative

20  orders sought.

21  Dated: February 10, 2025                    Respectfully submitted,

22

23                                              _____
                                                Edward Heldman III, In Pro Per
24

25

26

27

28

1    **PROOF OF SERVICE**

2    STATE OF ARIZONA                              )
                                                   ) SS
3    COUNTY OF MARICOPA                            )

4          I, the undersigned, certify that I am a citizen of the United States, over the age

5    of 18 years, residing in the County of Maricopa, State of Arizona.

6          On February 10, 2025, I caused to be served a true copy of

7
8    APPLICATION   FOR   ORDER   CONTINUING   MOTIONS   FOR
     SANCTIONS AND RELATED MOTION TO COMPEL; DECLARATION
     OF EDWARD HELDMAN; MEMORANDUM;[PROPOSED] ORDER
9

10   on the Plaintiff by e-mail, whose address is:

11   Milord A. Keshishian
     Milord Law Group, PC
12   333 S. Hope Street, Suite 4025
     Los Angeles, CA 90071
13   milord@milordlaw.com

14         I declare under penalty of perjury that the above is true and correct. Executed

15   on February 10, 2025, at Sun City, Arizona.

16

17   _____

18   Edward Heldman III - In Pro Per

19

20

21

22

23

24

25

26

27

28