Milord A. Keshishian, (SBN 197835)
milord@milordlaw.com
Shirley Matcha, (SBN 354003)
shirley@milordlaw.com
**MILORD LAW GROUP P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
Beyond Blond Productions, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | CASE NO.: 2:20-cv-05581 DSF (GJSx)<br><br>*Honorable Dale S. Fischer*<br><br>**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER TO CONTINUE DATES BY THREE MONTHS [ECF NO. 390]**<br><br>*[Filed Concurrently with Proposed Order]*<br><br>Complaint Filed: 6/23/2020<br>FAC Filed: 8/26/2020<br>SAC Filed: 7/30/2021<br>TAC Filed: 12/27/2021<br>Discovery Cutoff: 3/04/2025<br>Motion Cut-Off: 4/21/2025<br>Pretrial Conference: 6/30/2025<br>Trial Date: 7/29/2025 |

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE** that, pursuant to L.R. 7-19, Plaintiff Beyond Blond Productions, LLC ("Beyond Blond") hereby applies *ex parte* to the Court for an Order to amend the scheduling order to continue the pre-trial and trial dates, by three months or, in the alternative, a continuance of the dates deemed appropriate by the Court. The dates have been computed in accordance with this Court's Order Setting Scheduling Conference. *See* ECF No. 18.

This *Ex Parte* Application is based on this Notice, the Memorandum of Points and Authorities in support, the Declaration of Shirley Matcha ("Matcha Decl."), the papers and records on file herein, and all other matters and evidence that may be presented in support. This *Ex Parte* Application is made following oral and written notice and good faith attempt to discuss with Defendant Edward Heldman III ("Heldman") pursuant to L.R. 7-19.1. Heldman's contact information is:

> Edward Heldman III
> 10614 West Crosby Drive
> Sun City, AZ 85351
> Eheldman.ProPer@proton.me
> 201-679-7428

Beyond Blond's counsel called Heldman twice on March 3, 2025, but was forced to leave a voicemail providing notice as it appeared that he blocked Counsel's phone number. Matcha Decl. ¶ 3. Counsel also emailed Heldman on March 3, 2025, providing notice. *Id*. As of the time of this filing, Heldman has not responded to Counsel's notice, but in the interim, he emailed Counsel his reply in support of his application for an extension of time. *Id*.; Dkt. 405.

Beyond Blond respectfully requests the Court to amend the Scheduling Order to continue all dates by three months.

//

//

-1-

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

Dated:   March 3, 2025            Respectfully submitted,

**MILORD LAW GROUP, P.C.**
By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

-2-

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction and Statement of Facts

There is good cause to modify the scheduling order by extending the deadlines by three months. In the time since the last amendment to the scheduling order (Dkt. 390), Beyond Blond has been diligently litigating the case. On January 17, 2025, Beyond Blond filed a motion to compel Heldman's former counsel, Mandour & Associates, APC ("MAA"), to produce court-ordered production of documents necessary to prepare for summary judgment. Dkt. 391. On February 3, 2025, Beyond Blond filed a motion for contempt and terminating sanctions to swiftly and fairly resolve this case. Dkt. 394. Instead of opposing Beyond Blond's motion, Heldman filed an application to stay the case and delay proceedings on the motion to compel and motion for contempt. Dkt. 400. On February 24, 2025, the Court granted in part Heldman's application and continued the March 3, 2025, hearing date on Beyond Blond's motion for contempt by allowing Defendant Heldman to serve his opposition by March 17, 2025, and allowing Beyond Blond to reply by March 31, 2025. Dkt. 404. On February 26, 2025, Heldman filed a late application for an extension of time to delay hearing on Beyond Blond's motion to compel MAA, which was set for February 24, 2025, and vacated by the Honorable Gail J. Standish that morning. Dkts. 391, 403, 405 and 406-1.

Beyond Blond believes a three-month continuance of the Court's deadlines in the Scheduling Order would conserve judicial resources and be cost effective to both parties for the following reasons:

(1) Beyond Blond will be prejudiced if its continuance is denied because Judge Standish has not ruled on Beyond Blond's motion to compel MAA to produce Heldman's documents;

(2) The extension will allow for a decision on Beyond Blond's motion for contempt and terminating sanctions against Heldman and conserve the Court's and the parties' time and resources in eliminating the need for

-3-
**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

summary judgment briefings; and

(3) Heldman will not be prejudiced because he requested a stay of the entire case in his motion for judgment on the pleadings, so there is no reason he should oppose this Application.

## II.     Good Cause Exists to Amend the Scheduling Order

### A.     Good Cause Standard

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Once a scheduling order is entered by a Court, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (modification of orders entered before the final pretrial conference require only a showing of "good cause"). Courts have broad discretion in determining whether there is good cause. *Id*. at 607. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian* v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). Good cause is considered based on the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. A court's focus for a modification under Rule 16(b) is "upon the moving party's reasons for seeking modification." *Id*.

