# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC,<br>    Plaintiff,<br><br>            v.<br><br>EDWARD HELDMAN III, et al.,<br>    Defendants. | 2:20-cv-5581-DSF-GJSx<br><br>Order GRANTING Motion for Terminating Sanctions; Order STRIKING Answer and Ordering Clerk to Enter Default (Dkt. 394) |

   Plaintiff Beyond Blond Productions, LLC has moved for terminating sanctions due to Defendant Edward Heldman III's continued contemptuous, harassing, and threatening behavior. The Court deems this matter appropriate for decision without oral argument.[1]  See Fed. R. Civ. P. 78; Local Rule 7-15.

   As noted in the Court's March 25, 2024 order (Dkt. 366), as well as other past orders, Heldman has an extensive history of bad behavior in this case. Heldman's harassment of Plaintiff's CEO and Plaintiff's counsel was so serious that it required entry of a preliminary injunction to curb his behavior. Heldman has also failed to comply with discovery requirements and failed to comply with Magistrate Judge Standish's order compelling compliance. Monetary sanctions have been imposed

---

[1] Given the severity of the sanctions to be imposed, the Court would normally be inclined to hold oral argument on this type of matter. However, given the serious threats of violence made by Heldman against opposing counsel, the Court finds that it is more appropriate to decide the matter on the extensive written record.

on Helman multiple times and many of those sanctions remain unpaid. In addition, Heldman violated this Court's preliminary junction numerous times during the pendency of a related bankruptcy case.

In its March 25, 2024 order, the Court declined to enter "terminating sanctions" against Heldman. The Court noted that "terminating sanctions" in this context means that Heldman's answer would be stricken and default judgment entered. The Court found that an insufficient showing had been made that the discovery violations warranted this sanction because, depending on the details of the violations, there could be other, less onerous sanctions that could be issued. As for the harassment, the Court observed that "in an extreme case, a defendant's abusive, disruptive behavior could amount to a failure to litigate the case just as much as if the defendant had never appeared at all." Dkt. 366 at 3. However, at that time, the Court found that Heldman's conduct had not reached that point and the "correct approach" was to admonish Heldman that any further violation of the Court's preliminary injunctions would result in a referral for criminal contempt charges. Id.

Unfortunately, the situation has become significantly more serious. The Court recently issued an order to show cause why Heldman should not be found in criminal contempt. Dkt. 424. That order outlines some of the most serious recent threats and other harassing behavior by Heldman against opposing counsel. The first act described in the order to show cause is, at the very least, an implicit death threat directed at opposing counsel. After the issuance of the criminal contempt OSC, Heldman made what the Court considers to be explicit death threats against opposing counsel, stating, among other things:

> "[W]hy should I die alone? If I am going tyo die, you are coming with me you fuck! This is going to end bad. I will kill you in a heart beat, and then save the last bullet for myself."

> "So who's going to get who first? I stress I am NOT where you think I am idiot. You want me dead? I am ready to die. I am NOT going down alone you fucking Armenian POS, if I can get to you first!"

> "I will take my own life ONLY when I am left w/o a choice, death> I want to die right now. Not alone if given the chance - I will go after you first, then save the last bullet for me (Kim-Jonun)."

> "Go fuck your own mother you lousy POS! May your mother die if she's still living! I curse you! I speak only death upon you and ALL your family!"

Dkt. 425-11.[2]

"Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987). "Before imposing the 'harsh sanction' of dismissal, however, the district court should consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006). "While the district court need not make explicit findings regarding each of these factors, a finding of willfulness, fault, or bad faith is required for dismissal to be proper. Additionally, the district court must consider less severe alternatives than outright dismissal." Id. (cleaned up).

All of these factors strongly favor terminating sanctions. From the above quotes, the quotes recited in the criminal contempt OSC, and all of the further documentation provided by Plaintiff and its counsel in

---

[2] As in the criminal contempt OSC, the quotes appear as written by Heldman and, for legibility, the Court omits the extensive "[sic]" notations that would be normally required.

3

Dkt. 420, 425, and elsewhere in the record, it is abundantly clear that it would be unreasonable and prejudicial to require Plaintiff and its counsel to continue to litigate this matter against Heldman. Heldman has proven by his actions that he has no intent to abide by the most minimal expectations of the law or basic civility, let alone engage in any kind of constructive defense of the case. Heldman's behavior subverts both the public's interest in expeditious resolution of litigation and the court's need to manage its dockets. Further, the public policy in favor of deciding cases on the merits is, if anything, being thwarted by Heldman's continued presence in the case precisely because it prevents Plaintiff from litigating the merits. Finally, the Court has attempted numerous times to impose lesser sanctions in order to bring Heldman's conduct into line. It is now obvious that nothing short of striking Heldman's answer and entry of default will address the problems he creates.

The motion for terminating sanctions is GRANTED. Heldman's answer is STRICKEN and the Clerk is ordered to enter Heldman's default. Plaintiff's motion for default judgment is to be filed no later than June 16, 2025.

**Heldman is ordered to cease all contact and communication with Milord Keshishian, any and all other people at Keshishian's firm, and any and all people associated with Plaintiff. All meet-and-confer requirements are suspended. Any further filings in the case will be served solely via CM/ECF or by the Clerk.**

IT IS SO ORDERED.

Date: April 11, 2025

_____
The Honorable Dale S. Fischer
United States District Judge