# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, <br><br>    Plaintiff, <br><br>       v. <br><br> EDWARD HELDMAN III, et al., <br>    Defendants. | 2:20-cv-05581-DSF-GJSx <br><br> Order DENYING Motion for Review of Magistrate Judge's Order (Dkt. 412) |

Third-party subpoena recipient Mandour & Associates, APC (Mandour) has moved for review of the magistrate judge's order granting Plaintiff's motion to compel Mandour's compliance with Plaintiff's subpoena. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

Mandour is former counsel for the Defendants in this case. Mandour argues that (1) the motion to compel was untimely, (2) the discovery at issue would disclose privileged information, (3) Plaintiff's motion violated the settlement between Plaintiff and the two Corporate Defendants, ComedyMX, LLC and ComedyMX, Inc., and (4) Mandour is barred from producing the discovery under California statutes and ethical rules.

Magistrate judges have the authority to issue non-dispositive orders, including discovery orders and pretrial scheduling orders where pretrial proceedings have been referred to the magistrate judge. Grimes v. City and Cnty. of S.F., 951 F.2d 236, 240 (9th Cir. 1991)

(stating Rule 72 and 28 U.S.C. § 636(b)(1)(A) govern the authority of magistrate judges to enter non-dispositive discovery orders and the review of those orders).  If timely objections to a magistrate judge's non-dispositive order are filed, the district judge must consider such objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions . . . ." Davis v. Chase Bank U.S.A., N.A., No. CV 06-04804 DDP (PJWX), 2010 WL 1531410, at *1 (C.D. Cal. Apr. 14, 2010) (citation omitted).  "Under this standard, the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  Id. (citation omitted).  "The 'contrary to law' standard, on the other hand, 'applies to the magistrate judge's legal conclusions, which are reviewed de novo.'"  Id. (quoting China Nat'l Metal Prods. Imp./Exp. Co. v. Apex Digit., Inc., 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001)).

The magistrate judge did not enter an order explaining her reasoning.  However, she implicitly rejected Mandour's timeliness objection and this conclusion is not clearly erroneous.[1]  As for Mandour's privilege arguments, the magistrate judge had previously found that all privileges in the case had been waived.  Dkt. 287 at 3 (July 18, 2022).  Defendants did not seek review of this order.  Therefore, Mandour has no grounds to object to the sought discovery on the grounds of privilege.

The more difficult question is whether the settlement agreement with the two Corporate Defendants prevents Plaintiff from seeking to enforce the privilege waiver order.  This requires the interpretation of

---

[1] While Plaintiff certainly could have moved faster to move to compel the production at issue, large amounts of delay in this case are directly attributable to Defendants' bad acts.  In the context of the history of this case, it is reasonable to excuse some delay on the part of Plaintiff.

the settlement agreement, which is a question of law that the Court
reviews de novo.

The settlement agreement states that:

the Parties hereby agree that, subject to the occurrence of
the Settlement Effective Date, they shall not enforce or
attempt to enforce against each other any order, injunction
or judgment entered by the District Court in the California
Litigation.

Dkt. 391-2, § 6.

The "Parties" are defined to mean Plaintiff and the Corporate
Defendants, ComedyMX, LLC and ComedyMX, Inc. Id. at 1. In
multiple places, the agreement makes clear that it applies only to these
Defendants and not to Defendant Edward Heldman III. See id., §§ 5(b),
8(c). Section 6, quoted above, states that the Parties will not enforce
any of the orders in this case "against each other." This wording does
not foreclose the possibility of enforcing the orders against other
relevant parties, such as Heldman or Mandour. It also does not
purport to reinstate any of the privileges that the Corporate
Defendants may have previously waived. Therefore, Plaintiff is not
barred from relying on the magistrate judge's privilege waiver order to
compel production of the ostensibly privileged materials at issue.

The objections are overruled. The motion for review of the
magistrate judge's order is therefore DENIED.

IT IS SO ORDERED.

Date: April 30, 2025                    _____
                                        The Honorable Dale S. Fischer
                                        United States District Judge