MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
GORDON E. GRAY (SBN 175209)
Email: ggray@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company; | ) **Case No. 2:20-cv-05581 DSF (GJSx)** |
| | ) **FORMER COUNSEL MANDOUR &** |
| | ) **ASSOCIATES, APC'S *EX PARTE*** |
| | ) **APPLICATION TO STAY** |
| Plaintiff, | ) **MAGISTRATE'S ORDER FOR TEN** |
| | ) **(10) DAYS; MEMORANDUM IN** |
| v. | ) **SUPPORT THEROF** |
| | ) |
| EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10; | ) Courtroom: 7D |
| Defendants. | ) |
| And Related Counterclaims and Third-Party Claims. | ) |

Civil Case No. 2:20-cv-05581 DSF (GJSx)
EX PARTE APPLICATION TO STAY MAGISTRATE ORDER PENDING APPEAL
-1-

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** pursuant to L.R. 7-19, Former counsel for Defendants Edward Heldman III, ComedyMX, Inc. and ComedyMX, LLC, and third-party Mandour & Associates, APC ("Former Counsel") hereby applies *ex parte* for an order staying the Court's May 1, 2025 order and the Magistrate's March 7, 2025 order for ten (10) days to allow for filing an appeal by Defendants and Mr. Heldman's new criminal defense counsel.

Pursuant to L.R. 7-19.1(a), Former Counsel has made a reasonable, good faith effort to orally advise plaintiffs' counsel of the date and substance of the proposed *ex parte* application by calling plaintiffs' counsel on May 2, 2025 at 2:25pm.  Plaintiff's counsel said Plaintiff would oppose the application.  Pursuant to L.R. 7-19.1(b), Former Counsel filed a declaration herewith affirming his contact with plaintiff's counsel and plaintiff's response to this Application.

In support of their application, Former Counsel shall rely on this notice, the accompanying Memorandum of Points and Authorities and the Declaration of Gordon E. Gray (hereinafter "Gray Decl."), and any other documents filed, or arguments heard in conjunction with this Application.

Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Dated: <u>May 2, 2025</u>

_____/s/ Ben T. Lila_____
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Third-party and Former Counsel for Defendants,
EDWARD HELDMAN III, COMEDYMX, INC.,
and COMEDYMX, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION AND BACKGROUND**

On March 7, 2025, the Magistrate issued an order granting Plaintiff's motion to compel Former Counsel's production of documents and further responses to Plaintiff's subpoena.  (ECF No. 411.)  The Magistrate ordered, *inter alia,* production of attorney-client privileged documents, namely emails, between Former Counsel and all defendants in *six (6) days* – March 13, 2025.  The discovery cut-off in the present case was March 4.  (ECF No. 390.). Former Counsel moved for review of the Magistrate's order pursuant to FRCP, Rule 72 and requested by *ex parte* application that the Magistrate's order be stayed pending said review.  *See* ECF No. 412.  The Court granted Former Counsel's *ex parte* request and stayed the Magistrate's order pending review.  ECF No. 414. The Court denied Former Counsel's motion for review on May 1, 2025 (but was silent regarding timing of compliance with the Magistrate's order March 7 order). ECF No. 436.  Mr. Heldman via his criminal defense counsel has informed Former Counsel that Mr. Heldman and the corporate defendants will seek an emergency appeal of the Magistrate's and District Court's order to the Ninth Circuit Court of Appeals and request a stay from the Court of Appeals. Accordingly, Former Counsel requests a ten (10) day stay of the Magistrate's order to allow new counsel to make filings with the Court of Appeal.[1]

*Ex parte* applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  Here, the Court's denial of the motion for review is silent regarding the time to comply with the Magistrate's order.  Moreover, any appeal would not be normally heard until after production of the privileged

---

[1] Each of Former Counsel's filings in this case have been made in an attempt to comply with their ethical duties to all three defendants.

1   documents required.  Without *ex parte* relief, Mr. Heldman (and his new counsel)

2   and the corporate defendants will be unfairly denied the opportunity to have their

3   appeal and/or request for stay heard and considered prior to the production of

4   privileged documents to plaintiffs' counsel.  Thus, Former Counsel respectfully

5   requests the Court grant this *ex parte* application, stay the Magistrate's Order for a

6   reasonable time, namely ten (10) days, to allow Defendants to appeal the

7   Magistrate's and District Court's orders.

8

9   **II.**      **Newly Retained Counsel seeks to file an Emergency Appeal of the**

10        **Magistrate's and District Court's orders regarding production of**

11        **privileged documents.**

12      Mr. Heldman, via newly retained counsel, seeks to file an emergency appeal

13   and request for stay with the Ninth Circuit on the following grounds: 1) the

14   Magistrate's order is moot due to the District Court's order granting terminating

15   sanctions; and 2) the Magistrate's order impermissibly compels production of

16   ComedyMX LLC's and ComedyMX Inc.'s privileged documents despite the

17   settlement agreement between plaintiffs and the corporate defendants.

