**MEIR J. WESTREICH [CSB 73133]**
**Attorney at Law**
**221 East Walnut, Suite 200**
**Pasadena, California 91101**
**626.676.3585**
**meirjw@aol.com**

**Attorney [Criminal Contmpt] for**
    **Defendant Edward Heldman III**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California Limited Liability Company,<br><br>            Plaintiff,<br><br>v.<br><br>EDWARD HELDMAN III, an individual, et al.,<br><br>            Defendants.<br><br>Relate Cross-Complaint | Case No. 2:20-cv-05581-DSF-GJSx<br><br>Honorable Dale S. Fischer<br><br>**OBJECTION TO E-MAIL "REQUESTS" BY PLAINTIFF'S COUNSEL RE APPLICATIONS TO STAY MAGISTRATE'S ORDER**<br><br>Courtroom: 7D, First Street Courthouse |

1. Undersigned is not "Heldman's current litigation counsel." The substitution was expressly "criminal contempt" counsel which is now bound for a new proceeding in which Plaintiff's counsel herein will be only a material witness and have no standing or authority to seek discovery. Undersigned is also appellate counsel in the current appeal [9th Cir. Case No. 25-3065]. Edward Heldman III remains in pro per in this civil matter.

2. I requested in my limited capacities that former counsel EPA movant clarify to the Court that with his new proposed clarifying orders e-mailed to the Court today, with the two different docket numbers [442 & 443 (identical repetition of 442)], he

was not changing anything in the EPA nor the content of the orders sought, i.e. they are identical in seeking both stay pending appeal and/or a more limited stay to 05.26.25, even including recitation of non-opposition from Plaintiff's counsel previously attested in sworn declaration [Dkt 442-1]. The point was to avoid uncertainties which might delay an unopposed application. He did so in an e-mail using the order submission channel. [Exhibit A (e-mail exchange with clerk re orders)].

3. In Dkt 438, Plaintiff's counsel opposed the earlier more limited EPA in Dkt 437 for a stay until 05.15.25 in anticipation of the filing of a notice of appeal, (a) mischaracterizing it as seeking stay pending appeal; (b) mischaracterizing undersigned as new litigation counsel; and ( c) and alternatively seeking conditions for a stay pending appeal in the form of a bond release and leave to subpoena Heldman's communications with undersigned without any demonstrated cause for either nor explanation of why they should be conditions for the stay.

4. When asked for his position on the new EPA shown to him [Dkt 442], this time – after the appeal was perfected [Dkt 441] [05.11.25] – seeking both forms of stay relief, he stated that there would be no opposition, and offered no conditions, i.e. he did not raise the issues in his prior opposition. [See Exhibit A (e-mail from EPA movant's counsel to undersigned alone)].

5. After the aforementioned e-mail exchange about orders, Plaintiff's counsel – in a remarkable breach of the rules – submitted an e-mail extension within Exhibit A, addressed to "Your Honor" and: (a) not disputing EPA Movant's declaration [Dkt 442-1] and e-mail [Exhibit A] re his non-opposition; and (b) now attempting to bootstrap his prior conditions as requests for relief in e-mail form.

6. The Mandour Firm was defense counsel prior to undersigned and Plaintiff's counsel deemed the served subpoena as necessary discovery. No such subpoena was served on undersigned. Only now, with an imminent case discovery cutoff [06.02.25] and the Answer stricken with default entered, does he seek this, as clear retaliation

1 for seeking a stay pending appeal of the Magistrate Judge Order. At this time his
2 improperly submitted e-mail requests should just be ignored, leaving only the pending
3 unopposed EPA [Dkt 442 & 443].

4 Dated: May 13, 2025                    Respectfully submitted,

5                                        s/ Meir J. Westreich

6                                        _____
                                         Meir J. Westreich
7                                        Attorney for William Heldman [Limited]

8 **DECLARATION OF MEIR J. WESTREICH**

9   1. I was previously an attorney of record for Defendants-Cross- Complainants.
10 I had previously represented Edward Heldman herein, along with two companies
11 owned by him ["CMX Companies], under an arrangement where another attorney,
12 with more expertise in this field, was not of record. I substituted out entirely year
13 ago, but am currently counsel solely for the pending criminal contempt proceedings
14 and appellate counsel in the current appeal [9th Cir. Case No. 25-3065].

