Milord A. Keshishian, (SBN 197835)
milord@milordlaw.com
**MILORD LAW GROUP, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | CASE NO.: 2:20-cv-05581 DSF (GJS)<br><br>*Honorable Dale S. Fischer*<br><br>**BEYOND BLOND'S NOTICE OF MOTION AND MOTION TO EXONERATE AND RELEASE TRO AND SUPERSEDEAS BONDS**<br><br>Date:        December 8, 2025<br>Time:       1:30 p.m.<br>Courtroom: 7D |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 8, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-referenced Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 7D, Plaintiff Beyond Blond, LLC ("Beyond Blond)" will and hereby does move this Court for an order exonerating and releasing the $1,000 Temporary Restraining Order bond ("TRO Bond") and $60,462.56 supersedeas bond ("Supersedeas Bond") posted by Beyond Blond in connection with the Temporary Restraining Order (Dkt. 272), Order Granting Anti-SLAPP fees (Dkt. 331), text-only Court order (Dkt. 446), and Order Re Briefing Schedule (Dkt. 450). This motion is made pursuant to California Code of Civil Procedure section 996.110 et seq., and is based on the fact that the conditions secured by the bonds have been satisfied or otherwise discharged.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Milord A. Keshishian, the files and records of the Court, and upon such other matters as may be presented by counsel at the time of the hearing.

A Local Rule 7-3 conference was not required in connection with this motion because the Court suspended all meet-and-confer requirements (Dkt. 423).

Dated:  November 10, 2025          **MILORD LAW GROUP PC**

Respectfully submitted,
By: /s/ *Milord A. Keshishian*
Milord A. Keshishian
Attorney for Plaintiff
Beyond Blond Productions, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

From the outset of this litigation, Defendant Edward Heldman III demonstrated a relentless pattern of misconduct that has repeatedly disrupted the orderly administration of justice and threatened to endanger the safety of those involved in the case. His behavior has included serious and repeated harassment of both Beyond Blond's CEO and counsel, necessitating the Court's issuance of a preliminary injunction to curb his threatening and abusive conduct. Heldman has flagrantly ignored his discovery obligations, disobeyed a direct order from the Honorable Gail J. Standish compelling compliance, and has been sanctioned multiple times for his failures. His conduct escalated further during the pendency of a related bankruptcy proceeding, where he repeatedly violated this Court's injunction orders.

On March 25, 2025, the Court issued an Order to Show Cause (Dkt. 424) why Heldman should not be held in criminal contempt for issuing what can only be described as chilling threats of violence, including explicit death threats, directed at Beyond Blond's counsel. On Arpil 11, 2025, the Court struck Heldman's answer and ordered the Clerk to enter his default. Dkt. 431. Pursuant to the settlement agreement between Beyond Blond and William A. Homony, solely in his capacity as Subchapter V Trustee for the bankruptcy estates of ComedyMX, Inc. and ComedyMX, LLC (the "Trustee"), the parties are preparing and finalizing a stipulation to release Beyond Blond's bonds consistent with the terms of that agreement.

Considering this resolution—and given the conclusion of the substantive issues for which the TRO Bond and Supersedeas Bond were originally required—Beyond Blond respectfully moves for the exoneration and release of both the TRO and Supersedeas Bonds. Continued encumbrance of these funds serves no purpose, particularly now that Heldman's actions have effectively foreclosed any further meaningful participation in this litigation.

## II. Procedural history

### A. Temporary Restraining Order

Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Rule 65(c). Thus the amount of the required bond is left to the sound discretion of the trial court. *See Corrigan Dispatch Co. v. Casa Guzman*, (1978, 5th Cir.) 569 F.2d 300, 303.

On June 17, 2022, this Court granted Beyond Blond's request for a Temporary Restraining Order against Defendants and ordered that Beyond Blond post a bond in the sum of $1,000.00. Dkt. 272. Beyond Blond complied with this requirement on June 24, 2022, by utilizing the services of Merchants Bonding Company, Inc to post a $1,000 bond (Bond No. CA5949016) with the Clerk of this Court. *See* Dkt. 278.

### B. Supersedeas Bond

Rule 62 of the Federal Rules of Civil Procedure provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Rule 62(b).

On November 4, 2022, this Court granted Defendants' motion for an Order awarding Defendants Additional Anti-SLAPP Attorneys' Fees. Dkt. 331. Specifically, the Court compelled Beyond Blond to pay $60,462.56, or in the alternative, stay the payment by presenting the Court with an acceptable supersedeas bond. *Id*. Pursuant to this Order, utilizing the services of SureTec Insurance Company, Beyond Blond posted a supersedeas bond in the amount of $60,462.56 (Bond No. 4455161) on January 9, 2023. *See* Dkt. 339.

