Milord A. Keshishian, (SBN 197835)
milord@milordlaw.com
**MILORD LAW GROUP, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND BLOND PRODUCTIONS, LLC, a California limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD HELDMAN III, an individual; COMEDYMX, INC., a Nevada corporation; COMEDYMX, LLC, a Delaware limited liability company; and DOES 1-10;<br><br>Defendants. | CASE NO.: 2:20-cv-05581 DSF (GJS)<br><br>*Honorable Dale S. Fischer*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF BEYOND BLOND'S MOTION TO EXONERATE AND RELEASE TRO AND SUPERSEDEAS BONDS**<br><br>Date:        December 8, 2025<br>Time:       1:30 p.m.<br>Courtroom: 7D |

      Plaintiff Beyond Blond, LLC ("Beyond Blond") hereby requests, pursuant to Rule 201 of the Federal Rules of Evidence and authorities cited below, that the Court take judicial notice of **EXHIBIT A,** which is a true and accurate copy of the Settlement Agreement between Beyond Blond and William A. Homony, solely in his capacity as Subchapter V Trustee for the bankruptcy estates of ComedyMX, Inc. and ComedyMX, LLC, in conjunction with Beyond Blond's Motion to Exonerate and Release TRO and Supersedeas Bonds.

## BASIS FOR REQUESTING JUDICIAL NOTICE

      Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), overruled on other grounds by 307 F.3d 1119, 1125-26 (9th Cir. 2002).

**Court Orders and Filings**

      Court orders and filings are the type of documents that may be properly judicially noticed under Federal Rule of Evidence 201.  *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003).  A court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings." *San Luis v. Badgley,* 136 F.Supp.2d 1136, 1146 (E.D.Cal.2000).

      Because facts contained in the public record are appropriate subjects of judicial notice, a court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings including its own records.  *See Residence Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*, 26 F. Supp. 3d 965, 970 (C.D. Cal.

2014) (citing *Peel v. BrooksAmerica Mortg. Corp.,* 788 F.Supp.2d 1149, 1157-58 (C.D.Cal.2011)); *Anderson v. Fed. Deposit Ins. Corp.,* 918 F.2d 1139, 1141 n.1 (4th Cir. 1990). As one court explained, "[c]ourts may judicially notice information in another court's proceedings, such as the progress of a case, the issues that were litigated, and what the judge ordered," so long as the notice is taken for the fact of the existence of those proceedings and not the truth of the statements made therein. *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1075 (D. Alaska Sept. 28, 2023) ("Defendants rely on these filings for the fact of their existence, not the truth of the facts recited therein.").

For example, in *Flores*, the court noted that the proceedings were "capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system," and that "the public record of filings in those cases cannot reasonably be challenged." *Flores v. United States Attorney Gen.*, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015) (citing *Prelich v. Medical Resources, Inc.,* 813 F.Supp.2d 654, 668 n.13 (D. Md. 2011) (taking judicial notice of a severance agreement filed in another unrelated case pending in the same court "as it is available electronically via PACER of this Court's CM/ECF.").

Therefore, judicial notice of the Settlement Agreement between Beyond Blond and Trustee is proper.

## CONCLUSION

For the foregoing reasons, **EXHIBIT A** may be properly judicially noticed and considered by the Court in ruling on Beyond Blond's Motion to Exonerate and Release TRO and Supersedeas Bonds.

Dated: November 10, 2025

/s/ *Milord A. Keshishian*
Milord A. Keshishian
MILORD LAW GROUP, P.C.
Attorneys for Plaintiff
BEYOND BLOND PRODUCTIONS, LLC