# EXHIBIT 1

## Settlement Agreement

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| COMEDYMX, LLC., *et al.*,[1] | Case No. 22-11181 (CTG) |
| Debtors. | (Jointly Administered) |
| | (Subchapter V) |

## SETTLEMENT AGREEMENT

This *Settlement Agreement* (the "Settlement Agreement") is entered into by and between: (i) William A. Homony, solely in his capacity as the subchapter V trustee (the "Trustee") appointed in the chapter 11 cases of the above-captioned debtors only (the "Debtors"), on behalf of the Debtors only and their bankruptcy estates (the "Estates") and (ii) Beyond Blond Productions, LLC ("BBP"). The Trustee and BBP are each referred to herein as a "Party" and collectively as the "Parties".

## BACKGROUND

WHEREAS, on November 14, 2022 (the "Petition Date") each of the Debtors filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under subchapter V of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Until December 16, 2022, the Debtors operated their business as debtors in possession; and

WHEREAS, on November 16, 2022, the Trustee was appointed as the subchapter V trustee in the Debtors' bankruptcy cases; and

WHEREAS, on December 16, 2022, the Bankruptcy Court entered a Memorandum Opinion and related Order (collectively, the "Order") removing the Debtors as debtors in possession and expanding the Trustee's powers pursuant to section 1183 of the Bankruptcy Code. Pursuant to the Order, the Trustee is charged with performing the duties specified in sections 1183(b)(2) and (5) of the Bankruptcy Code, including operating the Debtors' business; and

WHEREAS, prior to the Petition Date, BBP commenced litigation against the Debtors in the United States District Court for the Central District of California (the "District Court"), Case No. 2:20-cv-05581 DSF-(GJS) (the "California Litigation"); and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: ComedyMX, LLC (0407); and ComedyMX, Inc (5749).

WHEREAS, on December 21, 2022, BBP filed the *Motion of Beyond Blond Productions, LLC For Relief From Automatic Stay* [Dkt. No. 49] (the "BBP Stay Relief Motion"). Pursuant to the BBP Stay Relief Motion, BBP seeks relief from the automatic stay to continue the California Litigation against the Debtors. The Trustee filed an objection to the BBP Stay Relief Motion on January 9, 2023; and

WHEREAS, on January 12, 2023, BBP filed a general unsecured proof of claim against Debtor ComedyMX LLC in the amount of $3,644,852.00, which was assigned claim no. 2 on the claims register for ComedyMX LLC (the "BBP Proof of Claim"); and

WHEREAS, the Trustee has investigated the claims asserted by BBP against the Debtors by way of the California Litigation and the BBP Proof of Claim, and, in connection therewith, has obtained and analyzed certain information and records from BBP; and

WHEREAS, the Trustee and BBP have engaged in substantial good faith, arms' length negotiations, which negotiations have led to the settlement embodied herein.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the date upon which the Bankruptcy Court shall have entered a final and non-appealable order approving this Settlement Agreement (the "Settlement Effective Date").

3. **Reduction and Allowance of BBP Proof of Claim.** Upon the Settlement Effective Date, the BBP Proof of Claim will be deemed an allowed general unsecured non-priority claim against the Estates in the reduced amount of $987,500.00 (the "Allowed BBP Proof of Claim"). Other than the Allowed BBP Proof of Claim, BBP shall not have any claims of any kind, nature or priority against the Debtors or their Estates. BBP shall not object to any plan of reorganization on the basis of the treatment of the Allowed BBP Proof of Claim, *provided* that (a) such plan provides that payments on the Allowed BBP Proof of Claim will be made pro-rata with other similarly situated allowed general unsecured claims on a quarterly basis from the Debtors' actual disposable income for a period not to exceed five (5) years from the effective date of confirmation of such plan, or until the Allowed BBP Proof of Claim is paid in full, whichever is earlier and (b) nothing in the plan undermines the treatment set forth in section (3)(a). For the avoidance of doubt, BBP retains to object to a plan of reorganization on any other basis.