### B.     Good Cause Exists

Beyond Blond meets the good cause standard. First, Beyond Blond has been diligent in seeking discovery from Heldman, whose evasiveness and refusal to abide by Judge Standish's discovery orders has unnecessarily delayed production of documents and depositions. Dkt. 287. His conduct has unnecessarily protracted this litigation and

-4-

1  created substantive obstacles for Beyond Blond to pursue its claims.  Thus, Beyond
2  Blond was forced to file a motion to compel Heldman's former counsel, MAA, to
3  produce highly relevant categories of documents.  Dkt. 391.  However, MAA also
4  frustrates discovery by dodging Beyond Blond's subpoena, withholding documents, and
5  opposing Beyond Blond's motion despite Judge Standish's unequivocal order that the
6  attorney-client privilege is waived.  Dkts. 287 and 393.  Judge Standish has not ruled on
7  this motion.  With the current discovery cut-off date of March 4, 2025, Beyond Blond
8  will be prejudiced if its continuance is denied before a ruling is entered.  *Predator Int'l,*
9  *Inc. v. Gamo Outdoor USA, Inc.*, No. 09-CV-00970-PAB-KMT, 2010 WL 3630118, at
10 *8 (D. Colo. Sept. 9, 2010) (granting an extension of certain discovery deadlines so that
11 the parties could obtain rulings on pending motions).
12       Second, Beyond Blond was forced to file a motion for contempt and terminating
13 sanctions against Heldman for his long record of contempt of this Court's and Judge
14 Standish's orders and violations of the bankruptcy court's orders.  Dkt. 394.  This Court
15 granted Heldman's extension to respond to Beyond Blond's contempt motion and a
16 ruling thereon will conserve judicial resources because it may eliminate the need for
17 briefing a motion for full or partial summary judgment.
18       Finally, Heldman filed a motion for judgment on the pleadings in which he argued
19 and requested this Court for a stay of all proceedings.  Dkt. 395.  Therefore, there is no
20 reason he should oppose this Application, since neither party will be prejudiced.
21       Three months is a reasonable continuance considering the pending motions and
22 outstanding discovery.  Accordingly, good cause exists to grant Beyond Blond's *ex parte*
23 request.
24
25
26 **III.   *Ex Parte* Relief is Appropriate**
27       An *ex parte* application is appropriate where: (a) the moving party will be
28 irreparably prejudiced if the underlying request is heard on a regularly noticed motion

-5-

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

calendar; and (b) the moving party is without fault in creating the crisis, or the crisis resulted from excusable neglect. *Mission Power Engineering Co. v. Continental Ca. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *Ex parte* applications are proper when "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). Beyond Blond moves *ex parte* because the Court granted Heldman's application to continue the hearing date on Beyond Blond's motion for contempt and terminating sanctions on February 24, 2025, and a regularly noticed motion would not be heard before the discovery cutoff date of March 4, 2025. Dkt. 404.

### A.  A Regularly Noticed Motion Will Irreparably Prejudice Beyond Blond Because of Heldman's Delay Tactics

Beyond Blond will be irreparably prejudiced because this ex parte application was necessitated by Heldman's February 10, 2025, Application to continue the hearing date on Beyond Blond's motions for contempt and terminating sanctions, and its separate motion to compel MAA to produce court-ordered documents. Dkt. 400. The Court granted in part Heldman's application making his opposition due March 17, 2025, and Beyond Blond's reply due March 31, 2025. Dkt. 404. Thus, a regularly noticed motion cannot be heard before this Court rules on the terminating sanctions motion, which will also be after the discovery cutoff date. Pursuant to L.R. 6-1 and 7-9, a regularly noticed motion to modify the scheduling order requires at least 28 days. Accordingly, Beyond Blond would be unable to file the necessary motion, and would, thus, be irreparably prejudiced for the reasons delineated in Section II above.

Though, Beyond Blond asked Heldman to stipulate to modify the scheduling order on March 3, 2025—after Heldman filed his motion for judgment on the pleadings which requested a stay of the entire case—Heldman has not responded. Matcha Decl. ¶ 3.

### B.  Beyond Blond Is Without Fault for Creating the Crisis

Beyond Blond brings this request *ex parte* rather than with a regularly noticed

-6-

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**

motion because of Heldman's applications to continue this Court's ruling on Beyond Blond's motion for contempt and terminating sanctions and to continue Judge Standish's ruling on Beyond Blond's motion to compel MAA to produce court ordered documents. Accordingly, the crisis necessitating this *ex parte* application was not Beyond Blond's creation, and the requested relief is appropriate without a regularly noticed motion.

## IV. Conclusion

Good cause exists for the Court to grant Beyond Blond's *ex parte* application to amend the Scheduling Order by extending the deadlines by three months. The requested extension will allow this Court to rule on the pending motion for contempt and terminating sanctions—that Heldman delayed by filing an application to continue—and Judge Standish to rule on the motion to compel production of documents—that Heldman also delayed by filing an application to continue.

Dated:   March 3, 2025                                Respectfully submitted,

**MILORD LAW GROUP, P.C.**

By: /s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

# DISTRICT JUDGE DALE S. FISCHER AMENDED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Matter | Time | Weeks Before Trial | Plaintiffs' Request | Court Order |
|---|---|---|---|---|
| Trial | 8:30 am | | October 28, 2025 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine (Monday) | 3:00 pm | 4 | September 29, 2025 | |
| Trial Documents (Set Two) | | 6 | September 17, 2025 | |
| Trial Documents (Set One) | | 7 | September 10, 2025 | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | August 6, 2025 | |
| Last day to hear motions (except motion to amend pleadings or add parties and motions in limine), LR 7 (Monday) | | 14 | July 21, 2025 | |
| Non-expert Discovery Cut-off | | 21+ | June 2, 2025 | |
| Expert Disclosure (initial) | | | April 7, 2025 | |
| Expert Disclosure (rebuttal) | | | May 5, 2025 | |
| Expert Discovery Cut-off | | 21+ | June 2, 2025 | |
| Last day to hear motion to amend pleadings or add parties (Monday) | | 32+ | March 17, 2025 | |

-8-

**BEYOND BLOND'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE PRE-TRIAL AND TRIAL DATES BY THREE MONTHS**