18      The Court entered terminating sanctions against Mr. Heldman on April 11,

19   2025 after briefing for the motion for review was completed.  ECF No. 431.

20   Defendant's answer was stricken, and default was entered.  *Id.*  The Court then

21   ordered Plaintiff to file a statement indicating whether it still intended to seek

22   disclosure of material from Former Counsel.  ECF No. 433.  In response, Plaintiff

23   stated that it continued to "seek affirmance of Magistrate Judge Standish's

24   discovery order (Dkt. 411)."  ECF No. 434.  Plaintiff further stated,

25   "communications subject to that order are essential to fully establish Defendant

26   Heldman's scienter under 17 U.S.C. §512(f) and to adequately substantiate

27   Plaintiff's forthcoming motion for default judgment."  *Id.*  However, Defendant

28   Heldman's "scienter" has been conclusively established as all allegations of

1   Plaintiff's operative pleading have been conclusively established, by virtue of the

2   terminating sanctions and default, including paragraphs 34 and 35 of said

3   complaint:

4        34. At the time Defendants filed the DMCA takedown notices with

5        Amazon.com, and certainly after they received the May 27, 2020

6        correspondence attached as Exhibit C, *they could not have reasonably*

7        *believed that they had any copyrights to the logo or that Beyond*

8        *Blond infringed*.

9        35. By filing the DMCA notices with and refusing to withdraw the

10       same from Amazon.com, *Defendants knowingly misrepresented that*

11       *Beyond Blond was infringing*, *in violation of 17 USC section 512(f),*

12       entitling Beyond Blond to damages for the removal or disabling of

13       access to its six cartoon classics videos.

14   *See* ECF No. 1 (emphasis added.)

15       Plaintiff's motion and the Magistrate's order are moot, and production of

16   privileged material is unnecessary to prove scienter.  However, this bell cannot be

17   unrung.  The Magistrate's order should be stayed for ten (10) days.

18       The Magistrate's order also does not distinguish the privileged material of

19   Mr. Heldman from the privileged material of corporate defendants.  All of the

20   privileged communications involved simultaneously both Mr. Heldman and the

21   corporate defendants and none can be disclosed without destroying the privilege

22   that the corporate defendants bought to recover through settlement.  Though the

23   District Court's order denying the motion for review addresses the settlement

24   agreement between Plaintiff and the corporate defendants, any appeal to the Ninth

25   Circuit regarding contractual interpretation would be *de novo*.  Again, given the

26   stakes at issue, the Magistrate's order should be stayed for ten (10) days to allow

27   Defendants' new counsel to seek an appeal and/or stay.

28

1  **III.    CONCLUSION**

2        Former Counsel respectfully requests the Court grant this *ex parte*

3   application and stay the District Court's and the Magistrate's Orders on Plaintiff's

4   Motion to Compel for ten (10) days.

5                                   Respectfully submitted,

6                                   MANDOUR & ASSOCIATES, APC

7   Dated: <u>May 2, 2025</u>

8
                                    <u>      /s/ Ben T. Lila                         </u>
9                                   Ben T. Lila (SBN 246808)
                                    Email: blila@mandourlaw.com
10                                  Third-party and Former Counsel for Defendants,
                                    EDWARD HELDMAN III, COMEDYMX, INC.,
11                                  and COMEDYMX, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, I filed the foregoing document via the Court's CM/ECF filing system, which will provide notice of the same on the following:

Milord A. Keshishian, SBN 197835
Email: milord@milordlaw.com
Shirley Matcha, SBN 354003
Email: shirley@milordlaw.com
MILORD & ASSOCIATES, P.C.
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Telephone: (310) 226-7878
Attorneys for Plaintiff
Beyond Blond Productions, LLC

Defendant Edward Heldman III, *pro per*
10614 West Crosby Drive
Sun City Arizona 85351
Telephone: (201) 679-7428
Email: Eheldman.ProPer@proton.me

Date:  <u>May 2, 2025</u>

<u>        /s/ Ben T. Lila        </u>
Ben T. Lila