15   2. The e-mail attached as Exhibit A was sent to me by former Heldman counsel
16 which is now moving for the pending EPA relief [Dkt 442 & 443]. The factual
17 averments made in connection therewith in the above memorandum are incorporated
18 herein by this reference.

19   I declare under penalty of perjury under the laws of the State of California that
20 the above is true and correct. Executed on May 13, 2025, at Los Angeles, California.

22                                        s/ Meir J. Westreich

23                                        _____
                                          Meir J. Westreich

# EXHIBIT A

Subject: **Fw: Case No. 2:20-cv-05581 DSF (GJSx)**
Date: 5/13/2025 3:17:00 PM Pacific Daylight Time
From: ggray@mandourlaw.com
To: meirjw@aol.com
Cc: jmandour@mandourlaw.com, blila@mandourlaw.com

Meir,

In my phone call with Mr. Keshishian regarding the ex parte application, plaintiff's counsel did NOT make his non-opposition to the ex parte application for stay conditional in ANY way. He did not refer to the release of the bond request from Dkt. 438 and he did not refer in any way to serving a subpoena on you or your office.

Best Regards,

Gordon E. Gray, Esq.
Mandour & Associates, APC - Intellectual Property Law
Tel: 949-474-9330
*************************************************************************
CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION: This message is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
*************************************************************************

---

**From:** Milord Keshishian <milord@milordlaw.com>
**Sent:** Tuesday, May 13, 2025 1:58 PM
**To:** Gordon E. Gray <ggray@mandourlaw.com>; DSF_Chambers@cacd.uscourts.gov <DSF_Chambers@cacd.uscourts.gov>
**Cc:** Meirjw@aol.com, <meirjw@aol.com>; Joseph A. Mandour <jmandour@mandourlaw.com>; Ben T. Lila <blila@mandourlaw.com>; Shirley Matcha <Shirley@milordlaw.com>
**Subject:** RE: Case No. 2:20-cv-05581 DSF (GJSx)

You Honor:

While Beyond Blond does not oppose the ex parte application for a stay, it requests a release of Beyond Blond's posted bond as detailed in Beyond Blond's previous opposition (Dkt. 438) to counsel's prior duplicate ex parte (Dk.t 437). As also detailed in Beyond Blond's prior opposition, it also seeks leave to serve a similar subpoena for Heldman's communications with current litigation counsel, Mr. Meir.

Sincerely,

Milord A. Keshishian
Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
Tel (310) 226-7878
Fax (310) 226-7879
www.milordlaw.com
*************************CONFIDENTIALITY NOTICE*************************
The information contained in this electronic message and attachments, if any, are intended solely for the personal and confidential use of the designated recipient. This message may be an attorney-client

communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error please permanently delete this message and attachments, if any.

---

**From:** Gordon E. Gray <ggray@mandourlaw.com>
**Sent:** Tuesday, May 13, 2025 12:57 PM
**To:** DSF_Chambers@cacd.uscourts.gov
**Cc:** Meirjw@aol.com, <meirjw@aol.com>; Milord Keshishian <milord@milordlaw.com>; Joseph A. Mandour <jmandour@mandourlaw.com>; Ben T. Lila <blila@mandourlaw.com>; Shirley Matcha <Shirley@milordlaw.com>
**Subject:** Case No. 2:20-cv-05581 DSF (GJSx)

Your Honor,

At the request of criminal defense counsel, I wanted to explain the most recent filing. The pending ex parte application (ECF No. 442) has not been changed. The new proposed orders (ECF 443) more precisely reflect the ex parte application (ECF No. 442) and reflect the non-opposition of Plaintiff's counsel to the ex parte application.

If you have any questions, please do not hesitate to contact me.

Best Regards,

Gordon E. Gray, Esq.
Mandour & Associates, APC - Intellectual Property Law
Tel: 949-474-9330
************************************************************************
CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION: This message is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
************************************************************************