### C. Terminating Sanctions Against Heldman

On April 11, 2025, the Court granted Beyond Blond's motion for terminating

sanctions against Heldman due to his continued pattern of egregious misconduct, including contemptuous, harassing, and threatening behavior that repeatedly violated court orders and disrupted the judicial process. Dkt. 431. For example, on March 7, 2025, the Court issued an order (Dkt. 411) compelling Heldman to respond to outstanding discovery requests. Heldman failed to comply with that Order.

From November 2024 through March 2025, Heldman repeatedly sent harassing and inappropriate communications to Beyond Blond's CEO and counsel, including messages that were derogatory, threatening, and intentionally disruptive to the litigation process. On March 25, 2024, the Court considered, but declined to impose, terminating sanctions at that time. Dkt. 366. However, the Court warned Heldman that any further misconduct would result in an order to show cause regarding criminal contempt and potentially severe sanctions. *Id.*

Despite this warning, on or about April 28, 2025, Heldman escalated his behavior by sending an email to Beyond Blond's counsel that included an explicit death threat. The content of this email was sealed by the Court for safety and privacy reasons. In response, on March 25, 2025, the Court issued an Order to Show Cause re: Criminal Contempt, citing Heldman's actions as both threatening and a direct affront to the dignity and authority of the Court. Dkt. 424.

In granting the motion for terminating sanctions (Dkt. 431), the Court found that Heldman's behavior had thoroughly undermined the public's interest in the orderly and efficient administration of justice. Heldman's actions subverted the fundamental goals of expeditious litigation and obstructed the Court's ability to manage its docket. Dkt. 431. The Court concluded that lesser sanctions had been previously attempted and had proven ineffective in curbing Heldman's conduct. *Id*.

Accordingly, the Court ordered that Heldman's Answer be stricken from the record and that default be entered against him. *Id.* Furthermore, the Court prohibited Heldman from contacting Beyond Blond's counsel, their staff, or any parties affiliated with Beyond Blond, either directly or indirectly. *Id.* Given the severity of Heldman's

conduct and the breakdown of any meaningful professional engagement, the Court also suspended all meet-and-confer requirements as to Heldman. *Id.* The Clerk entered default against Heldman on April 11, 2025. Dkt. 432.

The Court based its ruling on its inherent equitable authority, including the power to dismiss actions or enter default judgments in cases involving failure to prosecute, willful disobedience of court orders, or abusive litigation tactics. In reaching its decision, the Court considered relevant factors such as the public's interest in a prompt resolution of disputes, the need to preserve the integrity of judicial proceedings, the prejudice to the opposing party, and the futility of imposing lesser sanctions. Dkt. 431.

Accordingly, Beyond Blond now seeks the exoneration of both bonds because, through striking Heldman's answer and the Clerk entering default against him, the conditions necessitating the bonds have been resolved.

### III. Argument

#### A. Beyond Blond's posted bonds should be exonerated.

A supersedeas bond is a procedural mechanism that preserves the status quo during a stay pending appeal of a district court decision. *Bass v. First Pac. Networks, Inc.,* 219 F.3d 1052, 1055 (9th Cir. 2000). The bond ensures that appellee will be able to collect the judgment (plus interest) should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505, n. 1 (9th Cir. 1987); *see also N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) ("The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."). Under Rule 62(d), "an appellant may obtain a stay as a matter of right by posting a supersedeas bond acceptable to the court." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). Courts should release a supersedeas bond after the bond has served its purpose and no outstanding judgement remains. *See Hicks v. Cadle Co.*, No. CIV.A04CV02616ZLWKLM, 2010 WL 1351902, at *1 (D. Colo. Mar. 31, 2010)

(releasing supersedeas bond where the appeal was concluded).

The Supersedeas Bond in the amount of $60,462.56 was posted on January 9, 2023. Dkt. 339. The TRO bond in the amount of $1,000 was posted on June 24, 2022. Dkt. 278. However, the conditions underlying both bonds have since been fully resolved through the Court's order dated April 11, 2025, which struck Heldman's Answer and entered default against him due to his repeated violations of court orders and his threatening conduct. Dkts. 431-432. Because the judgment related obligations the bonds were intended to secure are no longer pending, and considering the Court's directive that Beyond Blond proceed with a default judgment, the purpose of the bonds have been fulfilled.

Rule 65(c) bonds exist to compensate a party later found to have been wrongfully enjoined. Without a pending claim for such damages—and with Heldman in default—continuing to hold the TRO Bond serves no purpose. See Fed. R. Civ. P. 65(c); *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (bond limits recovery for wrongful injunction). The Court should exonerate the TRO Bond.

Accordingly, exoneration of both the TRO Bond and Supersedeas Bond is appropriate and warranted. Any continued maintenance of the bonds would be unjust and unnecessarily burdensome.

### B. Beyond Blond and the trustee for the ComedyMX entities are finalizing a stipulation to release the bonds per the settlement agreement.