4. **Other Agreements.** The Parties further agree that, subject to the occurrence of the Settlement Effective Date:

> (a) Debtors shall not use any design that incorporates the font and design *CARTOON CLASSICS!*, or any design or font substantially similar thereto, on any animated cartoons and shall, within five (5) days from the Settlement Effective Date, modify all of its channels to remove such designs from any header/banner,

2

including from the following YouTube channel: https://www.youtube.com/channel/UCisLEYSLcfuarGXULo5JpIw.

(b) Debtors shall be permitted to use the following design: *Cartoon Classics!* in association with their cartoon classics videos and BBP shall not issue any takedown notices or assert any claims or causes of action against the Debtors with respect to such use.

(c) Debtors shall never issue takedown notices for or post any derogatory reviews on the following videos created and/or distributed by BBP:

- Cartoon Classics – Vol. 1: 25 Favorite Cartoons
- Cartoon Classics – Vol. 2: 25 Favorite Cartoons
- Cartoon Classics – Vol. 3: 25 Favorite Cartoons
- Cartoon Classics – Vol. 4: 25 Favorite Cartoons
- Cartoon Classics – Vol. 5: 25 Favorite Cartoons
- Cartoon Classics – Vol. 6: 25 Favorite Cartoons
- Patriotic Cartoon Classics: 25 All-American Cartoons from World War II

(d) Debtors shall not (i) take any further action to prosecute U.S. Trademark Application No. 97097679 and shall not respond to the pending Office Action, (ii) take any further action in Opposition No. 91265428 before the Trademark Trial and Appeal Board ("TTAB") for U.S. Trademark Application No. 88789484 (iii) issue any takedown notices or assert any claims or causes of action against BBP in connection with United Kingdom Registration No. UK00003534828, Australian Registration No. T0025485AU, or any other trademark registration of the Debtors for the *Cartoon Classics!* design and (iv) file any additional trademark applications that contain the term "cartoon classics" or anything similar thereto.

(e) The Trustee, on behalf of the Debtors, shall, within five (5) days from the Settlement Effective Date, execute a stipulation with BBP, in a form reasonably acceptable to the Trustee, agreeing to release the bonds posted by BBP in the California Litigation and for the return to BBP of all funds paid in connection with the posting of said bonds. For the avoidance of doubt, the Trustee's only obligation is to execute the stipulation, BBP shall file the stipulation in the California Litigation and release of the bonds is not a requirement of this Settlement Agreement.

(f) Except as set forth herein, the Debtors and their representatives[2] shall be permanently enjoined from: (i) having any direct communications with BBP including Michelle Justice and her counsel, (ii) publishing any false information against Ms. Justice and her counsel or (iii) posting any false online reviews against Ms. Justice and her counsel, including Milord Keshishian and any other attorney or employee of Milord Law Group. For the avoidance of doubt, the Trustee may

---

[2] For the avoidance of doubt, Edward Heldman III shall not be considered a "representative" of the Debtors during any period in which the Trustee is responsible for operating the Debtors' business.

3

communicate with BBP and its counsel during the pendency of the Debtors' bankruptcy cases, during any payout period under a confirmed plan of reorganization and/or while the Trustee is responsible for operating the Debtors' business.

5. **Mutual Releases.**

(a) <u>Release of BBP</u>: Effective on the Settlement Effective Date, the Trustee, on behalf of the Debtors and their Estates shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged BBP from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, orders, injunctions, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Debtors or their Estates have, may have, or may claim to have against BBP and that arose on or before the Settlement Effective Date, including any that may arise under or in connection with any order, injunction or judgment issued by the District Court in connection with the California Litigation. For the avoidance of doubt, the foregoing release shall not release any rights or obligations of the Parties under this Settlement Agreement or any plan of reorganization confirmed in the Debtors' bankruptcy cases.