Section 4(e) of the Settlement Agreement obligates the Subchapter V Trustee to execute a stipulation—"in a form reasonably acceptable to the Trustee"—agreeing to release the bonds Beyond Blond posted here; Beyond Blond is to file that stipulation. Request for Judicial Notice Exh. A; *see also* Dkt 391-2, Exh. C. Beyond Blond is working with the Trustee's counsel to obtain the executed stipulation and will lodge it promptly. Because bond release is not a condition precedent to the settlement—and the

bonds have already served their purposes—the Court should exonerate the bonds now and align the docket with the settlement's terms.

### C. The ComedyMX settlement does not release Heldman and affords him no setoff.

Non-debtor releases are not permitted. Section 524(e) provides that a debtor's discharge "does not affect the liability of any other entity." 11 U.S.C. § 524(e). Bankruptcy courts may not discharge non-debtors' liabilities or issue injunctions that achieve that effect. See *In re Continental Airlines*, 203 F.3d 203, 211–17 (3d Cir. 2000) (vacating confirmation where record did not justify non-debtor releases and emphasizing § 524(e)); *In re Washington Mutual, Inc.*, 442 B.R. 314, 351–56 (Bankr. D. Del. 2011) (Walrath, J.) (rejecting nonconsensual third-party releases); *In re Tribune Co.*, 464 B.R. 126, 182–89 (Bankr. D. Del. 2011) (Carey, J.) (declining to approve nonconsensual third-party releases); *In re Lowenschuss*, 67 F.3d 1394, 1401–02 (9th Cir. 1995); *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985) ("the bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan"). The Settlement confirms the same result: it expressly carves out Heldman from any release in this case (Settlement § 5(b)).

Setoff under 11 U.S.C. § 553(a) exists only when the debts are mutual—that is, "in the same right and between the same parties, standing in the same capacity." *In re Cascade Roads, Inc.*, 34 F.3d 756, 763 (9th Cir. 1994); *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748, 754–59 (3d Cir. 2021). Mutuality means just that: the identical two parties must each owe the other a debt, personally and directly. A creditor cannot offset what one entity owes against what a different, even related, entity is owed.

Delaware and Third Circuit courts apply this rule strictly. They hold that triangular or affiliate setoffs are impermissible and that mutuality cannot be created by contract. *In re SemCrude, L.P.*, 399 B.R. 388, 399–403 (Bankr. D. Del. 2009), aff'd, 2010 WL 5140483 (D. Del. Apr. 30, 2010); *In re Luz Int'l, Ltd.*, 219 B.R. 837, 843–44

(9th Cir. B.A.P. 1998). As those cases explain, § 553(a) preserves but does not enlarge the right of setoff: it protects prepetition rights that already meet the mutuality test, and nothing more.

Applied here, Heldman's personal liability to Beyond Blond is separate and distinct from any obligations of the ComedyMX bankruptcy estates. Because the debts are not between the same parties in the same capacity, no mutuality exists, and Heldman cannot offset his individual debt by what ComedyMX paid in its Chapter 11 cases.

California law reaches the same conclusion from another angle. Under Cal. Civ. Proc. Code § 877(a)–(b), a good-faith settlement by one defendant does not discharge non-settling defendants "unless its terms so provide." The only effect is a pro tanto credit against any later judgment to prevent double recovery. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 494–99 (1985). Thus, the ComedyMX settlement may reduce a future judgment to that extent—but it does not erase or offset Heldman's personal liability to Beyond Blond.

## IV. Conclusion

The conditions that once justified maintenance of the TRO Bond and Supersedeas Bond have been fully resolved. Heldman's Answer has been stricken, default has been entered against him, and the underlying disputes giving rise to the bonds have concluded through both Court order and settlement with the ComedyMX bankruptcy estates. Continued encumbrance of these funds serves no legal or equitable purpose and would only impose unnecessary burden and delay. Accordingly, Beyond Blond respectfully requests that the Court enter an order exonerating and releasing both the TRO Bond in the amount of $1,000 and the Supersedeas Bond in the amount of $60,462.56.

//
//
//
//

Dated:  November 10, 2025            **MILORD LAW GROUP PC**

                                               Respectfully submitted,
                                               By: /s/ *Milord A. Keshishian*
                                               Milord A. Keshishian
                                               Attorney for Plaintiff
                                               Beyond Blond Productions, LLC

MILORD LAW GROUP, PC
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Beyond Blond Productions, LLC certifies that this brief contains 2196 words, which complies with the word limit of L.R. 11-6.1 and this Court's Standing Order.

Dated:  November 10, 2025                    **MILORD LAW GROUP PC**

Respectfully submitted,
By: /s/ *Milord A. Keshishian*
Milord A. Keshishian
Attorney for Plaintiff
Beyond Blond Productions, LLC