(b) <u>Release by BBP</u>: Effective on the Settlement Effective Date, BBP shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and the Debtors' Estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, rights of payment, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, orders, injunctions, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which BBP has, may have or may claim to have against the Trustee, the Debtors or the Debtors' Estates that arose on or before the Settlement Effective Date, including any that may arise under or in connection with any order, injunction or judgment issued by the District Court in connection with the California Litigation. For the avoidance of doubt, the foregoing release shall not release any rights or obligations of the Parties under this Settlement Agreement or any plan of reorganization confirmed in the Debtors' bankruptcy cases. For the avoidance of doubt, the foregoing release or the below general release under Section 1542 shall not apply to Edward Heldman III in the California Litigation.

(c) The Parties expressly waive and release any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

4

> Section 1542. <u>Certain Claims Not Affected by General Release</u>. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

6. **Withdrawal of Stay Relief Motion; Dismissal of California Litigation.** The BBP Stay Relief Motion shall be held in abeyance until such time as the Bankruptcy Court has entered a final non-appealable order on the 9019 Motion (as defined below). Within five (5) business days of the Settlement Effective Date, BBP shall (i) withdraw the BBP Stay Relief Motion with prejudice and (ii) dismiss the California Litigation with prejudice as to the Debtors. Without limiting the generality of paragraph 5 hereof, the Parties hereby agree that, subject to the occurrence of the Settlement Effective Date, they shall not enforce or attempt to enforce against each other any order, injunction or judgment entered by the District Court in the California Litigation.

7. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement and the negotiation of the terms hereof.

8. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the releases contained herein); or (ii) to seek damages or injunctive relief in connection therewith.

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their respective successors and assigns.

(d) This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

(e) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

5

(f)     The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) over the Parties with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement Agreement.

(g)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)     In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that she, he or it (i) does so with full knowledge of their respective available rights, (ii) is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement or the negotiation thereof, other than any written representations and agreements contained herein, (iii) has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (iv) has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i)     The Parties hereto acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement. The Parties further acknowledge and agree that this Settlement Agreement shall remain in effect despite the discovery or existence of any new or additional fact, or any fact different from that which any of the Parties now knows or believes to be true.

(j)     This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or order of the Bankruptcy Court.

(k)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto and their respective affiliates.

(l)     The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

(m)     No tax advice has been offered or given by any Party in the course of these negotiations, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Settlement Agreement.

9.     **Bankruptcy Court Approval.**  Promptly following the full execution of this Settlement Agreement, the Trustee shall move for approval of this Settlement Agreement by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion"). BBP shall cooperate in good faith in connection with the Trustee's efforts to obtain approval of this Settlement Agreement. In the event the Bankruptcy Court denies approval of this Settlement Agreement or any approval by the Bankruptcy Court is overturned or vacated on appeal, this

Settlement Agreement shall be null and void and of no force and effect, and the Parties hereto shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed.

*[Signature Page(s) to Follow]*

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: _____                         Dated: _____

**William A. Homony, Solely in His Capacity as Subchapter V Trustee For ComedyMX, Inc. and ComedyMX, LLC**         **Beyond Blond Productions, LLC**

By: _____                      By: _____/s/ Michelle Justice_____

Name: _____                      Name: _Michelle Justice_

Title: _____                     Title: _President/CEO_

226557759v1

226557759v3

Settlement Agreement shall be null and void and of no force and effect, and the Parties hereto shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if this Settlement Agreement had never been executed.

*[Signature Page(s) to Follow]*

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: 2/1/23

**William A. Homony, Solely in His Capacity as Subchapter V Trustee For ComedyMX, Inc. and ComedyMX, LLC**

By: *[signature]*

Name: William A. Homony

Title: Subchapter V Trustee

Dated:

**Beyond Blond Productions, LLC**

By: _____

Name: _____

Title: _____

226557759v1

226557759v3

7